EXHIBIT A

  

November 20, 2015

By Facsimile (785) 291-3051 and U.S. Mail

The Honorable Kris Kobach
Kansas Secretary of State
Memorial Hall, 1st Floor
120 SW 10th Avenue
Topeka, KS 66612-1594

Re: National Voter Registration Act Non-Compliance

Dear Secretary Kobach,

We represent Ralph Ortiz, Wayne Fish, Donna Bucci, Tad Stricker, and T.J. Boyton.  We write on behalf of our clients and all similarly situated persons – *i.e.*, all eligible Kansans who sought to register to vote while submitting a motor vehicle driver's license application (including any renewal application), but who were not registered due to their purported failure to provide extrinsic documentary proof of citizenship – to notify you that Kansas is in violation of the National Voter Registration Act of 1993 (the "NVRA") and to demand that you promptly take corrective action to remedy these violations.[1]

Specifically, Kansas's requirement that individuals who register to vote while applying for or renewing a driver's license also submit documentary proof of citizenship violates Section 5 of the NVRA.[2]  Eligible individuals who register to vote while applying for or renewing a driver's license must be registered unless the applicant fails to sign the voter registration application, regardless of any state requirements concerning documentary proof of citizenship. Moreover, Kansas's purge of such voters pursuant to a recently-adopted administrative rule[3] violates Section 8 of the NVRA,[4] which prohibits the removal of duly-registered voters from the rolls except under certain limited circumstances not present here.

---

[1] 52 U.S.C. § 20501, *et seq.*

[2] 52 U.S.C. § 20504.

[3] *See* K.A.R. § 7-23-15.

[4] *See* 52 U.S.C. § 20507.

1

These violations are significant and ongoing.  The NVRA includes a private right of action in the event that a state fails to correct its noncompliance after its chief election official has received due notice.  We urge you as Kansas's Secretary of State to take immediate steps to bring the state into compliance with federal law.

## Overview of the NVRA

Section 5 of the NVRA, the well-known "motor-voter" provision of the law, requires that all individuals who apply for or renew a driver's license be provided with an opportunity to register to vote.  Section 5 requires that:

> Each State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application.[5]

As you are well-aware, the NVRA compels the states to register for federal elections all individuals who validly apply for voter registration in this manner, and prohibits states from seeking to impose any additional requirements on such applicants.  *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 133 S. Ct. 2247 (2013); *Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183 (10th Cir. 2014).

In addition, Section 8 of the NVRA provides that, once a duly-registered voter is added to the rolls, she may not be removed except under a few limited circumstances: at the request of the registrant; by reason of criminal conviction or mental incapacity, as provided by State law; or pursuant to a general program of voter list maintenance that makes a reasonable effort to remove voters who become ineligible due to death or a change in residence, subject to certain procedural requirements.[6]

---

[5] 52 U.S.C. § 20504(a)(1).

[6] *See* 52 U.S.C. § 20507(a)(3).

**Kansas's Documentary Proof of Citizenship Law for Voter Registration**

As you are aware, as of January 1, 2013, Kansas law generally purports to require that voter registration applicants provide documentary proof of citizenship.[7] This requirement has had a detrimental effect on voter registration in the state. As of September this year, approximately 37,000 Kansans trying to register to vote were on a "suspense list" and had not been registered despite the requirements of federal law that you do so, and therefore are unable to vote;[8] of that total, nearly 90% were on the suspense list due to the documentary proof of citizenship requirement.[9] This constitutes about 16% of all registrants since Kansas's documentary proof of citizenship requirement went into effect.[10] These voters are disproportionately young and unaffiliated.[11]

Many of the individuals on the suspense list, including the individuals named in this letter, attempted to register to vote while applying for or renewing their driver's licenses.[12] As explained below, they are duly-registered voters under federal law. Nevertheless, your office has recently promulgated an administrative rule, K.A.R. § 7-23-15, pursuant to which individuals on the suspense list for more than 90 days will be purged from the rolls.[13] The rule went into effect on October 2, 2015.

These practices violate the NVRA in several respects.

*First*, the NVRA does not require that individuals applying for or renewing a driver's license provide documentary proof of citizenship in order to register to vote. The statute clearly provides that:

---

[7] *See* K.S.A. § 25-2309(*l*).

[8] *See* Associated Press, "Report: Kansas voter list purge affects young, unaffiliated most," *Topeka Capital-Journal*, Sept. 28, 2015, *available at* http://cjonline.com/news/2015-09-28/report-kansas-voter-list-purge-affects-young-unaffiliated-most.

[9] *See* Peter Hancock, "Kobach seeks to purge 'suspense' voter list," *Lawrence Journal-World*, Aug. 8, 2015, *available at* http://www2.ljworld.com/news/2015/aug/08/kobach-seeks-purge-suspense-voter-list/.

[10] *See* Kelsey Ryan and Bryan Lowry, "Young voters, Wichitans top Kansas' suspended voter list," *Wichita Eagle*, Sept. 26, 2015, *available at* http://www.kansas.com/news/politics-government/article36705666.html.

[11] *See* Associated Press, *supra* note 8.

[12] Deb Gruver, "More than 21,000 Kansans' voter registrations in suspense because of proof of citizenship," *The Wichita Eagle*, Oct. 31, 2014, *available at* http://www.kansas.com/news/politics-government/article3504228.html#storylink=cpy.

[13] *See* Peter Hancock, "Douglas County clerk announces plan for handling suspense voter list," *Lawrence Journal-World*, Oct. 1, 2015, *available at* http://www2.ljworld.com/news/2015/oct/01/douglas-county-clerk-announces-plan-handling-suspe/.

> The voter registration application portion of an application for a State motor vehicle driver's license . . . shall include a statement that--
>
> (i)    states each eligibility requirement (including citizenship);
> (ii)   contains an attestation that the applicant meets each such requirement; and
> (iii)  requires the signature of the applicant, under penalty of perjury.[14]

The voter registration application portion of an application for a State motor vehicle driver's license "may require only the minimum amount of information necessary to . . . enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process."[15]  Any additional documentary proof of citizenship requirement imposed by state law clearly exceeds "the minimum amount of information necessary" to "enable State election officials to assess the eligibility" of such applicants, and is therefore precluded by the NVRA.[16]

In other words, Kansas's practice of requiring voter registration applicants at motor vehicle agencies to submit documentary proof of citizenship is clearly prohibited by federal law. All eligible individuals who have conducted DMV-related transactions covered by the NVRA and who have applied to register to vote must be registered immediately, regardless of whether they have provided documentary proof of citizenship.

*Second*, because eligible applicants who sought to register to vote while applying for or renewing a driver's license in accordance with the NVRA are lawfully-registered voters regardless of whether or not they have provided documentary proof of citizenship, such voters may not be removed from the voter registration rolls pursuant to K.A.R. § 7-23-15.  Given that none of the circumstances permitting the removal of duly-registered voters from the rolls under Section 8 of the NVRA is applicable here, the 90-day deadline set forth in K.A.R. § 7-23-15 cannot be used to purge voters who have lawfully registered through the motor vehicle registration process set forth under the NVRA.

*Third*, in light of the violations described above, your office is in violation of its responsibility to coordinate the state's responsibilities under the NVRA.[17]

---

[14] 52 U.S.C. § 20504(c)(2)(C).

[15] 52 U.S.C. § 20504(c)(2)(B).

[16] *Cf. Inter Tribal Council*, 133 S. Ct. at 2257, 2259 (holding that the NVRA "precludes [a state] from requiring a Federal Form applicant to submit information beyond that required by the form itself," and that "a state-imposed requirement of evidence of citizenship not required by the Federal Form is inconsistent with the NVRA's mandate that States accept and use the Federal Form.").

[17] *See* 52 U.S.C. § 20509.

**The Experiences of Individual Voters**

Several individual voters have described efforts to register to vote while applying for or renewing a driver's license at a Kansas DMV in accordance with Section 5 of the NVRA, only to have been stymied by the state's improper application of its documentary proof of citizenship law to these voters. These individuals are just a few of the tens of thousands of voters who have been trapped in limbo as a result of Kansas's proof of citizenship requirement:

- Ralph Ortiz. Mr. Ortiz is an Air Force veteran who, after being stationed in Kansas for several years, left the service and decided to stay in Kansas. In 2014, he went to the DMV to renew his license, and registered to vote at that time. He subsequently received his new license, but his voter registration was placed in "suspense," thus prohibiting him from voting.

- Wayne Fish. In summer of 2014, Mr. Fish visited a DMV to renew his driver's license. He decided to register that day because he wanted to vote in the November 2014 election. After his trip to the DMV, he learned about the proof of citizenship law, and that he wouldn't be able to vote in November without showing a birth certificate first. But Mr. Fish was born on a military base that closed a long time ago (his mother was in the Air Force), and he lacks information on how to obtain a birth certificate from the military now. He ended up not being able to vote in the 2014 election.

- Donna Bucci. In summer of 2013, Ms. Bucci went to renew her license at the DMV and registered to vote. She later received notice that she had not been registered, and that she needed to provide proof of citizenship in order to be removed from the voter registration "suspense" list. She did not attempt to vote in the midterm because she had received notice that she had not been registered to vote due to the documentary proof of citizenship requirement, and paying the more than $20 fee that that state in which she was born charges for a birth certificate would be a significant burden for her.

- Tad Stricker. In approximately October of 2014, Mr. Stricker visited a DMV to obtain a Kansas driver's license (he had recently moved to Kansas for work). He asked to register to vote at that time. He received his license shortly thereafter, and assumed he had also been registered to vote. When he went to a polling place for the November 2014 election, however, he was told that he was not on the rolls, and that he would have to cast a provisional ballot. That ballot was not counted.

It is particularly troubling that one of these individuals was a first-time applicant for a Kansas driver's license, who must have shown proof of legal presence at the time that he applied.[18] There can be no valid justification for requiring such voters – who have already shown proof of citizenship documents to the state in order to obtain their driver's licenses – to do so a second time in order to be registered to vote.

---

[18] Initial applications for driver's licenses in Kansas require an applicant to show proof of legal presence in order to obtain a driver's license. *See* Kansas Department of Revenue, *Driver's License Proof of Identity*, *available at* http://www.ksrevenue.org/dmvproof.html.

**Conclusion**

Voters who have complied with the requirements to register to vote at a DMV as set forth under Section 5 of the NVRA must be registered immediately and permitted to vote in the next elections; and any such individuals who were placed on the suspense list for purported failure to provide documentary proof of citizenship may not be purged from the rolls.

We understand that you have previously been made aware of these violations through ongoing litigation in federal court, which was initiated on September 30, 2015.[19]  We also understand that you have refused to cure these violations, and instead have taken the position that the NVRA does not prohibit Kansas's practice of requiring voter registration applicants at motor vehicle agencies to submit documentary proof of citizenship, and that voters who register at DMVs but fail to provide proof of citizenship may be purged from the rolls after 90 days, pursuant to K.A.R. § 7-23-15.[20]

Nevertheless, we are willing to work cooperatively with you to assist with developing a plan that will quickly bring the state into compliance with the requirements of the NVRA.  We look forward to receiving your response to this letter, including a timeline and plan for achieving and sustaining compliance with the NVRA in Kansas.  Moving forward, we hope you will ensure that, consistent with Kansas's obligations under federal law, all Kansas citizens have an opportunity to register to vote without having to navigate unnecessary bureaucratic hurdles.

If, however, you fail to take steps to remedy the state's violations of the NVRA within 90 days, we are prepared to initiate litigation.  In that regard, please be advised that this letter serves as notice of violations of the NVRA.[21]  We also reserve the right to intervene in the ongoing federal litigation referenced above prior to the expiration of the 90-day notice period.[22]

---

[19] *See Cromwell v. Kobach*, No. 2:15-cv-09300-JAR-GLR (D. Kan.).

[20] *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj., *Cromwell v. Kobach*, No. 2:15-cv-09300-JAR-GLR (D. Kan.), ECF No. 20, at 8-10.

[21] *See* 52 U.S.C. § 20510(b).

[22] *See Ass'n of Cmty. Orgs. for Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997) (holding that the 90-day notice requirement does not apply to parties who intervene in ongoing litigation or where the state makes clear its refusal to comply with the NVRA).

Should you have any questions or concerns, please feel free to contact Dale Ho, Director of the ACLU Voting Rights Project, at (212) 549-2693.

Sincerely,

Dale Ho
Director, ACLU Voting Rights Project
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org

Neil A. Steiner
Dechert LLP
1095 6th Ave., New York, NY 10036
(212) 698-3822
Fax: (212) 698-3599
neil.steiner@dechert.com

Doug Bonney
Chief Counsel & Legal Director
ACLU Foundation of Kansas
(816) 994-3311
dbonney@aclukansas.org

cc:     The Honorable Derek Schmidt,
        Kansas Attorney General (by fax & mail)

        The Honorable Nick Jordan,
        Kansas Secretary of Revenue (by fax & mail)