IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, et al.,<br><br>Defendants. | Case No. 16-2105-JAR-JPO |
| CODY KEENER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, et al.,<br><br>Defendants. | Case No. 15-9300-JAR-JPO<br><br>CASES CONSOLIDATED FOR DISCOVERY |

ORDER GOVERNING DISCOVERY

On March 8, 2016, U.S. District Judge Julie A. Robinson consolidated these voting-rights cases for discovery purposes and re-assigned *Keener v. Kobach* from U.S. Magistrate Judge Gerald L. Rushfelt to the undersigned U.S. Magistrate Judge, James P. O'Hara, such that the undersigned is now the magistrate judge assigned to both cases. Discovery in *Keener* has presumably been on-going since Judge Rushfelt entered a

scheduling order in that case on February 18, 2016.[1]  Discovery in *Fish v. Kobach* is about to begin–Judge Robinson's order granted plaintiffs' request for limited expedited discovery and set a March 9, 2016 deadline for service of such discovery.  This order endeavors to give the parties some legal and practical guidance on how discovery will be governed in these cases.

In promulgating discovery, the court expects the parties and counsel to efficiently limit its scope in accordance with the December 1, 2015 proportionality amendments to Fed. R. Civ. P. 26(b)(1).  That is, the parties are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's (a) relevant to a party's claim or defense AND (b) proportional to the needs of this case.  Under Rule 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

With respect to discovery objections, it is the undersigned's experience that lawyers tend to be far too aggressive with their assertions.  General objections are

---

[1] Indeed, the record reflects that discovery began before the scheduling conference.  For example, on November 18, 2015, plaintiffs served their first request for production of documents, *see* ECF doc. 32 in *Keener*, and on November 23, 2015, plaintiffs noticed the deposition of Bryan Caskey to occur on December 1, 2015, *see* ECF doc. 38 in *Keener*.

improper and will not be tolerated.² More specifically, courts in the District of Kansas disapprove of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery.³ Objections based on undue burden must be clearly supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.⁴

Finally, to guard against overly aggressive assertions of attorney-client privilege or work-product protection, the court reminds the parties that case law in this district provides a wealth of guidance as to what is–and is not–protected. With respect to the attorney-client privilege, it is important to note first that "personal, confidential, [or] private information" is not necessarily privileged.⁵ As this court has held repeatedly, "confidential" does not equate to "nondiscoverable" or "privileged."⁶ Second, it is clear

---

² *See Terracon Consultants Inc. v. Drash*, No. 12-2345, 2013 WL 1633572, at *1 (D. Kan. Apr. 16, 2013) (noting that general objections are considered "overly broad and worthless unless the objections are substantiated with detailed explanations"); *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 4036424, at *10 (D. Kan. Sept. 12, 2011) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006)).

³ *See, e.g., Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004).

⁴ *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004); *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof)).

⁵ *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003, 2014 WL 2760860, at *7 (D. Kan. June 18, 2014).

⁶ *Id.* (quoting *Williams v. Evogen, Inc.*, No. 12-2620, 2013 WL 3773840, at *3 (D. Kan. July 17, 2013)).

that "[u]nderlying facts are not protected by the privilege."[7]  "Similarly, neither the acts or services performed by an attorney during the course of his representation, nor the scope of representation, are within the attorney-client privilege because they are not 'communications.'"[8]  Nor are "general topics of attorney-client discussions" or ultimate "legal conclusions" of counsel protected.[9]

Case law from this district also provides direction about the scope of work-product protection.  This court has explained that "the doctrine is not intended to protect investigative work unless done so under the supervision of an attorney in preparation for the real and imminent threat of litigation or trial."[10]  "Although certain actions by an adverse party, such as submitting a reservation of rights letter, might be considered precursors to litigation, the work product doctrine requires more than a mere possibility of litigation."[11] Finally, the parties are directed to review the extensive analysis of when a

---

[7] *Sprint Commc'ns Co., L.P., v. Comcast Cable Commc'ns, LLC,* Nos. 11-2684, 11-2685, 11-2686, 2014 WL 545544, at *4 (D. Kan. Feb. 11, 2014) (quoting *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200, 2006 WL 1867478, at *10 (D. Kan. July 1, 2006)).

[8] *Id.* at *6 (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 675 (D. Kan. 2005)).

[9] *Id.* (holding that counsel's ultimate legal conclusion that defendants infringed patent was not the type of substantive communication protected by the attorney-client privilege).

[10] *Id.*

[11] *AKH Co., Inc.*, 2014 WL 2760860, at *2 (quoting *McNabb v. City of Overland Park*, No. 12-2331, 2014 WL 1152958, at *8 (D. Kan. March 21, 2014)).

document is "prepared in anticipation of litigation" set out by Judge Rushfelt in *Marten v. Yellow Freight System, Inc.*[12]

When documents are withheld under the attorney-client privilege or work-product protection, the burden is on the withholding party to produce a detailed privilege log. Fed. R. Civ. P. 26(b)(5)(A) provides that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

If a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.[13] "The information provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied."[14] Specifically, courts have required that a privilege log include the following information:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

---

[12] No. 96-2013, 1998 WL 13244, at *10-11 (D. Kan. Jan. 6, 1998).

[13] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448 (D. Kan. 2009).

[14] *Id.* (quoting *Hill v. McHenry*, No. 99-2026, 2002 WL 598331, at *2 (D. Kan. Apr. 10, 2002)).

3.   The date of the document (if different from # 2);

4.   The identity of the person(s) who prepared the document;

5.   The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "*including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney*;"

6.   *The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts*;"

7.   The number of pages of the document;

8.   The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9.   Any other pertinent information necessary to establish the elements of each asserted privilege.[15]

In both serving and responding to discovery, the parties and counsel are respectfully reminded that this court strictly enforces the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection (which of course would include privilege logs), it's certified as (i) consistent with the applicable rules and warranted by existing law or

---

[15] *Id.* at 448-49 (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. at 673 (emphasis added)).

by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

    Dated March 8, 2016, at Kansas City, Kansas.

    s/ James P. O'Hara  
    James P. O'Hara  
    U.S. Magistrate Judge