IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEVEN WAYNE FISH, et al., on behalf of themselves and all other similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, et al.,**<br><br>**Defendants.** | Case No. 16-2105-JAR-JPO |

## MEMORANDUM AND ORDER

Before the Court is Secretary of State Kris Kobach's Motion for Leave to File under Seal Brief, Exhibits, and Exhibit List in Opposition to Motion for Preliminary Injunction (Doc. 58).[1] In support of his motion, the Secretary asserts that the proposed sealed documents include information marked "Confidential" in the Protective Order. The motion is unopposed.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[2] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[3] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[4] "The Court should seal

---

[1] The motion for preliminary injunction was filed in the *Fish* matter only.

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[4] *Id.*; *see also United States v. Apperson*, Nos. 14–3069, 14–3070, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016).

documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[5]

Secretary Kobach proposes sealing lengthy documents based on the fact that they include information that is covered by the protective order.  This is insufficient under the standard recited above to justify sealing the entire brief and all of the attached exhibits.  The Court can discern no confidential information included in the exhibit list.  The Court therefore denies this motion without prejudice and suggests the parties review the brief and exhibits, and consider filing a motion for leave to file redacted versions, with the unredacted copies provided separately to the Court; the Clerk's office will then file the unredacted copies as sealed attachments.

**IT IS THEREFORE ORDERED BY THE COURT** that Secretary of State Kris Kobach's Motion for Leave to File under Seal Brief, Exhibits, and Exhibit List in Opposition to Motion for Preliminary Injunction (Doc. 58) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: March 30, 2016

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[5]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).