```
From: "Dale Ho" <dale.ho@aclu.org>
To:     Brian.Cox@kdor.ks.gov <Brian.Cox@kdor.ks.gov>,
Cc:     "Doug Bonney" <dbonney@aclukansas.org>, angela.liu@
        <dechert.comangela.liu@dechert.com>, "Steiner,Neil"
        <neil.steiner@dechert.com>, "Orion Danjuma"
        <odanjuma@aclu.org>, "Waldman,Rebecca"
        <Rebecca.Waldman@dechert.com>, "Sophia Lakin" <slakin@aclu.org>
Date: 04/19/2016 01:31 PM
Subject:     RE: Fish v. Kobach - class motion
```

Brian,

We will check with our clients on timing for depositions and will get back to you.  There are 6 of them, so it will take some time.

Can you tell us how much time you think you will need to file your opposition, from the time after depositions are taken?  We will consider a reasonable period, but will not offer cart blanche to delay the case.
Discovery in this case has been open for over a month now, and yesterday was the first time you mentioned wanting to depose our clients in connection with the class certification motion; with the class certification opposition due in 2 days (after already you've already received a 5-week extension), it seems rather late in the game to push things back again on the basis of not having the benefit of the depositions, when those depositions could have been taken at any time for the last 5+ weeks.

But we are willing to be flexible and will consider a reasonable request for an extension.  As for the conditions of our consent to an extension, to be clear: We will consent to a reasonable extension of time if:

(1) you agree that extra time for your opposition will not be used as a basis for attempting move the class certification hearing date or for arguing that relief should limited in any way;
(2) you agree to offer us the same courtesy of extra time on a future filing if we need it; and
(3) you agree to take our 4 Wichita-based clients' depositions in Wichita.

As for our reasoning on location, our 4 clients who live in Wichita are more than 100 miles from Topeka.  They are all ordinary people with have jobs, and would have to interrupt their schedules and take at least one entire day off work to travel to Topeka for what would seem to be a pretty short deposition.  It seems to make much more sense for the lawyers to travel to Wichita and knock out all 4 depos in one or two days.  (I note that we designated Kansas City as the place for trial only because the Keener case was already being heard there and is obviously related to this one; and we agreed to Topeka for Ms. Lehman's deposition because the Defendants wanted to hold the depositions at the Secretary of State's office - which was not our preference).  The equities would clearly favor having the lawyers travel to Wichita, which doesn't seem very burdensome; and we are happy to arrange for and obtain office space if you like.

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St.
New York, NY 10004
■ 212.549.2693  ■ dale.ho@aclu.org
www.aclu.org

Exhibit A