## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al.,

      **Plaintiffs,**

      **v.**                                     **Case No. 16-2105-JAR-JPO**

KRIS KOBACH, in his official capacity as
Secretary of State for the State of Kansas, et al.,


      **Defendants.**

## MEMORANDUM AND ORDER

The individual Plaintiffs in this case are United States citizens who attempted to register to vote at the time they applied for an initial or renewal Kansas driver's license.  Under a 2013 Kansas Documentary Proof of Citizenship ("DPOC") law, Plaintiffs' voter registration applications were deemed incomplete, and under a 2015 regulation promulgated by Kansas Secretary of State Kris Kobach, some of these applications were cancelled in the Kansas voter registration database.  These Plaintiffs, along with the Kansas League of Women Voters, bring several claims against Secretary Kobach and Kansas Secretary of Revenue Nick Jordan, whose agency oversees the Division of Vehicles, under the National Voter Registration Act of 1993 ("NVRA"), and under 42 U.S.C. § 1983 for violations of the Elections Clause and the Privileges and Immunities Clause.  On May 17, 2016, the Court issued an extensive Memorandum and Order granting in part Plaintiffs' motion for a preliminary injunction barring enforcement of the Kansas DPOC law until this case could be decided on the merits.

Prior to the preliminary injunction hearing, Secretary Jordan moved to dismiss on several grounds.  The Court denied the jurisdictional threshold issues raised in that motion in the preliminary injunction order.  The Court deferred ruling on whether the First Amended

Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), as against Secretary Jordan.  The Court now considers the remainder of Defendant Jordan's Motion to Dismiss (Doc. 64).  That motion has been fully briefed and the parties have supplemented their briefing.  Having fully considered these briefs, the Court is prepared to rule. As stated more fully below, Secretary Jordan's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is granted.

## I.        Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Kan. Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth or merely legal conclusions not entitled to an assumption of truth.[7] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## II.     Discussion

The crux of Defendant Jordan's motion is that he is not a proper party to this suit; that only Defendant Kobach is a proper party to challenge the Kansas DPOC law and regulation under the NVRA. Plaintiffs respond that Defendant Jordan is a proper Defendant on the NVRA and Elections clause claims, but they wholly fail to address the argument that the Department of Revenue is not an entity that may be sued under Kansas law.

Secretary Jordan argues that he is immune from suit under the Eleventh Amendment, and the Court rejected that argument in its previous Memorandum and Order, which is currently on appeal.[10] But Secretary Jordan also argues in his motion that he lacks the capacity to be sued under Rule 17(b), which provides that capacity for suit is determined "by the law of the state

---

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]Doc. 173.

where the court is located."[11]  This lack of capacity to be sued argument is separate and distinct from Secretary Jordan's immunity argument.[12]  Secretary Jordan argues that Kansas law does not authorize suit against his agency, pointing to the general rule in Kansas that without specific statutory authority, subordinate governmental agencies do not have the capacity to be sued.[13] "The statutory authority need not be express, but can be implied."[14]  Plaintiffs fail to point the Court to any Kansas statutory authority that expressly or impliedly authorizes suit against Secretary Jordan, as the official in charge of the Department of Revenue.  Indeed, Kansas law precludes a suit against the Department of Revenue "for any damages resulting from any claim based on the department of revenue's transfer of any motor vehicle record information to the secretary of state that is required or permitted by law."[15]  Although this provision is silent as to equitable relief such as the declaratory and injunctive relief sought by Plaintiffs in this case, it certainly falls short of granting statutory authority for such a suit.

The Court has identified two Kansas Court of Appeals cases that have allowed suits to proceed against the Kansas Department of Revenue, despite capacity for suit challenges.  First, in *Rieke v. Kansas Department of Revenue*,[16] the court determined that a suit could proceed against the Department for injunctive relief under K.S.A. § 60-907(b), which permitted such relief "to enjoin any public officer, board, or body from entering into any contract or doing any act not authorized by law that may result in the creation of an additional levy of a tax, charge or

---

[11]Fed. R. Civ. P. 17(b)(3).

[12]*Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1179 (10th Cir. 2015).

[13]*Fugate v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001).

[14]*Lindenman v. Umscheid*, 875 P.2d 964, 977 (Kan. 1994).

[15]K.S.A. § 25-2352(f).

[16]18 P.3d 243, 245 (Kan. Ct. App. 2001).

assessment."[17]  Of course, this statute does not apply to the facts of this case, which involves a different division within the Department of Revenue.  Second, in *Mid American Credit Union v. Board of County Commissioners of Sedgwick County*,[18] the court considered whether the plaintiff could sue the Department of Revenue for negligence in failing to list its vehicle lien on a certificate of title issued to a bona fide purchaser.  The court decided that because the Department of Revenue was sued in conjunction with the State, and the State of Kansas was also named as a party, it could proceed.[19]  The court stated: "While the KDR may not be able to be sued alone, it may be sued in conjunction with the State."[20]  Here, assuming that Secretary Jordan may be sued under these circumstances, the State of Kansas has not been named and served.  And even if it had been, it is unclear why it would be necessary to sue Kansas "by and through" the Department of Revenue, given that Plaintiffs also name the Secretary of State, as the State's chief election official, and have lodged a claim against him for failure to coordinate state responsibilities under 52 U.S.C. § 20509.

Given the lack of Kansas statutory authority that the Kansas Department of Revenue has the capacity to be sued for failure to fulfill its duties under the NVRA, the Court finds Secretary Jordan's motion to dismiss must be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jordan's Motion to Dismiss (Doc. 64) is **granted**.  All claims against Defendant Jordan are hereby dismissed.

**IT IS SO ORDERED.**

Dated: August 29, 2016

---

[17]*Id.* at 245 (quoting K.S.A. § 60-907(b)).

[18]806 P.2d 479, 481–82 (Kan. Ct. App. 1991) .

[19]*Id.*

[20]*Id.* at 485.

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE