IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>KRIS KOBACH, in his official capacity as )<br>Secretary of State for the State of Kansas, et )<br>al., )<br>)<br>    Defendants. )<br>                                         ) | Case No. 16-2105-JAR-JPO |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND THE SCHEDULING ORDER AND TO REOPEN DISCOVERY**

COMES NOW, Defendant Kansas Secretary of State Kris Kobach, by and through his counsel of record, and hereby moves the Court to amend the scheduling order, reopen discovery in light of the new "rebuttable presumption" by "substantial" numbers test created by the Tenth Circuit Court of Appeals in this case, and to modify the summary judgment deadlines.

### MATERIAL FACTS

1. Discovery closed in June of 2016.

2. The Tenth Circuit issued an opinion on October 19, 2016 created a new "rebuttable presumption" that a state must meet under the NVRA that did not exist when discovery closed. *See Fish v. Kobach*, Slip Op. 48-51 (10th Cir. Oct. 19, 2016) (hereinafter "Tenth Cir. Op.").

### QUESTION PRESENTED

1. Whether the scheduling order should be modified in light of a new standard created by the Tenth Circuit on appeal after discovery has already closed.

**ARGUMENT**

A court may modify its scheduling order and reopen discovery upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court[.]" *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). Several factors exist that a trial court should consider in deciding whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citations omitted). The factors weigh in favor of Defendant.

First, the trial is not imminent. The trial in this case is not scheduled until May 23, 2017, approximately seven months away. This Court has permitted the reopening of expert discovery under shorter time periods in the past. *See e.g. Sibley v. Sprint Nextel Corp*, No. 08-2063-KHV, 2013 WL 1819773, *8 (D. Kan. Apr. 30, 2013) (permitting Defendants to seek to reopen expert discovery when trial was five months away).

The second factor favors Plaintiffs as they oppose this request.

However, the third factor favors Defendants because Plaintiffs would not be prejudiced. Defendant only seeks limited additional discovery to ascertain the total number of noncitizens on the Kansas voter rolls in light of a standard not previously announced. The preliminary injunction would obviously stay in place which grants Plaintiffs the relief they were ultimately seeking in this case anyway. Plaintiffs' only prejudice would be to attempt to dispute the evidence which is the typical burden Plaintiffs must always face in a case.

Fourth, Defendant was diligent in obtaining discovery within the guidelines established by this court. The problem is that the Tenth Circuit has now created a rebuttable "presumption" by "substantial" numbers standard that did not exist when discovery closed. Tenth Cir. Op. at 48-51. As a result, Defendant did not know that it would be required to rebut a "presumption" that the text of the NVRA does not mention.

Fifth, the need for this discovery was not foreseeable given that this is a new standard the State must now meet. As this Court previously explained, the purpose to the notice requirement is to give the Defendant "actual notice of an ongoing violation of the NVRA." *Keener v. Kobach*, Dkt. No. 107, Slip Op. at 25 (Kan. Dist. Ct.). The ACLU's letter did not provide Defendants any actual notice of this supposed violation—i.e. that Defendant did not meet some rebuttable presumption. Instead, with respect to Section 5, the letter stated that, "*Any* additional documentary proof of citizenship requirement imposed by state law clearly exceeds 'the minimum amount of information necessary' to 'enable State election officials to assess the eligibility' of such applicants and is therefore precluded by the NVRA." *Fish v. Kobach*, Dkt. 1-1, at 4 (Kan. Dist. Ct.) (emphasis added).

Defendants did not believe the act of requiring proof of citizenship was a *per se* violation of the NVRA based on the language of the NVRA and because the Supreme Court had already rejected that argument in the context of the Federal Form. Instead, the Supreme Court held that if "a mere oath will not suffice to effectuate [a State's] citizenship requirement," then the Constitution would be violated if the Federal Form was not changed. *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247, 2260 (2014). Defendants did this by showing that it knew that numerous noncitizens had successfully registered to vote despite an attestation

requirement. It also did so by showing that more than a mere oath was required to register to vote under K.S.A. 25-2309.

Thus, Defendant has been operating under one of two standards: the *per se* violation by Plaintiffs (on which Defendants have now prevailed) and a "mere oath will not suffice to effectuate [a] citizenship requirement" identified by *ITCA*, along with evidence that possible alternatives to the citizenship requirement identified in the *Kobach v. EAC* case were ineffectual.[1] Now, months after discovery has closed, the Tenth Circuit has identified a different test for whether the DMV provisions of the NVRA preempt Kansas's satisfactory proof of citizenship requirement. The Tenth Circuit has now created a rebuttable "presumption" test under the NVRA that requires a showing of "substantial" numbers of noncitizens. Tenth Cir. Op. at 48-51. Until yesterday, Defendant had no need to attempt to "rebut" a "presumption" that an attestation was adequate by showing "substantial" numbers of noncitizens. Essentially, for Defendants to have had an opportunity to foresee this outcome and conduct appropriate discovery, Defendant would have had to foresee that the Tenth Circuit would create a new rebuttable presumption test that was not mentioned in the NVRA. Given the broad impact this case will have in elections in Kansas, it would be patently unfair to preclude Kansas from attempting to make the case that it never knew it had to make.

Finally, the sixth factor favors Defendant because it will likely lead to relevant evidence. Defendant has already shown that there are numerous noncitizens on the voter rolls in Kansas—both through temporary driver's license checks and through records kept by the Sedgwick County election office. Furthermore, one 2014 study indicated that some noncitizens reported

---

[1] Defendant provided evidence that each of these "alternatives" had been attempted but had failed.

voting in the 2012 Presidential election.  *See* Richman, Chattha, Earnest, Electoral Studies, Vol. 36, *Do non-citizens vote in U.S. elections?*, 149-157 (Dec. 2014).  Furthermore, a recent Virginia study found that over 1,000 noncitizens had registered to vote in just eight counties.  *See* Public Interest Legal Foundation, *Alien Invasion in Virginia, The discovery and coverup of noncitizen registration and voting*, (Sept. 30, 2016) *available at* https://publicinterestlegal.org/files/Report_Alien-Invasion-in-Virginia.pdf.

      To make the kind of showing seemingly envisioned by the Tenth Circuit will require the work of expert, statistical analysis.  Defendant has already contacted potential experts to ascertain how long this kind of analysis would take.  Estimates are that it could could take as long as three months.  Given the ninety-day notice requirement under the NVRA, Defendant simply requests this Court to give it ninety days to meet the Tenth Circuit's new standard and then provide Plaintiff with additional time to refute the evidence.  Where a new standard was identified on appeal, other courts have permitted reopening of discovery to meet that standard. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1033-34 (9th Cir. 2004) (ordering district court to reopen discovery based on new standard developed on appeal); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 607-09 (3d Cir. 2002) (permitting additional discovery when newly adopted evidentiary burdens were created while the matter was on appeal).

      Finally, although not a factor, it should be noted the reasonableness of this request in light of this case.  First, it would seem that Defendant would have a strong argument that summary judgment would not be appropriate until after discovery on this point.  *See* Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376 (10th Cir. 1988) ("The Supreme Court has held that, under Fed. R. Civ. P. 56(f), summary judgment should be refused where the

nonmoving party has not had the opportunity to discovery information that is essential to its opposition.") (citations and internal quotations omitted)).  Given the newly created standard, Defendant has had no time to attempt to mount an opposition.

Second, it is plausible that a ruling in this case could be immediately ineffectual and essentially require an entirely new round of litigation.  The court of appeals did not explain what constitutes a "substantial amount" of noncitizens.  If this court determines that the known number of noncitizens to date—having been found nearly entirely through self-reporting, duplicate registrations, and comparisons with temporary driver's licenses—do not meet the "substantial" enough standard but after this Court's decision defendant identifies additional noncitizens, it is not entirely clear what happens next.  Plaintiffs are asking for an injunction prohibiting Kansas's proof of citizenship law yet the Tenth Circuit clearly envisions that the law is not prohibited if there are "substantial numbers" of noncitizens that have registered to vote.  It would seem, absent permitting additional discovery, the case could become moot simply based on additional evidence that Defendant wants to ascertain for this case.

## CONCLUSION

In light of the new standard identified by the Tenth Circuit in determining whether a state requirement is preempted by Section 5 of the NVRA, this Court should GRANT Defendant's request to modify the scheduling order, reopen discovery, and modify the summary judgment deadlines for the limited purpose of allowing the State to attempt to rebut this newly created presumption.

                                        Respectfully submitted this 20th day of October, 2016:

                                        By: __/s/ Garrett Roe___
                                            Garrett Roe, #26867
                                            Kris W. Kobach, # 17280

                Office of the Kansas Secretary of State
                Memorial Hall, 1st Floor
                120 SW 10th Avenue
                Topeka, KS 66612-1594
                (785) 296-4564 (telephone)
                (785) 368-8032 (facsimile)
                Email: Garrett.Roe@ks.gov
                Email: Kris.Kobach@ks.gov
                ***Attorney(s) for Defendants-Appellants***

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 20th day of October, 2016, I submitted the above motion to the Court's electronic filing system and provided copies by electronic mail of the foregoing motion to counsel in this case.

    /s/ Garrett Roe
Garrett Roe, #26867
*Attorney for Defendants-Appellants*