```
 1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
 2

 3   CODY KEENER, et al.,

 4        Plaintiffs,                Docket No. 15-9300-JAR

 5   v.

 6   KRIS W. KOBACH, et al.,

 7      Defendants.
     _____    _____
 8
     STEVEN WAYNE FISH, et al.,
 9                                  Docket No. 16-2105-JAR
          Plaintiffs,
10                                  Kansas City, Kansas
     v.                             Date:  11/03/16
11
     KRIS KOBACH, et al.,
12
        Defendants.
13   ...............................................

14
                     TRANSCRIPT OF TELEPHONIC
15              FINAL PRETRIAL CONFERENCE (15-9300)
           SCHEDULING AND STATUS CONFERENCE (16-2105)
16            BEFORE THE HONORABLE JAMES P. O'HARA
                 UNITED STATES MAGISTRATE JUDGE
17
     APPEARANCES:
18
     For Case No. 15-9300 Plaintiffs:
19
     Mr. Curtis E. Woods           Mr. Paul T. Davis
20   Dentons US, LLP               Mr. William R. Lawrence, IV
     4520 Main Street              Fagan Emert & Davis, LLC
21   Suite 1100                    730 New Hampshire
     Kansas City, MO 64111         Suite 210
22                                 Lawrence, KS 66044

23

24

25   (Appearances continued on Page 2)
```

```
1     APPEARANCES:

2     (Continued)

3     For Case No. 16-2105 Plaintiffs:

4
      Mr. Dale E. Ho                  Mr. Stephen D. Bonney
5     Mr. R. Orion Danjuma            ACLU Foundation of Kansas
      Ms. Sophia Lin Lakin            6701 West 64th Street
6     American Civil Liberties        Suite 210
      Union Foundation - NY           Overland Park, KS 66202
7     125 Broad Street
      New York, NY 10004
8
      Ms. Angela M. Liu
9     Dechert, LLP
      35 West Wacker Driver
10    Suite 3400
      Chicago, IL 60601
11

12    For the Defendant Kris Kobach:

13    Mr. Kris Kobach
      Mr. Garrett R. Roe
14    Ms. Bethany Lee (16-2105)
      Kansas Secretary of State
15    120 Southwest 10th Avenue
      Memorial Hall, First Floor
16    Topeka, KS 66612

17

18
      Court Reporter:      Kelli Stewart, RPR, CRR, RMR
19                         Official Court Reporter
                           259 U.S. Courthouse
20                         500 State Avenue
                           Kansas City, Kansas 66101
21

22

23

24

25
```

1            (1:05 p.m., proceedings commenced).

2            THE COURT:  Good afternoon, everybody.  This

3    is Magistrate Judge James O'Hara.  We're convened today

4    for a scheduling and status conference in a civil action

5    styled Steven Wayne Fish, and others, versus Kris

6    Kobach.  That being Case No. 16-2105.

7            We're also convened today for a final

8    pretrial conference in the civil action that is styled

9    Parker Bednasek versus Kris Kobach.  That being Case

10   No. 15-9300.

11           May I please have the appearances on behalf

12   of the plaintiffs in the Fish case.

13           MR. HO:  This is Dale Ho on behalf of the

14   Fish plaintiffs, Your Honor.

15           MS. LIU:  Angela Liu on behalf of the Fish

16   plaintiffs.

17           MR. BONNEY:  Doug Bonney on behalf of the

18   Fish plaintiffs.

19           MR. DANJUMA:  Orion Danjuma on behalf of the

20   Fish plaintiffs.

21           MS. LAKIN:  Sophia Lakin on behalf of the

22   Fish plaintiffs.

23           THE COURT:  Anybody else on behalf of the

24   Fish plaintiffs?

25           MR. HO:  No, Your Honor.

 1                THE COURT:  Okay.  Am I correct that Neil

 2   Steiner is not on the line?

 3                MR. HO:  That is correct, Your Honor.

 4                THE COURT:  Okay.  In the Fish case, who do

 5   we have on behalf of Secretary Kobach?

 6                MR. KOBACH:  Kris Kobach, Garrett Roe, and

 7   Bethany Lee on behalf of defendant.

 8                THE COURT:  Okay.  Anybody else on the

 9   defense side of the Fish case?  (No response).  Very

10   well.  In the Bednasek case, who do we have for the

11   plaintiff today?

12                MR. LAWRENCE:  Your Honor, Will Lawrence and

13   Paul Davis.

14                MR. WOODS:  And, Your Honor, Curtis Woods.

15                THE COURT:  Anybody else for Mr. Bednasek?

16                MR. LAWRENCE:  No, Your Honor.

17                THE COURT:  Okay.  So am I correct that Mark

18   Johnson is not with us today?

19                MR. LAWRENCE:  He is not.

20                THE COURT:  Okay.  And do we have the same

21   appearances on the defense side of the aisle for

22   Secretary Kobach in this case?

23                MR. KOBACH:  Your Honor, I believe Ms. Lee

24   is not-- has not entered her appearance in the Bednasek

25   case, so it would just be Kris Kobach and Garrett Roe.

1          THE COURT: Great. Thank you for that

2    clarification.

3          Okay. Well, let's-- let's address the

4    scheduling issues in the Fish case first. If memory

5    serves, back on October 20 we had some preliminary

6    discussion about the anticipated expert discovery from

7    the defense side of things. And then later that same

8    day, I believe, or at least there-- very shortly

9    thereafter, Judge Robinson issued her order granting

10   Secretary Kobach's motion to take additional discovery.

11          I'm curious, counsel, has there been any

12   additional discussion between and among your group about

13   how this issue would be managed that I ought to be aware

14   of before we wade into this?

15          MR. HO: This is Dale Ho for the Fish

16   plaintiffs, Your Honor. We haven't had any additional

17   conversation since that time with the defendants.

18          THE COURT: Okay.

19          MR. KOBACH: This is Kris Kobach. We have

20   not had any conversations with any of the plaintiff

21   groups about scheduling and discovery.

22          THE COURT: Mr. Kobach, would I be fair in

23   assuming then that you're still in a position to

24   designate an expert on the issues that were flagged by

25   the Tenth Circuit and also by Judge Robinson within 45

1    days of today?

2              MR. KOBACH:  Yes, Your Honor, we can do

3    that.

4              THE COURT:  And, Mr. Ho, are you in the lead

5    on the plaintiffs' side of things today in this case?

6              MR. HO:  Yes, Your Honor.

7              THE COURT:  Okay.  Assuming Secretary Kobach

8    designates his expert within 45 days, and I guess

9    running from Judge Robinson's order that would be - at

10   least by my calculation - December 12, would the

11   plaintiffs in that case be in a position to

12   counter-designate any experts within a month, which

13   would be January 13?

14             MR. HO:  Under normal circumstances, Your

15   Honor, I think we'd be fine with 30 days.  Given that

16   the holidays fall within that time period, I-- I think

17   we'd request to have a little bit more time, like an

18   additional week.  I think that might make things a

19   little easier, given the holidays right in the middle

20   there.

21             THE COURT:  Well, Mr. Ho, let me-- let me

22   ask you this, and we can try to set on a specific

23   schedule, but since we're going to have a holiday

24   between now and Secretary Kobach's designation deadline,

25   would it make sense to maybe run that deadline out an

 1   extra week and then give you roughly five weeks from his

 2   designation deadline for you to counter-designate?

 3              MR. HO:  That would be acceptable to us,

 4   Your Honor.  Thank you.

 5              THE COURT:  Secretary, if we have the

 6   experts lining out in this way, would you anticipate the

 7   need for any closing expert after the plaintiffs

 8   designate theirs, given the rebuttable presumption

 9   that's been clarified by the Circuit and by Judge

10   Robinson?

11              MR. KOBACH:  Your Honor, we-- we can't say

12   for certain I guess until we see what the plaintiffs'

13   expert-- who it would be and what he or she would say,

14   but, you know, we think that it's highly likely that we

15   would not need one, but we just don't want to bind

16   ourselves at this point to that statement.

17              THE COURT:  Would you agree, though, that in

18   the event that you do need one, two weeks would be

19   sufficient, given the-- the focusing of the issues at

20   that point?

21              MR. KOBACH:  Yes, Your Honor.  That's fine.

22              THE COURT:  Okay.  Counsel, by-- by my

23   calculation then, this would result in a-- a schedule

24   that would-- well, let me back up a minute.

25              Mr. Ho, given that the rebuttable

1  presumption that's been clarified by the Circuit, would

2  you acknowledge that the Secretary ought to have a

3  chance to serve the closing expert on this case, at

4  least on that issue?  I mean, he's got the burden at

5  this point it seems to me.

6          MR. HO:  Right.  We wouldn't have any

7  objection to that, Your Honor.

8          THE COURT:  So if-- with that in mind, I

9  think the way this would map out then is we would have

10  Secretary Kobach's expert on the narrow issue defined by

11  the Circuit and by Judge Robinson's order due

12  December 19.  The plaintiffs' counter-designated

13  experts, January 27.  And any rebuttal experts, if

14  they're used, disclosed by February 10.  Does anybody

15  disagree with that?

16          MR. KOBACH:  Your Honor, just to clarify -

17  this is Kris Kobach - you're just talking about the

18  disclosure of the expert, not the date of-- that the

19  report would be due.  Correct?

20          THE COURT:  No, I-- I'm glad you asked that,

21  because what-- what I have in mind when we're setting

22  these deadlines is a disclosure that would be fully

23  compliant with Rule 26(a)(2) of the Federal Rules of

24  Civil Procedure.  So the full-blown, integrated,

25  complete, final signed report as opposed to simply

15-9300/16-2105 Keener v. Kobach/Fish v. Kobach 11.03.16 9

1   saying this is the yo-yo that I've retained as an expert

2   and here's generally what she might talk about.

3            MR. KOBACH: Then in that case, Your Honor,

4   we-- we would have some hardship with that. We don't

5   have any objection to disclosing our expert sooner than

6   December 19th, but in terms of carrying out the

7   research, we were hoping that we would have the 90 days

8   or the lion's share of the 90 days to do it.

9            THE COURT: Mr. Ho, let me-- let me ask you,

10  in light of that, given what Secretary Kobach has just

11  indicated, given the fact that everybody's holiday

12  season here is going to be implicated in the near term

13  under the schedule that I outlined a moment ago, and

14  given the preliminary injunction that has been entered

15  by Judge Robinson and affirmed by the Circuit, is there

16  a pressing need to get this done or would it make more

17  sense to-- and to avoid problems downfield here, to set

18  a schedule in place that would give Secretary Kobach

19  either the full 90 days or close to it to get a-- a

20  report that's truly final as I defined it a moment ago?

21           MR. HO: Your Honor, we don't have any

22  objection to additional time for the report.

23           THE COURT: Okay. Bear with me then. And

24  given that, Mr. Ho, do you want some more-- do you want

25  more than five weeks on your counter-designation or do

1   you want to leave it at that?

2           MR. HO:  I think, Your Honor, I-- I think

3   half the time that the defendant gets for their initial

4   reports would probably I think be appropriate.  So if

5   they're getting 90 days, 45 I think for us would be

6   appropriate.

7           THE COURT:  Okay.  Okay.  Well, counsel,

8   then the way this would map out is the final report as

9   I've defined it would be due from Secretary Kobach

10  January 30.  From the plaintiffs March 15.  And any

11  rebuttal expert April 5th.  And the cutoff date for all

12  discovery, including but not limited to depositions on

13  the experts who submit written reports, will be

14  April 26th, which would be three weeks after the

15  rebuttal expert deadline.

16          I would strongly suggest that you keep in

17  mind that if you-- if you anticipate needing to depose

18  the other side's experts before you counter-designate or

19  use a rebuttal expert at the end, that that be the

20  subject of active discussion among counsel as opposed to

21  bringing that issue to the Court.

22          But just to avoid problems with this in

23  advance, I'm going to require that-- that along with the

24  disclosure, that counsel provide at least three

25  available full-day deposition settings that the expert

1   is available in the ensuing three weeks, at least for

2   the-- the Secretary's experts and the plaintiffs'.  And

3   for the-- any rebuttal experts, those would be the--

4   well, I guess it would still be in the ensuing three

5   weeks so we could get it done by April 26th.

6           And to be clear, counsel, Judge Robinson was

7   not asked to and did not re-open discovery for all

8   purposes, nor am I today.  Discovery has been re-opened

9   only for the narrow issues that were bound up in the

10  motion filed by Secretary Kobach and in the related

11  order entered by Judge Robinson.

12          With respect to related deadlines that would

13  follow expert discovery, I'm going to order the-- the

14  parties revise the pretrial order that would take into

15  account these new experts.  That would be due by May

16  1st.  And the final pretrial conference in that case,

17  unless somebody has a first-up trial setting with which

18  this would conflict, that will be May 12th at 10:30.

19  And unless otherwise notified, that will be in the

20  courtroom.

21          The inevitable dispositive motions will be

22  due July 7.  And, counsel, although I think the original

23  scheduling order contemplated that *Daubert* motions would

24  be due 45 days before trial, given the way in which this

25  case has developed since that time, I would suggest -

 1    but I'm open to discussion here today - that any *Daubert*

 2    motions be due concurrent with dispositive motions on

 3    the rationale that the *Daubert* motions might, as a

 4    practical matter, be case dispositive.  But does anybody

 5    disagree with moving that deadline up for *Daubert*

 6    motions?  (No response).  Okay.  Hearing none, it will

 7    be July 7 for those motions as well.

 8                  Counsel, given the way in which the issues

 9    have--

10                  MR. HO:  Sorry, Your Honor, this is Dale Ho

11    on behalf of the Fish plaintiffs.  It might-- if I may

12    make one suggestion with respect to the *Daubert* motions.

13    It may make more sense to have those motions due at--

14    concurrently with the parties' summary judgment

15    opposition motions.  The reason I suggest that is it's a

16    little bit difficult to know in advance whether-- you

17    know, how the parties intend to rely upon experts for

18    purposes of moving for summary judgment.  And to the

19    extent that the parties do, then it may make sense to

20    include *Daubert* motions or to have them due at the same

21    time as summary judgment opposition.

22                  THE COURT:  Secretary Kobach, what do you

23    think about that?

24                  MR. KOBACH:  We-- we agree with that.  It

25    could even be after.  If we have multiple motions due on

1    the same date during this response period or reply

2    period, it might get a little hectic.  But yeah, we-- we

3    agree that they should be due at some date later than

4    the summary judgment motions date.

5              THE COURT:  Okay.  I'm going to-- I'm going

6    to adopt Mr. Ho's suggestion then.  I think that in this

7    case it might make some sense.

8              I think the last estimate that you all had

9    provided me with respect to length of trial was-- I

10   think the one side was saying two days and the other

11   four.  And as I sit here, I can't recall whether

12   Secretary Kobach was more optimistic than the plaintiffs

13   or vice-versa.  But I'm curious, what's your current

14   read of that issue, given the way in which the issues

15   have at least been clarified to some extent by the

16   Circuit?

17             Mr. Ho, why don't you start off.  How long

18   do you think it would take to try this case if you were

19   going to trial next week?

20             MR. HO:  Yes, Your Honor.  Thank you.  I

21   think the plaintiffs' case-in-chief could be finished in

22   under three days, so something like two-and-a-half days.

23   How long the total trial will last I think would then

24   depend upon how much time and how many witnesses the

25   defendants are planning on putting on and-- and rebuttal

1    on top of that.

2            THE COURT:  Secretary Kobach, mindful that

3    you have not seen the plaintiffs' case-in-chief yet,

4    same question to you.  If you had to go to trial next

5    week, how long do you think it would take to put on your

6    case-in-chief?

7            MR. KOBACH:  Your Honor, I-- I guess it's

8    hard to say specifically since there might be some

9    overlap in the witnesses and I-- but I-- I would say

10   conservatively we probably ought to allow for, yeah,

11   probably three days.  Especially since we have now the

12   additional test and additional experts potentially

13   being-- being introduced as witnesses for the purposes

14   of exploring that and meeting that test.

15           THE COURT:  Okay.  I'm going to reflect in

16   the-- in the scheduling order then four to six days.

17   Hopefully it will be less.

18           As relates to a trial setting, once we're

19   done I will visit with Judge Robinson and she will key

20   off of the July 7 dispositive motion deadline and I

21   would think likely set the case in either very late 2017

22   or very early 2018.  But I believe she anticipates

23   giving you a No. 1 civil setting.

24           However, with congressional inaction on our

25   one vacant active district judgeship and anticipated

1   continued inaction on the next vacancy that's going to

2   occur by the time this case is ready for trial, judges

3   like Judge Robinson are under increasing pressure to

4   devote their attention to the criminal side of things

5   which have Speedy Trial Act requirements.  So you would

6   be at some risk of the case being continued from

7   whatever docket is recited in the scheduling order.

8           Bear with me one moment.  Counsel, as

9   relates to the dispositive motions that are anticipated

10  in this case, keep in mind that, as contemplated by

11  Judge Robinson's order back in I believe March of this

12  year that consolidated the Fish and Bednasek cases for

13  discovery and pretrial purposes, that dispositive

14  motions need to be filed separately in the cases.

15          And, indeed, I-- for reasons I think we'll

16  probably be discussing in more detail in a moment, it's

17  highly likely that the Court, either Judge Robinson or

18  myself, will be entering an order in the near term

19  unconsolidating the cases since I think she's of the

20  view - and I share it - that discovery in Bednasek

21  stands closed, notwithstanding discovery in Fish going

22  forward.  So there's no reason for the consolidation at

23  this point, especially given the-- the pretrial

24  conference that we're conducting today in Bednasek.

25          Counsel, before we turn our attention to the

1     proposed pretrial order in-- in the Bednasek case, is

2     there anything else about scheduling in the Fish matter

3     that you think we need to address?

4          MR. HO:  Yes, Your Honor.  Dale Ho on behalf

5     of the Fish plaintiffs.  There are two issues that I

6     would like to raise, Your Honor.  The first is with

7     respect to the scope of discovery.  And I understand

8     Your Honor's point that, as you've currently-- as you've

9     ruled, discovery is only re-opened for purposes of the

10    expert discovery that the defendant would like to take.

11         We obviously opposed the defendant's motion

12    to re-open discovery in the case and believe that the

13    existing record was sufficient.  Now that discovery has

14    been opened, though, we note that the Tenth Circuit's

15    rebuttable presumption consists of a two-part test,

16    not-- and the first part is whether or not there's a

17    substantial problem of non-citizen registration, which

18    Defendant Kobach has indicated that he'd like to take

19    some expert discovery on.

20         The second part of that test, which is on

21    Page 50 of the opinion in Footnote 14, is that the

22    defendant has to show that nothing less than a

23    documentary proof of citizenship requirement is

24    sufficient for the state's purpose of preventing

25    non-citizen registration.

```
1              Again, we obviously opposed re-opening

2    discovery, but now that it's been re-opened, we think

3    that it would be appropriate to take discovery on both

4    of these two prongs and not just on the first prong,

5    which Defendant Kobach has identified.  So, if possible,

6    we would like to take some additional discovery on that

7    second prong, some very limited fact discovery on it.

8              THE COURT:  Okay.  What's the other issue

9    you've got before we ask for a response?

10             MR. HO:  The other issue, Your Honor, is

11   whether or not it would be appropriate to have a

12   deadline built into the schedule for amendments of

13   pleadings in light of the Tenth Circuit's ruling.

14             THE COURT:  Specifically what do you

15   anticipate?

16             MR. HO:  We anticipate that in light of the

17   Tenth Circuit's ruling, we may want to change some of

18   the language in the complaint in terms of how our claims

19   are framed.  There was some disagreement between the

20   parties in terms of formulating the claims for the

21   pretrial order.

22             And I think it would-- you know, I think

23   there was some disagreement as to whether or not the way

24   that we characterized the claims in the pretrial order

25   was consistent with the original complaint in this case
```

1   or, you know, we-- we tried to conform our description

2   of our claims to both the complaint and the Tenth

3   Circuit's ruling.  And I think to eliminate any kind of

4   dispute amongst the parties about that, we would like to

5   have an opportunity to amend the complaint.  We can do

6   that very, very quickly.  We're not talking about adding

7   any additional claims here, Your Honor.  We're simply

8   talking about changing the language in some places to

9   conform to the Tenth Circuit's ruling.

10          THE COURT:  Okay.  Secretary, what do you

11   think about each of those?

12          MR. KOBACH:  Your Honor, we do not object to

13   the consideration of-- in terms of the scope, the

14   consideration of the issues raised, and I don't have it

15   in front of me, but what Mr. Ho says is on Page 50, the

16   second half of the two-part test.  So certainly we have

17   no problem with the scope including that.

18          As far as the suggestion that Mr. Ho just

19   made that he would like to amend the complaint again,

20   you know, we-- we do object to that.  We don't see that

21   it being necessary at this point.  We-- we've been-- had

22   serial-- between the two cases, serial amendments over

23   and over again.

24          Obviously if Mr. Ho wants to file a motion

25   and, you know, that is granted, you know, that's-- we

1   will, of course, go along with that.  But we don't see

2   that strictly as being necessary at this point.

3            THE COURT:  Anything else, Mr. Ho, on the--

4   the amendment issue?

5            MR. HO:  No, Your Honor.  I think, you know,

6   if the defendant is willing to stipulate that there's

7   not going to be an objection to the characterization of

8   our claims in the pretrial order based on some, you

9   know, purported difference between the Tenth Circuit's

10  ruling and our complaint, then I-- I don't think we at

11  this time need to amend the complaint.

12           MR. KOBACH:  Your Honor, we would object.

13  And part of the issue here is that the-- the National

14  Voter Registration Act requires the filing of the 90-day

15  letter where you state what you believe the violation

16  is.  And we have made an issue with the Court that the--

17  the 90-day letter that was originally filed by the Fish

18  plaintiffs in this case does not reflect what the Tenth

19  Circuit now has described the test as.

20           So, you know, we are objecting to the

21  re-characterization through subsequent pleadings of-- of

22  what was originally, we believe, a flawed letter.  So

23  we'd like to object to that.

24           THE COURT:  Okay.  Well, gentlemen, as

25  relates to the scope of discovery, I think essentially

1   by stipulation, but I'll try to capture it accurately in

2   the scheduling order, the scope of discovery would be

3   expanded to include not only the issues that were bound

4   up in the Secretary's motion that led to Judge

5   Robinson's order, but also what's been referred to as

6   the second part of the test that's described on Page 50

7   of the Circuit's opinion.

8            As relates to this amendment issue, I'm not

9   going to grant or extend any deadline at this point.

10  I-- I can see some value potentially in the plaintiffs

11  filing an amended complaint that would conform to make

12  purely technical changes in light of the Circuit's

13  ruling.  By the same token, I could see a lot of

14  mischief that would result from that in terms of ensuing

15  efforts to expand discovery based on claims or theories

16  that may be implicit in that amended pleading, although

17  not explicitly denominated as such, and the same with

18  respect to any answer that the defendant would be

19  entitled to file with respect to this amended complaint.

20           What I would suggest you do, Mr. Ho, if this

21  is of concern to you in terms of being limited when we

22  come back at the time that the pretrial order is put

23  together, is to maybe send a draft of your proposed

24  amended complaint to Mr. Kobach and Mr. Roe and to

25  redline precisely what changes you're talking about.

1    And it may be not a big deal and it may be something

2    that we just reflect in the pretrial order and-- and

3    leave the pleadings as is.

4           But I think absent you being able to work it

5    out in that way, it's going to be incumbent upon you to

6    file a formal motion.  And in that motion, keep in mind

7    that our district has a very well-developed body of case

8    law to the effect that before we even engage in the

9    liberal Rule 15 analysis, you would need to demonstrate

10   under Rule 16 the extension of the scheduling order

11   deadline for filing motions to amend should be set

12   aside.  And perhaps the Circuit's recent ruling would

13   provide that, and perhaps not, but make sure you address

14   that in any brief that's filed.

15           MR. HO:  I appreciate your guidance on that.

16   Thank you, Your Honor.

17           THE COURT:  Okay.  Counsel, anything else

18   that we need to take up with-- as relates to scheduling

19   or case management in the Fish matter?  (No response).

20           Okay.  Let's turn to Bednasek.  I did have

21   some stylistic changes just to tighten the document up,

22   but I'm not going to slug through those today.  Today or

23   tomorrow I'll send you a-- a revised copy and you'll see

24   that-- what minor changes I've made.  But with that in

25   mind, let me start with the stipulations, and

1    specifically Paragraph 2a on factual stipulations.

2            I've seen the-- the commentary toward the

3    end as relates to what was stipulated to factually in

4    the prior draft of the pretrial order that was submitted

5    when we conducted the aborted pretrial conference on

6    October 20.  But while I can see where the-- the

7    defendants might be irritated by the plaintiffs'

8    withdrawal of the stipulations, I think at the end of

9    the day I'm kind of old-fashioned and either there is a

10   stipulation or there isn't.  And since nobody ever filed

11   a stipulation, I'm not going to hold anybody to a draft

12   of a pretrial order that was submitted earlier.  So I'm

13   going to delete the material with respect to-- or the

14   commentary about proposed stipulations that were

15   objected to at the end of Paragraph 2a.

16           Likewise on Paragraph 2b, I'm going to

17   simply reflect "none."  But, you know, having said that,

18   and as this draft is re-circulated, I would respectfully

19   suggest that both sides step back for a minute and take

20   a deep breath and then reconsider their positions.

21           It seems to me in a case like this, both the

22   plaintiffs and the defendant are going to have a ton of

23   very boring, expensive, time-consuming foundational work

24   to do with respect to their summary judgment

25   submissions.  I mean, there-- there are a great many

1    summary judgment motions that are-- and I think we may

2    have discussed this during the original scheduling

3    conference, summary judgment motions that are denied

4    that our judges believe ought to be granted because

5    somebody really hasn't buttoned down authentication and

6    admissibility of a document that they're relying upon in

7    their brief.

8              And likewise, there are a lot of summary

9    judgment motions that ultimately are granted that the

10   judges believe ought to be denied but that-- the result

11   occurs because the respondent hasn't handled the

12   authentication issues properly.

13             So I would suggest that maybe you give some

14   more thought to this.  And then when the-- when you

15   submit any typographical changes to me within the

16   allotted time, that you have a-- a realistic practical

17   list of documents that can be stipulated to for both

18   summary judgment and trial.

19             Anybody have any questions about the

20   stipulations in Paragraph 2?  (No response).

21             Okay.  Turning next to the legal claims and

22   defenses as outlined in Paragraph 4, and I guess more

23   specifically the defenses as outlined in Paragraph 4b,

24   as in boy.  I did have some questions.

25             First, I saw that both with respect to

1    Count 1 and Count 5, the defendant takes the position

2    that Bednasek lacks standing and, therefore, the Court

3    lacks jurisdiction.  But, Secretary, am I correct that

4    that issue, while it might remain germane for purposes

5    of appeal, has already been ruled adverse to you by

6    Judge Robinson.

7            MR. KOBACH:  Your Honor, I believe you are

8    correct.  We're just preserving the issue for appeal.

9            THE COURT:  Okay.  And with respect to both

10   claims, Secretary, I see that the pretrial order states

11   that the plaintiff doesn't have a claim against you

12   because he cannot state a cause of action directly and

13   under the Constitution against state or local officials.

14   Given the nature of the relief that's sought, is that

15   indeed your position?

16           MR. KOBACH:  We-- Your Honor, we believe

17   that the case law does support that-- that defense or

18   that position if it indeed-- even with the relief sought

19   here, that is our position.

20           THE COURT:  So is it-- is it your position

21   that the plaintiffs-- or that you're immune from suit to

22   the extent that the plaintiffs seek prospective

23   injunctive relief?

24           MR. KOBACH:  The nature of what we are

25   saying is that it's-- the claim can't be brought

1    directly against the-- the defendant under the

2    Constitution.

3              THE COURT:  And--

4              MR. KOBACH:  Not-- not that we're immune,

5    that there's no-- no defendant can be sued on this

6    matter, but rather the nature of the defendant being

7    sued.

8              THE COURT:  So who is the proper defendant

9    in your view?

10             MR. KOBACH:  I'm going to let Garrett Roe

11   speak.  He's done the-- the majority of the research on

12   this and he can clarify it.

13             MR. ROE:  Your Honor, this is Garrett Roe.

14   In our-- in our motion to set aside, we addressed this

15   issue.  And the case law says that they cannot proceed

16   as-- you know, as they're proceeding directly under the

17   Constitution.  So we're not arguing that there's an

18   immunity issue here, they simply cannot-- (reporter

19   interruption).

20             THE COURT:  Mr. Roe, I think the reporter

21   was having a hard time picking you up.  Would you repeat

22   what you just said for her, please?

23             MR. ROE:  Yes, sorry.  Sorry, Your Honor.

24   We addressed this issue in our motion to set aside.

25   There's case law that supports us saying that what-- you

 1   know, they cannot proceed directly under the

 2   Constitution on the claims they've made under Count 1

 3   and Count 5.  So it's not an immunity issue, it's simply

 4   they cannot proceed under the claims the way that

 5   they're trying to proceed.

 6               THE COURT:  So what-- I mean, what is the--

 7   you're talking-- when you say the motion to set aside,

 8   you're talking about the motion to set aside the

 9   default?

10               MR. ROE:  Correct.

11               THE COURT:  Okay.

12               MR. ROE:  In that we had to-- we had to

13   present the meritorious defenses as part of our motion,

14   and we identified case law in that-- in that memorandum

15   addressing this issue.

16               THE COURT:  So you'll have to bear with me

17   since I didn't read that because it wasn't going to be

18   decided by me.  But I mean, what is the-- the position

19   of the Secretary with respect to the proper procedure

20   for the plaintiff to follow in this case, if not to name

21   the Secretary directly?

22               MR. ROE:  Okay.  Your Honor, we're not

23   arguing that the Secretary is not a proper defendant.

24   We're arguing that they did not-- they aren't proceeding

25   correctly to bring this-- the claim they want to bring.

1          THE COURT:  So how are they supposed proceed

2    in your view?

3          MR. ROE:  Well, I-- they're supposed to

4    plead the case-- the claim correctly.

5          THE COURT:  How are they supposed to proceed

6    [sic] it correctly?

7          MR. ROE:  Well, Your Honor, what they've--

8    what they have presented is only a-- a lawsuit directly

9    under the Fourteenth Amendment.  And that's not a

10   proper--

11         THE COURT:  I've asked you, sir, what is the

12   proper procedure?  Answer my question, please.

13         MR. ROE:  To proceed under Section 1983,

14   Your Honor.

15         THE COURT:  See, that wasn't so hard.

16         MR. ROE:  Oh, I'm sorry.  I was-- I was

17   misunderstanding your question.  I'm sorry, Your Honor.

18   To proceed under 1983, they have not done that.

19         THE COURT:  So the cases that you're

20   referring to, do they stand-- and I've not read your

21   memorandum, so bear with me, but do they stand for the

22   proposition that a plaintiff in this situation must

23   expressly refer to Section 1983 in Title 42 of the Code

24   as the procedural vehicle by which to assert a

25   constitutional claim against a state officer?

 1                MR. ROE:  Your Honor, that's my

 2    understanding.  I-- I don't have my memorandum in front

 3    of me at this moment.  I know there was a district court

 4    Kansas case that I cited on that.  I don't have the case

 5    in front of me.  But essentially what they've done is

 6    they're effectively trying to proceed under a *Bivens*

 7    action, but we're not a federal officer.

 8                THE COURT:  So with respect to-- let's

 9    assume for sake of discussion today that the plaintiff

10    were to file a motion to amend the complaint, or I guess

11    it would be the third amended complaint, to make

12    specific reference to Section 1983, in addition to

13    what's already been pleaded, what would be the response

14    to that?

15                MR. ROE:  Your Honor--

16                THE COURT:  And particularly given the

17    nature of the arguments that were made in the motion to

18    set aside the default, which at least thematically, as I

19    understood it to be, this case ought to be dealt with on

20    the merits as opposed to some technical oversight.

21                MR. ROE:  Well, Your Honor, I mean,

22    obviously the response would be that it's-- it would be

23    I think the fifth or fourth amended complaint and filed

24    well out of time.  I mean, that's-- that would be my

25    response at this point.

1          THE COURT:  But how would you be prejudiced

2    by it?

3          MR. ROE:  Your Honor, I honestly can't make

4    a-- make an argument on that at this time how we would

5    be prejudiced, other than the fact that it would simply

6    be, you know, responding to a fourth amended complaint.

7    So I assume that if the plaintiffs would like to file an

8    amended complaint, I'm not sure how we would be

9    prejudiced at this point.

10          THE COURT:  Bear with me just a minute.  Mr.

11    Roe, I'm looking at the-- the memorandum in support of

12    the motion to set aside the default.

13          MR. ROE:  Yes, Your Honor.

14          THE COURT:  I don't know if you have that

15    handy.

16          MR. ROE:  I don't.  I hope I included that

17    as one of my meritorious defenses.  If I didn't, I

18    apologize.

19          THE COURT:  Well, I do see in-- on Page 16

20    of that brief it says, "Plaintiffs' claims fail..."

21    This is under a section that-- to the effect that

22    Defendant Kobach has meritorious defenses.

23          MR. ROE:  Uh-huh.

24          THE COURT:  But it says, quote, "Plaintiffs'

25    claims fail because, under both causes of action, they

 1   are attempting to proceed directly against a state or

 2   local officer under the Constitution."  And it cites--

 3               MR. ROE:  Correct, Your Honor.

 4               THE COURT:  -- the pleadings.  And it says,

 5   "This they cannot do, and thus their claims are subject

 6   to dismissal."  And then it cites *U.S. ex rel. Price*

 7   *versus McFarland*, which is a case out of our district,

 8   and citing an earlier case out of our district-- strike

 9   that.  Citing cases from the Ninth Circuit and from the

10   District of Colorado.

11               But as I'm reading that-- that submission,

12   it in no way mentions that the proper procedural vehicle

13   was under Section 1983.  But is there something else in

14   this brief that speaks specifically to the-- the

15   necessity of a-- of a pleading under Section 1983?

16               MR. ROE:  Your Honor, that was the cases

17   that I was citing.  I mean, we were prepared to file

18   them as part of summary judgment dismissal on those

19   claims as well.

20               THE COURT:  Mr. Ho-- or excuse me, I guess

21   this would be--

22               MR. LAWRENCE:  Your Honor, this is Will

23   Lawrence.

24               THE COURT:  Yeah, are you the lead, Mr.

25   Lawrence, on this case?

1          MR. LAWRENCE:  Yes.

2          THE COURT:  Okay.  In light of my discussion

3     with Mr. Roe, what is your response at this point?

4          MR. LAWRENCE:  Well, Your Honor, the-- the

5     plaintiffs believe that we-- we pled the case correctly.

6     But if-- if there's some disagreement over, you know, a

7     matter of just procedurally the way the claim was

8     drafted, we would offer to amend that portion of the

9     complaint to address the issue.

10          THE COURT:  Have you read, Mr. Lawrence,

11     these cases that are cited on Page 16 of the brief that

12     I mentioned?

13          MR. LAWRENCE:  I have not had a chance to

14     look at those in detail, so I-- I don't really know

15     exactly what Mr. Roe is getting at.  Him and I have not

16     discussed this prior to now.

17          THE COURT:  Bear with me one minute.

18     Counsel, given the fact that I think this issue could be

19     significant, although I think it could be handled more

20     practically, but in light of a stipulation to allow

21     amendment and in light of the looming November 16

22     deadline to file dispositive motions, Mr. Lawrence, I'm

23     going to give you until tomorrow to file a motion to

24     amend.  I would think that would be a very short motion.

25          To the extent that you think that you need

 1   to shore up your pleadings with an explicit reference to

 2   Section 1983 that can't just be referred to in the

 3   pretrial order, I think you and Mr. Roe ought to talk

 4   about this further.  If you can conclude, Mr. Lawrence,

 5   that you don't need to amend, I'm not going to tell you

 6   that you have to.  But if you conclude that you should

 7   amend, I would ask that you seek Mr. Roe's consent.

 8           If that's not forthcoming, any motion to

 9   amend has to be filed by tomorrow.  Any response to that

10   is due Monday.  Any reply brief is due Tuesday.  The

11   principal briefs on those-- or on that motion would be

12   limited to five pages, the reply brief to two.

13           Okay.  Anybody have any questions about

14   that?  That issue I should say.

15           MR. KOBACH:  Your Honor, this is Kris

16   Kobach.  So given that we may, if plaintiffs so desire,

17   see a motion and a response and a reply, at a minimum

18   can we push the 16th deadline back just a few-- the

19   equivalent number of days?

20           THE COURT:  I would like to, but I think

21   the-- the time between the dispositive motions being due

22   and the-- well, I take that back.  I take that back.

23   There's another reason why I think we can grant you that

24   relief.

25           The short answer to your question now is

1   yes.  We'll move the dispositive motion deadline, and

2   I'll file a text entry to this effect, but we'll move it

3   back a week.  So it will be the Wednesday preceding

4   Thanksgiving.

5             And just so we're on-- while we're on this,

6   the reason I'm granting that extension is the-- the

7   trial setting for this case is being moved back by Judge

8   Robinson to June 5th of next year.  And as we discussed

9   in Fish, that will be a No. 1 civil setting, but subject

10  to all criminal cases on her docket.

11            Let me come back to Paragraph 4b, as in boy.

12  At the end of the discussion as relates to both Count 1

13  and Count 5, there's a statement to the effect that,

14  "Defendant objects to relief sought that's not included

15  in the third amended complaint," and then it goes on to

16  say, "And that plaintiff is not entitled to relief not

17  sought in the third amended complaint."

18            I would probably agree with you as a general

19  proposition.  But more to the point, Secretary Kobach,

20  was there material that was bound up in the plaintiffs'

21  submission, specifically as set out in Paragraph 3a and

22  Paragraph 4a and finally Paragraph 5, that you believe

23  goes beyond that which is pleaded for in Counts 1 and 5

24  of the third amended complaint?  And if so, what would

25  that be?

1          MR. ROE:  Your Honor, this is Garrett Roe

2   again.  There is-- I'm sorry, you said under Section a,

3   is that correct, under-- sorry.  Under 3a?  I'm sorry,

4   you said-- I'm sorry, I'm on the wrong page.

5          THE COURT:  Well, let me ask the question

6   just more generally.  Is there relief-- well, are there

7   claims made factually or legally or relief sought that's

8   captured in this draft pretrial order on the plaintiffs'

9   side of the aisle that you think is outside the bounds

10  of what they asked for and pleaded in the third amended

11  complaint?

12         MR. ROE:  Oh, yes, Your Honor, I do.

13         THE COURT:  Okay.  So what-- what is that

14  specifically?

15         MR. ROE:  Well, Your Honor, this goes back

16  to the issue of Section 1983.  Because they didn't--

17  they have not pled a Section 1983 claim, they haven't

18  sought attorney's fees for purposes of Section 1983

19  either.  So that we wanted to make sure they weren't

20  going to be able to expand their complaint in the

21  pretrial order to relief that-- to seek additional

22  relief that they never pled, never sought.

23         THE COURT:  Okay.  Bear with me a minute.

24  Okay.  Mr. Roe, is that based on the notion that the fee

25  request that's in the prayer section of the third

1   amended complaint is under the-- the statutory claim as

2   opposed to under the constitutional claim?

3            MR. ROE:  Correct, Your Honor.  They've only

4   sought-- they've only sought attorney's fees under the

5   NVRA.  So, you know, I was trying to ensure that we

6   didn't allow them to-- or there wasn't an amendment of

7   the complaint through the pretrial order, given that it

8   supersedes the complaint.

9            THE COURT:  Here again, though, if-- if a

10  leave to amend were granted to assert an entitlement to

11  fees under Section 1988 of Title 42 of the Code, how

12  would you be prejudiced?

13           MR. ROE:  Again, Your Honor, I-- at this

14  point I don't know, other than the fact that four months

15  have passed since the completion and we've had four--

16  the plaintiffs have amended the complaint three times at

17  this point and it's just-- (reporter interruption).

18           Oh, I'm sorry.  Again, Your Honor, I-- at

19  this time I can't-- I don't know how we would be

20  prejudiced, other than to note that it's months after

21  the time to amend the complaint and this-- the

22  Fourteenth Amendment claim specifically has been in

23  their complaint since the original complaint in I think

24  it was October of this year.  And this was never

25  remedied.  I mean, I can't say how we would be

1    prejudiced beyond that at this point.

2              THE COURT:  Okay.  Well, if there's to be an

3    amendment of a third amended complaint formally or an

4    amendment of the pretrial order to make specific

5    reference to the attorney's fee provision under

6    Section 1988, Mr. Lawrence, that would be subject to the

7    same briefing deadlines that I outlined a moment ago.

8              MR. LAWRENCE:  Yes, Your Honor.

9              THE COURT:  But again, just so I'm crystal

10   clear on this, Mr. Roe, it was my understanding that

11   the-- the language about not being entitled to relief

12   not sought in the third amended complaint, that is

13   confined to this issue of attorney's fees.  True?

14             MR. ROE:  Your Honor, can you hold on just

15   one second?  Let me just go back and make sure that is

16   correct.  That's correct, Your Honor.

17             THE COURT:  Okay.  As we leave this issue of

18   these amendments, I mean, just so that we can have some

19   focus on this and maybe avoid unnecessary work, I

20   think-- although I haven't seen the formal motion to

21   amend and I've certainly not seen any opposition to it,

22   if the opposition to the amendments that would be

23   necessary to make specific reference to Section 1983 and

24   Section 1988 are essentially as outlined orally during

25   today's conference, it hopefully will come as no

1   surprise to anybody that I think the probability of that

2   motion to amend being granted is very, very, very high.

3         So I-- I would strongly urge the defendants

4   to at least consider stipulating to these kind of

5   technical amendments to the pretrial order and abandon

6   these technical defenses.

7         I know this is high-stakes litigation.  I

8   know there's some very sophisticated lawyers dealing

9   with some very nuanced issues.  But speaking just as the

10   person that's managing this case pretrial but who has

11   had the benefit of maybe trying cases against Judge

12   Robinson when she was a lawyer, I think that the

13   defendant, if it persists in these kind of arguments

14   which tread perilously close to playing hide-the-ball, I

15   think it's going to be counter-productive for you.  So I

16   would suggest that maybe you reconsider on these things.

17   But if you want to play it hard ball, you're entitled to

18   do that.

19         Okay.  Moving next to Paragraph 7a.  Again,

20   subject to any motion that the defendant might want to

21   file, I'm going to modify what you had proposed by

22   simply stating that discovery was to be completed by

23   October 28 and discovery has closed.

24         It is true that Secretary Kobach moved to

25   re-open discovery in Fish.  It's true that Fish and

 1  Bednasek were consolidated for purposes of discovery and

 2  pretrial management.  But notably, the motion that

 3  Secretary Kobach filed to re-open discovery was filed

 4  only with regard to the Fish case and was based entirely

 5  upon the Circuit's articulation of the statutory claim

 6  that is not present in Bednasek.

 7          I can tell you I've visited with Judge

 8  Robinson earlier today and she shared my view that she

 9  did not see any legitimate basis to continue discovery

10  or leave it open for expert disclosures in Bednasek

11  since the Circuit's ruling has nothing to do with that

12  case frankly.  But again, if you want to file a formal

13  motion to re-open discovery in the case, go for it, but

14  I think you've got a very steep hill to climb on that.

15          I'll make relating changes to Paragraph 8a

16  to reflect that there are no motions pending at this

17  time.

18          With respect to motions to be filed, am I

19  correct that the parties already do have experts that

20  would be-- or that have been designated in-- in the

21  Bednasek case on both sides?

22          MR. LAWRENCE:  Yes, Your Honor.

23          THE COURT:  And would it make sense to

24  change the 45 days before trial to make those motions

25  due concurrent with the oppositions to the summary

1  judgment motions?

2          MR. LAWRENCE:  Yes, Your Honor.  Plaintiffs

3  would be okay with that.

4          THE COURT:  Secretary Kobach, do you agree?

5          MR. ROE:  Your Honor, this is Garrett Roe

6  again.  I-- I think the same issue that applies to Fish

7  would apply here, is that it's hard to file a motion to

8  exclude until we know, one, if they're being relied upon

9  and, two, in what instance they're being relied upon.

10  So if nothing else, at least at some point after the

11  initial dispositive-- you know, summary judgment motion

12  is due.

13          THE COURT:  Okay.

14          MR. ROE:  Or perhaps concurrent with the

15  dispositive--

16          THE COURT:  Right.  I think we'll have it

17  uniform in both cases.

18          Okay.  Counsel, that covers the things in

19  the draft pretrial order that I was confused about or

20  concerned about.

21          Mr. Lawrence, is there anything else that

22  you think that we need to address before I rewrite this

23  thing and circulate it for final review?

24          MR. LAWRENCE:  No, Your Honor.  Nothing from

25  the plaintiffs.  I think you can tell from some of the

1    filings on Kobach's motion to re-open discovery, we were

2    a little confused about that, but I think this clears it

3    up.  And we agree with that and-- and are in agreement

4    to proceed forward as has been set out.

5              THE COURT:  Okay.  Secretary Kobach or Mr.

6    Roe, anything else that either of you can think of that

7    we need to get addressed in this Bednasek pretrial

8    order?

9              MR. KOBACH:  One thing, Your Honor.  This is

10   Secretary Kobach.  We're-- if plaintiff were

11   contemplating this series-- if plaintiffs do file a

12   motion to file an amended complaint, and if after

13   briefing of that motion the Court grants it, then at

14   that point they would be filing an amended complaint, we

15   would have to be answering that amended complaint,

16   presumably before the dispositive motions were filed.

17             So would that-- if the-- if they do file

18   such a motion and if such a motion is granted, would the

19   dispositive motion deadline fall back again from

20   November 23rd?  I think we would want it to in that

21   instance, but we just wanted to clarify that.

22             THE COURT:  I'm not sure why it would need

23   to.  I mean, why wouldn't you be able to file your

24   summary judgment motion first and your answer second?  I

25   know that's not the way-- it's not normally done, but--

1  well, it-- I think it's going to be-- unless I'm missing

2  something, I don't see the need to do that.  Because if

3  this issue is ripe by next Tuesday the 8th, I would

4  intend to rule it on Wednesday the 9th.

5           And if you believe that the issue rises to

6  the level that you would want to pursue on summary

7  judgment, and I'm struggling to figure out how that

8  really would play out practically on the two types of

9  amendments we've discussed, why wouldn't you be in a

10  position to address that on-- on November 23rd in your

11  motion?

12           MR. KOBACH:  Your Honor, we-- if it is

13  nothing more than the issue we've discussed and the

14  substance does not change yet again, then we agree, we

15  could file our-- our motions to-- any motion to-- for

16  summary judgment on the 23rd.

17           Correct me if I'm wrong, if they did file an

18  amended complaint exactly two weeks before the 23rd,

19  then our answer would be due on the 23rd as well.  I

20  mean, we'd appreciate not having both due the same day.

21  But if you're suggesting that answer could be pushed

22  back, or maybe I'm forgetting the deadlines, the number

23  of days for answering the amendment, that would be fine.

24           MR. ROE:  And, Your Honor, this is Garrett

25  Roe.  As long as opposing counsel sends over a redline

1   of the changes in the complaint, that would-- that would

2   allow us to answer the complaint much more quickly.

3                THE COURT:  Right.  Just so we're clear

4   about this, that-- I was proposing that as a way to get

5   this done by agreement.  If there is an absence of

6   agreement, Mr. Lawrence, keep in mind, as per local

7   rule, if you file a motion to amend formally, it must

8   specify exactly what the changes are.  And you can do

9   that either by a redlined copy or you can do it

10  narratively.  But this shouldn't turn into a "Where's

11  Waldo" exercise in terms of the amendments you're

12  seeking to make.

13               MR. LAWRENCE:  We definitely intend to make

14  very clear what changes, if any, are made.  We

15  definitely are not going to be hiding the ball or

16  anything like that or creating unnecessary work for Mr.

17  Kobach and Mr. Roe.

18               THE COURT:  Well, Secretary Kobach, let me

19  answer your question this way.  If the amendment rolls

20  in and it's more-- and it's allowed and if it's more

21  consequential then simply having a reference to Sections

22  1983 and 1988, and if you believe that's going to make

23  it impractical, for some reason that I've not seized

24  upon today, to get your dispositive motions filed by

25  November 23rd, then what I would suggest to you is

1   discuss that with opposing counsel and, in turn, bring

2   it back to me and we'll-- we'll try to be flexible about

3   it.

4            I think that going much beyond

5   November 23rd, if that's what's requested, would carry

6   with it the danger of the case being rolled to the July

7   or August docket for trial.  So be careful about what

8   you ask for.

9            Okay.  Anything else, Secretary or Mr. Roe,

10  that either of you can think of?

11           MR. KOBACH:  No, Your Honor.

12           THE COURT:  Okay.  Anything else for the

13  good of the order from anybody on either the plaintiff

14  or defense side of either the Fish case or the Bednasek

15  case?  Speak now or forever hold your peace.  (No

16  response).

17           Okay.  Hearing none, we'll stand adjourned.

18  Thank you for your time and efforts.  We'll get the

19  scheduling order out in Fish once we have a trial

20  setting.  And we'll get the pretrial order out in

21  Bednasek by tomorrow I would think.

22           I'll give you until-- and we'll do that by

23  e-mail.  And I'll give you all until next Wednesday to

24  submit any changes, whether they be typographical in

25  nature or objections.  But please keep in mind that

1   before you submit anything to us, there's a

2   meet-and-confer obligation between and among counsel to

3   try to work these things out.  I don't want to get in a

4   position where each side sends me a letter complaining

5   about my typing skills and then putting my staff in a

6   position to have to chase each of you down to see what

7   the response is.  So confer and ideally at least submit

8   a joint correction letter and we'll make those and get

9   the order filed.

10           If there's nothing else, we're adjourned.

11   Thank you for your time and efforts, counsel.  I

12   appreciate it.

13           MR. LAWRENCE:  Thank you, Your Honor.

14           MR. KOBACH:  Thank you, Your Honor.

15           (2:13 p.m., proceedings recessed).

16

17

18

19

20

21

22

23

24

25

```
 1                      C E R T I F I C A T E

 2

 3

 4      I, Kelli Stewart, a Certified Shorthand Reporter and

 5   the regularly appointed, qualified and acting official

 6   reporter of the United States District Court for the

 7   District of Kansas, do hereby certify that as such

 8   official reporter, I was present at and reported in

 9   machine shorthand the above and foregoing proceedings.

10      I further certify that the foregoing transcript,

11   consisting of 44 pages, is a full, true, and correct

12   reproduction of my shorthand notes as reflected by this

13   transcript.

14      SIGNED November 10, 2016.

15

16

17

18          /s/ Kelli Stewart
                                                              
19             Kelli Stewart, CSR, RPR, CCR, RMR

20

21

22

23

24

25
```