IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al.,

        Plaintiffs,

v.

KRIS KOBACH, in his official capacity
as Secretary of State for the State of Kansas,

        Defendant.

Case No. 16-2105-JAR

## **ORDER**

This action comes before the court on defendant's motion (ECF No. 321) to stay the April 17, 2017 order issued by the undersigned U.S. Magistrate Judge, James P. O'Hara, requiring defendant to produce two documents to plaintiffs by April 19, 2017.[1] Defendant asserts the undersigned erred in determining the documents are not privileged, and states that he plans to file objections to the order under Fed. R. Civ. P. 72(a). He asks the court to stay the production requirement until said objections are ruled. Because the applicable factors weigh in favor of a stay, the motion is granted.

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the magistrate judge's order pending review of the order by the district judge. Although neither the Federal Rules of Civil Procedure nor the District of Kansas local rules establish the

---

[1] ECF No. 320.

O:\ORDERS\16-2105-JAR-272-stay.wpd

criteria the magistrate judge should consider in evaluating the application for stay, judges in this district have applied the criteria used in evaluating discretionary stays in other contexts. "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[2] Under this analysis, the court considers:

1. Whether the movant is likely to prevail on review;

2. Whether the movant has established that absent a stay the movant will suffer irreparable harm;

3. Whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and

4. The public interests implicated by the stay.[3]

Applying these factors, the undersigned finds the balance weighs in favor of a short stay while the presiding U.S. District Judge, Julie A. Robinson, considers defendant's anticipated Rule 72(a) objections.

Under the first of the four factors, defendant has failed to demonstrate (and does not even attempt to demonstrate) that he is likely to prevail on his anticipated objections to the April 17, 2017 order. The order set forth the applicable legal standards in detail, and the undersigned carefully reviewed the at-issue documents *in camera* and applied those

---

[2]*In re Syngenta AG MIR 162 Corn Litig.,* No. 14-md-2591, 2017 U.S. Dist. LEXIS 46398, at *178-79 (D. Kan. Mar. 28, 2017) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-md-1840, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010)).

[3]*See id.* at *179 (citing cases).

standards. The undersigned does not believe the order is "clearly erroneous" or "contrary to law," the standards applicable to defendant's anticipated Rule 72(a) objections. This factor weighs in plaintiffs' favor and against a stay.

As for the second factor, defendant has established he could suffer irreparable harm if the documents are disclosed pending review by Judge Robinson. Were defendant to produce the documents and then Judge Robinson to deem the documents privileged, defendant undeniably would be prejudiced.[4] Unlike in *In re Syngenta*, a case plaintiffs cite, there is no protective order in this case that would limit disclosure of defendant's documents to plaintiffs' "outside legal counsel only."[5] Thus, immediate production of the documents would effectively waive any privilege Judge Robinson might later recognize. This factor favors a stay.

Under the third factor, the undersigned finds that a short delay in document production will not substantially harm plaintiffs. Plaintiffs note the upcoming April 26, 2017 discovery deadline, but as a practical matter, even if the documents were produced today plaintiffs would not have time to complete any follow-up discovery. A short stay will not prevent plaintiffs from using produced documents in support of their summary judgment arguments, as the deadline for dispositive motions is not until July 7, 2017. This factor weighs in favor of a stay.

---

[4] *See In re Motor Fuel*, 2010 WL 3724665, at *2.

[5] *In re Syngenta AG MIR 162 Corn Litig.*, 2017 U.S. Dist. LEXIS 46398, at *180.

Finally, as in *In re Syngenta*, "public interest does not weigh strongly in favor of, nor against, granting a stay."[6] There is no indication in this case that the public has an interest in the immediate disclosure of documents. This factor is a wash.

After weighing all the equities, the undersigned finds they favor defendant and dictate that the order requiring defendant to produce documents be temporarily stayed.

IT IS THEREFORE ORDERED that defendant's motion to stay is granted pending Judge Robinson's ruling on defendant's anticipated Rule 72(a) objections.

IT IS FURTHER ORDERED, with Judge Robinson's approval and in light of the parties' May 5, 2017 deadline to submit a proposed pretrial order, Rule 72(a) objections (by either party) shall be filed by April 26, 2017. Any response is due by April 28, 2017, and any reply is due by May 1, 2017. Judge Robinson will endeavor to issue a ruling on the objections prior to the May 5, 2017 deadline.

IT IS SO ORDERED.

Dated April 23, 2017, at Kansas City, Kansas.

        s/ James P. O'Hara
        James P. O'Hara
        U.S. Magistrate Judge

---

[6] 2017 U.S. Dist. LEXIS 46398, *181.