IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al.,

          Plaintiffs,

v.                                               Case No. 16-2105-JAR

KRIS KOBACH, in his official capacity
as Secretary of State for the State of Kansas,

          Defendant.

## **ORDER**

Defendant, Kansas Secretary of State Kris Kobach, has filed a motion (ECF No. 358) asking the undesigned U.S. Magistrate Judge, James P. O'Hara, to reconsider the order issued on June 23, 2017 (ECF No. 355), which directed defendant to sit for a limited deposition, and to pay $1,000 as a sanction for making material misrepresentations to the court. Because the reconsideration request is based only on new arguments that could have been—but were not—raised in defendant's earlier briefs, the motion is denied.

D. Kan. Rule 7.3(b) permits a party to file a motion to reconsider a non-dispositive order, but requires that any such motion "be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Defendant premises his motion on the third consideration, asserting that reconsideration is necessary "to prevent manifest injustice because the Court may have misapprehended the party's position with respect to the deposition matter, and

because the Court may have misapprehended the facts with regard to the brief matter."[1]

A motion for reconsideration is, indeed, appropriate if the court "'has obviously misapprehended a party's position on the facts or the law.'"[2] A motion for reconsideration, however, "is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed."[3] "Such motions are not appropriate if [the] movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[4] Ultimately, the decision whether to grant or deny the motion lies in the court's discretion.[5]

<u>The Deposition of Secretary Kobach.</u>  Defendant asserts, for the first time, that if he sits for a deposition he may be precluded from acting as counsel at trial under Rule 3.7(a) of the Kansas Rules of Professional Conduct. Rule 3.7(a) states, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1)

---

[1] ECF No. 359 at 2.

[2] *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[3] *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010).

[4] *Id. See also Coffeville Res. Ref. & Mktg, LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. Oct. 25, 2010) ("[I]t is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing.").

[5] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir. 1997).

the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

Defendant concedes he did not discuss this "specific ethical problem" in his response to plaintiffs' motion for sanctions.[6] The court will not grant reconsideration based on "new arguments or supporting facts that could have been presented originally."[7] Moreover, had the issue been raised, the undersigned likely would have rejected it. Although the question, should it arise, of whether Secretary Kobach may serve both as a witness and advocate at trial ultimately is one for the presiding U.S. District Judge, Julie A. Robinson, both sides recognize that courts have found the primary purpose of Rule 3.7(a) to be avoiding jury confusion, making the rule inapplicable to non-jury proceedings such as the bench trial scheduled in this case.[8] Plaintiffs state they "do not seek disqualification of Defendant as counsel at trial" under Rule 3.7.[9] Thus, defendant has failed to show that manifest injustice will result if reconsideration of the deposition order is not granted.

---

[6] ECF No. 359 at 2 (citing ECF No. 346).

[7] *In re Motor Fuel*, 707 F. Supp. 2d at 1166.

[8] *See Lowe v. Experian*, 328 F. Supp. 2d 1122, 1126 (D. Kan. 2004) ("[Rule 3.7(a)'s] primary purpose is to avoid jury confusion at trial."); *Darnell v. Merch.*, No. 17-3063-EFM-TJJ, 2017 WL 2618823, at *3-5 (D. Kan. June 16, 2017) ("One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness. . . . [T]he primary purpose of KRPC 3.7(a) would not be served by disqualification of Lemon in this case because of the nature of these non-jury proceedings.").

[9] ECF No. 360 at 3.

Sanction for Misrepresentations to the Court. Next, defendant argues the sanction imposed based on the court's finding that "defendant made patently misleading representations to the court"[10] is manifestly unjust because "there was no intent to deceive."[11] For the first time, defendant asserts the misrepresentations made in his response to plaintiffs' motion to compel[12] were due to "last-minute editing to meet page limitations; which led to the deletion of language that more fully explained the point Defendant was making."[13] This argument for reconsideration again suffers from the fact that defendant could have, but did not, raise it earlier. The court first noted defendant's misrepresentations in its April 17, 2017 order granting plaintiffs' motion to compel the production of documents.[14] Defendant subsequently addressed the court's findings in both his reply brief in support of his Fed. R. Civ. P. 72(a) objections to that order[15] and in his response to plaintiffs' motion for sanctions.[16] In both, defendant argued he had not been attempting to mislead the court, but rather had been "attempting to correct misstatements by plaintiffs."[17] Significantly,

---

[10]ECF No. 355 at 7.

[11]ECF No. 359 at 4.

[12]ECF No. 288.

[13]ECF No. 359 at 4.

[14]ECF No. 320 at 7 n.22.

[15]ECF No. 335 at 14-15.

[16]ECF No. 346 at 25-27.

[17]ECF No. 335 at 14; ECF No. 346 at 25.

defendant never represented, as he does now, that his misstatements were the result of editing errors. The court declines to grant reconsideration based on this explanation "that could have been raised in prior briefing."[18] In any event, this new excuse lacks credibility based on its late assertion (which appears to be an attempt at a second bite at the apple) and lack of supporting documentation.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration is denied.

Dated July 5, 2017, at Kansas City, Kansas.

        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18]*Coffeville Res.*, 748 F. Supp. 2d at 1264.