## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVEN WAYNE FISH, ET AL.,**

    **Plaintiffs,**

    **v.**                            **Case No. 16-2105-JAR-JPO**

**KRIS KOBACH, KANSAS SECRETARY OF**    Filed Under Seal
**STATE,**

    **Defendant.**

## MEMORANDUM AND ORDER

The parties in this voting rights case recently filed cross-motions for summary judgment.[1]

Plaintiffs submitted two exhibits under seal in support of their summary judgment briefs, subject

to a ruling by this Court on whether they are properly sealed. Before the Court is Plaintiffs'

Motion to Unseal (Doc. 369). The motion is fully briefed and the Court is prepared to rule. As

described more fully below, Plaintiffs' motion to unseal is granted.

### I.    Background

The two documents at issue in this motion have been the subject of extensive litigation in

this case. On November 22, 2016, Plaintiffs served their Sixth Request for Production of

Documents.[2] This request, as modified during counsel's meet-and-confer discussion, sought:

"all documents and communications regarding potential amendments or changes to the National

Voter Registration Act affecting how officials may assess the eligibility of a voter registration

applicant" ("Sixth Request").[3] Plaintiffs moved to compel production of two documents that

they argued were responsive to this request: (1) a draft of a possible future amendment to the

---

[1]Docs. 366, 382.

[2]Doc. 273-2.

[3]*Id.*; Doc. 273-6 at 2.

National Voter Registration Act ("NVRA") that was created by Defendant Kris Kobach and

shared only with counsel in Defendant's office and Bryan Caskey, who is the head of the

Elections Division of the Secretary of State's office ("the draft amendment"); and (2) a document

Defendant created referencing a possible amendment to the NVRA, which was photographed by

the Associated Press in late November 2016 as Defendant was walking into a meeting with then

President-elect Donald Trump ("the photographed document").  Defendant refused to produce

these documents, asserting they are beyond the scope of discovery, are not relevant, and are

protected by the attorney-client, deliberative-process, and executive privileges.

On April 5, 2017, presiding Magistrate Judge James P. O'Hara ruled that the Sixth

Request was within the scope of discovery, and ordered the documents be produced for *in

camera* review.[4]  After reviewing the two documents *in camera*, Judge O'Hara issued a second

Order on April 17, 2017, ruling that the documents (in redacted form) are relevant to the issues

for which discovery was reopened.[5]  He further ruled on Defendant's assertions of privilege,

finding none of the asserted privileges apply to these documents.  Defendant asked this Court to

review Judge O'Hara's decision under Rule 72(a), which was denied.[6]

The parties next litigated a motion for sanctions, and in that motion Plaintiffs asked Judge

O'Hara to order that the "confidential" designation be removed from the two documents, which

under the protective order restricted disclosure only to individuals set forth on pages 5–6 who are

involved in this litigation.  On June 23, 2017, Judge O'Hara denied Plaintiffs' request, explaining

that under the plain language of the protective order, Defendant, as the proponent of the

confidential designation, needed to show that the documents are "either restricted by statute or

---

[4]Doc. 318.

[5]Doc. 320.

[6]Doc. 338.

could potentially cause harm, and, in this instance, that the document is exempt from disclosure under the Kansas Open Records Act ("KORA")."[7]

Judge O'Hara found that the documents are protected for both reasons—they are restricted by statute because Defendant has shown that the KORA exemption applies, and they could potentially cause harm to Defendant's interests by chilling him from seeking or giving candid advice on matters of public importance in the future. Judge O'Hara and the undersigned have repeatedly stated in this case, both orally and in writing, that just because certain documents may be designated as confidential does not automatically entitle them to restriction from public filing when relied upon in support of a substantive motion.[8] For example, Judge O'Hara explained in the June 23, 2017 Order:

> documents designated confidential under the protective order are not necessarily (or even likely) subject to filing under seal when a party relies upon them in support of a motion (such as the upcoming summary judgment motions the parties anticipate filing). "The fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record." The disclosure analysis applicable to protective orders "generally balances the need for discovery against the need for confidentiality. But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher."[9]

The parties have now briefed their summary judgment motions. Plaintiffs attached the draft amendment and photographed document as sealed exhibits to their motion,[10] and the draft amendment to their response in opposition to Defendant's motion for summary judgment.[11]

---

[7]Doc. 355 at 11.

[8]Docs. 53 at 91, 55 ¶ 9, 60 at 1–2, 355 at 17.

[9]*Id.* at 17 (quoting *New Jersey v. Sprint Corp.*, No. 03-2071, 2010 WL 5416837, at *2 (D. Kan. Dec.17, 2010)) (footnotes omitted).

[10]Docs. 373-2, 373-3.

[11]Docs. 396-3.

Plaintiffs agreed to file these documents under seal and redact references to them in the briefs, until the Court determines whether they should be unsealed.

## II.     Discussion

As Judge O'Hara and Plaintiffs correctly note, a different standard applies to this motion to unseal than to whether the documents at issue were properly designated confidential under the protective order.  The standard set forth in the parties' negotiated protective order incorporated state law, and allowed documents that would be exempt under KORA to be deemed confidential. It also allowed the parties to deem confidential documents that "could potentially cause harm to the interests of the disclosing party or nonparties."[12]  That standard governed discovery.  Now, the two documents at issue have been inserted into the summary judgment record.  To determine whether they may be sealed, the Court must consider the common law right of access to judicial records.  Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[13]  The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[14]  "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[15]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[16]

---

[12]Doc. 55 at 2–3.

[13]*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[14]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[15]*Id.*; *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016).

[16]*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

A.      **Applicability of the Common Law Right of Access**

Defendant argues first that the common law right of access to judicial records does not

apply to the documents at issue here because (1) the privileges he previously invoked protect

them from disclosure, (2) the exhibits must actually be relied upon by the Court in ruling on the

summary judgment motions in order to be protected, and that (3) these documents do not

constitute "judicial records" because they are not dispositive or material to Plaintiffs' summary

judgment motion.

1.      **Privilege**

First, Defendant argues that because he raised a claim of privilege as to these documents

earlier in the litigation, the public has an interest in nondisclosure, citing *Crystal Grower's Corp.*

*v. Dobbins*.  Although Defendant acknowledges that Judge O'Hara found none of his privilege

claims meritorious, he argues that because he can appeal that decision the documents should

remain sealed.  The Court disagrees that *Crystal Grower's* extends this far.  In that case, the

Tenth Circuit acknowledged that in addition to the public's interest in access to judicial records

is a countervailing public interest "in the doctrines of attorney-client privilege and work product

immunity; a decision circumventing these doctrines poses a significant threat to the free flow of

communications between clients and their attorneys and inhibits the ability of lawyers to

adequately prepare their clients' cases."[17]  In that case, the trial court assumed the attorney-client

privilege and work product doctrine applied but found that the privilege had been waived.[18]  It

issued a protective order providing that "the documents were to be produced only to the

defendants in this lawsuit, and that in the further conduct of this litigation the parties and court

---

[17]*Crystal Grower's*, 616 F.2d at 461.

[18]*Id.*at 460.

would maintain the documents as confidential to the extent possible."[19]  The district court held

all memoranda and the district court's ruling under seal pursuant to this protective order.[20]  The

plaintiffs' appeal to the Tenth Circuit included the district court's finding that the attorney-client

and work product privileges had been waived.[21]  The case settled after oral argument but before

the appellate court ruled, so the court was left to determine in the first instance whether the

docketing statement, joint appendix, and appellate briefs should remain sealed.[22]  The circuit

court did not review the district court's decision to seal.  In weighing the competing interests at

play, the Tenth Circuit determined that "[t]he public's general interest in the honesty and fairness

of this Court is not impaired" by sealing, explaining that the only proceeding to happen in that

court before settlement was oral argument, which was open to the public, and there would be no

disposition on the merits of the appeal.[23]  In contrast, there was a "coincidence of the public's

and plaintiffs' interest in preserving the attorney-client privilege and the work product

doctrine."[24]

 Here, Defendant invoked the attorney-client, executive, and deliberative process

privileges, but Judge O'Hara granted Plaintiffs' motion to compel, finding that they did not

apply.  This Court denied Defendant's motion to review that decision, finding no clear error by

Judge O'Hara.  Defendant advances no authority to support the contention that an unsuccessful

assertion of privilege before the district court is sufficient to rebut the presumption in favor of

---

[19]*Id.*

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*Id.* at 462.

public access and require the documents to be filed under seal.[25]  The Court has not assumed

without deciding that the privilege applies here, as it did in *Crystal Grower's*.  The protective

order in this case does not broadly protect the documents at issue from public filing as it did in

that case.  In fact, the protective order, Judge O'Hara's June 23 Order, and his many oral

admonitions put the parties on notice that documents marked as confidential under the protective

order were not automatically entitled to be filed under seal if attached to a summary judgment

brief.  And the public's interest in access is higher in this case than in *Crystal Grower's* because

there is no settlement, there will be no summary judgment hearing,[26] and there will be a ruling on

the merits of the summary judgment motion.  The Court rejects Defendant's argument that his

privilege assertions in this case outweigh the public's interests in understanding the disputes

presented to the Court for disposition.[27]

## 2. Judicial Documents

The Court also rejects Defendant's next two arguments that the documents at issue are

not judicial documents relied upon by the Court in ruling on summary judgment, thus the

common law right of public access does not apply.  The authority upon which Defendant relies

does not support his position.  Defendant primarily relies on a 1995 decision by the Second

Circuit Court of Appeals, *United States v. Amodeo*, discussing the relative weight that should be

given the presumption of access. [28]  The court explained that the weight afforded the presumption

---

[25]*Compare Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining clear error standard of review applies to district court's decision to seal) *with Crystal Grower's*, 616 F.2d at 461–62 (deciding whether circuit documents should be kept under seal by applying balancing test de novo).

[26]Plaintiff's request for oral argument in their summary judgment brief, Doc. 367 at 1, is denied because it would not materially assist the Court in deciding the motion.

[27]*Crystal Grower's*, 616 F.2d at 461; *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (discussing the need for public access in order to "have a measure of accountability and for the public to have confidence in the administration of justice.").

[28]*Amodeo*, 71 F.3d at 1049.

> must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.[29]

The court did not conclude that documents must be actually relied upon by a court in order to qualify as "judicial documents," or to be entitled to the presumption. Instead, the court discussed how much weight to give to the presumption, not whether it attaches in the first instance.[30] In fact, the court explained that documents that are merely "passed between the parties in discovery, lie entirely beyond the presumption's reach," as compared to "any other document which is presented to the court to invoke its powers or affect its decisions."[31] Here, the documents at issue are attached to summary judgment briefs; they have been presented to the Court to aid in determining a dispositive motion. The public certainly has an interest in accessing these documents in order to understand the dispute presented to this Court, and to understand the basis for this Court's decision to either accept or reject Plaintiffs' statutory interpretation of section 5 of the NVRA.[32]

Moreover, in 2006, the Second Circuit revisited these issues in *Lugosch v. Pyramid Co. of Onondaga* and clarified the significance of the language from *Amodeo* on which Defendant relies in this case: "Defendants read the above reference as standing for the proposition that until a district court knows the disposition of the underlying motion, any attempt at calling something a judicial document is premature. This reading cannot stand."[33] The court noted that the weight

---

[29]*Id.*

[30]*Id.* at 1049–50.

[31]*Id.* at 1050.

[32]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[33]*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

of authority supports the conclusion that the determination of whether something is a judicial document does not turn on how the district court ultimately decides the underlying motion.[34] The court went on to explain "that the contested documents —by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law."[35] As to the weight of the presumption that applies, the court made clear that "documents used by the parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons.*"[36] Moreover, the court explained that the district court should not give documents different weights of presumption depending on the extent to which they are relied upon in ruling on summary judgment.[37] Again, the documents Plaintiffs urge should be unsealed were attached to their motion for summary judgment, and to their opposition brief to Defendant's motion for summary judgment. Judge O'Hara has already determined that they are relevant to the NVRA claim in this case, and this Court found no clear error with that conclusion.

The cases upon which Defendant relies within the Tenth Circuit and the District of Kansas likewise do not support his arguments. In fact, these cases make clear that documents attached to a motion for summary judgment are judicial records, to which a strong presumption in favor of public access attaches.[38] The exhibits at issue in this case were attached to the motion

---

[34]*Id.* (collecting cases).

[35]*Id.*

[36]*Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

[37]*Id.*

[38]*Helm v. Kansas*, 656 F.3d 1277, 1292–93 (10th Cir. 2011) ("the parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Lugosch*, 435 F.3d at 121); *Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-4125-KHV, 2016 WL 1170949, at *3 (D. Kan. Mar. 23, 2016) (discussing the weight of the presumption, and how it may be stronger where "the Court will rely on the proposed sealed documents to determine the litigants' substantive legal rights."); *Lonker v. Chambers*, No. 16-2097-JWL, 2017 WL 1197640, at *2 (D. Kan. Mar. 31, 2017) ("Without

for summary judgment and directly bear on a dispositive issue—the correct statutory

interpretation of section 5 of the NVRA. The Court easily finds that a strong presumption of

public access applies to both documents and thus proceeds to determine whether Defendant has

met his burden of showing some significant interest that outweighs the presumption that they

should be publicly accessible.[39]

### B. Balancing Defendant's Interests in Sealing

In order to rebut the presumption that the documents at issue should be publicly

available, Defendant must be able to demonstrate something more than a generalized

governmental interest in confidentiality.[40] "[T]he asserted interests for sealing cannot be generic

interests that would apply with equal force to every case. The government must articulate

specific interests that apply in the context of *this* case."[41] Defendant identifies the following

interests in maintaining these two documents under seal: (1) his ability as a public official to

deliberate and advise about potential changes in the law; (2) the State's and his own interest in

confidentiality as evidenced by the KORA exemption; and (3) his interest in fulfilling his duties

---

question, documents submitted by parties for the court's consideration in connection with a summary judgment motion constitute 'judicial records' to which a strong presumption of public access attaches"; but maintaining document under seal until after ruling on summary judgment upon a finding that the defendant had a specific interest in its confidentiality and that the document may end up playing no role at all in the summary judgment ruling) (citing *Lugosch*, 435 F.3d at 122–23).

[39]Defendant repeatedly suggests that Plaintiffs are trying to manipulate these legal standards by gratuitously attaching these exhibits to the summary judgment briefing in an effort to place them in the public domain. First, the Court has reviewed the summary judgment briefs and has confirmed that Plaintiff indeed relies on these documents in substantively moving for and opposing summary judgment—they were not merely attached to the motions with no associated argument. *See* Docs. 373 at 27 n.3, 396 at 66–68. Second, the cases make clear that Plaintiffs' motive does not affect the weight of the presumption. *See Lugosch*, 435 F.3d at 123 ("consideration of [the plaintiffs'] ultimate interest in the case should not affect the weight of the presumption."); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("we believe motive generally to be irrelevant to defining the weight accorded the presumption of access.").

[40]*United States v. Apperson*, 642 F. App'x 892, 900 (10th Cir. 2016).

[41]*Id.* at 903.

as a member of the Presidential Election Commission, including his ability to privately advise the President in that capacity.

First, Defendant points to Judge O'Hara's previous finding that these documents were properly designated as confidential under the protective order, and argues that the same reasons justify sealing them. He argues that unsealing such documents would have a chilling effect on his ability in the future to "seek or give candid advice on matters of public importance."[42] But the Court agrees with Plaintiffs that the documents do not contain advice. Absent a more specific showing that these documents further Defendant's interest in seeking and providing candid advice, this interest is not significant enough to counterbalance the strong presumption in favor of public access. Moreover, Defendant does not explain how his generic interest in advising and deliberating about matters of public importance is impeded by disclosure of the specific documents in this case. Unsealing these particular redacted documents should not have a chilling effect on all issues of public importance on which Defendant wishes to deliberate in the future. These are but two documents responsive to a narrow request for production relevant to the particular statute at issue in this case; all other information is redacted.

Once again, the Court reminds the parties that the standard for deeming a document confidential under the protective order is different than for sealing documents. The protective order requires no balancing test; there is no presumption in favor of public access. To qualify as confidential information under the protective order, Defendant only needed to demonstrate that disclosing the document could potentially harm his interests. This makes sense because the protective order is designed to allow the free flow of discovery information between the parties without fear of public disclosure—the public does not have a strong interest in documents

---

[42]Doc. 376 at 10 (quoting Doc. 355 at 16).

"merely exchanged between the parties."[43] Once a document is deemed a judicial record and is attached to a motion for substantive relief, the balancing test is triggered and a presumption in favor of public access attaches.[44] Thus, Judge O'Hara's findings that Defendant met his burden of showing a *potential* chilling effect, or a violation of KORA, do not suffice under the stricter test that applies to determine whether these documents should remain sealed.

Second, Defendant argues that public disclosure would undermine the State's interest in preserving the confidentiality of certain documents as set forth in KORA, and his own interest in maintaining confidentiality in these documents. Defendant warns that if the Court allows these documents to be filed publicly, it would encourage strategic filings whereby litigants attach documents to summary judgment motions for the sole purpose of circumventing KORA.

KORA states: "It is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy."[45] The statute provides for several exceptions to open records, stating that "[e]xcept to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose," fifty-five different categories of information.[46] For the reasons aptly stated by Judge O'Hara in his June 17 Order, the documents in question here fall under an exception to the Act for "[n]otes, preliminary drafts, research data in the process of analysis, unfunded grant proposals, memoranda, recommendations or other records in which opinions are expressed or policies or actions are proposed."[47] Therefore, under KORA, Secretary Kobach would not be required to disclose these two documents if a person

---

[43]*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016).

[44]*Id.* (explaining differences between discovery and adjudicative stages for purposes of disclosure).

[45]K.S.A. § 45-216.

[46]*Id.* § 45-221(a).

[47]*Id.* § 45-221(a)(20).

requested them "unless disclosure is otherwise required by law."[48]  While it is true that the

statute does not require disclosure, it does not prohibit disclosure either.

Defendant suggests that the State's interest in exempting these documents from public

inspection is sufficient to counterbalance the public's interest in disclosure, but again fails to

tether this interest to the specific documents at issue in this case.  The Tenth Circuit has

emphasized that "the asserted interests for sealing cannot be generic interests that would apply

with equal force to every case."[49]  Instead of explaining how his asserted interests in the

confidentiality of these particular documents, or the State's interests in confidentiality under

KORA, apply in the context of *this* case, he asserts a generic interest in confidentiality.

Apparently, Defendant takes the position that every document that qualifies for an exemption

under KORA is properly filed under seal if submitted to a Court as a judicial record.  This is

quintessentially an asserted interest that would apply with equal force to every case and is

insufficient to outweigh the public's presumptively paramount interest in access.

Defendant suggests that unsealing these documents would undermine KORA by allowing

litigants to do an "end-run" by simply attaching exempt documents to a motion.  Defendant's

argument suggests that this is an easy alternative to disclosure that would render "KORA a dead

letter in Kansas," because a person could simply file a lawsuit, "utilize[e] broad discovery

requests" and then attach the document to "some unrelated motion."[50]  The Court is not

persuaded that an order unsealing these two documents in this case renders KORA a "dead

letter."  First, the facts of this case do not support the proposition that Plaintiffs seek to avoid

KORA by filing these documents under seal.  The record reflects that these documents were

---

[48]*Id.*

[49]*United States v. Apperson*, 642 F. App'x 892, 904 (10th Cir. 2016).

[50]Doc. 376 at 10.

created after this litigation ensued on February 18, 2016.[51]  Judge O'Hara ruled in a well-reasoned decision that they were within the scope of discovery, and that they were relevant to the NVRA claim in this matter.  Under the protective order negotiated between these parties, the documents were properly labeled as confidential due in part to the fact that they were exempt under KORA, but they still had to be exchanged.  They were later attached to summary judgment motions that adjudicate the remaining claims in this case.  Plaintiffs rely on them in moving for and opposing summary judgment on their claims under the NVRA.  Plaintiffs have now moved for leave to unseal them.  The measures taken in this litigation to procure and ultimately file these documents were neither easy nor inexpensive, and there is no evidence that they were undertaken in order to undermine KORA.

Finally, Defendant maintains that he has an interest in fulfilling his duties as a member of the Presidential Election Commission, which includes advising the President privately on matters within the purview of the Commission.  But both documents were created before the Commission was created;[52] the draft amendment was never shared with anyone outside of the Kansas Secretary of State's office,[53] and was not prepared for the President or his transition team.[54]  The photographed document was created in November 2016 in anticipation of Defendant's meeting with then President-elect Trump during the transition,[55] but it was not shared with President-elect Trump in Defendant's capacity as a member of the Presidential Election Commission.[56]  Therefore, neither the timing nor the purpose of these documents

---

[51]Kobach dep., Doc. 396-1 at 10:17–21, 30:14–23, 47:8–48:6.

[52]*Id.* at 62:19–63:3

[53]*Id.* at 44:5–8, 65:22–25.

[54]*Id.* at 30:10–23, 43:20–44:4.

[55]*Id.* at 47:8–48:6, 62:19–63:3.

[56]*Id.* at 65:22–25.

supports the contention that unsealing these particular documents would hamper Defendant's

ability to confidentially advise the President. And importantly, there is no evidence in the record

about the scope of Defendant's duties as a member of the Presidential Election Commission, nor

what matters are "within the purview of the Commission." It is therefore impossible for this

Court to find that disclosure of these two redacted documents, prepared before the Commission

was created and not shared with other members of the Commission, has any deterrent effect on

Defendant's ability to confidentially advise the President as one of its members.

Defendant's final argument is that "Plaintiffs offer three scant and generalized reasons

why the two documents should be disclosed to the public."[57] Defendant appears to

misunderstand the applicable standard. As already stated, the public's interest in access to

judicial documents is presumptively paramount.[58] It is Defendant's burden, not Plaintiffs', to

assert a specific and significant interest that outweighs the presumption in favor of public access.

Because Defendant has failed to meet this burden, the Court applies the presumption in favor of

public access and grants Plaintiffs' motion to unseal Docs. 373-2, 373-3, and 396-3, and to

unredact the portions of their briefs that reference these documents.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Unseal

(Doc. 369) is **granted**. The Clerk is directed to unseal Docs. 373-2, 373-3, and 396-3. No later

than **October 12, 2017**, Plaintiffs are directed to file either (1) a notice stating that the

unredacted versions of their summary judgment briefs (Docs. 373 and 396) may be unsealed; OR

(2) an amended redacted version of each brief. On September 18, 2017, the Court granted

---

[57]Doc. 376 at 11.

[58]Defendant again argues that the documents are not judicial records, and are not relevant to the issues presented on summary judgment. As already explained in ruling that the presumption attaches, these arguments are not supported by case law or the record in this case.

Defendant leave to file his unredacted reply memorandum under seal,[59] but the sealed version of the brief has not yet been filed.  To the extent the only redactions in this reply brief relate to the documents at issue in this Order, Defendant shall file an unredacted copy of the brief by **October 12, 2017**.  To the extent there is information in the redacted version that is properly redacted for other reasons, Defendant shall file an amended redacted version of the brief by the deadline.

**IT IS SO ORDERED.**

Dated: October 5, 2017

S/Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[59]Doc. 404.