# EXHIBIT B

|  |  |
|---|---|
| **From:** | Dale Ho <dho@aclu.org> |
| **Sent:** | Thursday, December 7, 2017 9:55 PM |
| **To:** | Becker, Sue [KSOS] |
| **Cc:** | Jayaraman, Tharuni |
| **Subject:** | Re: Fish v. Kobach:  Meet and confer |

Sue,

Thank you for the conversation today and for your follow-up email.  My responses are below –

**1.**  *Website Notice*
Thank you for therefore agreeing to replace the phrase "you are registered to vote subject to subsequent official notice" with "you are registered to vote unless you receive official notice stating otherwise."

**Please let us know by Wednesday, December 13, 2017** whether this change has been made.  If it has not been made by that date, please let us know when it will be done**.**

Briefly, I note that we understand your view that this language is necessary because the Court has thus far issued a preliminary injunction, and not a final order. I also note, however, that we do not agree that the preliminary nature of the relief is relevant to the notice, and therefore believe that this additional language is unnecessary.  In the event that the Court issues a final judgment in our clients' favor, we reserve the right to seek an order from the Court striking that language from all public notices to voters covered by the court's order (i.e., motor-voter applicants who do not provide documentary proof of citizenship, or "covered voters"), so that these voters are informed in unequivocal terms that they are registered to vote.

**2.**  *Letters Mailed by Local Elections Authorities*
Thank you for agreeing to instruct all local elections officials to modify the letters sent to covered voters, by replacing language referencing the November 2016 general election, with language instructing voters that they "are registered to vote unless you receive official notice stating otherwise."

**Please let us know by Wednesday, December 13, 2017** whether this instruction has been disseminated.  If it has not been disseminated by that date, please let us know when you intend to do so**.**

Again, I note that, in the event that the Court issues a final judgment in our clients' favor, we reserve the right to seek an order from the Court striking that language from all public notices to covered voters, so that these voters are informed in unequivocal terms that they are registered to vote.

**3.**  *County Election Manual*
We are disappointed to learn that KSOS will not be updating the publicly available County Election Manual – which you explained is an official reference book for all local election workers in Kansas – to make clear that, under current law, voters who apply to register to vote at the DMV or using the Federal Form need not provide documentary proof of citizenship in order to become registered to vote.

We were further troubled to learn from you that, even if Final Judgment is rendered against Secretary Kobach, the Secretary of State's office will not update the relevant portion of the County Election Manual to reflect such a final judgment, and would only do so unless the U.S. Supreme Court either (i) denies *cert* from a ruling by the Tenth Circuit against KSOS in this case; or (ii) rules against KSOS on the merits.  As you know, litigation on the merits up to and through the Supreme Court will likely take years, meaning that incorrect information about voter registration requirements in Kansas will remain publicly available to anyone, and will remain part of the official manual for elections officials, for years during the pendency of this case.

As we stated previously, our hope had been to resolve this issue without the court's intervention.  But given that we are entering a federal election year, your firm refusal to update KSOS's official elections manual for county officials to reflect the Court's order in this case (or even a final judgment from the Court after trial) appears to leave us with no choice but to seek relief from the Court.

**4.**  *Certificates of Registration*

We are disappointed to learn that KSOS will not be instructing local elections officials to send to covered voters certificates of registration (sample copies of which you indicated you could locate on your own, and therefore do not need me to send to you).

As I noted during the call, these certificates of registration are different from the DMV receipts that all motor-voter registrants receive, and from the mailed notices referenced above.  As you know, certificates of registration contain important information for voters, including their: voting precinct, party affiliation, polling location, and districts for various offices, including for the United States House of Representatives.

We understand your position that the preliminary injunction requires only that KSOS permit covered voters to vote.  As I noted, we disagree – the preliminary injunction directs your office to "register" covered voters.  There is no reasonable justification for treating covered voters as second-class voters who do not received the same documents and voting information that all other registered voters receive from the state.  The only possible purpose (and result) of not giving covered voters the same voting information that other registered voters receive is to undermine the effectiveness of the relief in this case.

As we stated previously, our hope had been to resolve this issue without the court's intervention, but given your firm refusal to treat covered voters as "registered" in accordance with the preliminary injunction, we appear to have no choice but to seek relief from the Court.

**5.   *Discovery Obligations***
We understand that, notwithstanding our repeated requests for this information, you do not know whether Secretary Kobach searched his Gmail account for documents responsive to *all* of Plaintiffs' requests. Thank you for agreeing to speak with Secretary Kobach about his procedures for searching his Gmail account and **for agreeing to confirm to us in writing today** whether Secretary Kobach has in fact searched his Gmail account for documents responsive to *all* of Plaintiffs' requests, i.e., not just the Sixth Request for Production.

We further understand that, notwithstanding our repeated requests for this information, you do not know the search terms or parameters that Secretary Kobach used when searching his Gmail account, or what steps, if any, he employed to prevent the deletion of emails and documents responsive to our document requests.  We look forward to receiving a description in writing from you of his search parameters and any measures to prevent the deletion of responsive documents.

**6.   *Incomplete Voter Registration List***
We are disappointed to learn that you will not be providing a list of incomplete voters who are not covered by the Preliminary Injunction.


Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org

---

**From:** Becker, Sue [KSOS] <Sue.Becker@ks.gov>
**Sent:** Thursday, December 7, 2017 6:31:49 PM
**To:** Dale Ho
**Subject:** Fish v. Kobach:  Meet and confer


Hi Dale,

Good to talk to you today.  Although I hope to further memorialize our discussion within the next couple of days, I wanted to get this out to you so that we can reach agreement on the website and DMV notice language.

Website notice-

How about replacing  "you are registered to vote subject to subsequent official notice"

With: "you are registered to vote unless you receive official notice stating otherwise."

DMV notice-

Replace "This means that you are registered and may vote in the November 8, 2016 General Election."

With: "This means that you are registered to vote unless you receive official notice stating otherwise."

**Sue Becker** | Senior Counsel, Admitted in Missouri, Not Admitted in Kansas

Kansas Secretary of State | 785-296-3483 P | 785-368-8032 F | www.sos.ks.gov
Memorial Hall, 1st Floor | 120 S.W. 10th Avenue | Topeka, KS 66612-1594

