# EXHIBIT H



# Kansas Secretary Of State
OFFICE OF SENIOR COUNSEL
120 S.W. 10th Avenue
Memorial Hall 1st Floor
Topeka, Kansas 66612

November 21, 2017

*VIA EMAIL* dale.ho@aclu.org
Dale Ho, Esq.
ACLU
125 Broad Street
New York, NY 10004

Dear Dale:

In response to your letter of November 10, I have reviewed the Court's May 2016 preliminary injunction and its October 2016 order enforcing the injunction and address your concerns below.

With regard to your first concern, we disagree that the language on the website is in violation of the Court's order. Unlike the past federal election, where registrants lacking DPOC were deemed to be fully registered under the injunction, that may not be the case in future elections since the next federal election will take place after the merits of the case are addressed by the Court. Nonetheless, we agree that the second paragraph is poorly worded so we will just delete it. We are not, however, waiving our right to add or modify the website's language should other issues or concerns arise, or in response to future rulings in this case. As for your concern with word choice ("subject only to official notice" versus "subject to subsequent official notice") they mean the same thing. I do not believe that this warrants the Court's time.

You also express concern about letters sent by the counties to newly registered voters. The preliminary injunction is still in place; and we alerted the counties to it as soon as it was in effect, well over a year ago. If there is a reference to the November 2016 election in a letter, please send me a copy so I can see which county is using an outdated letter.

You also request that our state-wide manual on elections be revised "immediately." The manual is for internal use in election administration and is only revised to reflect legislative action or permanent changes in state or federal voting law. It is currently scheduled to be revised next year to incorporate any changes since its last revision in 2014. Temporary changes in law are not included in the manual; rather, counties are informed of them in real time email or telephonic communications to ensure that county clerks and election officials are kept current on any changes in procedure. The notice regarding the injunction is included where voters go to register online through the website.

785.296.3483          sue.becker@ks.gov          www.kssos.org

Regarding issue number three in your letter, those who register to vote using the federal form or motor-voter form but do not provide DPOC receive the court-ordered notices. The Court's order fully addressed what was to be sent to "covered past registrants" and "covered new registrants," and ordered that the agreed-to notices be sent. *See* Order, p. 3. Notices sent to registrants who are not affected by the preliminary injunction and related state court matters are outside the scope of the order so it is unclear to what you are referring. Telling me that someone has learned that someone else was told something is not very helpful. If you think there is inaccurate information being conveyed by a county, please send me the county election clerk's name, who they spoke to, when this was, and what they said. That way we can address it with the county.

Issue number five, I believe, involves an open records request to the State made by the Brennan Center on behalf of the League of Women Voters (LWV) back in May 2017. That was not a discovery request in this case and you previously advised this office that the ACLU had no involvement in making that request. Attached as Exhibit 1. If the requesters want additional information or are unhappy with the data they received under the Kansas Open Records Act, please have them contact me at kora@ks.gov.

Additionally, your letter states that the LWV requested "a list of incomplete voter registrations," yet on page 5 it states they requested a "suspense list." I can tell you that although the disk that was sent was hand-labeled "Kansas incomplete," the requester received the suspense list as of the date of the request. The suspense list contains all registrants whose applications are categorized as incomplete for one reason or another, including lack of DPOC, lack of address or signature, as well as those registered under the UOCAVA (Uniformed and Overseas Citizens Absentee Voting Act). This does not mean that all of those listed are not allowed to vote. To the contrary, under the preliminary injunction, registrants with an incomplete voter application due to missing DPOC were allowed to vote in the last federal election. UOCAVA registrants are also allowed to vote, yet they are listed as having incomplete applications due to federal absentee procedures. As you know, publishing a suspense list that is further categorized would violate the NVRA because it would disclose the names of citizens who registered at the DMV. Please also note that obtaining public records through a KORA request is not synonymous with being served discovery responses in litigation because public records are produced as-is without explanation. In other words, your understanding of the use of terminology for litigation is different than how public records, such as database fields, are actually utilized by election staff.

Last, with regard to discovery, it is unclear what you are requesting. The Court re-opened discovery so that you could take the Secretary's deposition, which you took on August 3. Your letter states that Secretary Kobach was "unable to adequately respond" during the deposition, yet the Secretary answered all of your questions with Judge O'Hara present. Any issues you had with his responses should have been raised at that time. If one of his answers was unclear, you had the opportunity to re-ask the question in a different way.

You also cite to your Sixth Request for Production as the basis for your allegation that he failed to "comply with his discovery obligations" yet the request you cite simply asks for:

> All documents and communications related to draft amendments to the NVRA, including but not limited to any amendments related to the purported purposes of preventing, deterring and/or identifying noncitizen registrations and/or attempted registrations, registration fraud, and/or voter fraud.

We produced all documents relevant to this request, and then you asked him about the documents in his deposition. He acknowledged that he searched his email and produced what he had. The fact that he couldn't recall his exact search terms is irrelevant. If you wanted him to use specific search terms, you should have included those in your discovery request.

More importantly, however, is that Secretary Kobach testified that he did not delete any emails that would have been covered by your RFP. *See* Deposition, pp. 33-37. Indeed, you deposed the Secretary after you received all of his discovery responses and then questioned him about the documents, as well as his search for responsive documents. The fact that he routinely deletes email from his personal email account does not equate to a discovery violation when he has testified under oath that he did not delete anything that would be responsive to your sixth RFP.

Discovery is now closed. Accusations made more than three months after you took his deposition are unfounded and harassing in nature. Your suggestion that Secretary Kobach has participated in a "seemingly intentional withholding of materials responsive" to your one discovery request is baseless and without merit. If you think this needs the Court's attention, I welcome it and will request costs in responding to this.

Sincerely,

*/s/ Sue Becker*
Sue Becker
Senior Counsel
Admitted in Missouri
Not Admitted in Kansas