# EXHIBIT J



# Kansas Secretary Of State

OFFICE OF SENIOR COUNSEL
120 S.W. 10th Avenue
Memorial Hall 1st Floor
Topeka, Kansas 66612

December 11, 2017

*VIA EMAIL* dale.ho@aclu.org
Dale Ho, Esq.
ACLU
125 Broad Street
New York, NY 10004

    Re:    Fish v. Kobach

Dear Dale:

    Thanks for your email of December 7. What follows is my response.

1. The language on the website was changed to our agreed-upon language today.

2. The agreed-upon language for the DMV receipt letters (that are sent to DMV registrants by county election officials) was also disseminated to all of the county election officials today.

3. The Election Standards Manual will not be changed until there is a final change in the law. Please note that the preliminary injunction serves to temporarily stop *existing law from being enforced*; it does not change existing law. *See* Judge Robinson's Order, dated May 17, 2016, p. 67. A "preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Digital Ally, Inc. Corum*, 2017 WL 1545671, Case No. 17-CV-02026-DDC-GLR, April 28, 2017.

4. Certificates of registration are sent to registrants who are not "covered registrants" under the Court's preliminary injunction; thus, communications with them do not fall under the purview of the preliminary injunction. The "covered registrants" under the preliminary injunction receive the DMV receipt that contains the special notice language that you drafted and presented to the Court.

5. I confirmed with Secretary Kobach that he searched his personal email account in response to each and every discovery request that you served and that he produced all relevant documents. I further note that Secretary Kobach testified to exactly this at his deposition:

DH: Okay. Have you searched your Gmail account for documents that may be responsive to Plaintiffs' other discovery requests in this case? P. 33, lines 15-17.
KK: Yes. I have searched my Gmail accounts—or account. Singular. P. 33, lines 22-23.

DH: When did you search your Gmail account for responsive documents? P. 33, lines 24-25.
KK: I searched it right after your initial request for production of documents, and then I searched it again whenever we produced this to you a month or two ago. P. 34, lines 2-5.
\*\*\*
DH: To your knowledge, have you ever deleted any emails concerning amendments to the NVRA? P. 36, lines 11-12.
KK: No, I- I to my knowledge, I have not deleted any emails concerning amendments to the NVRA. P. 36, lines 13-14.

As I stated to you on the phone and in my previous letter, issues you had with discovery responses were fully addressed at Secretary Kobach's deposition. And if they were not- they should have been. Secretary Kobach already testified that he did not have a list of search terms, that he searched his Gmail account in response to each request for documents and that he produced everything that was responsive.

6. Last, as I have already explained, we previously produced a list of registrants whose voter applications are incomplete (disc labeled "Kansas Incomplete") to the League of Women Voters in response to a Kansas Open Records Act request and heard nothing back from them. *It was not a discovery request*, and you specifically disavowed being involved with their request when we reached out to you to discuss getting public records requests from your client in the midst of ongoing litigation. *See* your email to Garrett Roe stating you had nothing to do with it. The requested records were sent to your client months ago and discovery closed on April 26, 2017. *See* Amended Pretrial Order, dated June 20, 2017.

I hope this has addressed your concerns. Trial is just 12 weeks away. I see no need for further discussion on these topics and suggest that the parties focus on trial preparation.

Best regards,

Sue Becker
Senior Counsel