IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-2105-JAR-JPO |
| ) | |
| KRIS KOBACH, in his official capacity as ) | |
| Secretary of State for the State of Kansas, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

COME NOW Defendant, by and through his attorneys, and requests a hearing on Plaintiffs' motion as soon as the Court's schedule allows. Defendant further responds to the Plaintiffs' motion for an order to show cause as follows.

**I.    Background**

In an email dated July 19, 2017, Plaintiffs' counsel at the ACLU of Kansas sent Defendant Secretary Kobach a letter "related to notices." See Plaintiffs' Exhibit C. The two issues identified were the website language and the notice language, both of which were subject to the Court's preliminary injunction order in which it directed defendant to use specific language on its public website and within the notices it would send to registrants who submitted an application to register to vote but who did not provide documentary proof of citizenship. In response to the letter, Defendant instructed his defense counsel to investigate the matter. Counsel then consulted staff, reviewed the website and related orders and notice, and concluded that Defendant was in compliance with the court's orders.

Defense counsel further determined that changing the notice to what Plaintiffs requested (omitting reference to the previous election) would actually be in violation of the standing order because it would be altering the Court's approved language. Defense counsel also noted that the letter did not have a reference line to the case being litigated; rather, the subject line was "Website FAQs & Letters to New Registrants" and had this as the first sentence: "I write about two issues that are confusing to Kansas voter registrants." There was no mention of the pending case other than the public orders on file. Put another way, the letter was not written on behalf of the Plaintiffs but from the ACLU to Defendant and not his counsel on behalf of unidentified confused voters. Despite the ambiguous paradigm from which the letter was being sent, during this time, Defendant hired new defense counsel, filed an appeal with the Tenth Circuit and sat for a court-monitored discovery deposition. Interestingly, at no time during the face-to-face deposition or during the hearing prior to the start of the deposition was the notice letter from the ACLU raised or discussed. Ironically, with the Magistrate Judge present, it would have been a proper topic to sort out.

Several weeks later, Plaintiffs, through their New York counsel, sent a new letter titled "Outstanding Discovery Issues" to defense counsel. Plaintiffs' Exhibit F. This letter included two issues from the ACLU of Kansas' letter regarding confused voters, and added three additional issues related to the case: instructions to local authorities, preservation of records by Defendant and the status of a KORA request sent earlier in the year by their client, the League of Women Voters. Defense counsel responded to each of the issues in a letter dated 11 days later. Plaintiffs' Exhibit H.

**II.    Defendant Is In Compliance with the Court's Orders**

Plaintiffs have the burden to show that Defendant disobeyed the terms of the injunction. *Heartland Animal Clinic, PA v. Heartland SPCA Animal*, 2012 WL 1415457, at *1, No. 11-2629-

JTM, April 24, 2012. The burden then shifts to the Defendant, however, substantial compliance is a defense to civil contempt. *Id.* Here, Defendant investigated the complaints raised on behalf of anonymous Kansas voters and concluded that the website notices were in compliance with the court orders. Specifically, omitting reference to the past election was not in the order and there were concerns that omitting the phrase would actually create a violation. The other issue involved a minor discrepancy: "subject only to official notice" instead of "subject to subsequent official notice." Defense counsel considered these to mean the same thing and stated so in her response to the second letter. Plaintiffs' Exhibit H. Although Plaintiffs' counsel disagreed, these are certainly within the realm of compliance with the court's orders in this case, especially when there is no discernable difference between the phrasing and the purpose of civil contempt is remedial. Here, there is no identifiable damage to be remediated; rather, Defendant complied with the letter and spirit of the court's order, which is generally accepted in this district. *Id.* at *2.

The other issues raised in Exhibit F by Plaintiffs' counsel were all newly identified: updating the State's "County Election Manual," sending out additional certificates of registration and supplemental discovery. All of these issues were addressed by defense counsel in Exhibit H and are incorporated into this response. Suffice it to say that the revision of a county manual was not part of the Court's orders, and was first mentioned in a footnote in the ACLU's November letter. Defendant notes that the referenced manual is not updated annually; its last update was 2012. Until the next update, new procedures are conveyed through weekly conference calls and emails.

Another new issue was the sending out of "Certificates of Registration" which, again, is not discussed nor covered by the court's orders because the notice approved by the Court is what is sent out. In other words, the "covered registrants" that the orders address all receive the special

court-ordered notice that the parties worked out with the Court. The notices that Defendant is to ensure are being sent out are in fact being sent out by the counties.

Last, the Plaintiffs' motion states: "As you know, three courts have entered injunctive relief requiring the SOS to enter upon the voter registration rolls the names of all voters who have used the process required by the NVRA to register to vote regardless of whether those registrants have provided DPOC." Defendant is doing this and Plaintiffs offer no evidence or details that indicate something contrary.

### III.   Conclusion

Defendant is in compliance with the Court's orders and did not think these issues needed the Court's time. Discovery has closed, there were no issues outstanding when it closed, and the notices follow the Court's language. For these reasons, Plaintiffs' motion should be denied.

Date: January 22, 2018                                           Respectfully submitted,

/s/ *Sue Becker*
Kris W. Kobach, Kansas Bar No. 17280
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
KANSAS SECRETARY OF STATE'S OFFICE
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: kris.kobach@ks.gov
           sue.becker@ks.gov
           garrett.roe@ks.gov

*Attorneys for Defendant Kobach*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 22nd day of January, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/*s/ Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*