IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, *et al.*, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 16-2105-JAR-JPO

## PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE UNTIMELY "ADDITIONAL" EXPERT OPINIONS FROM DR. JESSE RICHMAN

Plaintiffs respectfully move the Court to strike and exclude from trial the "Additional Disclosures" from Defendant's proffered expert Jesse Richman, a ten-page document with 11 attachments, containing supplemental expert opinions and analysis (the "Untimely Expert Opinion"), which were filed with this Court as Exhibit 1 to Defendant's Witness List. *See* Doc. 444. The Untimely Expert Opinion should be stricken from the docket in this case because it was improperly filed with the court as an attachment to a pretrial discovery notice, in violation of Local Rule 26.3. And it should be excluded from trial because it is untimely, having been filed more than *nine months* after the deadline for Defendant's expert rebuttal disclosures, and approximately one month before trial.

There is no justification for Defendant's untimely disclosure, which is based on information that has long been available to Defendant and/or his proffered expert. Permitting Defendant to submit "[a]dditional" expert analysis at this late a date would be prejudicial to

Plaintiffs, and would trigger additional demands for written discovery, depositions, and a reciprocal opportunity for Plaintiffs to similarly update their own experts' analyses—and would thus threaten to upend the March 6 trial date in this case, which has been on the Court's schedule since November 3, 2016. *See* Am. Scheduling Order at 2-3, Doc. 258. Plaintiffs have requested that Defendant withdraw the Untimely Expert Opinion and he has not responded; relief is therefore appropriate. Given the impending trial date and the possible discovery and scheduling implications of permitting Defendant to adduce untimely "additional" expert testimony, Plaintiffs respectfully request that this Court address this issue with the parties at the upcoming pretrial conference on February 6.

## I.    The Untimely Expert Opinion Should Be Stricken from the Docket

As this Court noted when it denied Defendant's motion to stay the preliminary injunction in this case, Local Rule 26.3 provides that "[expert witness] disclosures under Rule 26(a)(2) are not to be filed, but instead a certificate of service should be filed stating the type of disclosure or discovery served, the date and type of service, and the party served." *See Fish v. Kobach*, No. 16-2105, 2016 WL 3000356, at *2 n.6 (citing D. Kan. R. 26.3). Defendant's stay motion relied on various materials, including a purported expert report by Hans von Spakovsky and "a survey of 500 Kansans by CHS & Associates," both of which had been filed with the court as an attachment to a notice of service. *Id.* In denying Defendant's motion, this Court observed that "[n]either the von Spakovsky report, nor [other materials] attached to the pending motion, were properly submitted to the Court." *Id.* Undeterred, Defendant then submitted many of these same materials to the Tenth Circuit, which then struck these materials from the record on appeal. *See* Order Granting Mot. to Strike, *Fish v. Kobach*, 840 F.3d 710 (10th Cir. July 20, 2016) (No. 16-3147).

Defendant is engaging in the same gamesmanship now, filing untimely materials as improper attachments to a discovery notice.  This Court previously determined that it was improper for Defendant to do so in connection with his stay motion; the same logic applies to the Untimely Expert Opinion, which should be stricken from the docket in this case.

## II.     The Untimely Expert Opinion Is Untimely, Prejudicial, and Should be Excluded from Trial

Under Federal Rule of Civil Procedure 26(a)(2), parties must disclose the identity of their expert witnesses and the experts' written opinions "at the times and in the sequence directed by the court."  Fed. R. Civ. P. 26(a)(2)(D).  The purpose of Rule 26(a)(2) is to require disclosure of expert testimony in advance "so that opposing parties have a reasonable opportunity to prepare an effective cross examination and perhaps arrange for expert testimony from other witnesses" in rebuttal.  *Miller v. Prairie Ctr. Muffler, Inc.*, No. 03–2424–DJW, 2004 WL 2821220, at * 1 (D. Kan. Nov. 16, 2004) (rejecting a party's attempt to disclose new expert witness testimony thirty days before a trial because it would be "legitimately prejudicial to [the] Plaintiff").  A party "who 'without substantial justification, fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'"  *Hodgdon Powder Co. v. Alliant Techsystems, Inc.*, Civ. A. No. 06-2100-CM, 2007 WL 3228822, at *1 (D. Kan. Oct. 23, 2007) (granting motion to strike where party tried to rely on and include new data).

This Court's case management order set the deadline for the Defendant to disclose his experts by January 30, 2017; for the Defendant to disclose his rebuttal experts by April 5, 2017; and for all discovery to be completed by April 26, 2017.  Am. Scheduling Order at 2, Doc. 258.  On January 30, 2018, however, more than nine months after the deadline to disclose rebuttal

expert materials, and just a few weeks before trial, Defendant purported to supplement the expert report of his proffered expert, Jesse Richman, with new analysis and materials.  There can be no dispute that these materials are flagrantly untimely, and should therefore be excluded.

Allowing the Defendant to backdoor this Untimely Expert Opinion at this late a date would severely prejudice the Plaintiffs and threaten to upend the trial date.  In order to prepare adequately for trial Plaintiffs would, at a minimum, be entitled to take document discovery related to Richman's new analysis (and the 11 attachments to it), depose Richman about his new analysis, and have a reciprocal opportunity to supplement the opinions of their experts.  That, in turn, would likely trigger additional discovery (both for documents and depositions) by Defendants.  With approximately four weeks left before trial, Defendant's gamesmanship threatens to upend the March 6 trial date, which has been pending for more than a year.  This Court should not permit Defendant to disrupt the trial in this manner.

### III.    There is No Substantial Justification for Defendant's Untimely Disclosure

Defendant asserts that this untimely disclosure is justified because it is based on data that supposedly "became available in July, 2017 and January, 2018."  Def.'s Final Witness Designation at 1, Doc. 444.  That assertion is misleading at best; all of the new sets of data relied upon by Richman's Untimely Expert Opinion were either available before the 2017 deadlines for Defendant's expert disclosures, or at least seven months ago.

Richman claims that some of the materials on which he bases his untimely analysis were not available to him until January 28, 2018—namely, materials concerning "the match of the T[emporary Driver's License list] and voter file lists performed by [Kansas Elections Director Bryan] Caskey."  Doc. 444 at 7.[1]  Neither Richman nor the Defendant provide any

---

[1] Richman claimed in his supplemental opinion that he "requested [updated TDL data] previously but [did] not receive[ it] until 1/29/2018."  Doc. 444 at 7.  However, further on in his

explanation as to why it took Mr. Caskey so long to provide this data to Richman.  The TDL information used by Mr. Caskey is and always has been in the possession and control of the Defendant.  Furthermore, Richman even admits that he previously requested the TDL data from the Defendant, but that Defendant did not provide it to him until nearly a month before trial. Defendant's lack of diligence can hardly be a justification for an untimely disclosure.

Richman also asserts that his untimely opinion is also based on 2016 National CCES Survey Data, which was released in July of 2017.  *Id.*  But that assertion is misleading by omission.  Richman's untimely opinion *also* includes new "data analysis . . . for the 2014 [CCES] survey," *id.* at 11, which was released well before the 2017 expert deadlines in this case.  In fact, Richman *has already discussed* the 2014 Kansas CCES data in his rebuttal opinion.  Mem. In Supp. of Mot. for Summ. J. Ex. H at 9 ¶ 16, Doc. 367-9.  There is no justification whatsoever for Richman's new analysis of this 2014 data.

With respect to the 2016 CCES data, even if it was not available until July 2017, Defendant offers no explanation why he did not seek consent of the Plaintiffs or leave of the Court to update Richman's analysis at that time.  More than six months have passed since then; it cannot form the basis for Defendant's untimely expert analysis in January 2018, approximately four weeks before trial.

---

opinion he claimed "in late January of 2017 I was given access to the information required to identify the individuals matched by Caskey in the TDL list."  *Id.* at 12.  This motion assumes that Richman made a typo and meant January of 2018.  Regardless of when Richman received the data, Defendant lacks justification for waiting to provide the data to Richman.

## CONCLUSION

For all the above mentioned reasons, the Court should grant Plaintiffs' motion to strike the Untimely Expert Opinion from the record, and order Defendant to re-file his witness list without the improper attachment; and also grant Plaintiffs' motion to exclude the Untimely Expert Opinion from trial and any testimony based on it.

DATED this 2nd day of February, 2018.

Respectfully submitted,

/s/ Stephen Douglas Bonney
STEPHEN DOUGLAS BONNEY (#12322)
American Civil Liberties Union of Kansas
6701 W 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
Fax: (913) 490-4119
dbonney@aclukansas.org

/s/ Dale E. Ho
DALE E. HO*
R. ORION DANJUMA*
SOPHIA LIN LAKIN*
American Civil Liberties Union Foundation,
125 Broad St.
New York, NY 10004
Phone: (212) 549-2693
dale.ho@aclu.org
odanjuma@aclu.org
slakin@aclu.org

NEIL A. STEINER*
REBECCA KAHAN WALDMAN*
DAPHNE T. HA*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
T: (212) 698-3822
F: (212) 698-3599
neil.steiner@dechert.com
rebecca.waldman@dechert.com
daphne.ha@dechert.com

ANGELA M. LIU*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, Illinois 60601-1608
Phone: (312) 646 5816
Fax: (312) 646 5858
angela.liu@dechert.com

*Counsel for Plaintiffs*

* admitted *pro hac vice*

6

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 2nd day of February, 2018, I electronically filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Stephen Douglas Bonney*
STEPHEN DOUGLAS BONNEY (#12322)

*Attorney for Plaintiffs*