**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN WAYNE FISH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-2105-JAR-JPO |
| | ) | |
| KRIS KOBACH, in his official capacity as | ) | |
| Secretary of State for the State of Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RENEWED MOTION TO EXCLUDE**
**DEFENDANT'S EXPERT HANS VON SPAKOVSKY**

Comes now Defendant Kris Kobach, by and through his attorneys, and hereby responds to

Plaintiffs' renewed Motion to Exclude Defendant's Expert Hans von Spakovsky.  Plaintiffs

previously filed an initial motion, a lengthy reply brief and have now filed a renewed motion on

von Spakovsky.  For reasons explained more fully below, Plaintiffs' motion should be denied.

**I.      PLAINTIFFS MISSTATE THE COURT'S JANUARY 3, 2018 RULINGS ON**
**THEIR FIRST *DAUBERT* MOTION**

Although Defendant is confident the Court will quickly recognize the glaring inaccuracies

contained in Plaintiffs' recent filing, their misstatements regarding the Court's previous rulings on

Hans von Spakovsky must be corrected before Defendant can address the merits of Plaintiffs'

renewed motion.  To be clear, the Court only excluded von Spakovsky's opinions based on the

survey and his ultimate legal conclusions. *See* Order, Doc. 8-19. For ease of reference, Plaintiffs'

mischaracterization is quoted below, with corrections noted in brackets:

> For purposes of resolving the parties' cross-motions for summary judgment, this
> Court previously excluded von Spakovsky's testimony about various issues **[the
> Court only excluded 1) testimony about the survey attached to his report and
> 2) all legal conclusions]** including the statistical survey appended to his report,
> whether the documentary proof of citizenship law is a burden on voters **[WRONG-**

**the Court excluded legal conclusions ABOUT THE SURVEY, specifically referring to Defendant's Para. 77 in its Memorandum in Support of Summary Judgment which stated: "The survey found that the requirement itself was not a burden."**], and any legal conclusions; and limited his testimony to two issues: whether "most discoveries of noncitizen registration by Defendant are accidental, and [whether] noncitizens are registered to vote in states other than Kansas." **[WRONG- the Court noted that its Order was regarding the remaining two Statements of Fact that Defendant referenced in its brief in which it used Spakovsky's opinions for support; the Court in no way limited von Spakovsky's trial testimony to just these two Statements of Fact cited in Defendant's summary judgment brief]**.

Plaintiffs' Motion, Doc. 428, p. 1, *compared to* Court's Order, Doc. 421, pp. 14, 18.

Contrary to Plaintiffs' egregious assertions, the Court expressly held that "von Spakovsky's opinions based on other data are admissible." *Id.* Order, at p. 18. This means that at trial, von Spakovsky may use other data to support his opinions, including his opinion that the law requiring documentary proof of citizenship is not a burden to Kansas voters. Plaintiffs' attempts to misconstrue the Court's rulings by creating an inaccurate paper trail for the appellate record should be rejected and their renewed motion denied.

## II.   PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT CONTAIN NO LEGAL ARGUMENT OR LEGAL SUPPORT AND MUST BE REJECTED

Despite Plaintiffs' description of their filing as "a memorandum of law in support of their *Daubert* motion," there is not a single legal citation contained within it. This reason alone is grounds to deny the motion. *See Full Serv. Chimney v. Hutchinson*, No. CIV.A. 07-02311, 2008 WL 370932, at *1 (D. Kan. Jan. 4, 2008); U.S.D.C. K. Rule 7.6(4).

## III.   PLAINTIFFS' MOTION TO KEEP THE SURVEY OUT OF EVIDENCE AT TRIAL CONTAINS NO LEGAL ARGUMENT OR LEGAL SUPPORT AND MUST BE REJECTED

Not to belabor the point, but Plaintiffs' motion is not only wholly unsupported, it also contains a rather prodigious new request without an iota of legal support— moving the Court to exclude the survey Defendant conducted specifically for use in this litigation, paid for by the

Defendant, and conducted by a non-party fact witness whom Plaintiffs even deposed last year on June 7, 2016.  Defendant did not cite to the foundational deposition testimony of the pollster, Pat McFerron, in his summary judgment briefing because Defendant believed that his expert, von Spakovsky, would be able to opine on it.  Now that the Court has held otherwise, Defendant will turn to the deposition testimony from the actual pollster who designed and conducted the survey to establish its foundation and explain the results to the Court at trial.

Indeed, the Tenth Circuit has addressed the admissibility of surveys in numerous opinions and has consistently held that admission of a survey is permissible as long as it meets the evidentiary standards for admission.  For example, in *Brunswick Corp. v. Spinit Reel Co.*, 832 F. 2d 513, 522-23 (10th Cir. 1987), the Court held that a "survey is trustworthy if it is shown to have been conducted according to generally accepted survey principles."  *Id.* at 523.  The Tenth Circuit also addressed these other survey issues, many of which are relevant here:

> As to the technical and methodological deficiencies in the survey that Spinit charges, those relate not the survey's admissibility but to the weight to be given such evidence. None of the flaws that Spinit lists supports its claim that the trial court's reliance on the survey is clearly erroneous; particularly in light of Dr. Vanderslice's response when asked if he would have conducted the survey differently: "Oh, there may be a few little minor word changes, a few little minor order of the questionnaires, but nothing significant. They would just be professional differences of opinions." Spinit's many other criticisms of the survey also fail to show that the trial court abused its discretion.

*Id.* at 523 (citations omitted).

Significantly, the Tenth Circuit was persuaded by the witness's own testimony that, in retrospect, he would not have made any significant changes to the survey, which is also what McFerron told Plaintiffs about the survey when they deposed him.  Moreover, excluding the survey from von Spakovsky's scope of opinions does not equate to excluding the survey from evidence when another witness may address it.  To be sure, the Court expressly held that von Spakovsky was

"not qualified to testify as an expert about this survey."  Order, Doc. 421, p. 13.  The Court did not, however, rule on whether the survey itself was trustworthy or deficient in the way it was conducted. With that in mind, Defendant included the pollster, McFerron, on his Final Witness Disclosure and included deposition designations from McFerron's deposition, both of which were timely filed on January 30, 2018.  *See* Doc. 443, 444.

With that said, the fact that Plaintiffs failed to provide any legal argument or legal support for their motion to exclude the survey itself should lead to its denial, as the Court does not advocate for one side or the other.  "The Court will not advocate a position for a party that has neglected for one reason or another to press its point." *Larson v. Chase Manhattan Mortg. Corp.*, No. 05-1005 WEB, 2006 WL 2375610, at *4 (D. Kan. Aug. 15, 2006) (*citing Phillips v. Calhoun,* 956 F.2d 949, 953–954 (10th Cir.1992) (holding that a party must support an argument with legal authority or forfeit the argument)).

## IV.     CONCLUSION

For all of the reasons explained above, Plaintiffs' renewed, wholly unsupported motion to further limit von Spakovsky's testimony to just two statements from Defendant's summary judgment brief should be denied.   Plaintiffs failed to support their argument with any law whatsoever and they misconstrued the Court's previous rulings.   Additionally, Plaintiffs' one-sentence request to exclude one of two surveys conducted expressly for this case by Defendant, should also be denied as Plaintiffs provided no legal support and the Tenth Circuit has held such surveys are clearly admissible if the Court deems them trustworthy.

Date:  February 5, 2018                                      Respectfully submitted,

/s/ *Sue Becker*
Kris W. Kobach, Kansas Bar No. 17280
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867

**KANSAS SECRETARY OF STATE'S OFFICE**
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: kris.kobach@ks.gov
        sue.becker@ks.gov
        garrett.roe@ks.gov

*Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 5th day of February, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*