**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STEVEN WAYNE FISH, et al.,              ) | |
|                                                             ) | |
|         Plaintiffs,                                     ) | |
|                                                             ) | |
| v.                                                         ) | Case No. 16-2105-JAR-JPO |
|                                                             ) | |
| KRIS KOBACH, in his official capacity as ) | |
| Secretary of State for the State of Kansas, ) | |
|                                                             ) | |
|         Defendant.                                   ) | |
| _____ ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ALLEGED EFFORTS TO AMEND THE NVRA**

COMES NOW Defendant Kobach and moves the Court to exclude from evidence references or testimony regarding efforts Defendant allegedly took to "amend the NVRA" on the grounds of relevancy. Defendant incorporates the following memorandum of law in support of his motion.

**I.   Legal Standard**

Under Fed. R. Evid. 401, evidence is "relevant" only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."

**II.   Factual Background**

On October 19, 2016, the Tenth Circuit issued an order upholding this Court's grant of a preliminary injunction. The Tenth Circuit also provided a "governing statutory interpretation that did not previously exist." Doc. 254, Order. Specifically, the Tenth Circuit ruled that a rebuttable presumption existed that attestation was sufficient to confirm a registrant's status as a United States citizen. It further held that the Defendant could only prevail if he could rebut the presumption through a two-part test. On October 28, 2016, the present Court re-opened discovery so that

1

Defendant could obtain the evidence now required by the Tenth Circuit.  On November 3, 2016, the magistrate held a telephonic conference during which all parties agreed that the scope of additional discovery was to be evidence that would support or refute the two-part test.  On November 15, 2016, Plaintiffs served their Fifth Request for Production.  Their Fifth Request did not reference or request anything regarding "amending the NVRA."

On November 20, 2016, news broke that Defendant was photographed entering a meeting with President-Elect Trump carrying a document that contained the words "Stop Aliens from Voting."  Two days later, on November 22, Plaintiffs sent a new request for production seeking anything related to proposed amendments to the NVRA.  The Court allowed a limited deposition of Defendant for the sole purpose of asking about the "Trump document" as well as two other documents Defendant identified.  That deposition took place on August 3, 2017.

### III. Whether the NVRA Should Be Amended is Irrelevant to the NVRA § 5 Test the Tenth Circuit Set Out

Defendant testified that an amendment would only be needed if a federal court concluded that the NVRA's mandates prohibit states from requiring documentary proof of citizenship ("DPOC").  Exhibit 1, Kobach Depo., p. 10-13.  There is no other connection between this case and the proposed "amendment" which serendipitously became an issue during the re-opened discovery phase.  Plaintiffs, however, have identified both the deposition testimony and the documents themselves as evidence they need to present in this matter.  That is simply absurd for two reasons.

First, the only evidence in this case is that there is not a need for the NVRA to be amended.  See Exhibit 1.  Plaintiffs have failed to produce any contradictory evidence from any source or witness even alleging that the NVRA needs to be amended.  So the only evidence is from the drafter himself with regard to the documents at issue and Defendant was unequivocal that the

NVRA did not need to be amended as currently written in order for Kansas to require documentary proof of citizenship.

Second, even if the NVRA could be amended to more clearly state that states could adopt the DPOC requirement, such action neither proves nor disproves the only dispositive legal issue identified by the Tenth Circuit in the case, i.e., whether 1) a substantial number of noncitizens registered to vote under the attestation requirement, and 2) if so, whether anything less than the DPOC requirement can satisfy the state's responsibility of ensuring the eligibility of registrants. *Fish v. Kobach*, 840 F.3d 710, 738 (10th Cir. 2016). Put another way, amending the law has nothing to do with the legal questions currently pending before the trial court. For these reasons, the issue should be excluded from trial because it is irrelevant.

## IV. NVRA Amendments Would Not Tend to Make the Existence of a Determinative Fact More or Less Probable Because Whether the NVRA Needs to Be Amended Does Not Determine Plaintiffs' Case

Rule of Evidence 401 states that in order for evidence to be relevant, it must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Here, the existence of either a proposed amendment or the lack thereof, has absolutely no bearing on the determination of whether a substantial number of noncitizens were able to register to vote under the attestation requirement. Indeed, during discovery, the Court even considered it a "very close call" as to whether additional discovery on this issue could even lead to admissible evidence. Doc. 318, at 8. Now that the Plaintiffs have had an opportunity to question the drafter about the document and his intention when drafting it, there is no other information available on the subject and the answer was rather anticlimactic. Defendant testified at length that the reason behind the creation of a "draft of a draft" of an amendment was as a contingency in case Plaintiffs in this case succeeded

3

in court.  There was no other reason.  Exhibit 1.  The record is devoid of any testimony that contradicts Defendant's testimony on the need for an amendment.

But even if Defendant had testified that the NVRA should be amended to be made more clear, that admission alone would still not be enough to get over the threshold of relevance under Fed. R. Evid. 403 because it would go only to the interpretation of the law and the Tenth Circuit has already interpreted the NVRA as preempting states' laws by way of a presumption regarding attestation, albeit a rebuttable one.  So the meaning and effect of the NVRA as currently enacted is not an issue in this case because the Tenth Circuit already interpreted it.  As a result, it is irrelevant how the parties perceive and interpret the NVRA's language at this juncture.

**V.    Conclusion**

For all of the above reasons, evidence regarding any alleged attempts by Defendant to "amend the NVRA" should be excluded from evidence because it is irrelevant and thus inadmissible.

Date:  February 13, 2018                          Respectfully submitted,

/s/ *Sue Becker*_____
Kris W. Kobach, Kansas Bar No. 17280
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
**KANSAS SECRETARY OF STATE'S OFFICE**
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: kris.kobach@ks.gov
         sue.becker@ks.gov
         garrett.roe@ks.gov

*Attorneys for Defendant Kobach*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 13th day of February, 2018, I electronically

4

filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/*s/ Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*