IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br>v.                                                   ) <br> ) <br>KRIS KOBACH, in his official capacity as ) <br>Secretary of State for the State of Kansas, ) <br> ) <br> Defendant. ) <br>_____ ) | Case No. 16-2105-JAR-JPO |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PRETRIAL WITNESS DISCLOSURE OF DR. JESSE RICHMAN**

COMES NOW Defendant Kobach and submits this memorandum of law in response to Plaintiffs' motion to strike the updated pretrial witness disclosure of Dr. Richman.

**I.   LEGAL STANDARD**

The factors enumerated in *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.,* 170 F.3d 985 (10th Cir.1999) govern the Court's analysis. *Buben v. City of Lone Tree*, No. 08-CV-00127-WYD-MEH, 2010 WL 4810632, at *1–3 (D. Colo. Nov. 19, 2010). Thus, the Court must first evaluate whether the information in the supplemental report submitted by Defendant falls within Rule 26(e)(2)'s parameters of "additions or changes."   ADD MORE

**II.  DEFENDANT'S UPDATED EXPERT DISCLOSURE IS MANDATORY AND TIMELY UNDER F.R.C.P. 26(e)**

Under Rule 26(e)(2), a party is under the ongoing duty to supplement a Rule 26(a)(2) expert report with "any additions or changes ... by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

**(e) Supplementing Disclosures and Responses.**

1

> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— **must** supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.
> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's **duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.**

Here, the parties' Rule 26(a)(3) pretrial disclosures were due on or before January 30, 2018. Doc. 425, p.1. Defendant timely filed the pretrial witness disclosure of Dr. Richman as directed by the federal rules and this Court's order setting pretrial deadlines.

### III. PLAINTIFFS CITE NO APPLICABLE LEGAL AUTHORITY IN SUPPORT OF THEIR MOTION

Significantly, Plaintiffs incorrectly cite to Rule 26(a)(2) as authority for why Defendant's pretrial disclosures should be stricken, yet that rule applies to <u>initial</u> disclosures, not pretrial disclosures. Further, neither of the two cases Plaintiffs cite in support of their motion are even on point. Neither have anything to do with supplemental disclosures; rather, they address only cases where brand new experts, opining on new issues, were untimely identified. For example, in *Miller v. Prairie Ctr. Muffler*, the plaintiff identified a new expert to opine about what it claimed to be a new issue:

> Defendant argues it did not disclose "rack architect" and "rack engineer" experts until eight months after the January 30, 2004 deadline because the stability of the rack did not become a disputed issue until after the deposition testimony of Todd Flagler on August 27, 2004. The Court disagrees. Contrary to Defendant's assertion, the Court finds the stability of the rack became a disputed issue at the time Defendant's Answer to Plaintiff's Complaint was filed. With regard to prejudice, Plaintiff argues the untimely reports have placed Plaintiff at a disadvantage in preparing its case and, given the schedule of counsel for Plaintiff in the thirty day period between disclosure and trial, effectively prohibit Plaintiff from cross-

> examining Defendant's experts prior to trial or hiring his own experts to rebut the expert testimony.

*Miller v. Prairie Ctr. Muffler, Inc.*, No. 03-2424-DJW, 2004 WL 2821220, at *1 (D. Kan. Nov. 16, 2004).

The only other case Plaintiffs cite fares no better. In *Hogdon Powder Co. v. Alliant Techsystems, Inc.*, the plaintiff's only expert report was stricken by the court because it failed to meet *Daubert* standards for reliability. No. CIV.A. 06-2100-CM, 2007 WL 3228822, at *1 (D. Kan. Oct. 23, 2007). After the ruling, the parties requested an extension of the trial date to discuss settlement but the plaintiff also went about obtaining a second expert report without alerting the court or the defendant. The plaintiff then filed a new report 30 days before trial. The court ruled as follows:

> Without information about the new survey and report, defendant cannot properly prepare its case—it would not have a reasonable opportunity to prepare an effective cross examination, retain its own expert, or file a new *Daubert* motion. Although plaintiff has offered to present Dr. Arora for deposition, that alone will not cure the prejudice defendant would suffer, and reopening discovery would disrupt the trial.

*Id.* at *2.

Clearly, these cases do not stand for the proposition that a supplemental report submitted in good faith under Rule 26(e) must be stricken. Indeed, were Dr. Richman to testify at trial that he had NOT taken into consideration all new data publicly available, he would be open to a vigorous cross-examination as to why he did not do so. Yet, nothing was to stop Plaintiffs from cross-examining Dr. Richman about new publicly-available data on cross-examination.

Because Plaintiffs did not cite to a single factually relevant case or the correct federal rule in support of their motion, it should be denied.

## IV.   NO PREJUDICE TO PLAINTIFFS

Despite Plaintiffs' assertions to the contrary, there is no prejudice resulting from the updated disclosure because there are only *de minimis* changes reported using the same type of data

that Dr. Richman was already cross-examined on.  Dr. Richman's updated pretrial disclosure includes 2016 data from CCES that became available after his deposition, and a CCES summary that became available in January 2018.  The data does not drastically alter his opinions; rather, he has simply plugged in new numbers into various analytical schemes and updated the results.  For example, the inclusion of the CCES 2016 data causes a percentage rate to raise slightly from 19.8% to 19.9%.  This is not a significant change because he testified at his deposition that the percentage rate of noncitizens registering to vote was "19 percent or something like that."  Exhibit 1, Richman Depo. p. 121.  In other words, although new data is included, the results are consistent with his previous testimony such that there is no prejudice to Plaintiffs.

The only other change is a correction to Dr. Richman's reliance on a number provided by Plaintiffs' expert, Stephen Anslobahere, who neglected to report 2 noncitizens who had attempted to vote.  Dr. Richman reviewed the data Anslobahere reported, found the error and then corrected his own analysis to include the correct underlying number.  This correction was necessary under Rule 26(e).

Similar to the case at hand is *Buben v. City of Lone Tree*, No. 08-CV-00127-WYD-MEH, 2010 WL 4810632, at *2–3 (D. Colo. Nov. 19, 2010).  There, a party submitted a pretrial disclosure that altered previous estimates of lost income.  The court there held that the report was supplemental in nature based on updated data and denied an attempt to strike it:

> Mr. Seigneur's supplemental report relies on the supplement provided by Ms. Lockwood. (*See* docket # 87–8.) Mr. Seigneur modifies his initial finding that Plaintiff's range of economic loss is $1,430,000–$2,258,000; Mr. Seigneur now determines the range of economic loss related to the events in January 2006 is $1,036,000–$2,258,000. (*See* dockets87–4 at 2, 87–8 at 2; *see also* docket # 92 at 4.) The Court agrees with Plaintiff's characterization of the supplemental information as more *de minimis* and less bolstering in nature, particularly because the two supplemental economic conclusions favor Defendants as they are decreased in value. …The Court finds that an evaluation of the *Woodworker's* factors leads to the same result, that is, denial of Defendants' motion.

*Id.*

The *Woodworker's* factors also favor allowing Dr. Richman to issue an updated pretrial disclosure. Those factors are as follows:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Applying these factors, as courts in the Tenth Circuit do, there is no prejudice because the Plaintiffs are fully aware of Dr. Richman's analysis (he has submitted two previous reports and has been deposed) and the updated disclosure includes primarily new data. The slight differences that the new data provides are *de minimis* and should not change the anticipated cross-examination of Dr. Richman since the analysis is the same. Indeed, Plaintiffs do not identify a single new opinion in Dr. Richman's updated disclosure that would "disrupt" the trial.[1]

As for the last factor, there is no bad faith here because Dr. Richman reviewed new data <u>only after the Court ruled that he would be allowed to testify at trial</u>. The Court ruled on January 3, 2018, after which defense counsel contacted Dr. Richman to work on his final pretrial disclosure. Counsel instructed him to update his results if any new data existed. The majority of new data he reviewed is publicly available information that Plaintiffs' experts are likely to have reviewed as well, particularly since they too rely on CCES data for their opinions.

## V.     CONCLUSION

---

[1] To the extent the data provided by Bryan Caskey (an updated TDL list) would be considered the basis of a new opinion, Defendant concedes that it provided the data to Dr. Richman belatedly and would therefore agree to omit that portion of Dr. Richman's updated disclosure.

5

Because Defendant's pretrial disclosure of Dr. Richman's updated disclosure was timely under both Fed. R. Civ. P. 26(e) and this Court's Order Setting Pretrial Filings, Plaintiffs' motion should be denied.  Further, an analysis under *Woodworker's* also confirms that Plaintiffs suffer no prejudice by the timely disclosure because the updated data just confirms previously disclosed opinions and will not disrupt the trial in any way.  The disclosure is merely updated and corrected, and as such must be filed as a supplemental disclosure under Rule 26(e).

Date:  February 16, 2018

Respectfully submitted,

/s/ *Sue Becker*_____
Kris W. Kobach, Kansas Bar No. 17280
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
**KANSAS SECRETARY OF STATE'S OFFICE**
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: kris.kobach@ks.gov
           sue.becker@ks.gov
           garrett.roe@ks.gov

*Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 16th day of February, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/*s/ Sue Becker*_____
Sue Becker
*Attorney for Defendant Kobach*