IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-2105-JAR-JPO |
| ) | |
| KRIS KOBACH, in his official capacity as ) | |
| Secretary of State for the State of Kansas, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION IN LIMINE TO EXCLUDE REFERENCES TO ALLEGED EFFORTS TO AMEND NVRA**

COMES NOW Defendant Kobach, in further support of his Motion in Limine to exclude references to his alleged efforts to amend the NVRA, and submits this memorandum of law which asserts that the issue Plaintiffs seek to enter into evidence 1) is not identified anywhere in the Pretrial Order, which is controlling; 2) is wholly irrelevant to the issues to be tried before this Court as laid out in the Pretrial Order and in the Court's Order on Summary Judgment; and 3) would unduly prejudice Defendant. For all of these reasons, as well as those stated in Defendant's Motion in Limine, all references to Defendant's alleged attempts to amend the NVRA should be excluded from evidence.

**I.   ISSUE IS NOT IN THE PRETRIAL ORDER**

Plaintiffs' "important" evidence is not contained within the Amended Pretrial Order nor did Plaintiffs ever seek to amend the Pretrial Order to add this factual allegation and theory of recovery to their claims. "An issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court." *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 18, 61 P.3d 68 (2002). Any claims, issues, defenses, or theories not included in a pretrial order in a civil action are waived even if it appears in the complaint, or whether or not a

claim or defense is properly raised in the pleadings, or <u>regardless of whether the issue is a legal or factual one</u>. 35B C.J.S. Federal Civil Procedure § 951.  "The ... pretrial order measures the dimensions of the lawsuit, both in the trial court and on appeal." *Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 639 F. App'x 550, 555 (10th Cir. 2016) (citing *Youren v. Tintic Sch. Dist.,* 343 F.3d 1296, 1304 (10th Cir.2003)). Thus, "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint." *Id.* (citation omitted).  [A] district court should not entertain an issue or claim for relief that is not contained in the pretrial order. *Herbstreith v. de Bakker,* 249 Kan. 67, 75, 815 P.2d 102 (1991).  When there has been no modification of the pretrial order, it is binding on the parties. *Wolfert Landscaping Co. v. LRM Indus., Inc.*, 287 P.3d 300 (Kan. Ct. App. 2012) (citation omitted).

In the Amended Pretrial Order, a review of "Plaintiffs' Contentions" confirms that this subject matter is not included.  It must be excluded.  "Claims, issues, defenses, or theories of damages not included in the pretrial order are waived." *Zenith Petroleum Corp. v. Steerman*, 656 F. App'x 885, 887 (10th Cir. 2016) (citing *Cortez v. Wal–Mart Stores, Inc.*, 460 F.3d 1268, 1276–77 (10th Cir. 2006)). The primary purpose of pretrial orders is to avoid surprise by requiring parties to "fully and fairly disclose their views as to what the real issues of the trial will be." *Id.*  Plaintiffs failed to include this issue in the Pretrial Order and so it must be excluded. *Id.*

**II.   REFERENCES TO "LOBBYING EFFORTS" IS IRRELEVANT WHICH IS WHY IT WAS NOT IN THE PRETRIAL ORDER NOR RELIED UPON BY PLAINTIFFS FOR SUMMARY JUDGMENT**

Plaintiffs do not cite this evidence in support of their Motion for Summary Judgment even once.  Indeed, their single reference to it is gratuitous and found in a footnote. Yet despite this, Plaintiffs claim that the evidence goes to the "center of the controversy" which they have argued

is "1) whether there is a significant problem of noncitizen registration, and 2) whether Defendant's statements about the problem are credible." Doc 369- Pls motion to unseal.

This is simply not true. First, the allegations have no bearing on whether there is or is not a "significant problem of noncitizen registration." If they did, Plaintiffs would have used Defendant's testimony on the issue to support their motion for summary judgment. Indeed, the standard is fairly high for use in supporting summary judgment. "To withstand summary judgment, the nonmoving party must establish more than the mere existence of *some* alleged factual dispute; a showing of a *genuine* issue of *material* fact is required. *John v. T & R Mkt., Inc.*, 82 F.3d 426 (10th Cir. 1996). There is no issue for trial based on a "mere scintilla" of evidence, on evidence that is "merely colorable," or on factual disputes that are irrelevant or unnecessary. *Id.* (citations omitted). If the "evidence" was not strong enough to use in summary judgment, it is not relevant in trial.

Second, the burden of proof as to whether there is a significant problem with noncitizen registration is Defendant's burden as defined by the Tenth Circuit, not Plaintiffs'. It is not an element of Plaintiffs' case because there is no claim or count for which the Plaintiffs must prove that noncitizen registration is either significant or minimal.

Third, whether Defendant is a "credible" witness is not a count or claim and not part of the burden of proof for either side. A witness's credibility is judged by the fact-finder during direct and cross-examination which only happens after the witness's testimony is deemed to be relevant in the first place. Testimony refuting Plaintiffs' theories about what Defendant could have been thinking, has no dispositive effect on the claims at issue.

Plaintiffs' claim that the evidence goes to "Defendant's credibility" does not make the evidence relevant to the issues identified by this Court which are: 1) whether there was a substantial

number of noncitizens registering to vote under the attestation requirement prior to the enactment of the Kansas DPOC law, which would theoretically justify the law; and 2) if so, whether there were other methods available to Defendant to assess voter eligibility and a person's citizenship status short of requiring DPOC.  Allegations should be stricken as irrelevant when they cannot in any aspect of the case be or become material or where they contain only facts that cannot affect the decision of the court. 71 C.J.S. Pleading § 691.

The issue of allegedly trying to amend the NVRA does not tend to bear on whether there was a substantial number of citizens registering to vote or not.  And although plaintiffs state that it does, <u>they repeatedly fail to explain exactly how it does</u>.  Their argument that it goes to the credibility of a witness is also a red herring because Plaintiffs ignore what the deponent said about the allegations and theories when asked under oath.

### III.   DEFENDING AGAINST IMMATERIAL AND IRRELEVANT EVIDENCE WOULD UNDULY PREJUDICE DEFENDANT

Defendant and the State of Kansas do not have unlimited resources and would be prejudiced in their trial preparation if they had to address irrelevant allegations that were not even used by Plaintiffs to support summary judgment.  Evidence is relevant only if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.  Here, Defendant's deposition testimony did not support Plaintiffs' publicized theories on Defendant's alleged attempts to amend the NVRA and, even if it did, his intentions in drafting a future amendment are of no consequence in determining the issues to be tried as defined by this Court, which are, to wit: 1) whether there was a substantial number of noncitizens registering to vote under the attestation requirement prior to the enactment of the Kansas DPOC law, which would theoretically justify the law; and 2) if so,

whether there were other methods available to Defendant to assess voter eligibility and a person's citizenship status short of requiring DPOC.

Because the evidence Plaintiffs seek to admit does not bear on the issues to be tried, it is irrelevant and thus inadmissible. For all of these reasons, Defendant respectfully requests the Court to grant Defendant's motion in limine to exclude references to Defendant's alleged attempts to amend the NVRA.

Date:  February 27, 2018              Respectfully submitted,

/s/ *Sue Becker*
Kris W. Kobach, Kansas Bar No. 17280
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
**KANSAS SECRETARY OF STATE'S OFFICE**
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: kris.kobach@ks.gov
          sue.becker@ks.gov
          garrett.roe@ks.gov

*Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 27th day of February, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/*s/ Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*