IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, ET AL.,

      Plaintiffs,

      v.

KRIS KOBACH, KANSAS SECRETARY OF
STATE,

      Defendant.

Case No. 16-2105-JAR

## ORDER

This matter comes before the Court on the following motions: Plaintiffs' Motion to Exclude the Testimony and Report of Jesse T. Richman (Doc. 427); Plaintiffs' Motion to Exclude the Testimony and Report of Hans von Spakovsky (Doc. 428); Plaintiffs' Motion in Limine for Court to Take Judicial Notice of Adjudicative Facts (Doc. 459); Defendant's Motion to Exclude Testimony of Lorraine Minnite (Doc. 431); and Defendant's Motion in Limine to Exclude Evidence Regarding Alleged Efforts to Amend the NVRA (Doc. 463).  These motions were fully briefed in advance of trial, and the Court orally ruled immediately before trial commenced on March 6, 2018.  The Court's complete findings of fact and conclusions of law were read into the record and are summarized below.

**I.      Motions in Limine**

The Court granted Plaintiffs' motion to take judicial notice of two sets of adjudicative facts under Fed. R. Evid. 201: (1) the total number of votes cast for the highest statewide office on the ballot in election years going back to 2000, based on information taken from the Kansas Secretary of State's Office website; and (2) the fact that the Kansas Department of Revenue ("KDOR") requires applicants for a driver's license renewal to provide proof of identity, Social

Security number, and proof of Kansas residency and principal residence, based on information on the KDOR website.  Defendant objected, arguing that these are not "adjudicative facts."  The Court found that these facts met the definition of "adjudicative facts" under the rule, and that it was provided with the necessary information.  Therefore under Rule 201(c)(2), the Court took judicial notice of these facts.

The Court denied Defendant's motion in limine to exclude evidence about his alleged efforts to amend § 5 of the National Voter Registration Act ("NVRA"), including Defendant's deposition testimony designated by Plaintiffs,[1] and counterdesignated by Defendant.[2]  Defendant objected that the evidence is not relevant under Rule 401.  The Court recounted the procedural history of this dispute before Chief Magistrate Judge James P. O'Hara and the undersigned, and concluded that the evidence "has [a] tendency to make a fact more or less probable than it would be without the evidence."[3]  The documents about Defendant's efforts to amend the NVRA, and to lobby then-President-elect Trump's transition team to push for a NVRA amendment in his first-year agenda, have a tendency to show that he understood he could not fulfill the showing required under the Tenth Circuit's test under the current version of § 5 of the NVRA.  The Court's complete ruling was read into the record.

## II.    Motions to Exclude Experts

The Court recited the standards that govern its gatekeeping function in determining admissibility of expert testimony.  The Court then ruled on all pending motions to exclude expert testimony, except Plaintiffs' motion to exclude the testimony of Steven Camerota, which the Court takes under advisement.  As to Defendant's motion to exclude Plaintiffs' expert Lorraine

---

[1]Doc. 440.

[2]Doc. 464.

[3]Fed. R. Evid. 401(a).

Minnite, Ph.D., the Court denied the motion.  The Court overruled Defendant's objections to Dr. Minnite's qualifications, finding that she is qualified to testify as an expert on the incidence and effect of voter fraud in contemporary American elections.  The Court found that Defendant's reliability challenges go to the weight and not the admissibility of the evidence.  To the extent Defendant challenged Dr. Minnitte's opinion on the basis that it goes to the ultimate legal issues in this case, the Court cautioned Plaintiffs not to elicit such testimony.

The remaining two motions to exclude are renewed motions filed by Plaintiffs.  The Court previously granted in part and denied in part these motions in conjunction with the parties' cross motions for summary judgment in a January 3, 2018 Memorandum and Order.[4]  As to Hans von Spakovsky, the Court reaffirmed its summary judgment ruling that his opinion is excluded to the extent he seeks to testify about survey evidence because he has not been qualified as an expert on survey design or methodology.  The Court also excluded von Spakovsky's legal opinions.  The Court otherwise admitted his testimony as an expert on the subjects of elections, election administration, and voter fraud.

The Court also reaffirmed its previous ruling allowing Dr. Jesse Richman's testimony, except for his assertions that his various calculations of the number of noncitizens registered to vote in Kansas under an attestation regime are "substantial."  Whether such number is substantial is question that this Court must ultimately decide as the finder of fact in this matter, and Dr. Richman's opinion on this question is therefore inadmissible under Fed. R. Evid. 704(a). Otherwise, Dr. Richman's opinion as an expert on voting registration, survey construction and analysis, and political methodology, was deemed admissible.  Plaintiffs raise one additional argument in their renewed motion to exclude: that the Court should exclude an exhibit about the

---

[4]Doc. 421.

response rates to a survey relied on by Dr. Richman in his analysis that was attached to Defendant's response to Plaintiffs' original *Daubert* motion last September.[5]  They argue that Dr. Richman did not include this report with either his initial or rebuttal report, and that he was unable to provide the response rates shown in this report at his April 2017 deposition.  Defendant responds that the response rate calculations do not constitute a supplemental report because Dr. Richman testified about the raw data during his deposition, and then applied weighting methods and controls, which Defendant argues is more advanced than looking at the response rates.  Defendant also argues that since Plaintiffs' rebuttal expert Dr. Stephen Ansolabehere calculated Dr. Richman's response rates himself from the raw data, Plaintiffs are armed with the necessary information to cross-examine and challenge the rates included in the spreadsheet at trial.

The Court ruled that the spreadsheet is admissible.  Although all parties agree it was not disclosed until September, Plaintiffs have had plenty of time to review it with their rebuttal expert, they explored the topic with Dr. Richman at his deposition, and they are armed with sufficient information upon which to challenge the response rates to the survey during cross-examination.

The Court's complete rulings on the motions to exclude were read into the record.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Exclude the Testimony and Report of Jesse T. Richman (Doc. 427) is **granted in part and denied in part**; Plaintiffs' Motion to Exclude the Testimony and Report of Hans von Spakovsky (Doc. 428) is **granted in part and denied in part**; Plaintiffs' Motion in Limine for Court to Take Judicial Notice of Adjudicative Facts (Doc. 459) is **granted**; Defendant's Motion to Exclude

---

[5]Doc. 399-12, Ex. K (Sept. 14, 2017).  Plaintiffs cited Exhibit P in their motion, which is an email containing confidence intervals for Dr. Richman's estimates. Doc. 399-17.  The response rate spreadsheet was attached as Exhibit K.

Testimony of Lorraine Minnite (Doc. 431) is **denied**; and Defendant's Motion in Limine to

Exclude Evidence Regarding Alleged Efforts to Amend the NVRA (Doc. 463) is **denied**.

      **IT IS SO ORDERED.**

      Dated: March 14, 2018

                        S/ Julie A. Robinson
                        JULIE A. ROBINSON
                        CHIEF UNITED STATES DISTRICT JUDGE