EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN WAYNE FISH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Case No. 16-2105-JAR-JPO** |
| v. | ) | |
| | ) | |
| KRIS KOBACH, in his official capacity as | ) | |
| Secretary of State for the State of Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>DECLARATION OF STEPHEN DOUGLAS BONNEY</u>

    I, Stephen Douglas Bonney, declare and state the following in support of Plaintiffs' Application for Attorneys' Fees in connection with the Court's contempt ruling (Doc. 520):

    1.  I am an attorney admitted to practice before the state courts of Kansas and Missouri, the United States Supreme Court, the United States Courts of Appeals for the Eighth and Tenth Circuits, and the United States District Courts for the Western District of Missouri and the District of Kansas.  I graduated from the University of Kansas School of Law in 1985.  I have practiced law in the Kansas City Metropolitan Area since 1985.  After graduating from law school, I was an Assistant Regional Attorney for the U.S. Department of Health & Human Services for a little over a year.  From 1986 to 2008, I maintained a civil litigation practice in the areas of labor, employment, and civil rights law, primarily representing labor unions in law firms and as a sole practitioner.  Between 1992 and 2008, I served as a volunteer member of the Legal Panel of the American Civil Liberties Union of Kansas & Western Missouri.  In that capacity, I reviewed complaints about possible constitutional violations, advised the Board of Directors about possible litigation, and litigated many civil liberties issues.  Since September 1, 2008, I have been em-

ployed as the Chief Counsel and Legal Director of the American Civil Liberties Union Foundation of Kansas (previously known as the ACLU of Kansas & Western Missouri).

2.    Since my admission to the bar, I have had substantial experience in civil litigation with a concentration in labor, employment, and civil rights cases.  I have been a contributing author to *Employee Benefits Law* (BNA) and the *Fair Labor Standards Act Treatise* (BNA), and I am a published author of several articles on labor law, civil rights, and civil liberties. *See, e.g.,* "Opening Statement: To Reserve or Not to Reserve – That is the Question," 18 Lab. & Emp. L. Notes 11 (Mich. Bar Summer 2008); "The University Campus as Public Forum: The Legacy of Widmar v. Vincent," 81 UMKC L. Rev. 545 (2012); "Democracy's Rainbow: The Long Ascent and Rapid Descent of Voting Rights in Kansas," 25 Kan. J.L. & Pub. Pol'y 347 (2016).  In my practice, moreover, I have successfully litigated many cases raising constitutional issues. *See, e.g., Quinly v. City of Prairie Village*, 446 F. Supp. 2d 1233 (D. Kan. 2006); *Beach v. City of Olathe*, 185 F. Supp.2d 1229 (D. Kan. 2002); *Webb v. City of Republic*, 55 F. Supp. 2d 994 (W.D. Mo. 1999); *Goodman v. City of Kansas City*, 906 F. Supp. 537 (W.D. Mo. 1995); *Gay & Lesbian Services Network v. Bishop*, 832 F. Supp. 270 (W.D. Mo. 1993).

3.    Despite my experience litigating civil rights and civil liberties cases, I have very little experience with voting rights issues and had never previously been involved in a case involving the National Voter Registration Act (NVRA).  In order to provide adequate representation to our clients in this NVRA case, I associated with experienced co-counsel with expertise in voting rights law generally and NVRA cases specifically.  I am not aware of any previous NVRA cases that have been litigated in Kansas, and I am not aware of any lawyers in Kansas or Missouri who have experience in NVRA litigation.  In this case, the involvement of out-of-state lawyers from

the ACLU's Voting Rights Project and the Dechert law firm saved immeasurable time on legal research and made it possible for the Kansas ACLU to litigate this important case.  Without such help, the Kansas ACLU would have been unable to litigate this case.

I declare under penalty of perjury that all of the foregoing statements are true and correct. Executed on May 7, 2018.

s/ Stephen Douglas Bonney
Stephen Douglas Bonney
Attorney for Plaintiff

3