EXHIBIT D

EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, *et al.*,<br><br>Defendants. | **Case No. 16-2105-JAR-JPO** |

### DECLARATION OF NEIL A. STEINER IN SUPPORT OF
### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND LITIGATION
### EXPENSES IN CONNECTION WITH THEIR MOTION FOR CONTEMPT

I, Neil A. Steiner, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rules 37.2 and 54.2 of the District of Kansas Local Rules, hereby declare as follows:

1. I am a member of the law firm Dechert LLP ("Dechert") and have been admitted *pro hac vice* in this Court to represent Plaintiffs in this action. I respectfully submit this Declaration in support of Plaintiffs' Application for Attorneys' Fees and Litigation Expenses in Connection with their Motion for Contempt. I have personal knowledge of the subject matter in this Declaration and, if called upon, I would competently testify to the facts set forth below.

2. The American Civil Liberties Union ("ACLU"), the ACLU of Kansas ("Kansas ACLU") and Dechert were retained in 2015 to represent Steven Wayne Fish, Donna Bucci, Charles Stricker, Thomas J. Boynton, Douglas Hutchinson and the League of Women Voters of Kansas (collectively, "Plaintiffs"). I have been involved in this litigation since its inception as the lead partner with overall responsibility for Dechert's representation of Plaintiffs and as co-lead counsel for Plaintiffs. In that regard, I drafted or reviewed and approved virtually all of the

substantive pleadings and briefs filed by Plaintiffs in this action in both this Court and before the Tenth Circuit.

**A.  Qualifications of Dechert Attorneys**

3.      I joined Dechert in January 2005 as an associate and became a partner on January 1, 2006.  Prior to joining Dechert, I was an associate with the New York firm Shereff, Friedman, Hoffman & Goodman, LLP and subsequently in the New York office of Swidler Berlin Shereff Friedman, LLP.

4.      I obtained an Artium Baccalaureus, *magna cum laude*, from Duke University in 1994.  I obtained a Juris Doctor, *magna cum laude*, from Harvard Law School in 1997.  I have been admitted to practice in the State of New York since 1998.  I am a member in good standing of the bars of the United States Courts of Appeals for the Second, Sixth, Seventh, Ninth, and Tenth Circuits, and the bars of the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the Eastern District of Michigan and Eastern District of Wisconsin.

5.      I have spent the entirety of my legal career litigating complex, high-stakes cases in federal and state courts and before arbitral tribunals throughout the United States and defending companies and individuals in governmental and regulatory investigations.  I have published ten articles on topics relating to securities litigation and investigations, am the co-author of two chapters in treatises on litigation in federal and New York state courts, and taught a course entitled *Basic Skills for the New Litigating Attorney* for recent graduates of Cardozo Law School.

6.      I am also active in *pro bono* matters, particularly in cases protecting the right to vote.  In addition to this action, I am currently the lead partner at Dechert representing plaintiffs:

2

(i) in a challenge of the Wisconsin voter identification statute, which I successfully tried with the ACLU and the ACLU of Wisconsin in November 2013 and is currently on appeal (for the third time) to the Seventh Circuit Court of Appeals; (ii) in a challenge to the Texas voter identification statute, which a now-retired Dechert partner (Ezra Rosenberg, now with the Lawyers' Committee for Civil Rights Under Law) tried with multiple public interest organizations in 2014 and has since been to the Fifth Circuit Court of Appeals twice, including an *en banc* finding that the voter identification law had a discriminatory effect in violation of Section 2 of the Voting Rights Act; (iii) in a claim under Section 2 of the Voting Rights Act challenging the election of judges to the Texas Supreme Court and the Court of Criminal Appeals, which I tried with the Lawyers' Committee for Civil Rights Under Law in February 2018; and (iv) in an NVRA claim against the Commissioners of the New York State Board of Elections and the Executive Directors of the New York State Board of Elections.  In addition, with the public interest organization Demos, I represent proposed intervenors seeking to intervene as defendants and prevent the unnecessary purges of registered voters in an NVRA action brought by Judicial Watch, Inc. against the California Secretary of State and the Los Angeles County Register.  My prior *pro bono* matters included representing plaintiffs and obtaining favorable settlements in NVRA claims against the states of Ohio (which included arguing *Harkless v. Brunner*, 545 F.3d 445 (6th Cir. 2008), a first-impression case in the Sixth Circuit Court of Appeals), Nevada (which included arguing *National Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015) in the Ninth Circuit Court of Appeals) and Georgia, and the Board of Elections of the City of New York, and obtaining a satellite location for in-person absentee voting on the tribal reservation for Native American residents of Jackson County, South Dakota as a result of a claim under Section 2 of the Voting Rights Act.

7.      **Angela Liu** is an associate in the firm's litigation practice group.  She obtained a Bachelor of Arts, highest honors, Phi Beta Kappa, from The University of North Carolina at Chapel Hill in 2004, where she was also a Morehead Scholar.  She obtained a Juris Doctor from the University of North Carolina School of Law in 2009.

8.      Following law school, Ms. Liu clerked for the Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, and then was an associate in the Chicago office of Katten Muchin Rosenman LLP, before joining Dechert in 2012.

9.      Ms. Liu has been admitted to practice in the State of Illinois since 2009 and the State of Missouri since 2010.  She is a member in good standing of the bars of the United States Supreme Court, the United States Courts of Appeals for the Seventh, Eighth, and Tenth Circuits, and the bars of the United States District Courts for the Eastern District of Wisconsin and the Northern District of Illinois.

10.     Ms. Liu's practice focuses on the defense of publicly-traded companies and their directors and officers in securities class action litigation, derivative litigation, SEC investigations, merger litigation, corporate governance disputes, and other complex commercial litigation.  She also has an active *pro bono* practice.  In addition to this case, she worked with me extensively on the challenge to the Wisconsin voter identification statute both at trial and in the Seventh Circuit.

11.     **Tharuni Jayaraman** is an associate in the firm's litigation practice group.  Ms. Jayaraman obtained a Bachelor of Arts, *summa cum laude*, Phi Beta Kappa, from The University of Pennsylvania in 2011 and a Master in Public Policy from the Harvard Kennedy School in 2016.  She obtained a Juris Doctor, *cum laude*, from Harvard Law School in 2016.  Her JD/MPP

4

capstone/thesis was entitled, "Protecting the Right to Vote: A Toolkit for Lawyer-Organizers Working to Protect the Right to Vote of Native Americans."

12. While in law school, Ms. Jayaraman was a legal intern at the Voting Rights Project of the Lawyers' Committee for Civil Rights Under Law, where she worked on the National Commission on Voting Rights' 2014 report on voting discrimination entitled, "Protecting Minority Voters: Our Work is Not Done."

13. Ms. Jayaraman has been admitted to practice in the State of New York since 2017 and the District of Columbia since 2018.

14. As part of her *pro bono* practice, Ms. Jayaraman is working with me on the NVRA claim against the Commissioners of the New York State Board of Elections and the Executive Directors of the New York State Board of Elections. She has also assisted on the challenge to the Wisconsin voter identification statute.

15. Plaintiffs are also claiming fees for the time spent by paralegal Delaney Berman who assisted in the preparation of the motion for contempt and related papers.

**B. Requested Attorneys' Fees**

16. In accordance with Dechert's standard practices, I contemporaneously recorded all of the time I spent on this action, which my assistant or other members of the administrative staff entered into Dechert's electronic billing system. Other lawyers, paralegals, summer associates and non-lawyer timekeepers at Dechert are likewise required to record their time spent on client matters contemporaneously and to enter or cause their assistants or the administrative staff to enter accurate time records and descriptions of work performed in the Dechert billing system.

5

17. In accordance with this Court's April 18, 2018 Memorandum and Order, Doc. 520, Table 1 below summarizes all the time for which Plaintiffs are seeking fees in connection with:

   a. Drafting the November 11, 2017 letter to Defendant, *see* Doc. 424, Ex. F;

   b. Drafting the November 30, 2017 letter to Defendant, *see* Doc. 424, Ex. I;

   c. Participating in the December 7, 2017 meet and confer with Defendant's counsel;

   d. Drafting Plaintiffs' Memorandum of Law And Facts in Support of Their Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt, *see* Doc. 424;

   e. Drafting Plaintiffs' Reply in Support of Their Motion to Enforce Court Orders and For Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt, *see* Doc. 437; and

   f. Participating in the March 30, 2018 hearing on Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt, *see* Doc. 516.

18. Table 1 sets forth Dechert LLP's customary hourly rate for each attorney, in accordance with their experience level.

| Person | Title | Law School Year | Hours | Hourly Rate | Total |
|---|---|---|---|---|---|
| **Neil Steiner** | Partner | 1997 | 8.40 | $1,140.00 | $9,576.00 |
| **Angela Liu** | Associate | 2009 | 5.10 | $850.00 | $4,335.00 |
| **Tharuni Jayaraman** | Associate | 2016 | 55.80 | $565.00 | $31,527.00 |
| **Delaney Berman** | Paralegal | N/A | 8.10 | $160.00 | $1,296.00 |
| **TOTAL** | | | | | **$46,734.00** |

**Table 1: Attorneys' Fees at Dechert LLP's Customary Rates**

6

19.  For purposes of this application, Plaintiffs' requested rates for each attorney are set forth in Table 2, as follows:

| Person | Title | Law School Year | Hours | Hourly Rate | Total |
|---|---|---|---|---|---|
| **Neil Steiner** | Partner | 1997 | 8.40 | $450.00 | $3,780.00 |
| **Angela Liu** | Associate | 2009 | 5.10 | $350.00 | $1,785.00 |
| **Tharuni Jayaraman** | Associate | 2016 | 55.80 | $275.00 | $15,345.00 |
| **Delaney Berman** | Paralegal | N/A | 8.10 | $110.00 | $891.00 |
| **TOTAL** | | | | | **$21,801.00** |

**Table 2: Requested Attorneys' Fees**

20.  I have limited the request for reimbursement to the time spent by the core team of Dechert attorneys who worked on the underlying contempt motion and related papers and the March 20, 2018 evidentiary hearing, and am not seeking reimbursement for time spent by other Dechert attorneys, notably time spent by such other attorneys participating in conference calls and other strategic decision-making, and reviewing and editing the papers.  Further, to keep costs low and as reflected in Table 1, as much work as possible on the underlying contempt motion and related papers was performed by qualified attorneys with lower hourly billing rates, primarily Ms. Jayaraman, instead of more experienced attorneys who charge higher hourly rates.

21.  Likewise, we have reviewed time records and have not claimed time that I believed to be either redundant or duplicative.  Where more than one attorney is claiming time for a given task, it is because, in my judgment, that additional attorney's time was necessary to the successful completion of the task.  Where it was not necessary, that time was removed from the time records.

22.  In addition to the lodestar methodology described in Plaintiffs' Application for Attorneys' Fees and Expenses, this Court is authorized to consider the additional factors outlined in that Application in concluding that our requested awards are appropriate.  The underlying

motion involved a thorough factual investigation, multiple efforts to resolve this issue outside of litigation, and ultimately, briefing and live testimony at an evidentiary hearing before the Court.

23.     I have reviewed the background and experience of the ACLU attorneys who performed work in connection with the underlying contempt motion.  Table 3 sets forth the customary hourly rates for these attorneys if they were Dechert attorneys or paralegals with the same level of experience (with Mr. Ho comparable to a Dechert partner and Mr. Danjuma and Ms. Lakin comparable to a Dechert senior litigation associate):

| Person | Title | Law School Year | Hourly Rate |
|---|---|---|---|
| **Dale Ho** | Partner | 2005 | $915.00 |
| **R. Orion Danjuma** | Associate | 2010 | $840.00 |
| **Sophia Lin Lakin** | Associate | 2012 | $795.00 |
| **Lila Carpenter** | Paralegal | N/A | $160.00 |

Table 3: ACLU Attorneys at Dechert LLP's Customary Rates

24.     As is shown in Table 4 below, Plaintiffs are also claiming $434.17 in costs and expenses for Dechert LLP's attorneys' travel costs associated with the contempt motion and hearing.

| Person | Title | Hotel | Travel | Total |
|---|---|---|---|---|
| **Neil Steiner** | Partner | $135.80 | $0.00 | $135.80 |
| **Angela Liu** | Associate | $135.80 | $15.09 | $150.89 |
| **Tharuni Jayaraman** | Associate | $135.80 | $11.68 | $147.48 |
| **TOTAL** | | **$407.40** | **$26.77** | **$434.17** |

Table 4: Reasonable Litigation Expenses and Costs

25.     Plaintiffs are also claiming $1,120 in connection with the trial support services – namely the creation of demonstrative exhibits, use of courtroom technology, and electronic presentation of those demonstratives – provided by Mr. Stephen N. Najarian of the firm Legal Horizons during the March 30, 2018 hearing on Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt, *see* Doc. 516.

8

Mr. Najarian provided 8 hours of trial support at a rate of $140.00/hour. Legal Horizon's fees and expenses have been paid by Dechert.

26. These expenses, totaling $1,554.17 were reasonably incurred in the course of providing effective representation to the Plaintiffs, and Plaintiffs' counsel made appropriate efforts throughout the litigation to reduce unnecessary expenses.

27. In sum, Plaintiffs are claiming $23,355.17 in fees and out-of-pocket expenses incurred by Dechert in connection with the contempt motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 7th day of May, 2018, in New York, NY.

/s/ Neil A. Steiner
NEIL STEINER*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
Fax: (212) 698-3599
neil.steiner@dechert.com

*Counsel for Plaintiffs*

* admitted *pro hac vice*

ATTACHMENT 1



DATE    May 7, 2018
INVOICE NO.    144245
FED. ID. 23-1425587

# DECHERT LLP

1095 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-6797

League of Women Voters of Kansas

FOR PROFESSIONAL SERVICES RENDERED through March 31, 2018:

**TOTAL FEES:**                                                                     **$46,734.00**

**TOTAL AMOUNT DUE:**                                                           **$46,734.00**

**PLEASE INCLUDE REFERENCE  NUMBER AND REMIT TO THE ATTENTION OF    ISABEL CAMPOS    AT:**

**DECHERT LLP**
**1095 AVENUE OF THE AMERICAS**
**NEW YORK, NY 10036-6797**

**THE AMOUNT INCLUDED FOR COSTS INCLUDES ALL EXPENSES WHICH HAVE BEEN RECEIVED AND RECORDED THROUGH THE END OF THE MONTH PRECEDING THE DATE OF THIS STATEMENT.  ANY ADDITIONAL EXPENSES RECEIVED AFTER THAT DATE WILL BE BILLED IN THE FUTURE. PAYMENT DUE IN U.S. DOLLARS UPON RECEIPT OF INVOICE. AFTER 30 DAYS A LATE CHARGE OF 1% PER MONTH (OR SUCH LOWER RATE AS REQUIRED BY APPLICABLE LAW) WILL BE DUE.**

**DECHERT LLP**
DESCRIPTION OF LEGAL SERVICES
March 31, 2018

| **TIMEKEEPER** | | **RATE** | **HOURS** | **FEES** |
|---|---|---|---|---|
| N. Steiner | Partner | 1,140.00 | 8.40 | 9,576.00 |
| A. Liu | Associate | 850.00 | 5.10 | 4,335.00 |
| T. Jayaraman | Associate | 565.00 | 55.80 | 31,527.00 |
| D. Berman | Paralegal | 160.00 | 8.10 | 1,296.00 |
| | **TOTALS** | | **77.40** | **$46,734.00** |

**DECHERT LLP**
DESCRIPTION OF LEGAL SERVICES
March 31, 2017

| DATE | ATTY | HOURS | DESCRIPTION |
|---|---|---|---|
| 09/20/17 | TAJ | 1.40 | Drafted letter to defendant. |
| 09/21/17 | TAJ | 3.00 | Drafted letter to defendants. |
| 09/27/17 | TAJ | 3.30 | Edited letter to defendant's counsel regarding notice and discovery issues. |
| 09/28/17 | TAJ | 1.00 | Edited letter to defense counsel. |
| 09/29/17 | DB | 0.30 | Assisted T. Jayaraman with proofreading letter. |
| 10/03/17 | TAJ | 1.50 | Edited letter to defendant. |
| 11/13/17 | TAJ | 4.80 | Drafted motion to compel. |
| 11/14/17 | TAJ | 1.00 | Edited motion to compel. |
| 11/15/17 | TAJ | 4.40 | Edited motion to compel and motion for sanctions. |
| 11/16/17 | TAJ | 4.90 | Edited motion to compel and motion for contempt. |
| 11/27/17 | TAJ | 2.40 | Drafted response letter to opposing counsel. |
| 11/28/17 | TAJ | 1.40 | Edited response letter to opposing counsel. |
| 11/29/17 | TAJ | 0.80 | Edited response letter to opposing counsel. |
| 11/30/17 | TAJ | 1.30 | Edited response letter to opposing counsel. |
| 12/06/17 | TAJ | 2.40 | Edited motion for contempt. |
| 12/07/17 | TAJ | 3.00 | Meet and confer with defendant; drafted follow-up email. |
| 12/11/17 | TAJ | 0.60 | Edited motion for contempt. |
| 12/12/17 | AML | 0.50 | Review motion for contempt |

| DATE | ATTY | HOURS | DESCRIPTION |
|---|---|---|---|
| 12/12/17 | DB | 0.60 | Assist T. Jayaraman with proofreading. |
| 12/12/17 | TAJ | 2.40 | Edited motion for contempt |
| 12/20/17 | AML | 1.00 | Attend conference call; review motion for sanctions. |
| 12/20/17 | TAJ | 1.70 | Edited motion for contempt. |
| 12/21/17 | DB | 0.80 | Assist T. Jayaraman with proofreading. |
| 12/21/17 | TAJ | 2.50 | Edited motion for contempt. |
| 12/22/17 | NAS | 0.40 | Review draft motion for contempt and email correspondence with DH regarding same. |
| 12/22/17 | TAJ | 1.20 | Edited motion for contempt. |
| 01/04/18 | TAJ | 2.00 | Updated motion for contempt. |
| 01/04/18 | DB | 0.10 | Confer with T. Jayaraman regarding preparation of Motion for Contempt |
| 01/05/18 | TAJ | 3.30 | Edited motion for contempt. |
| 01/05/18 | DB | 1.30 | Assist T. Jayaraman with proofreading Motion for Contempt. |
| 01/07/18 | TAJ | 1.60 | Edited motion for contempt. |
| 01/08/18 | TAJ | 3.90 | Edited motion to compel; prepared corresponding exhibits. |
| 01/08/18 | DB | 5.00 | Continue to assist T. Jayaraman with preparation of Memorandum in Support of Motion to Enforce Court Orders and for Order to Show Cause. |
| 01/22/18 | NAS | 0.50 | Review opposition to contempt. |
| 01/23/18 | NAS | 0.50 | Review and revise reply brief on contempt; email correspondence with co-counsel. |
| 03/19/18 | NAS | 2.00 | Prep for contempt hearing. |
| 03/20/18 | NAS | 5.00 | Contempt hearing |

| **DATE** | **ATTY** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 03/20/18 | AML | 3.6 | Prepare for and attend contempt hearing. |

| **TOTAL HOURS:** | | **77.40** | **AMOUNT:** | **$46,734.00** |



# REMITTANCE TRANSMITTAL FORM

PLEASE MAKE YOUR CHECK PAYABLE TO
**DECHERT LLP**

| | |
|---|---|
| PLEASE COMPLETE THE TOP PORTION AND RETURN THIS FORM WITH YOUR PAYMENT TO: | STATEMENT DATE: May 7, 2018 |
| | STATEMENT REFERENCE NO: 144245 |
| DECHERT LLP | AMOUNT PAID: |
| 1095 AVENUE OF THE AMERICAS | |
| NEW YORK, NY 10036-6797 | CHECK #: |

| **FOR DECHERT USE ONLY** | **FOR FINANCE USE ONLY** |
|---|---|
| ATTORNEY NAME: | TOTAL AMOUNT: |
| PREPARED BY: Icampos | CHECK#: |
| CLIENT & MATTER NO: 144245 | DATE DEPOSITED: |
| CLIENT NAME: League of Women Voters of Kansas | |
| | (WSPB) |

**Comments:**

**PLEASE RETURN THIS FORM WITH YOUR PAYMENT**