IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRIS KOBACH, in his official capacity as ) <br> Secretary of State for the State of Kansas, et ) <br> al., ) <br> ) <br>     Defendants. ) <br> ──────────────────────── ) | Case No. 16-2105-JAR-JPO |

**DEFENDANT'S MOTION FOR A STAY OF BRIEFING REGARDING PLAINTIFFS APPLICATION FOR ATTORNEY FEES, OR IN THE ALTERNATIVE, AN EXTENSION OF TIME TO RESPOND**

Defendant Kobach respectfully requests a stay of responsive briefing on the issue of the amount of the sanction the Court will award Plaintiffs in the form of attorney fees. This Court's finding of indirect civil contempt and the imposition of a sanction is currently on appeal in the Tenth Circuit. Because a stay of the judgment is required under K.S.A. § 20-1205, defense counsel attempted to contact opposing counsel, Mr. Ho, on Friday, May 18, 2018 to seek agreement or to confirm that briefing is stayed but Mr. Ho has failed to respond. Although not technically a motion for fees, opposing counsel's submission requires a response. Absent a stay, a response to a non-dispositive filing is due within 14 days, which would be May 21, 2018. Local Rule 6.1(d). In light of the pending appeal, Defendant requests a stay of proceedings until the reviewing court has ruled. A stay of proceedings is warranted because the communications between the parties, as reflected in the submission, are directly related to the finding of contempt. In the alternative, Defendant requests an extension of time of 30 days to respond to opposing counsel's submission.

**I.      Divestiture of Jurisdiction Applies to All Matters Involved in the Appeal**

The filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (citation omitted).  Regardless of the type of appeal, the district court is divested of jurisdiction over the matters involved in the appeal.  *Id.*  "The district court retains jurisdiction [only] over 'peripheral matters unrelated to the disputed right,' so divestiture turns on the nature of the defense that is the subject of the appeal." *Id.* at 576.  Here, the matters involved in the appeal are inseparable from the communications exchanged between the parties because the Court based its finding, in part, on the agency's responses and actions to each communication occurring over a nine-month period.

## II.     Requested Fees Cover Nine Months of Time Entries from Eight Different Timekeepers Located in a Different Market

Counsel has submitted fees in excess of $50,000 for one motion. The fees were incurred by eight different timekeepers working in different law firms and in different geographical markets.  The time entries are spread out over the course of nine months and appear to coincide to responses and actions taken by Defendant.  The analysis as to the appropriateness of the entries (who did the work, how long it took, whether it was necessary, whether it was related to alleged violations of a court order, and the hourly billable rate as compared to the local market, etc.) will be time-consuming and likely duplicative of the analysis on appeal. For this reason, it would serve judicial economy to address counsel's submitted fees after the reviewing court has ruled on the appeal.

## III.    Conclusion

For all of these reasons, Defendant respectfully requests a stay of responsive briefing related to the fee submission until the Tenth Circuit rules.  The fees pertain to communications between the parties that may either refute or support a finding of contempt, making them related

to the matters on appeal. In the alternative, due to the complexity of the fees submitted, Defendant requests an extension of 30 days to respond.

Dated: May 20, 2018                                  Respectfully submitted,

/s/ *Sue Becker*
Sue Becker, Kansas Bar No. 27806
KANSAS SECRETARY OF STATE'S OFFICE
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: sue.becker@ks.gov

*Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 20th day of May, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*

3