## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, *et al.*,  )
)
Plaintiffs,  )
)  **Case No. 16-2105-JAR-JPO**
v.  )
)
KRIS KOBACH, in his official capacity as  )
Secretary of State for the State of Kansas,  )
)
Defendant.  )
)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A STAY, OR IN THE ALTERNATIVE, AN EXTENSION OF TIME TO RESPOND

Plaintiffs submit this memorandum in response to Defendant's Motion for a Stay, or in the Alternative, an Extension of Time to Respond. *See* Def.'s Motion for Stay, Doc. 532. Plaintiffs oppose Defendant's motion for a stay, but do not oppose a reasonable extension of time, *e.g.*, up to 14 days, for Defendant to respond to Plaintiff's Application for Attorney's Fees (Doc. 529) in connection with this Court's Order finding Defendant in Contempt of Court (Doc. 520).

### I.   Defendant's Request for a Stay

Defendant raises two arguments in support of his request for a stay. Neither is availing.

First, Defendant asserts that this Court lacks jurisdiction over Plaintiffs' fee application because Defendant has filed a notice of appeal. That argument is frivolous and ignores controlling Tenth Circuit authority. As the Tenth Circuit has made clear, "even after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney's fees." *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987); *see also City of Chanute, Kan. v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir.1992)

("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."); *McKinsey v. Sentry Ins.*, No. CIV. A. 90-2387-L, 1992 WL 279753, at *1 (D. Kan. Sept. 9, 1992) ("[I]t seems clear that this court has not lost jurisdiction to enter a fee award merely because the case has been appealed").[1]

Second, citing no authority, Defendant asserts that a stay is warranted because Plaintiffs' application for fees involves "eight different timekeepers working in different law firms and in different geographical markets." Motion for Stay, Doc. 532, at 2. The number of attorneys involved in this matter is irrelevant to the issue of whether a stay is appropriate. And Defendant's assertion that this Court's resolution of Plaintiffs' fee application will "likely [be] duplicative of the analysis on appeal," *id.*, is a non-sequitur. This Court should address the propriety of Plaintiffs' fee application in the first instance. *Cf. Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996) ("The district court's discretion allows it to depart from the traditional rule of each party paying its own litigation costs, expenses and attorney's fees.").

## II.     Defendant's Alternative Request for an Extension of Time to Respond

In the alternative, Defendant has requested an extension of time to respond to Plaintiffs' fee application.

---

[1] Moreover, Defendant's appeal of this Court's interlocutory civil contempt order was patently improper and is already subject to a pending motion to dismiss. "Generally, a party to a pending proceeding may not appeal from an order of civil contempt except as part of an appeal from a final judgment, whereas an adjudication of criminal contempt is a final order appealable prior to final judgment." *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (internal quotation marks and citation omitted). An exception permits interlocutory appeal of civil contempt orders issued in the post-judgment phase of a case, but that exception plainly does not apply here. *See United States v. Gonzales*, 531 F.3d 1198, 1202 (10th Cir. 2008) ("[I]n the postjudgment stage of a case, once the finding of contempt has been made and a sanction imposed, the order has acquired all the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under 28 U.S.C. § 1291.") (internal quotation marks and citation omitted).

As an initial matter, with respect to his request for an extension, Defendant has not satisfied his meet-and-confer obligations under Local Rule 7.1 (setting forth the obligation of a movant to state whether a motion is unopposed).  Last Friday, at 2:49 pm CT on May 18, 2018—which is the last day business day before Defendant's response to Plaintiffs' fee application is currently due (*i.e.*, today, Monday, May 21, 2018)—Defendant's counsel Sue Becker sent an email to Plaintiffs' counsel requesting a stay.  *See* Motion for Stay, Doc. 532, at 1.  In her email, Ms. Becker did not request, in the alternative, an extension of time to respond to Plaintiffs' fee application.  Before waiting a single business day for Plaintiffs to respond to his inquiry, Defendant then filed his motion on Sunday evening, May 20, 2018.

Notwithstanding the above, Plaintiffs would not oppose up to a 14-day extension for Defendant to file his response to Plaintiffs' fee application.  Defendant's proposal for 30 additional days of response time is excessive.  *See* Local Rule 54.2(e) (providing 14-days standard response time for fees accumulated throughout a case).  A 14-day extension would set Defendant's response date as June 4, 2018.

DATED this 21st day of May, 2018.

Respectfully submitted,

/s/ Stephen Douglas Bonney
STEPHEN DOUGLAS BONNEY (#12322)
American Civil Liberties Union of Kansas
6701 W 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
Fax: (913) 490-4119
dbonney@aclukansas.org

/s/ Dale E. Ho
DALE HO*
R. ORION DANJUMA*
SOPHIA LIN LAKIN*
EMILY R. ZHANG*
American Civil Liberties Union Foundation,
125 Broad St.
New York, NY 10004
Phone: (212) 549-2693
dale.ho@aclu.org
odanjuma@aclu.org
slakin@aclu.org
ezhang@aclu.org

NEIL A. STEINER*                           ANGELA M. LIU*
REBECCA KAHAN WALDMAN*                      Dechert LLP
DAPHNE T. HA*                               35 West Wacker Drive
Dechert LLP                                 Suite 3400
1095 Avenue of the Americas                 Chicago, Illinois 60601-1608
New York, NY 10036                          Phone: (312) 646 5816
T: (212) 698-3822                           Fax: (312) 646 5858
F: (212) 698-3599                           angela.liu@dechert.com
neil.steiner@dechert.com
rebecca.waldman@dechert.com
daphne.ha@dechert.com

*Counsel for Plaintiffs*                    * admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on this 21st day of May, 2018, I electronically

filed the foregoing document using the CM/ECF system, which automatically sends notice and a

copy of the filing to all counsel of record.

/s/ Stephen Douglas Bonney
STEPHEN DOUGLAS BONNEY (#12322)

*Attorney for Plaintiffs*