

**KRIS W. KOBACH**
Secretary of State

**STATE OF KANSAS**

Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4575
www.sos.ks.gov

June 13, 2018

Clerk of the United States District Court
District of Kansas
Robert J. Dole Courthouse
500 State Ave.
Kansas City, Kansas 66101

    Re:    *Fish v. Kobach*, Case No. 16-CV- 2105- JAR
           Supplemental Authority Letter filed Pursuant to D. Kan. Rule 7.1(f)
           Supporting Defendant's Arguments in Doc. 97, pp. 35-39; Doc. 383,
           pp. 44-50; Trial Trans. pp. 2042-2043

Dear Clerk of the Court:

On Monday, the U.S. Supreme Court handed down its decision in *Husted v. A. Philip Randolph Inst.*, No. 16-980, 584 U.S. ____ (2018). The decision affirms that the NVRA does not specifically prohibit the Ohio Legislature from using nonvoting as a trigger to mail return cards to registrants. In relevant part, the Court held:

> What matters for present purposes is not whether the Ohio Legislature overestimated the correlation between nonvoting and moving or whether it reached a wise policy judgment about when return cards should be sent. For us, all that matter is that *no provision of the NVRA prohibits the legislature from implementing that judgment. Neither subsection (d) nor any other provision of the NVRA demands that a State have some particular quantum of evidence of a change of residence before sending a registrant a return card.* So as the trigger for sending such notices is "uniform, nondiscriminatory, and in compliance with the Voting Rights Act," §20507(b)(1), States can use whatever plan they think best.

*Husted*, Slip Op.at 18 (emphasis added).

As in the instant case, the plaintiffs attempted to read an implicit prohibition into the NVRA. But the Court insisted that such a prohibition must be clearly stated in the text of the NVRA. The same reasoning applies here.

*Husted* is also relevant because the plaintiffs were advancing policy arguments against the State's law. The Court rejected such arguments:

[T]his case presents a question of statutory interpretation, not a question of policy. We have no authority to second-guess Congress or to decide whether Ohio's Supplemental Process is the ideal method for keeping its voting rolls up to date. The only question before us is whether it violates federal law. It does not.

*Id.* at 21.

The policy arguments advanced by Plaintiffs in the instant case – about alternatives to the DPOC law – should be similarly rejected.


Respectfully submitted,

Kris W. Kobach
Kansas Secretary of Sate