June 14, 2018

**VIA ECF**

Timothy M. O'Brien, Clerk of the Court
U.S. District Court for the District of Kansas
Robert J. Dole United States Courthouse
500 State Avenue, Suite 259
Kansas City, KS 66101

> Re:   ***Fish v. Kobach*, No. 16-2105-JAR-JPO**
>        ***Defendant Kobach's Notice of Supplemental Authority***



National Office
125 Broad Street, 18th floor
New York NY 10004
(212) 549-2500
aclu.org

Dear Mr. O'Brien:

The purported supplemental authority cited by Defendant Kobach, *Husted v. A. Philip Randolph Inst.*, No. 16-980, 584 U.S.___(2018), is inapposite.  *Husted* involved Section 8 of the NVRA, which governs States' ability to remove voters from registration rolls.  *Husted* held that the NVRA permits States to purge voters who do not vote during a two-year period, then fail to return a postcard notice, then do not vote for an additional four years.

The legal issue in *Husted* is not present in this case, which instead involves Section 5 of the NVRA and its directive that States "may require only the minimum amount of information necessary" to assess motor voter applicants' eligibility.  52 U.S.C. § 20504(c)(2)(B)(ii).  Here, the Tenth Circuit has already interpreted the pertinent statutory provisions and held that an "attestation under penalty of perjury is the *presumptive* minimum amount of information" States may demand.  *Fish v. Kobach*, 840 F.3d 710, 716–17 (10th Cir. 2016).

Nothing in *Husted*—either directly or by implication—calls the Tenth Circuit's analysis into question.  Defendant quotes *Husted* for the proposition that no "provision [in Section 8] of the NVRA demands that a State have some particular quantum of evidence of a change of residence before sending a registrant a return card."  Slip Op. at 18.  But this proposition supports Plaintiffs, not Defendant.  In contrast to the provisions analyzed in *Husted*, Section 5 expressly restricts the "particular quantum" of information a State may demand from motor voter applicants to "only the minimum amount."  § 20504(c)(2)(B)(ii).

Defendant further suggests that *Husted* supports him because the Supreme Court purportedly rejected policy arguments against the challenged state practice.  But here it is Defendant who seeks to

impose his own policy preference for a DPOC requirement in violation of the NVRA's text.  The evidence at trial established that Defendant cannot advance credible evidence of substantial numbers of noncitizens registering to vote and has failed to exhaust readily available alternatives to DPOC—which conclusively demonstrates that DPOC exceeds the "minimum amount of information necessary" from motor-voter applicants.  Defendant has "no authority to second-guess Congress" here. *Husted*, slip. op. at 21.



|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/ Stephen Douglas Bonney | /s/ R. Orion Danjuma |
| Stephen Douglas Bonney | R. ORION DANJUMA* |
| (#12322) |  |
|  | Counsel for *Fish* Plaintiffs |
|  | *admitted *pro hac vice* |

**CERTIFICATE OF SERVICE**

I, Stephen Douglas Bonney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the Court's CM/ECF system this 14th day of June, 2018. Accordingly, copies of the foregoing will be served on all counsel of record who are registered users of the Court's CM/ECF system.

s/ Stephen Douglas Bonney
Stephen Douglas Bonney (#12322)

Counsel for *Fish* Plaintiffs