**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN WAYNE FISH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16-2105-JAR-JPO |
| v. | ) | |
| | ) | |
| KRIS KOBACH, in his official capacity as | ) | |
| Secretary of State for the State of Kansas, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| PARKER BEDNASEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-9300-JAR-JPO |
| v. | ) | |
| | ) | |
| KRIS KOBACH, in his official capacity as | ) | |
| Secretary of State for the State of Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STATUS REPORT REGARDING COMPLIANCE**

Pursuant to this Court's June 18, 2018 Findings of Fact and Conclusions of Law issued in the above-captioned matters, the *Fish* Plaintiffs, Plaintiff Bednasek, and Defendant Kobach, respectfully submit this joint status report regarding Defendant's compliance with the Court's permanent injunction. *Fish* Doc No. 542 at 10; *Bednasek* Doc No. 219.

On June 18, 2018 this Court issued a permanent injunction ("the Order") in the cases of *Fish v. Kobach* and *Bednasek v. Kobach* enjoining Defendant Kobach that held, among other things, that "K.S.A. § 25-2309(l) and K.A.R 7-23-15, violate § 5 of the NVRA and infringe on

1

the right to vote under the Fourteenth Amendment" and ordered that "Defendant shall not enforce the DPOC law and accompanying regulation against voter registration applicants in Kansas." *Fish* Doc. No 542 at 108; *Bednasek* Doc. No. 219 at 108.  The Court also concluded that specific compliance measures with the permanent injunction were warranted and further ordered Defendant to comply with the following specific measures:

> (1) To the extent he has not already done so, Defendant shall provide all registrants covered by the permanent injunction with the same information provided to other registrants (including but not limited to certificates of registration); and must ensure that all elections-related public education materials (including but not limited to voter-aimed notices and websites, in all languages in which those documents are available, including English and Spanish) make clear that voter registration applicants need not provide DPOC in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications.

> (2) Defendant shall instruct all state and county elections officers, and must ensure that all training and reference materials for elections officials in Kansas (including but not limited to the SOS's County Elections Manual) make clear, that voter registration applicants need not provide DPOC in order to be registered to vote, and need not provide any additional information in order to complete their voter registration applications.

> (3) Defendant shall maintain the "Voter View" website to accurately reflect covered voters' registration status.

> (4) Defendant shall ensure that, in counties that use paper poll books, the names of all registrants lacking DPOC appear in the same manner and in the same list as all other registered voters' names, and that all registrants covered by this Order shall be entitled to vote using standard ballots rather than provisional ballots at polling places on Election Day or when they request advance mail-in ballots.

*Fish* Doc. No 542 at 109; *Bednasek* Doc. No. 219 at 109.  "[T]o verify compliance with the permanent injunction," including these specific compliance measures, the Court ordered the parties to "meet, confer, and file a joint status report 30 days before the next primary election

scheduled in Kansas."[1] *Fish* Doc. No 542 at 110; *Bednasek* Doc. No. 219 at 110.  On June 20, 2018, Defendant Kobach issued a set of instructions to county elections officials (the "June 20, 2018 Instructions"), attached hereto as Exhibit A, that described this Court's ruling and directed the counties to undertake a number of actions in order to comply with the permanent injunction. On June 25, 2018, counsel for the *Fish* Plaintiffs and Plaintiff Bednasek sent a letter to Defendant Kobach (the "June 25 Letter"), attached hereto as Exhibit B.  The letter requested that Defendant Kobach confirm that he or his office is undertaking certain actions and practices in conjunction with the directive issued to the counties that Plaintiffs believe are necessary to comply with the permanent injunction and specific court-ordered compliance measures.  The parties have conferred on the items in the June 25 Letter, and the following paragraphs reflect the parties' current positions with respect to these items:

1.    <u>**Registering all registrants covered by the Court's permanent injunction**</u>.

Defendant states that there are no longer any Kansas voter registrants whose registrations are in suspense or cancelled due solely to lack of documentary proof of citizenship ("DPOC"), *i.e.*, the voter records of all registrants covered by the permanent injunction are in "Active" status.  For verification purposes, Defendant sent Plaintiffs a file at 5:28pm on July 5, 2018 that purportedly contained all records in the ELVIS system with a status of Active, Inactive, Cancelled, and Suspense and reason codes attached.  This file, however, listed only one of the Plaintiffs, and, according to Defendant, inadvertently omitted "Active" records that did not also have reason codes.  Defendant sent a new file late on July 6, 2018.  Plaintiffs are still reviewing

---

[1] The next primary is scheduled for Tuesday, August 7, 2018, rendering the parties' joint status report due on Sunday, July 8, 2018.  However, the parties agreed to file this report on Friday, July 6, 2018.

this file and will advise the Court as soon as possible if the information in the file present any concerns with respect to Defendant's compliance with the permanent injunction.

     2.    **Information sent to registrants covered by the permanent injunction.**

Defendant has confirmed that once registrants covered by the permanent injunction are in "Active" status, they will receive the same notices and other election-related mailings as any other registrant in "Active" status going forward. Defendant has also confirmed that registrants covered by the permanent injunction will not receive any of the interim notices ordered by the Court as a result of the preliminary injunction ruling in the *Fish* case.

     3.    **Elections-related public education.**  Defendant states that he has complied with the Court's Order and has attempted to ensure that what is on the state election websites and other election-related public-education materials is correct and accurately reflects this Court's Orders. Plaintiffs have confirmed to the best of their ability that this is accurate with one exception noted below, but reserve the right to raise additional compliance concerns with respect to these public education materials, if any, that come to their attention in the future.

- ***Removing references to the DPOC requirement.***  Defendant states that his office has removed language indicating that DPOC is required for voter registration from state websites and that all links to voter registration applications on state materials are to registration forms (including the online application) that do not reference a DPOC requirement or otherwise indicate that a registrant needs to provide any additional information to complete a voter registration application. The parties, however, disagree about the permanent removal of a file entitled "Proof of Citizenship

Statistics," available at www.kssos.org/elections/elections_registration_voterreg.asp.[2]
This file states numbers for the following categories: "Number of persons who have
applied to register to vote at DMV and not yet provided proof of citizenship";
"Number of persons who have applied to register to vote and have not yet provided
proof of citizenship"; "Number of persons who have applied to register to vote and
did not complete application by providing proof of citizenship."

    *Plaintiffs' position with respect to this file*:  Maintaining this file as a public-
facing document on the KSOS website perpetuates the false impression that the
DPOC law is still in effect.  Defendant's reliance on KORA here is misguided
and improper.  KORA governs information state officials must produce in
response to a public records request and as such has no bearing on this issue.
Neither the information in the Court's Order nor the provisions of KORA grant
Defendant a license to publicize information about the enjoined DPOC
requirement that is misleading of confusing on state websites.

    *Defendant's position with respect to this file*:
This file is an excel spreadsheet which contains numbers of individuals who had
at one time provided evidence of citizenship along with voter registration
information.  Similar statistics are included in this Court's order.  *See Fish*,
Doc. 542, at 24; *Bednasek*, Doc. 209, at 24.  Under Plaintiffs' position, if
Defendant put a portion of this Court's ruling on the website, it would
"perpetuate" some unexplained "false impression that the DPOC law is still in

---

[2] As of the time of filing, this file was temporarily removed from the website.  Counsel for
Defendant, Mr. Roe states, however, that he believes that this file will be put back up at a later
date.

effect." Additionally, this particular document is a public record under KORA so under state law it must be provided, absent some exception. *See* K.S.A. 45-216 *et seq.* Thus, whether this particular excel spreadsheet was removed from the website, the document would still be publicly available under KORA. To Defendant's knowledge, every reference or link to proof of citizenship being required to register to vote has either been removed or includes clarifying language that the proof of citizenship requirement is not required to register to vote. The removal of this excel file is not within the scope of the Court's Order and removal is not required.

- ***Affirmative language and video on election law changes.*** Defendant states that the links to the video on election law changes referencing the documentary proof of citizenship requirement have been removed from state websites and a notice has been placed on the statutes and regulations page that the documentary proof of citizenship law is not in effect. Plaintiffs and Defendant have discussed modifying language on the http://www.sos.ks.gov/elections/elections_registration.html as well. This discussion will continue next week. Plaintiffs have confirmed to the best of their ability that this is accurate and adequate. Plaintiffs reserve the right to raise additional compliance concerns on these matters, if any, that come to their attention in the future.

4. **Instructions, training, and reference materials for state and county elections officers.**

- ***Additional instructions to the counties.*** Defendant has stated that his office will provide additional instructions to the counties. Defendant has shared those

instructions with Plaintiffs and they will be issued soon. Plaintiffs maintain these are necessary to ensure that there is not confusion regarding compliance with this Court's permanent injunction. Defendant agreed to send these instructions despite the office's belief that the first set of instructions were accurate, particularly in light of Defendant verifying that the county election offices were updating the records within the ELVIS system.

- ***The Kansas Election Standards.*** Defendant has revised the chapter on voter registration in the Kansas Elections Standards, which Defendant understands to be the "SOS's County Elections Manual" referenced by the Court, to remove references to the DPOC requirement. That chapter is being provided to the counties with the forthcoming instructions. Defendant has also revised the following chapter on election administration to remove references to the DPOC requirement. The Kansas Election Standards, however, will not be put back onto state websites until the entire book can be revised to be consistent with current law. Plaintiffs have reviewed these two chapters and confirm to the best of their ability at this time that references to the DPOC requirement have been removed.

- ***Other Training and Reference Materials***. Defendant assures Plaintiffs that any conference calls and training that occur will be in compliance with this Court's orders as the instructions have made clear. Plaintiffs have no reason at this time to doubt this information but reserve the right to raise any compliance issues with respect to any training and reference materials, if any, in the future.

5.    **"Voter View" website.** Defendant has confirmed that his office is "maintain[ing] the 'Voter View' website to accurately reflect covered voters' registration and election

information, including their polling place information.  It is Defendant's belief that the "VoteKansas" app provides similar information.

6.    **Poll books and ballot.**  Defendant has confirmed that all registrants covered by the permanent injunction will "appear in the same manner and in the same list as all other registered voters' names" and will receive a standard rather than provisional ballot at polling places or when they request advance mail-in ballots.  Defendant confirms that unless a covered registrant's status changes due to the operation of lawful list maintenance procedures, that registrant will continue to appear on all pollbooks in the same manner and list as all other registered voters and receive a standard ballot going forward.

7.    **Citizenship document tracking.**

**Plaintiffs' position**:  Although the DPOC law and accompanying regulation have been enjoined, Defendant has instructed county election officials to continue to record DPOC provided by applicants.  *See* Ex. A at 2 ¶ 4.  Plaintiffs object to this instruction.  Since the law has been permanently enjoined without an intervening stay, Defendant does not appear to have any legal authority to instruct officials to continue to accept and record DPOC.  Election officials' continuing to accept and record DPOC will confuse voters and perpetuate the impression that the DPOC law is still in effect.  The statutes cited by Defendant are wholly inapposite and in no way authorize him to perpetuate confusion by instructing county election officials to continue collecting DPOC.  Nor does the possibility that a higher court could reverse this Court's ruling permit Defendant to foster the impression that the DPOC law is still in effect.

**Defendant's position:**

The office's instructions to the counties stated:  "Do not ask for documentary proof of citizenship of any voter registration applicant."  Ex. A, ¶ 4.  The office also instructed that "Any

8

person who has applied to register to vote and has not provided documentary proof of

citizenship, shall be treated the same as a person who has provided documentary proof of

citizenship." The instructions indicate that election offices shall not ask for or require proof of

citizenship to register to vote.

However, the office believes that despite the fact that no county election office will be

asking for evidence of citizenship, individuals may still present this information on their

own. Defendant does not know how many individuals will do this, but the instruction regarding

accepting documents is intended to deal with that scenario. Those documents could prove useful

for later investigations as well as attempting to utilize some of the "alternatives" that this Court

discussed in its ruling and for which Plaintiffs argued were available.

First, accepting these documents allows the office to perform an important prosecutorial

and criminal investigative function. The Kansas Secretary of State's Office has prosecutorial

authority over election crimes. Thus, the Office has an investigative reason for both accepting

citizenship documents (when voluntarily provided) and for continuing to verify citizenship status

with KDOR and KDHE. Defendant likewise would have this interest even if there was not

specific statutory authority for prosecutorial authority so that Defendant could refer any crimes

for investigation to other law enforcement personnel. If there is an accusation that someone is

not a citizen, one of the first actions this office would take would be to check the individual's

ELVIS file. If documentation is on file, then the investigation can either be expediently closed

or this office will potentially identify additional criminal activity. One of Plaintiffs' positions in

this case was that a signature attestation alone was sufficient to ensure that an individual is a

citizen for voter registration purposes. Plaintiffs should agree that if someone voluntarily

provides evidence of citizenship, that document would further support that the individual is a

citizen, as opposed to an individual voluntarily providing forged documents that are not required to register to vote.

According to the Court's order, this office has "[s]everal alternatives . . . when taken together, that would be sufficient to reduce the nominal amount of noncitizen registration that occurs through an attestation regime." *Fish*, Doc. 542, at 94; *Bednasek*, at 94.  Continuing to verify whether Kansas agencies have a citizenship or noncitizen documents on file and continuing to accept any *voluntarily* provided documents, would aid this office in its efforts to identify individuals who are not United States citizens and thus ensure accurate voter rolls.  It appears that although Plaintiffs argued that Defendant had alternative means besides requiring evidence of citizenship for registration purposes in order to identify noncitizens from registering to vote, Plaintiffs are attempting to prevent Defendant from undertaking some of those alternatives, including prosecution.  It is a requirement in Kansas that one be a qualified elector.  *See* Kan. Const. Art. 5, Sec. 1.  It is a crime to vote without being qualified.  *See* K.S.A. 25-2416.  It is a crime to falsely swear citizenship to register to vote.  *See* K.S.A. 25-2411.

Second, even aside from the legitimate law enforcement reasons, this office is statutorily authorized with the discretion as to how to track individuals within the ELVIS system.  *See* 52 U.S.C. §§ 21083; 21085.  This Court's ruling which prohibits county election officials from requiring evidence of citizenship in order for someone to register to vote does not alter these statutes which in particular leaves "[t]he specific choices on the methods of complying with the requirements of this subchapter . . . to the discretion of the State." *Id.* at 21085.  As noted above, everyone is an active registered voter, receiving the same information as other registered voters, and will be voting in the same manner.  Plaintiff has not identified any statute or portion of a ruling by this court which prohibits county election officials from continuing to accept

citizenship documents when spontaneously provided, verifying whether the State has citizenship

or non-citizenship documents on file with other agencies, or tracking within its own computer

database individuals who have been confirmed to have citizenship documents.

Third, another federal statute, 8 U.S.C. 1373, states that "Notwithstanding any other

provision of Federal, State, or local law, a Federal, State, or local government entity or official

may not prohibit, *or in any way restrict*, any government entity or official from sending to, or

receiving from, the [Department of Homeland Security] information regarding the citizenship or

immigration status, lawful or unlawful, of any individual."  8 U.S.C. 1373(a) (emphasis

added).  While Defendant does not know whether DHS will respond to future requests for

verification, this Court clearly contemplated that possibility remains.  *See Fish*, Doc. 542 at 74-

75; *Bednasek*, Doc. 219, at 74-75.  Plaintiffs are attempting to read this Court's decision to

restrict the mandate of 8 U.S.C. 1373 by restricting the documents which county election officers

can accept or verify.  Plaintiffs' position also appears to be precluded by 8 U.S.C. 1373(b).

Plaintiffs' position would "restrict" state and county offices from exchanging immigration status

information, provided any is available, with other agencies and with federal agencies. This

position also appears contrary to this Court's ruling that Defendant appears to have alternatives

available.

Fourth, Defendant acknowledges that K.S.A. 25-2309(l) has been enjoined and that

Kansas residents are required to be registered to vote without being required to submit

citizenship documents for that purpose.  Defendant uses the term "for that purpose" because to

get a new driver's license in Kansas or to get a REAL ID driver's license in Kansas, one must

submit evidence of lawful presence, which could include a citizenship document.  Defendant has

issued multiple instructions to the counties that individuals are to be registered to vote and that

citizenship documents are not required.  Defendant has provided registration information and the instructions to Plaintiffs so that they can confirm this has occurred.  Defendant has also instructed the counties to not send any other notices addressing proof of citizenship, unlike the notices that were sent out pursuant to this Court's previous order.  Despite all of these actions and in addition to the foregoing reasons that this office has a legitimate reason to continue accepting voluntarily provided citizenship documents.  A notice of appeal has been filed and the individuals who may be affected would need to be identified if a later court subsequently reverses this court in any aspect.  Although Defendant was skeptical about this point, Defendant understood Plaintiffs' position at the preliminary injunction hearing to be that a State would not be prohibited from correcting voter registration rolls if a Court's injunction was subsequently reversed, unless Plaintiffs' position was limited to preliminary injunctions.  *See Fish v. Kobach*, Prelim. Hrg. Tr. 187:12-188:3.

In summary, Defendant has complied with this Court's order.  This Office has instructed that Kansas residents are not required to provide any evidence of citizenship beyond a mere attestation to register to vote, all Kansas registrants are to receive the same information from their respective county election officers, and that all Kansas registrants will vote using the same poll books in their respective counties.  Defendant is in full compliance with this Court's order.

**Respectfully Submitted,**

/s/ Lauren Bonds_____
LAUREN BONDS (#27807)
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, Kansas 66202
(913) 490-4114
lbonds@aclukansas.org

/s/ Sophia Lin Lakin_____
SOPHIA LIN LAKIN*
DALE HO
R. ORION DANJUMA*
EMILY RONG ZHANG*
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor

New York, NY 10004
(212) 549-2693
slakin@aclu.org
dale.ho@aclu.org
odanjuma@aclu.org
erzhang@aclu.org

NEIL A. STEINER*
REBECCA KAHAN WALDMAN*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
Fax: (212) 698-3599
neil.steiner@dechert.com
rebecca.waldman@dechert.com

*Attorneys for the* Fish *Plaintiffs*

ANGELA M. LIU*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, IL 60601-1608
Phone: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com

/s/ Mark Johnson_____
Mark P. Johnson (#22289)
Curtis E. Woods (#27065)
Samantha J. Wenger (#25322)
Dentons US, LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
(816) 460-2424 – Business
(816) 531-7545 – Facsimile
mark.johnson@dentons.com
curtis.woods@dentons.com
samantha.wenger@dentons.com

*Attorneys for* Parker Bednasek

/s/ Garrett Roe_____
GARRETT ROE (#26867)
KRIS KOBACH (#17280)
SUE BECKER (#27806)
Kansas Secretary of State's Office
Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, Kansas 66612-1594
Phone: (785) 296-4564
Fax: (785) 368-8032
garrett.roe@ks.gov

13

kris.kobach@ks.gov
sue.becker@ks.gov

*Attorneys for Defendant, Secretary of State*
*Kris Kobach*


\* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on the 6th day of July, 2018, I electronically filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Lauren Bonds*
LAUREN BONDS (#27807)

*Attorney for Plaintiffs*

EXHIBIT A

**OFFICE OF THE KANSAS SECRETARY OF STATE**

# IMPLEMENTATION GUIDE TO COMPLY WITH COURT RULINGS CONCERNING DOCUMENTARY PROOF OF CITIZENSHIP

JUNE 20, 2018

**BACKGROUND**

On June 18th, 2018, Judge Julie Robinson issued a ruling concerning providing documentary proof of citizenship for those persons who apply to register to vote for the first time in Kansas, and who have applied to register to vote using the federal voter registration application or who have applied to register to vote at a Division of Motor Vehicles office. The ruling, in its entirety, is included as a separate attachment for your review.

**REMEDIES**

Judge Robinson, in her order, listed five specific remedies that must be complied with in order to satisfy her ruling. The remedies are listed below:

1) The state of Kansas shall not enforce the documentary proof of citizenship law and regulations against any voter registration applicants in Kansas. This applies to <u>all</u> persons who apply to register to vote, regardless of the source of registration. No person applying to register to vote in the state of Kansas shall be required to provide documentary proof of citizenship.

2) All registrants, who were covered by the permanent injunction, shall be provided the same information that is provided to other registrants (including but not limited to certificates of registration); and must ensure that all elections-related public education materials (including but not limited to voter-aimed notices and websites, in all languages in which those documents are available) make clear that the voter registration applicants need not provide documentary proof of citizenship in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications.

3) The Secretary of State shall instruct all state and county election officers, and must ensure that all training and reference materials for election officials in Kansas (including but not limited to the Secretary of State's County Elections Manual) make clear that voter registration applications need not provide documentary proof of citizenship in order to be registered to vote, and need not provide any additional information in order to complete their voter registration applications.

4) The Secretary of State shall maintain the 'Voter View' website to accurately reflect covered voters' registration status.

5) The Secretary of State shall ensure that, in counties that use paper poll books, the names of all registrants lacking documentary proof of citizenship appear in the same manner and in the same list as all other registered voters' names, and that all registrants covered by this Order shall be entitled to vote using standard ballots rather than provisional ballots at polling places on Election Day or when they request advance mail-in ballots.

**DIRECTIVES**

Effective immediately, each county must undertake the following steps:

1) Review the voter registration record of every person who has a status of 'Suspense' and a reason of 'DMV office – Federal Election Only – No POC'. Each of these records should be changed to a status of 'Active' with a reason of 'Active'. Once the status has changed, each person should be sent another notice of disposition card to ensure the voter knows where their polling place is for the upcoming primary election. No other notices are required to be sent.

2) Review the voter registration record of every person who has a status of 'Cancelled' and a reason of 'Proof of citizenship not submitted'. Each of these records should now be changed to a status of 'Active' with a reason of 'Active'. Once the status has changed, each person should be sent a notice of disposition that informs the voter of their registration status and the location of the polling place for the upcoming primary election. No other notices are required to be sent.

3) Maintain the policy of noting every person who submits a federal form voter registration application by listing 'Federal Form Applicant' in the '<<How Reg.' drop down box on the voter registration record. This has no bearing on the applicant's voter registration status. It will be used for tracking purposes only.

4) Do not ask for documentary proof of citizenship of any voter registration applicant. If an applicant voluntarily provides documentary proof of citizenship, or if you receive documentary proof of citizenship from a third party, you should scan the document into ELVIS and maintain the document with the voter registration record. Also, select 'Yes' on the 'Citizenship Verified' drop down box on the voter registration record. This has no bearing on the applicant's voter registration status. It will be used for tracking purposes only.

5) Review your website for any reference to a voter registration applicant being required to provide documentary proof of citizenship. Remove the reference until you can post updated instructions and information to the public.

It is important to note the following:

Any person who has applied to register to vote and has not provided documentary proof of citizenship, shall be treated the same as a person who has provided documentary proof of citizenship. Both types of applicants will appear on the same poll book, receive the same (non-provisional unless otherwise required) ballot and receive the same notices and instructions.

The State is in the process of appealing Judge Robinson's ruling to the 10th Circuit Court of Appeals. If, in the future, an appeal is successful, an individual who has not provided evidence of citizenship and who may be affected by any reversal of the court's ruling may need to have their status reviewed. County offices should continue to utilize the DMV web portal, and process proof of citizenship documents provided by KDOR and KDHE batches.

Additional written instruction will be forthcoming concerning information that you may disseminate to the general public via written or electronic means or via county websites concerning voter registration procedures.

If you have any questions, contact Bryan Caskey, Director of Elections, (785) 296-3488, bryan.caskey@sos.ks.gov.

EXHIBIT B



June 25, 2018

**VIA E-MAIL**

Kris Kobach
Secretary of State of the State of Kansas
Memorial Hall, 1st Floor
120 SW 10th Avenue
Topeka, KS 6612-1594

Re:  Compliance with Permanent Injunction in *Bednasek v. Kobach*, 2:15-cv-09300-JAR-JPO;
     *Fish v. Kobach*, 2:16-cv-02105-JAR-JPO

Dear Secretary Kobach:

        We write to you on behalf of the Plaintiffs in *Bednasek v. Kobach*, Case No. 2:15-cv-09300-JAR-JPO (D. Kan.), and *Fish v. Kobach*, Case No. 16-02105-JAR (D. Kan.), regarding your compliance with the permanent injunction in these two cases.  As you know, the District Court has directed the parties to meet, confer, and file a joint status report verifying your compliance with the permanent injunction 30 days before the next primary election.  Findings of Fact & Conclusions of Law ("Perm. Inj. Order"), Doc. No. 542 at 110.  The next primary is scheduled for Tuesday, August 7, 2018.  The parties' joint status report is therefore due on Friday, July 6, 2018.

        In the interests of proactively ensuring your compliance with the permanent injunction and the specific compliance measures that the District Court has ordered in advance of the July 6, 2018 deadline to file the joint status report, we ask that you confirm your practices with respect to the following:

    1.  **Registering all registrants covered by the Court's permanent injunction**.  As you know, the District Court has permanently enjoined the enforcement of the documentary proof of citizenship ("DPOC") law and accompanying regulation against voter registration applicants in Kansas.  Perm. Inj. Order at 108.  As such **all** registrants whose registrations have been blocked due to the DPOC requirement must be registered to vote in the same manner and treated in the same way as all other registered voters.  To ensure compliance, please confirm the following:

1

(a) **Please confirm that you will ensure that all registrants covered by the permanent injunction are fully registered to vote by Wednesday, July 3, 2018.** This includes, but is not limited to, the following:

- Please confirm that you or your office will send updated instructions to county elections officials that properly instruct these officials to register all registrants covered by the permanent injunction by Wednesday July 3, 2018. With respect to registrants whose voter registration records have a status of "Suspense" due to lack of DPOC, the instructions that your office sent to county elections officials on June 20, 2018 (the "June 20, 2018 Instructions"), attached hereto as Exhibit A, direct county elections officials to review and change to "Active" status only the voter registration records of individuals who have a status of "Suspense" and a reason of "DMV office – Federal Election Only – No POC." This is not in compliance with the permanent injunction, which is not limited to individuals who registered at the DMV.

  **Please confirm that you or your office will provide updated instructions directing county elections officials to review and change to "Active" status the voter registration records of all registrants who have a status of "Suspense" or "Cancelled" due to lack of DPOC, including, but not limited to, individuals who registered using the Kansas form and whose applications are in suspense due to the operation of K.A.R. § 7-23-15, and that this task must be performed by Wednesday, July 3, 2018 in order to comply with the Court's permanent injunction.**

- Please provide a draft of the updated instructions for our review by **Thursday, June 28, 2018**, and also confirm that these updated instructions will be sent to the counties **by Friday, June 29, 2018**.

(b) Please confirm that you or your office **will provide us a copy of the full voter registration file, including all fields and reason codes, on Thursday, July 5, 2018**, so that we can verify that registrants covered by the permanent injunction have been fully registered before filing the joint status report.

2. **Information sent to registrants covered by the permanent injunction**. In conjunction with the District Court's order that Defendant "shall not enforce the DPOC law and accompanying registration against voter registration applicants in Kansas," the District Court directed Defendant to:

   [P]rovide all registrants covered by the permanent injunction with the same information provided to other registrants (including but not limited to certificates of registration).

Perm. Inj. Order at 109. Please confirm the following:

2

(a) Please confirm that all voters affected by the permanent injunction, whose statuses are being switched to "Active," will receive the same information as all other registered voters in the state.  The June 20, 2018 Instructions do not specifically direct counties to provide registrants covered by the permanent injunction with the same information as all other registrants, as required by the Court's Perm. Inj. Order.  They state only that once the voter registration records of registrants covered by the permanent injunction are changed to "Active" status, they shall receive "a notice of disposition that informs the voter of their registration status and the location of the polling place of the upcoming primary election."  The instructions go on to state "No other notices are required to be sent."  Ex. A, at 2 ¶¶ 1-2.

**Please confirm that once registrants covered by the permanent injunction are in "Active" status, they will receive the same notices and other election-related mailings as any other registrant in "Active" status as a matter of course**, and that no other action must be taken to ensure that this remains the case going forward.

(b) Please also confirm that registrants covered by the permanent injunction will not receive any of the interim notices ordered by the Court as a result of the preliminary injunction ruling in the *Fish* case.

3. **Elections-related public education.**  As you know, the District Court specifically ordered you to:

   [E]nsure that all elections-related public education materials (including but not limited to voter-aimed notices and websites, in all languages in which those documents are available, including English and Spanish) make clear that voter registration applicants need not provide DPOC in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications.

   Perm. Inj. Order at 109.  As of the time of writing, various materials published by your office and the offices of county elections offices continue to advise voters that DPOC is required for voter registration in violation of that order.  To ensure that your office has taken the appropriate steps to remedy this, please confirm that:

   (a) You have **removed any and all language and other media, including photos and video, indicating that DPOC is required for voter registration (including language added as a result of the preliminary injunction previously issued in the *Fish* case) from all state websites** including, but not limited to, the following webpages:
   - http://www.gotvoterid.com/
   - http://www.gotvoterid.com/educational-resources.html

3

(b) You have **added affirmative language to all state websites where there is language referring voters directly to the SAFE Act and/or HB 2067 for registration and/or voting requirements making clear that registration applicants need not provide DPOC in order to be registered, and need not provide any additional information to complete their registration applications**, including on the following webpages:

- http://www.gotvoterid.com/ (under "Changes in Kansas Voting Law")

- http://www.gotvoterid.com/statutes-and-regs.html

- http://www.sos.ks.gov/elections/elections_registration.html (Following the language "Requirements for registering to vote and for voting were impacted by the Secure and Fair Elections law (SAFE Act) of 2011.")

(c) You have **updated videos explaining election law changes in Kansas created for voters with disabilities to make clear that registration applicants need not provide DPOC in order to become registered, and need not provide any additional information to complete their registration applications**, including from the following webpages:

- http://www.sos.ks.gov/elections/elections_registration.html

**Please also confirm a timeframe** for when an updated version of this video will be completed.

(d) You have removed from the online voter registration application language concerning the DPOC requirement, including language on how to submit such documentation.  **This includes, but is not limited to, removing the DPOC requirement and instructions for DPOC submission from the online application landing page (https://www.kdor.ks.gov/Apps/VoterReg/Default.aspx), and also removing the "Upload feature" available at the end of the application** and any other feature that may indicate that applicants must provide additional information to complete their applications.

(e) You have **updated all links to a voter registration application in any and all public education materials to link to a voter registration application that does NOT include references to DPOC as a registration requirement**, such as: the federal form; the updated Kansas form available at http://www.kssos.org/forms/elections/voterregistration.pdf or its Spanish equivalent, available at http://www.kssos.org/forms/elections/Spanish/SpanishVoterReg.pdf; or to the online registration application that has been brought into

4

<u>compliance with the permanent injunction.</u>  This includes all links on county election websites and public education materials.

(f) You have **updated to conform with the permanent injunction, including all changes described throughout this letter, all other elections-related public education materials**, including, but not limited to:

- the "Voter Registration Kit," previously available at http://www.gotvoterid.com/pdf/Kansas-Voter-Registration-Kit.pdf, and

- the "Guide to Kansas Secure and Fair Elections (SAFE) Act," previously available at http://www.sos.ks.gov/forms/elections/A_Guide_to_SAFE_Act.pdf, and in Spanish at http://www.sos.ks.gov/forms/elections/Spanish/A_Guide_to_SAFE_Act.pdf.

**Please also confirm a timeframe** for when updated versions of these materials will be completed and made available to the public.

4. **Instructions, training, and reference materials for state and county elections officers**.  The District Court directed you to

[I]nstruct all state and county elections offices, and . . . ensure that all training and reference materials for elections officials in Kansas (including but not limited to the SOS's County Elections Manual) make clear, that voter registration applicants need not provide DPOC in order to be registered to vote, and need not provide any additional information in order to complete their voter registration applications.

Perm. Inj. Order at 109.  Please confirm the following:

(a) Please confirm that you or your office will send an update to the June 20, 2018 Instructions to county elections officials making explicit the following:

- that **K.A.R. § 7-23-14 "Assessing documents submitted as evidence of United States citizenship" is no longer effective as a result of the permanent injunction**;

- that **K.A.R. § 7-23-15 "Incomplete applications for voter registration" cannot be enforced against registrants who do not submit DPOC**; and

- that **any continued "process[ing] of proof of citizenship documents by KDOR and KDHE batches," Ex. A at 2, has no bearing on the applicant's voter registration.**

5

Please provide a draft of the updated instructions for our review by **Thursday, June 27, 2018** and also confirm that these updated instructions will be sent to the counties **by Friday, June 29, 2018.**

(b) With respect to the June 20, 2018 Instructions, please confirm that in directing county elections official to "not ask for documentary proof of citizenship of any voter registration applicant," Ex. A, at 2 ¶ 4, and stating that continuing use of the "Citizenship Verified" field in the voter registration record "has no bearing on the applicant's voter registration status, *id.*, county election officials will no longer place in "Suspense" or "Cancelled" status any voter registration application of any person due to a lack of DPOC.

(c) Please confirm that you or your office will also **instruct county elections official to update and revise all of their elections-related public education materials (including but not limited to voter-aimed notices and websites, in all languages in which those documents are available, including English and Spanish) to conform with the permanent injunction, including, but not limited to, the compliance measures described in this letter, by Thursday, July 5, 2018**.  This includes ensuring that all links to voter registration applications link to properly updated applications.[1]

If your office has already sent instructions concerning these materials, please provide us with a copy for our review as soon as possible but no later than Thursday, June 28, 2018.  Otherwise, **please provide a draft of such instructions for our review by Thursday, June 28, 2018, and also confirm that these instructions will be sent to the counties by Friday, June 29, 2018.**

(d) Please confirm that you or your office will **update the SOS's County Elections Manual to bring it into compliance with the Court's permanent injunction**, including, but not limited to, removing all language indicating that DPOC is required for voter registration**.**  Please also confirm that you will add affirmative language making clear that the DPOC requirement is no longer in effect where there is language referring readers directly to the SAFE Act and/or HB 2067 for registration and/or voting requirements, and that K.A.R. § 7-23-15 is no longer in effect as against registrants who do not provide DPOC with their applications.

---

[1] For examples of county websites that remain non-compliant as of the time of writing, *see*: https://www.sewardcountyks.org/72/Election-Information (linking to noncompliant Kansas form); https://www.sedgwickcounty.org/elections/ (linking to noncompliant online voter registration application); https://jocoelection.org/registration (also linking to noncompliant online voter registration application); http://www.wycokck.org/election (also linking to noncompliant online voter registration application); https://www.rileycountyks.gov/1118/Register-to-Vote (also linking to noncompliant online voter registration application).

**Please provide a draft of the updated County Elections Manual for our review by Thursday, June 28, 2018, and also confirm that this updated County Elections Manual will be made available to the counties before Friday, July 6, 2018**.

    (e)  Please confirm that you will update all other training and reference materials for elections officials in Kansas in accordance with the permanent injunction, including, but not limited to, the compliance measures described in this letter.

5.  **"Voter View" website**.  Please confirm that your office is "maintain[ing] the 'Voter View' website to accurately reflect covered voters' registration status," Perm. Inj. Order at 109, *i.e.*, that all registrants covered by the permanent injunction are listed as "Active" and registered to vote in the same way that all registered voters in "Active" status are displayed.

Please also confirm that registrants covered by the permanent injunction will be able to look up their polling place and other election information on the "VoteKansas" app.

6.  **Poll books and ballots**.  In conjunction with the above, the District Court ordered you to:

> [E]nsure that, in counties that use paper poll books, the names of all registrants lacking DPOC appear in the same manner and in the same list as all other registered voters' names, and that all registrants covered by this Order shall be entitled to vote using standard rather than provisional ballots at polling places on Election Day or when they request advance mail-in ballots."

Perm. Inj. Order at 109.  Please confirm that all registrants covered by the permanent injunction, whose statuses are being switched to "Active," will have their names listed in the same manner and in the same list as all other registered voters and will receive a standard, not provisional, ballot.  **Please confirm that once the voter registration records of registrants covered by the permanent injunction are in "Active" status, this will occur as a matter of course and that no other action must be taken to ensure that this remains the case going forward**.

7.  **Citizenship document tracking**.  **Please explain your legal basis for continuing to track applicants' provision of citizenship documents.**  The DPOC Law and accompanying regulation are currently enjoined, and the Court has ordered you to make clear to all prospective voter registration applicants that they "need not provide DPOC in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications."  Perm. Inj. Order at 109.  Because the DPOC Law is enjoined, you have no statutory authority for continuing to issue regulations or instructions that direct counties to continue

implementing aspects of that law, including assessing citizenship documents for compliance with now-defunct DPOC requirement.

We assume that these issues are uncontroversial, but please confirm your compliance with the Court's permanent injunction in this case with respect to the enumerated items above by **Thursday, June 28, 2018**.  Please also confirm your availability on **Friday, June 29, 2018 at 1pm CST** to discuss any outstanding issues for purposes of preparing the joint status report.  If you have any questions or concerns in the meantime, please do not hesitate to reach out to me.

Sincerely,


*Sophia Lin Lakin*              
Sophia Lin Lakin
Counsel for *Fish* Plaintiffs

*Mark P. Johnson*              
Mark P. Johnson
Counsel for *Parker Bednasek*

Attachment

cc:   Dale E. Ho
      Neil Steiner
      Lauren Bonds
      R. Orion Danjuma

8

EXHIBIT A

**OFFICE OF THE KANSAS SECRETARY OF STATE**

# IMPLEMENTATION GUIDE TO COMPLY WITH COURT RULINGS CONCERNING DOCUMENTARY PROOF OF CITIZENSHIP

JUNE 20, 2018

**BACKGROUND**

On June 18th, 2018, Judge Julie Robinson issued a ruling concerning providing documentary proof of citizenship for those persons who apply to register to vote for the first time in Kansas, and who have applied to register to vote using the federal voter registration application or who have applied to register to vote at a Division of Motor Vehicles office. The ruling, in its entirety, is included as a separate attachment for your review.

**REMEDIES**

Judge Robinson, in her order, listed five specific remedies that must be complied with in order to satisfy her ruling. The remedies are listed below:

1) The state of Kansas shall not enforce the documentary proof of citizenship law and regulations against any voter registration applicants in Kansas. This applies to all persons who apply to register to vote, regardless of the source of registration. No person applying to register to vote in the state of Kansas shall be required to provide documentary proof of citizenship.

2) All registrants, who were covered by the permanent injunction, shall be provided the same information that is provided to other registrants (including but not limited to certificates of registration); and must ensure that all elections-related public education materials (including but not limited to voter-aimed notices and websites, in all languages in which those documents are available) make clear that the voter registration applicants need not provide documentary proof of citizenship in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications.

3) The Secretary of State shall instruct all state and county election officers, and must ensure that all training and reference materials for election officials in Kansas (including but not limited to the Secretary of State's County Elections Manual) make clear that voter registration applications need not provide documentary proof of citizenship in order to be registered to vote, and need not provide any additional information in order to complete their voter registration applications.

4) The Secretary of State shall maintain the 'Voter View' website to accurately reflect covered voters' registration status.

5) The Secretary of State shall ensure that, in counties that use paper poll books, the names of all registrants lacking documentary proof of citizenship appear in the same manner and in the same list as all other registered voters' names, and that all registrants covered by this Order shall be entitled to vote using standard ballots rather than provisional ballots at polling places on Election Day or when they request advance mail-in ballots.

**DIRECTIVES**

Effective immediately, each county must undertake the following steps:

1) Review the voter registration record of every person who has a status of 'Suspense' and a reason of 'DMV office – Federal Election Only – No POC'. Each of these records should be changed to a status of 'Active' with a reason of 'Active'. Once the status has changed, each person should be sent another notice of disposition card to ensure the voter knows where their polling place is for the upcoming primary election. No other notices are required to be sent.

2) Review the voter registration record of every person who has a status of 'Cancelled' and a reason of 'Proof of citizenship not submitted'. Each of these records should now be changed to a status of 'Active' with a reason of 'Active'. Once the status has changed, each person should be sent a notice of disposition that informs the voter of their registration status and the location of the polling place for the upcoming primary election. No other notices are required to be sent.

3) Maintain the policy of noting every person who submits a federal form voter registration application by listing 'Federal Form Applicant' in the '<<How Reg.' drop down box on the voter registration record. This has no bearing on the applicant's voter registration status. It will be used for tracking purposes only.

4) Do not ask for documentary proof of citizenship of any voter registration applicant. <u>If</u> an applicant voluntarily provides documentary proof of citizenship, or if you receive documentary proof of citizenship from a third party, you should scan the document into ELVIS and maintain the document with the voter registration record. Also, select 'Yes' on the 'Citizenship Verified' drop down box on the voter registration record. This has no bearing on the applicant's voter registration status. It will be used for tracking purposes only.

5) Review your website for any reference to a voter registration applicant being required to provide documentary proof of citizenship. Remove the reference until you can post updated instructions and information to the public.

It is important to note the following:

Any person who has applied to register to vote and has not provided documentary proof of citizenship, shall be treated the same as a person who has provided documentary proof of citizenship. Both types of applicants will appear on the same poll book, receive the same (non-provisional unless otherwise required) ballot and receive the same notices and instructions.

The State is in the process of appealing Judge Robinson's ruling to the 10th Circuit Court of Appeals. If, in the future, an appeal is successful, an individual who has not provided evidence of citizenship and who may be affected by any reversal of the court's ruling may need to have their status reviewed. County offices should continue to utilize the DMV web portal, and process proof of citizenship documents provided by KDOR and KDHE batches.

Additional written instruction will be forthcoming concerning information that you may disseminate to the general public via written or electronic means or via county websites concerning voter registration procedures.

If you have any questions, contact Bryan Caskey, Director of Elections, (785) 296-3488, bryan.caskey@sos.ks.gov.