# UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK

DISTRICT OF KANSAS

TIMOTHY M. O'BRIEN

CLERK OF COURT

INGRID A. CAMPBELL

CHIEF DEPUTY CLERK

259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS  66101
(913) 735-2200

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS  67202
(316) 315-4200

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS  66683
(785) 338-5400

Kansas City, Kansas

September 4, 2018

**SEE NOTICE OF ELECTRONIC FILING**

Retained Counsel Appeal

Re:  Steven Wayne Fish et al v. Kris W. Kobach et al
District Court Case No:  2:16-cv-02105-JAR
Notice of Appeal filed by:  Defendant, Kris W. Kobach
Fee Status:  Paid.

        The following documents are for the parties in connection with the Notice of Appeal:
Notice of Appeal and Copy of the Docket Sheet.

        **RETAINED** Counsel for the appellant is instructed to download the  "**Initial Appeal
Documents and Instructions**" for this appeal from www.ca10.uscourts.gov.   Please follow the
instructions for Transcript Order Form (for appellant only) and Docketing Statement (for
appellant only) regarding counsel's responsibility for compliance.  For specific requirements
concerning transcripts, records on appeal, briefs and appendices to briefs, please refer to the
Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules
of the Tenth Circuit are available at www.ca10.uscourts.gov.

        If you have any questions, please contact the office of the Clerk of the U.S. Court of
Appeals in Denver, Colorado at 303.844.3157.

                          Sincerely,
                          TIMOTHY M. O'BRIEN
                          CLERK OF COURT


                          By:  s/ Charles Van Ness
                               Deputy Clerk


cc: Clerk, U.S. Court of Appeals
        (Notice of Appeal, Docket Sheet & Preliminary Record)

APPEAL,SA,ETT−5D,LC1,PROTO

# U.S. District Court
# DISTRICT OF KANSAS (Kansas City)
# CIVIL DOCKET FOR CASE #: <u>2:16−cv−02105−JAR</u>

Fish et al v. Kobach et al
Assigned to: District Judge Julie A. Robinson
Case in other court:  10CCA, 16−03147
                       10CCA, 16−03175
                       10CCA, 17−03161
                       10CCA, 18−03094
                       10CCA, 18−03133
Cause: 42:1983 Civil Rights Act

**Consol Interested Pltf**

Date Filed: 02/18/2016
Date Terminated: 06/19/2018
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Cody Keener**
*TERMINATED: 10/19/2016*

represented by   **Curtis E. Woods**
Dentons US, LLP − KC
4520 Main Street, Suite 1100
Kansas City, MO 64111−7700
816−460−2425
Fax: 816−531−7545
Alternative Phone:
Cell Phone:
Email: <u>curtis.woods@dentons.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Mark P. Johnson**
Dentons US, LLP − KC
4520 Main Street, Suite 1100
Kansas City, MO 64111−7700
816−460−2400 ext 24502
Fax: 816−531−7545
Alternative Phone:
Cell Phone:
Email: <u>mark.johnson@dentons.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 22289*
*Bar Status: Active*

**Paul Treanor Davis**
Fagan Emert & Davis LLC
730 New Hampshire, Suite 210
Lawrence, KS 66044
785−331−0300

Fax: 785–331–0303
Alternative Phone:
Cell Phone:
Email: pdavis@fed–firm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18550*
*Bar Status: Active*

**Samantha Jo Wenger**
Dentons US, LLP – KC
4520 Main Street, Suite 1100
Kansas City, MO 64111–7700
816–460–2454
Fax: 816–531–7545
Alternative Phone:
Cell Phone:
Email: samantha.wenger@dentons.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25322*
*Bar Status: Active*

**William R. Lawrence , IV**
Law Office of William R. Lawrence IV
1405 George Court, #7
Lawrence, KS 66044
785–580–7090
Alternative Phone:
Cell Phone: 785–580–7090
Email: will@law–assoc.com
*TERMINATED: 01/06/2017*
*LEAD ATTORNEY*
*Bar Number: 26021*
*Bar Status: Active*

**Consol Interested Pltf**

**Alder Cromwell**              represented by   **Curtis E. Woods**
*TERMINATED: 10/19/2016*                        (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*
                                                *Bar Number:*
                                                *Bar Status: Phv*

                                                **Mark P. Johnson**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Bar Number: 22289*
                                                *Bar Status: Active*

**Paul Treanor Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18550*
*Bar Status: Active*

**Samantha Jo Wenger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25322*
*Bar Status: Active*

**William R. Lawrence , IV**
(See above for address)
 *TERMINATED: 01/06/2017*
*LEAD ATTORNEY*
*Bar Number: 26021*
*Bar Status: Active*

**Consol Interested Pltf**

**Parker Bednasek**                    represented by   **Curtis E. Woods**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Mark P. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 22289*
*Bar Status: Active*

**Paul Treanor Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18550*
*Bar Status: Active*

**Samantha Jo Wenger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25322*
*Bar Status: Active*

**William R. Lawrence , IV**

(See above for address)
*TERMINATED: 01/06/2017*
*LEAD ATTORNEY*
*Bar Number: 26021*
*Bar Status: Active*

**Plaintiff**

**Steven Wayne Fish**
*on behalf of themself and all others
similarly situated*

represented by   **Angela M. Liu**
Dechert LLP – IL
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312–646–5800
Fax: 312–646–5858
Alternative Phone:
Cell Phone:
Email: angela.liu@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Anne A. Gruner**
Duane Morris LLP – Philadelphia
30 S. 17th St.
Philadelphia, PA 19103
215–979–1165
Fax: 212–689–4953
Alternative Phone:
Cell Phone:
Email: AAGruner@duanemorris.com
*TERMINATED: 03/30/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Dale E. Ho**
American Civil Liberties Union
Foundation – NY
125 Broad Street
New York, NY 10004
212–549–2693
Fax: 212–549–2649
Alternative Phone:
Cell Phone:
Email: dale.ho@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Daphne T. Ha**
Dechert, LLP – NY
1095 Avenue of the Americas
New York, NY 10036
212–698–3615
Fax: 212–698–3599
Alternative Phone:
Cell Phone:
Email: daphne.ha@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Emily Rong Zhang**
American Civil Liberties Union, Voting
Rights Project
125 Broad Street, 18/F
New York, NY 10004
212–284–7396
Alternative Phone: 650–387–2866
Cell Phone:
Email: erzhang@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Lauren Bonds**
American Civil Liberties Union of Kansas
6701 West 64th Street
Suite 210
Overland Park, KS 66202
913–490–4114
Alternative Phone:
Cell Phone:
Email: lbonds@aclukansas.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27807*
*Bar Status: Active*

**Neal A. Steiner**
Dechert, LLP – NY
1095 Avenue of the Americas
New York, NY 10036
212–698–3500
Alternative Phone:
Cell Phone:

Email: neil.steiner@dechert.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
American Civil Liberties Union
Foundation – NY
125 Broad Street
New York, NY 10004
212–549–2593
Fax: 212–549–2649
Alternative Phone:
Cell Phone:
Email: odanjuma@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
Dechert, LLP – NY
1095 Avenue of the Americas
New York, NY 10036
212–698–3500
Fax: 212–698–3599
Alternative Phone:
Cell Phone:
Email: rebecca.waldman@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
American Civil Liberties Union
Foundation – NY
125 Broad Street
New York, NY 10004
212–519–7836
Fax: 212–549–2649
Alternative Phone:
Cell Phone:
Email: slakin@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
Bonney Arbitration & Mediation
PO Box 32102
Kansas City, MO 64171
816–550–4374
Alternative Phone:
Cell Phone: 816–550–4374
Email: sdbonney@outlook.com
*TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

**Plaintiff**

**Ralph Ortiz**                          represented by   **Angela M. Liu**
*on behalf of themself and all others*                  (See above for address)
*similarly situated*                                    *LEAD ATTORNEY*
*TERMINATED: 05/05/2016*                                *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number:*
                                                        *Bar Status: Phv*

                                                        **Dale E. Ho**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number:*
                                                        *Bar Status: Phv*

                                                        **Lauren Bonds**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 27807*
                                                        *Bar Status: Active*

                                                        **Neal A. Steiner**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number:*
                                                        *Bar Status: Phv*

                                                        **R. Orion Danjuma**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)
 *TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

**Plaintiff**

**Donna Bucci**                    represented by    **Angela M. Liu**
*on behalf of themself and all others*              (See above for address)
*similarly situated*                                *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Bar Number:*
                                                    *Bar Status: Phv*

                                                    **Anne A. Gruner**
                                                    (See above for address)
                                                     *TERMINATED: 03/30/2017*
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *Bar Number:*
                                                    *Bar Status: Phv*

                                                    **Dale E. Ho**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Bar Number:*
                                                    *Bar Status: Phv*

                                                    **Daphne T. Ha**
                                                    (See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Emily Rong Zhang**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Lauren Bonds**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27807*
*Bar Status: Active*

**Neal A. Steiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)
*TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

**Plaintiff**

**Charles Stricker**                    represented by    **Angela M. Liu**
*on behalf of themself and all others*                    (See above for address)
*similarly situated*                                      *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Anne A. Gruner**
                                                          (See above for address)
                                                          *TERMINATED: 03/30/2017*
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Dale E. Ho**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Daphne T. Ha**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Emily Rong Zhang**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Lauren Bonds**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

Bar Number: 27807
Bar Status: Active

**Neal A. Steiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)
 *TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

**Plaintiff**

**Thomas J. Boynton**                    represented by  **Angela M. Liu**
*on behalf of themself and all others*                   (See above for address)
*similarly situated*                                     *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Number:*
                                                          *Bar Status: Phv*

                                                          **Anne A. Gruner**
                                                          (See above for address)

*TERMINATED: 03/30/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Dale E. Ho**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Daphne T. Ha**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Emily Rong Zhang**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Lauren Bonds**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27807*
*Bar Status: Active*

**Neal A. Steiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)
 *TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

<u>**Plaintiff**</u>

**Douglas Hutchinson**                    represented by    **Angela M. Liu**
*on behalf of themself and all others*                      (See above for address)
*similarly situated*                                        *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Number:*
                                                            *Bar Status: Phv*

**Anne A. Gruner**
(See above for address)
 *TERMINATED: 03/30/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Dale E. Ho**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Daphne T. Ha**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*Bar Number:*
*Bar Status: Phv*

**Emily Rong Zhang**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Lauren Bonds**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27807*
*Bar Status: Active*

**Neal A. Steiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)

*TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

**Plaintiff**

**The League of Women Voters of Kansas**

represented by **Angela M. Liu**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Anne A. Gruner**
(See above for address)
*TERMINATED: 03/30/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Dale E. Ho**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Daphne T. Ha**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Emily Rong Zhang**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Lauren Bonds**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number: 27807*
*Bar Status: Active*

**Neal A. Steiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**R. Orion Danjuma**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Rebecca Kahan Waldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Stephen D. Bonney**
(See above for address)
*TERMINATED: 06/28/2018*
*LEAD ATTORNEY*
*Bar Number: 12322*
*Bar Status: Active*

V.

**Consol Interested Dft**

**Kris W. Kobach**                     represented by   **Bethany J. Lee**
                                                       Shawnee County District Attorney's Office
                                                       200 SE 7th Street, Room 214
                                                       Topeka, KS 66603–3971
                                                       785–251–4330
                                                       Fax: 785–251–4909
                                                       Alternative Phone:
                                                       Cell Phone:
                                                       Email: bethany.lee@snco.us

*TERMINATED: 10/24/2017*
*LEAD ATTORNEY*
*Bar Number: 25793*
*Bar Status: Active*

**Bryan J. Brown**
Bryan Brown
3940 SW Chelmsford Road
Topeka, KS 66610
785–925–9029
Alternative Phone:
Cell Phone:
Email: bryanjbrownlaw@gmail.com
*TERMINATED: 10/14/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17634*
*Bar Status: Justice Judge Magist*

**Garrett Robert Roe**
Kansas Secretary of State
120 S 10th Avenue
Memorial Hall, 1st Floor
Topeka, KS 66612–1594
785–296–8473
Fax: 785–368–8032
Alternative Phone: 816–719–4213
Cell Phone:
Email: garrett.roe@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26867*
*Bar Status: Active*

**Kris Kobach**
PO Box 155
Lecompton, KS 66612
785–296–2034
Fax: 785–368–8033
Alternative Phone:
Cell Phone:
Email: kkobach@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17280*
*Bar Status: Active*

**Susan Becker**
Ksos
Legal Division
120 SW 10 Ave
Topeka, KS 66612

816–914–7169
Alternative Phone:
Cell Phone:
Email: sue.becker@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 78697*
*Bar Status: WDMO Active*

**Consol Interested Dft**

**Jamie Shew**                represented by    **Bradley R. Finkeldei**
*TERMINATED: 10/24/2016*                       Stevens & Brand, LLP – Mass. –
                                               Lawrence
                                               900 Massachusetts Street, Suite 500
                                               PO Box 189
                                               Lawrence, KS 66044
                                               785–843–0811
                                               Fax: 785–843–0341
                                               Alternative Phone:
                                               Cell Phone: 785–550–9699
                                               Email: bradfink@stevensbrand.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Bar Number: 19470*
                                               *Bar Status: Active*

                                               **John T. Bullock**
                                               Stevens & Brand, LLP – Mass. –
                                               Lawrence
                                               900 Massachusetts Street, Suite 500
                                               PO Box 189
                                               Lawrence, KS 66044
                                               785–843–0811
                                               Alternative Phone:
                                               Cell Phone:
                                               Email: jbullock@stevensbrand.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Bar Number: 15119*
                                               *Bar Status: Active*

**Defendant**

**Kris W. Kobach**              represented by    **Bethany J. Lee**
*in his official capacity as Secretary of*       (See above for address)
*State for the State of Kansas*                   *TERMINATED: 10/24/2017*
                                               *LEAD ATTORNEY*
                                               *Bar Number: 25793*
                                               *Bar Status: Active*

                                               **Bryan J. Brown**
                                               (See above for address)

*TERMINATED: 10/14/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17634*
*Bar Status: Justice Judge Magist*

**Garrett Robert Roe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26867*
*Bar Status: Active*

**Kris Kobach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17280*
*Bar Status: Active*

**Stanley R. Parker**
Kansas Attorney General – Topeka
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–368–8423
Fax: 785–266–3046
Alternative Phone:
Cell Phone: 785–640–2134
Email: stanley.parker@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 10971*
*Bar Status: Active*

**Susan Becker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 78697*
*Bar Status: WDMO Active*

**Toby Crouse**
Crouse, LLC
11184 Antioch, No. 253
Overland Park, KS 66210
913–957–6832
Alternative Phone:
Cell Phone:
Email: tcrouse@crousellc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 20030*

*Bar Status: Active*

**Defendant**

**Nick Jordan**
*in his official capacity as Secretary of*
*Revenue for the State of Kansas*
*TERMINATED: 08/29/2016*

represented by  **Christopher M. Ray**
The Law Office of Christopher Ray
9809 West 100th Street
Overland Park, KS 66212
913–735–3728
Alternative Phone:
Cell Phone:
Email: c.ray@cmraylegal.com
 *TERMINATED: 03/20/2017*
*LEAD ATTORNEY*
*Bar Number: 26916*
*Bar Status:* **Termed 83.5.3**

**Joseph Brian Cox**
4439 SW Colly Creek Drive
Topeka, KS 66610
785–231–9134
Alternative Phone:
Cell Phone:
Email: jobcox@sbcglobal.net
 *TERMINATED: 12/15/2017*
*LEAD ATTORNEY*
*Bar Number: 11089*
*Bar Status: Active*

**M. J. Willoughby**
Office of Attorney General – Kansas
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612–1597
785–296–4085
Fax: 785–291–3767
Alternative Phone:
Cell Phone:
Email: MJ.Willoughby@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14059*
*Bar Status: Active*

**Interested Party**

**Tabitha M Lehman**

represented by  **Michael L. North**
Office of County Counselor – Sedgwick
Sedgwick County Courthouse
525 N. Main, Suite 359
Wichita, KS 67203
316–660–9340
Fax: 316–383–7007
Alternative Phone:

Cell Phone:
Email: Michael.North@sedgwick.gov
*TERMINATED: 04/11/2016*
*LEAD ATTORNEY*
*Bar Number: 09656*
*Bar Status: Termed 83.5.3*

V.

**Amicus**

**Public Interest Legal Foundation, Inc., The**   represented by   **Bradley Joseph Schlozman**
Hinkle Law Firm LLC – East Wichita Office
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206–6639
316–267–2000
Fax: 316–660–6596
Alternative Phone: 316–660–6296
Cell Phone: 316–214–0015
Email: bschlozman@hinklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17621*
*Bar Status: Active*

**J. Christian Adams**
Public Interest Legal Foundation – VA
300 N. Washington Street, Suite 405
Alexandria, VA 22314
703–963–8611
Fax: 703–740–1779
Alternative Phone:
Cell Phone:
Email: adams@publicinterestlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Kaylan Phillips**
Public Interest Legal Foundation–IN
32 E. Washington Street
Suite 1675
Indianapolis, IN 46204
317–203–5599
Fax: 888–815–5641
Alternative Phone:
Cell Phone:
Email: kphillips@publicinterestlegal.org
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/18/2016 | 1 | | COMPLAINT with trial location of Kansas City ( Filing fee $400, Internet Payment Receipt Number AKSDC–3689053.), filed by Douglas Hutchinson, Charles Stricker, Steven Wayne Fish, Donna Bucci, Ralph Ortiz, Thomas J. Boynton. (Attachments: # 1 Exhibit A – Notice Letter)(Bonney, Stephen) (Entered: 02/18/2016) |
| 02/18/2016 | 2 | | CIVIL COVER SHEET by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (Bonney, Stephen) (Entered: 02/18/2016) |
| 02/18/2016 | 3 | | MOTION to Certify Class by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (Attachments: # 1 Memorandum in Support)(Bonney, Stephen) (Entered: 02/18/2016) |
| 02/18/2016 | | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge John W. Lungstrum and Magistrate Judge James P. O'Hara for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ydm) (Entered: 02/18/2016) |
| 02/18/2016 | | | SUMMONS ISSUED as to Nick Jordan, Kris W. Kobach. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (ydm) (Entered: 02/18/2016) |
| 02/18/2016 | 4 | | MOTION for attorney Dale E. Ho to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3689619.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form)(Bonney, Stephen) (Additional attachment(s) added on 2/18/2016: # 3 Ink Signed Affidavit) (mg)) (Entered: 02/18/2016) |
| 02/18/2016 | 5 | | MOTION for attorney R. Orion Danjuma to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3689729.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form)(Bonney, Stephen) (Additional attachment(s) added on 2/18/2016: # 3 Ink Signed Affidavit) (mg)) (Entered: 02/18/2016) |
| 02/18/2016 | 6 | | MOTION for attorney Sophia Lin Lakin to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3689739.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form)(Bonney, |

| | | | |
|---|---|---|---|
| | | | Stephen) (Additional attachment(s) added on 2/18/2016: # <u>3</u> Ink Signed Affidavit) (mg)) (Entered: 02/18/2016) |
| 02/18/2016 | 7 | | ORDER REASSIGNING CASE. Case reassigned to District Judge Julie A. Robinson for all further proceedings. District Judge John W. Lungstrum no longer assigned to case Signed by District Judge John W. Lungstrum on 02/18/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ses) (Entered: 02/18/2016) |
| 02/19/2016 | 8 | | ORDER granting <u>6</u> Motion to Appear Pro Hac Vice of Sophia Lin Lakin for Thomas J. Boynton,Sophia Lin Lakin for Donna Bucci,Sophia Lin Lakin for Steven Wayne Fish,Sophia Lin Lakin for Douglas Hutchinson,Sophia Lin Lakin for Ralph Ortiz,Sophia Lin Lakin for Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 2/19/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mm) (Entered: 02/19/2016) |
| 02/19/2016 | 9 | | ORDER granting <u>4</u> Motion to Appear Pro Hac Vice of Dale E. Ho for Thomas J. Boynton,Dale E. Ho for Donna Bucci,Dale E. Ho for Steven Wayne Fish,Dale E. Ho for Douglas Hutchinson,Dale E. Ho for Ralph Ortiz,Dale E. Ho for Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 2/19/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mm) (Entered: 02/19/2016) |
| 02/19/2016 | 10 | | ORDER granting <u>5</u> Motion to Appear Pro Hac Vice of R. Orion Danjuma for Thomas J. Boynton,R. Orion Danjuma for Donna Bucci,R. Orion Danjuma for Steven Wayne Fish,R. Orion Danjuma for Douglas Hutchinson,R. Orion Danjuma for Ralph Ortiz,R. Orion Danjuma for Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 2/19/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mm) (Entered: 02/19/2016) |
| 02/19/2016 | <u>11</u> | | MOTION for attorney Angela M. Liu to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC−3690754.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (referred to Magistrate Judge James P. O'Hara) (Attachments: # <u>1</u> Affidavit in Support, # <u>2</u> ECF Registration Form)(Bonney, Stephen) (Entered: 02/19/2016) |
| 02/19/2016 | 12 | | ORDER granting <u>11</u> Motion to Appear Pro Hac Vice of Angela M. Liu for Thomas J. Boynton,Angela M. Liu for Donna Bucci,Angela M. Liu for Steven Wayne Fish,Angela M. Liu for Douglas Hutchinson,Angela M. Liu for Ralph Ortiz,Angela M. Liu for Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel |

| | | |
|---|---|---|
| | | should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 2/19/16. (mm) (Entered: 02/19/2016) |
| 02/19/2016 | 13 | ENTRY OF APPEARANCE by Kris W. Kobach on behalf of Kris W. Kobach. (Kobach, Kris) (Entered: 02/19/2016) |
| 02/19/2016 | 14 | MOTION to Consolidate Cases by Defendant Kris W. Kobach. (Kobach, Kris) (Entered: 02/19/2016) |
| 02/22/2016 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 3 MOTION to Certify Class . The motion will be resolved by the District Judge.(ah)** (Entered: 02/22/2016) |
| 02/22/2016 | 15 | MOTION for attorney Rebecca Kahan Waldman to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3692432.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form)(Bonney, Stephen) (Entered: 02/22/2016) |
| 02/23/2016 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 14 MOTION to Consolidate Cases . The motion will be resolved by the District Judge.(ah)** (Entered: 02/23/2016) |
| 02/23/2016 | 16 | ORDER granting 15 Motion to Appear Pro Hac Vice of Rebecca Kahan Waldman for Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, and Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge James P. O'Hara on 2/23/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 02/23/2016) |
| 02/24/2016 | 17 | MOTION for attorney Neil A. Steiner to appear pro hac vice (Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3694725.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form)(Bonney, Stephen) (Entered: 02/24/2016) |
| 02/24/2016 | 18 | ORDER granting 17 Motion to Appear Pro Hac Vice of Neal A. Steiner for Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, and Charles Stricker pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge James P. O'Hara on 2/24/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kao) (Entered: 02/24/2016) |
| 02/26/2016 | 19 | MOTION for Preliminary Injunction by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (Attachments: # 1 Memorandum in Support)(Bonney, Stephen) (Entered: 02/26/2016) |
| 02/26/2016 | 20 | AFFIDAVIT of Attorney R. Orion Danjuma re 19 MOTION for Preliminary Injunction by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker (Attachments: # 1 Exhibit |

| | | | |
|---|---|---|---|
| | | | 1 – McDonald Report, # 2 Exhibit 2 – Fish Declaration, # 3 Exhibit 3 – Ortiz Declaration, # 4 Exhibit 4 – Bucci Declaration, # 5 Exhibit 5 – Stricker Declaration, # 6 Exhibit 6 – Boynton Declaration, # 7 Exhibit 7 – Hutchinson Declaration, # 8 Exhibit 8 – Miller Memo, # 9 Exhibit 9 – Minnite Report, # 10 Exhibit 10 – LWV v. Newby Hearing Transcript)(Bonney, Stephen) Exhibits 2–7 blocked from public view due to violation of privacy policy; redacted versions added 2/26/16: # 11 Exhibit 2 – Redacted, # 12 Exhibit 3 – Redacted, # 13 Exhibit 4 – Redacted, # 14 Exhibit 5 – Redacted, # 15 Exhibit 6 – Redacted, # 16 Exhibit 7 – Redacted) (kao). (Entered: 02/26/2016) |
| 02/29/2016 | 21 | | ORDER – This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 19), filed on February 26, 2016. The following schedule shall apply to this motion: Defendants' Memorandum in Opposition is due no later than March 18, 2016. Plaintiffs' Reply Memorandum is due no later than April 1, 2016. The Court sets this matter for hearing on April 14, 2016, at 9:00 a.m. in Kansas City, Kansas Courtroom 427. Signed by District Judge Julie A. Robinson on 2/29/16. (kao) (Entered: 02/29/2016) |
| 03/01/2016 | 22 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 19 MOTION for Preliminary Injunction : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Parties are notified that this proceeding will be recorded under the Cameras in Courts pilot unless one or more parties objects. To object to recording, complete the form provided at this link (http://www.ksd.uscourts.gov/cameras–in–courts/) and return it to ksd_robinson_chambers@ksd.uscourts.gov at least five days prior to the proceeding unless otherwise ordered by the judge. Motion Hearing set for 4/14/2016 at 09:00 AM in KC Courtroom 476 (KHV) before District Judge Julie A. Robinson. (bw) (Entered: 03/01/2016) |
| 03/02/2016 | 23 | | MOTION for Extension of Time to File Response as to 3 MOTION to Certify Class *until March 18, 2016* by Defendant Kris W. Kobach. (Brown, Bryan) (Entered: 03/02/2016) |
| 03/03/2016 | 24 | | CLERKS ORDER EXTENDING TIME until March 25, 2016 for Defendants Kris W. Kobach, Nick Jordan to answer or otherwise plead Signed by deputy clerk on March 3, 2016. (ydm) (Entered: 03/03/2016) |
| 03/03/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 23 MOTION for Extension of Time to File Response as to 3 MOTION to Certify Class *until March 18, 2016*. The motion will be resolved by the District Judge.(ah)** (Entered: 03/03/2016) |
| 03/03/2016 | 25 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker re 23 MOTION for Extension of Time to File Response as to 3 MOTION to Certify Class *until March 18, 2016*. (Attachments: # 1 Exhibit E–mail)(Bonney, Stephen) (Entered: 03/03/2016) |
| 03/03/2016 | 26 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 23 MOTION for Extension of Time to File Response as to 3 MOTION to Certify Class *until March 18, 2016* : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) TELEPHONE Motion Hearing set for 3/7/2016 at 01:00 PM via telephone conference before District Judge Julie A. Robinson. All counsel who wish to participate in this |

| | | | telephone pretrial conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#. (bw) (Entered: 03/03/2016) |
|---|---|---|---|
| 03/03/2016 | 27 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker re 14 MOTION to Consolidate Cases. (Bonney, Stephen) (Entered: 03/03/2016) |
| 03/04/2016 | | | NOTICE TO COUNSEL: On 03/04/2016 a Response to the 14 Motion to Consolidate Cases was filed in related case #15–9300, document #79, by Defendant Jamie Shew. (mg) (Entered: 03/07/2016) |
| 03/07/2016 | | | SUMMONS ISSUED as to Nick Jordan. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (mm) (Entered: 03/07/2016) |
| 03/07/2016 | 28 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: granting 23 Motion for Extension of Time to File Response/Reply. An order will follow. TELEPHONE CONFERENCE held on 3/7/2016. (Court Reporter Kelli Stewart.) (bw) (Entered: 03/07/2016) |
| 03/08/2016 | 29 | | MEMORANDUM AND ORDER granting in part and denying in part 14 Motion to Consolidate Cases. Case No. 15–9300 shall be consolidated for pretrial management and discovery with Case No. 16–2105. Case No. 16–2105 is designated as the lead case. See Order for additional deadlines and hearings. Signed by District Judge Julie A. Robinson on 3/8/16. (kao) (Entered: 03/08/2016) |
| 03/08/2016 | | | DOCKET ANNOTATION: Per 29 Order Case No. 15–9300 shall be consolidated for pretrial management and discovery with Case No. 16– 2105. Case No. 16–2105 is designated as the lead case. All future discovery– related filings shall bear the consolidated caption on this Order and shall be filed in only the lead case. Class certification pleadings, dispositive motions, and other filings related to same shall be filed in the specific case without a consolidated caption. (kao) (Entered: 03/08/2016) |
| 03/08/2016 | 30 | | ORDER GOVERNING DISCOVERY. Signed by Magistrate Judge James P. O'Hara on 3/8/2016. (ah) (Entered: 03/08/2016) |
| 03/08/2016 | 31 | | NOTICE of Hearing: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING: Telephone Conference set for 3/23/2016 at 02:00 PM before Magistrate Judge James P. O'Hara. See DE # 29 – Memorandum & Order for details. All counsel who wish to participate in this telephone conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 8914911#. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kao) (Entered: 03/08/2016) |
| 03/09/2016 | 32 | | SUMMONS RETURNED EXECUTED –– Personal Service by Douglas Hutchinson, Donna Bucci, Ralph Ortiz, Steven Wayne Fish, Charles Stricker, Thomas J. Boynton upon Kris W. Kobach served on 2/19/2016, answer due 3/25/2016. (Bonney, Stephen) (Entered: 03/09/2016) |
| 03/09/2016 | 33 | | SUMMONS RETURNED EXECUTED –– Personal Service by Douglas Hutchinson, Donna Bucci, Ralph Ortiz, Steven Wayne Fish, Charles Stricker, |

| | | | |
|---|---|---|---|
| | | | Thomas J. Boynton upon Nick Jordan served on 2/18/2016, answer due 3/25/2016. (Bonney, Stephen) (Entered: 03/09/2016) |
| 03/09/2016 | 34 | | SUMMONS RETURNED EXECUTED –– Personal Service by Douglas Hutchinson, Donna Bucci, Ralph Ortiz, Steven Wayne Fish, Charles Stricker, Thomas J. Boynton upon Nick Jordan served on 3/8/2016, answer due 3/29/2016. (Bonney, Stephen) (Entered: 03/09/2016) |
| 03/09/2016 | 35 | | CERTIFICATE OF SERVICE of Discovery Requests by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (Bonney, Stephen) (Entered: 03/09/2016) |
| 03/10/2016 | 36 | | ORDER SETTING SCHEDULING CONFERENCE: Scheduling Conference set for 3/23/2016 at 02:00 PM by Telephone before Magistrate Judge James P. O'Hara. Report of Parties Planning Meeting deadline 3/17/2016. Rule 26 Initial Disclosure Deadline set for 3/17/2016. Signed by Magistrate Judge James P. O'Hara on 3/10/2016. (ah) (Entered: 03/10/2016) |
| 03/10/2016 | 37 | | CLERKS ORDER EXTENDING TIME until 3/24/16 for Defendant Nick Jordan to answer or otherwise plead. Signed by deputy clerk on 3/10/16. (hw) (Entered: 03/10/2016) |
| 03/16/2016 | 38 | | CERTIFICATE OF SERVICE of Objections to Fish Expedited Discovery by Kris W. Kobach, Kris W. Kobach re 35 Certificate of Service. (Roe, Garrett) (Entered: 03/16/2016) |
| 03/17/2016 | 39 | | AMENDED COMPLAINT against Nick Jordan, Kris W. Kobach, filed by Douglas Hutchinson, Donna Bucci, The League of Women Voters of Kansas, Ralph Ortiz, Steven Wayne Fish, Charles Stricker, Thomas J. Boynton. (Attachments: # 1 Exhibit A – Notice Letter, Nov. 20, 2015, # 2 Exhibit B – Notice Letter, Dec. 17, 2015)(Bonney, Stephen) (Entered: 03/17/2016) |
| 03/18/2016 | 40 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Tabitha Lehman on April 1, 2016. (Bonney, Stephen) (Entered: 03/18/2016) |
| 03/22/2016 | 41 | | Joint MOTION for Discovery *(Status Report and Motion to Resolve Discovery Issues)* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibit A – 1st Interrogatories to Def. Kobach, # 2 Exhibit B – 1st RFPs to Def. Kobach, # 3 Exhibit C – 1st RFPs to Def. Jordan, # 4 Exhibit D – Def. Kobach's Objections)(Bonney, Stephen) (Entered: 03/22/2016) |
| 03/22/2016 | 42 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Bryan Caskey on March 31, 2016. (Bonney, Stephen) (Entered: 03/22/2016) |
| 03/22/2016 | 43 | | TRANSCRIPT of Telephone Status Conference (21 pgs) held 03/07/2016 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Garrett Roe. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/20/2016. (ks) (Entered: 03/22/2016) |
| 03/23/2016 | 44 | SUPPLEMENTAL NOTICE of Discovery Disputes by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Protective Order Draft)(Bonney, Stephen) (Entered: 03/23/2016) |
| 03/23/2016 | 45 | RESPONSE by Defendant Nick Jordan re 41 Joint MOTION for Discovery *Status Report and Motion to Resolve Discovery Issues* (Willoughby, M.) (Entered: 03/23/2016) |
| 03/23/2016 | 46 | ORDER granting 41 joint motion for resolution of discovery disputes. The court addressed the issues raised in the motion at the telephone conference held on March 23, 2016. The court's rulings made at that conference will be set forth in a separate scheduling order. Signed by Magistrate Judge James P. O'Hara on 3/23/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 03/23/2016) |
| 03/24/2016 | 47 | NOTICE OF SERVICE by Kris W. Kobach of Expedited Discovery *Responses on March 23, 2016.* (Brown, Bryan) (Entered: 03/24/2016) |
| 03/24/2016 | 48 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 3 MOTION to Certify Class : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 6/14/2016 at 01:30 PM in KC Courtroom 427 (JAR) before District Judge Julie A. Robinson. (bw) (Entered: 03/24/2016) |
| 03/24/2016 | 49 | SCHEDULING ORDER: regarding 3 Motion to Certify Class and 19 Motion for Preliminary Injunction in 16–2105 and (60) Motion to Certify Class in 15–9300. Discovery deadline 6/17/2016. Dispositive motion deadline 7/15/2016. Proposed Pretrial Order due by 6/24/2016. Final Pretrial Conference set for 7/1/2016 at 9:00 AM in KC Courtroom 223 before Magistrate Judge James P. O'Hara. Jury Trial set for 5/16/2017 at 9:00 AM in KC Courtroom 427 in Case No. 15–9300; and in Case No. 16–2105 for 5/23/2017 at 9:00 AM in KC Courtroom 427 before District Judge Julie A. Robinson; estimated trial time 2–4 days. SEE ORDER FOR ALL ADDITIONAL SCHEDULED DEADLINES AND HEARINGS. Signed by Magistrate Judge James P. O'Hara on 3/24/2016. (kg) Modified on 3/24/2016 (mm). (Entered: 03/24/2016) |
| 03/24/2016 | 50 | NOTICE OF SERVICE by Nick Jordan of Responses and Objections to Plaintiffs' (Fish Plaintiffs) First Request for Production (Willoughby, M.) (Entered: 03/24/2016) |

| 03/24/2016 | 51 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Representative of Kansas Secretary of State's Office on April 6, 2016 (Bonney, Stephen) (Entered: 03/24/2016) |
| 03/28/2016 | 52 | | JOINT MOTION for Protective Order by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibit Ex. A – Redlined Draft Protective Order, # 2 Exhibit Ex. B. Def. Kobach Resps. to Interrogatories)(Bonney, Stephen) (Entered: 03/28/2016) |
| 03/29/2016 | 53 | | TRANSCRIPT of Discovery and Status Conference held March 23, 2016 before Judge James P. O'Hara, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: American Civil Liberties Union.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/27/2016. (kg) (Entered: 03/29/2016) |
| 03/29/2016 | 54 | | ORDER granting 52 joint motion for protective order. Signed by Magistrate Judge James P. O'Hara on 3/29/2016. (ah) (Entered: 03/29/2016) |
| 03/29/2016 | 55 | | PROTECTIVE ORDER. Signed by Magistrate Judge James P. O'Hara on 3/29/2016. (ah) (Entered: 03/29/2016) |
| 03/29/2016 | 56 | | NOTICE OF SERVICE by Nick Jordan of response to discovery. (Cox, Joseph) (Entered: 03/29/2016) |
| 03/29/2016 | 57 | | RESPONSE by Defendant Nick Jordan re 19 MOTION for Preliminary Injunction. (Willoughby, M.) (Entered: 03/29/2016) |
| 03/29/2016 | 58 | | SEALED MOTION for Leave to File Under Seal *Brief and Exhibit* by Defendant Kris W. Kobach. (Attachments: # 1 Proposed Sealed Document Brief with confidential information, # 2 Exhibit Index, # 3 Proposed Sealed Document Exhibits)(Roe, Garrett) (Entered: 03/29/2016) |
| 03/29/2016 | 59 | | MOTION for Leave to File Excess Pages *Response to Plaintiff's Motion for Preliminary Injunction* by Defendant Kris W. Kobach. (Attachments: # 1 Over length Brief_Redacted, # 2 Exhibit Index # 3 Exhibits_Redacted)(Roe, Garrett) (Entered: 03/29/2016) |
| 03/30/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 59 MOTION for Leave to File Excess Pages *Response to Pls Mtn for Preliminary Injunction*, 58 SEALED MOTION for Leave to File Under** |

| | | | |
|---|---|---|---|
| | | | **Seal** *Brief and Exhibit***. The motion will be resolved by the District Judge.(ah)** (Entered: 03/30/2016) |
| 03/30/2016 | 60 | | MEMORANDUM AND ORDER denying without prejudice 58 Motion for Leave to File Under Seal. See Order for details. Signed by District Judge Julie A. Robinson on 3/30/16. (kao) (Entered: 03/30/2016) |
| 03/30/2016 | 61 | | ORDER granting as unopposed 59 Motion for Leave to File Excess Pages. Signed by District Judge Julie A. Robinson on 3/30/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 03/30/2016) |
| 03/31/2016 | 62 | | CERTIFICATE OF SERVICE of Initial Disclosures by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (Bonney, Stephen) (kao). (Entered: 03/31/2016) |
| 03/31/2016 | 63 | | NOTICE OF SERVICE by Nick Jordan of Initial Disclosures. (Cox, Joseph) (Entered: 03/31/2016) |
| 03/31/2016 | 64 | | MOTION to Dismiss by Defendant Nick Jordan. (Cox, Joseph) (Entered: 03/31/2016) |
| 03/31/2016 | 65 | | MEMORANDUM IN SUPPORT of 64 MOTION to Dismiss by Defendant Nick Jordan. (Cox, Joseph) (Entered: 03/31/2016) |
| 03/31/2016 | 66 | | MOTION to Stay Discovery *And Other Pretrial Activities* by Defendant Nick Jordan. (referred to Magistrate Judge James P. O'Hara) (Willoughby, M.) (Entered: 03/31/2016) |
| 04/01/2016 | 67 | | MOTION for Leave to Permit Limited Entry of Appearance by Interested Party Tabitha M Lehman. (referred to Magistrate Judge James P. O'Hara) (Attachment: # 1 Exhibit)(North, Michael) (Entered: 04/01/2016) |
| 04/01/2016 | 68 | | NOTICE OF SERVICE by Kris W. Kobach of Initial Disclosures. (Roe, Garrett) (Entered: 04/01/2016) |
| 04/01/2016 | 69 | | ORDER granting 67 unopposed motion for limited entry of appearance in this case by Michael North to represent interested party Tabitha M. Lehman at her deposition and in related filings. Signed by Magistrate Judge James P. O'Hara on 4/1/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 04/01/2016) |
| 04/01/2016 | 70 | | NOTICE OF SERVICE by Parker Bednasek, Alder Cromwell, Cody Keener of Expert Disclosures. (Lawrence, William) (Entered: 04/01/2016) |
| 04/04/2016 | 71 | | CERTIFICATE OF SERVICE of Expert Disclosures by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker. (Bonney, Stephen) (Entered: 04/04/2016) |
| 04/04/2016 | 72 | | ORDER regarding 66 Motion to Stay Discovery. Before the Court is Kansas Secretary of Revenue Nick Jordan's request for an expedited ruling on his Motion to Dismiss, filed March 31, 2016. This request is included in Secretary Jordan's Motion to Stay Discovery and Other Pretrial Activities (Doc. 66), which is not yet fully briefed. Secretary Jordan's request is denied. The relief sought in the motion to stay is otherwise referred to Magistrate Judge James P. O'Hara for disposition. Signed by District Judge Julie A. Robinson on 4/4/16. |

| | | | (kao) (Entered: 04/04/2016) |
|---|---|---|---|
| 04/04/2016 | 73 | | SUPPLEMENTAL NOTICE of Supplemental discovery responses by Kris W. Kobach re 47 Notice of Service *per Plaintiffs' requests*. (Brown, Bryan) (Entered: 04/04/2016) |
| 04/05/2016 | 74 | | NOTICE OF SERVICE by Nick Jordan of First Request for Production. (Cox, Joseph) (Entered: 04/05/2016) |
| 04/05/2016 | 75 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 66 MOTION to Stay Discovery *And Other Pretrial Activities*. (Bonney, Stephen) (Entered: 04/05/2016) |
| 04/05/2016 | 76 | | UNOPPOSED MOTION to File Amicus Brief by Amicus Public Interest Legal Foundation, Inc., The. (Schlozman, Bradley) (Entered: 04/05/2016) |
| 04/05/2016 | 77 | | AMENDED MOTION to Certify Class by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Supplemental Memorandum of Law in Support of Motion, # 2 Declaration Listing Enclosed Exhibits, # 3 Exhibit Caskey Affidavit, # 4 Exhibit Article regarding KS birth records, # 5 Exhibit Article regarding suspended voters, # 6 Exhibit Editorial, # 7 Exhibit Fish Declaration, # 8 Exhibit Ortiz Declaration, # 9 Exhibit Bucci Declaration, # 10 Exhibit Stricker Declaration, # 11 Exhibit Boynton Declaration, # 12 Exhibit Hutchinson Declaration)(Bonney, Stephen) (Attachments 7–12 blocked from public view due to violation of privacy policy; redacted versions added on 4/6/16: # 13 Exhibit E – Redacted, # 14 Exhibit F – Redacted, # 15 Exhibit G – Redacted, # 16 Exhibit H – Redacted, # 17 Exhibit I – Redacted, # 18 Exhibit J – Redacted) (kao). (Entered: 04/05/2016) |
| 04/05/2016 | 78 | | MEMORANDUM IN SUPPORT of 76 UNOPPOSED MOTION to File Amicus Brief by Amicus Public Interest Legal Foundation, Inc., The. (Attachments: # 1 Appendix (Proposed Amicus Brief), # 2 Exhibit A to Proposed Amicus Brief)(Schlozman, Bradley) (Entered: 04/05/2016) |
| 04/05/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 76 Unopposed MOTION to File Amicus Brief . The motion will be resolved by the District Judge.(ah)** (Entered: 04/05/2016) |
| 04/06/2016 | 79 | | ORDER granting 76 Unopposed Motion to File Amicus Brief. Public Interest Legal Foundation shall file the proposed Amicus Curiae brief forthwith. Signed by District Judge Julie A. Robinson on 4/6/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 04/06/2016) |
| 04/06/2016 | 80 | | AMICUS BRIEF by Amicus Public Interest Legal Foundation, Inc., The. (Attachments: # 1 Exhibit A)(Schlozman, Bradley) (Entered: 04/06/2016) |
| 04/07/2016 | 81 | | NOTICE OF SERVICE by Nick Jordan of First Interrogatories. (Cox, Joseph) (Entered: 04/07/2016) |
| 04/07/2016 | 82 | | REPLY to Response to Motion by Defendant Nick Jordan re: 66 MOTION to Stay Discovery *And Other Pretrial Activities*. (Cox, Joseph) (Entered: 04/07/2016) |

| 04/08/2016 | 83 | | NOTICE OF SERVICE by Nick Jordan of Objections, Amended Objections. (Cox, Joseph) (Entered: 04/08/2016) |
|---|---|---|---|
| 04/08/2016 | 84 | | ORDER denying 66 Motion to Stay Discovery. Secretary Jordan's motion to stay discovery and pretrial activities is denied. However, until Judge Robinson decides the immunity issue, all discovery served on Secretary Jordan shall be narrowly restricted as discussed herein. Signed by Magistrate Judge James P. O'Hara on 4/8/2016. (ah) (Entered: 04/08/2016) |
| 04/11/2016 | 85 | | MOTION to Withdraw Limited Entry of Appearance by Interested Party Tabitha M Lehman. (referred to Magistrate Judge James P. O'Hara) (North, Michael) (Entered: 04/11/2016) |
| 04/11/2016 | 86 | | ORDER granting 85 motion to withdraw limited entry of appearance. The Clerk is directed to remove Mr. North from the CM/ECF electronic notification system. Signed by Magistrate Judge James P. O'Hara on 4/11/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 04/11/2016) |
| 04/11/2016 | 87 | | NOTICE OF SERVICE by Nick Jordan of Request for Admissions. (Cox, Joseph) (Entered: 04/11/2016) |
| 04/12/2016 | 88 | | UNOPPOSED MOTION for Leave to File Excess Pages *for Consolidated Reply in Support of Motion for Preliminary Injunction* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Consolidated Reply Brief, # 2 Exhibit Index, # 3 Exhibit 11 – Def. Kobach Resp. to Pls.' 1st Interrogs., # 4 Exhibit 12 – Def. Kobach 2d Suppl. to Pls.' 1st RFP, # 5 Exhibit 13 – March 23 Transcript Excerpts, # 6 Exhibit 14 – Caskey Dep. Excerpts, # 7 Exhibit 15 – McDonald Suppl. Rep., # 8 Exhibit 16 – Minnite Suppl. Rep., # 9 Exhibit 17 – Lehman Dep. Excerpts, # 10 Exhibit 18 – Caskey. Aff. (LWV v. Newby))(Bonney, Stephen) (Attachment 10 blocked from public view due to violation of privacy policy; redacted version added on 4/13/2016: # 11 Exhibit 18 – Redacted) (kao). (Entered: 04/12/2016) |
| 04/13/2016 | 89 | | ORDER granting as unopposed 88 Motion for Leave to File Excess Pages. Signed by District Judge Julie A. Robinson on 4/13/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 04/13/2016) |
| 04/14/2016 | 90 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: taking under advisement 19 Motion for Preliminary Injunction; MOTION HEARING held on 4/14/2016 re 19 MOTION for Preliminary Injunction filed by Thomas J. Boynton, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Ralph Ortiz, Donna Bucci. (Court Reporter Kelli Stewart.) (bw) (Entered: 04/14/2016) |
| 04/15/2016 | 91 | | RECEIPT of acknowledgement of return of exhibits used at the PI hearing on 4/14/2016 as to Steven Wayne Fish, Nick Jordan, Kris W. Kobach (bw) (Entered: 04/15/2016) |
| 04/21/2016 | 92 | | SURREPLY by Defendant Nick Jordan re: 88 Unopposed MOTION for Leave to File Excess Pages *for Consolidated Reply in Support of 19 Motion for Preliminary Injunction.* (Cox, Joseph) (Entered: 04/21/2016) |

| 04/21/2016 | 93 | | NOTICE OF SERVICE by Nick Jordan of First Request for Production. (Cox, Joseph) (Entered: 04/21/2016) |
|---|---|---|---|
| 04/21/2016 | 94 | | REPLY to Response to Motion by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re: 19 MOTION for Preliminary Injunction. (Attachments: # 1 Exhibit Index, # 2 Exhibit 11 – Def. Kobach Resp. to Pls.' 1st Interrogs., # 3 Exhibit 12 – Def. Kobach 2d Suppl. to Pls.' 1st RFP, # 4 Exhibit 13 – March 23 Transcript Excerpts, # 5 Exhibit 14 – Caskey Dep. Excerpts, # 6 Exhibit 15 – McDonald Suppl. Rep., # 7 Exhibit 16 – Minnite Suppl. Rep., # 8 Exhibit 17 – Lehman Dep. Excerpts, # 9 Exhibit 18 – Caskey. Aff. (LWV v. Newby))(Bonney, Stephen) (Entered: 04/21/2016) |
| 04/21/2016 | 95 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 64 MOTION to Dismiss. (Attachments: # 1 Exhibit Index, # 2 Exhibit A – County Election Manual, # 3 Exhibit B – Caskey Decl., # 4 Exhibit C – Caskey Dep. Excerpts, # 5 Exhibit D – Lehman Decl. (Kobach v. EAC))(Bonney, Stephen) (Entered: 04/21/2016) |
| 04/21/2016 | 96 | | MOTION for extension of time to Respond to Motions for Class Certification by Defendant Nick Jordan. (Cox, Joseph) (Entered: 04/21/2016) |
| 04/21/2016 | 97 | | RESPONSE by Defendant Kris W. Kobach re 19 MOTION for Preliminary Injunction. (Attachments: # 1 Exhibit List Declaration Regarding Exhibits, # 2 Exhibit Exhibits for Resp to PI)(Roe, Garrett) (Entered: 04/21/2016) |
| 04/22/2016 | 98 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 96 MOTION for extension of time. (Bonney, Stephen) (Entered: 04/22/2016) |
| 04/22/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 96 MOTION for extension of time . The motion will be resolved by the District Judge.(ah)** (Entered: 04/22/2016) |
| 04/27/2016 | 99 | | NOTICE by Defendants Nick Jordan, Kris W. Kobach of taking deposition of Ortiz, Boynton,Stricker, Bucci on May 4, 2016 (Cox, Joseph) (Entered: 04/27/2016) |
| 04/28/2016 | 100 | | NOTICE OF SERVICE by Nick Jordan of responses to plaintiffs second Request for Production. (Cox, Joseph) (Entered: 04/28/2016) |
| 04/29/2016 | 101 | | NOTICE OF SERVICE by Nick Jordan of notice of intent to issue subpoena. (Cox, Joseph) (Entered: 04/29/2016) |
| 04/29/2016 | 102 | | ORDER granting in part 96 Motion for Extension of Time. Defendants' Response deadline 5/17/2016. Plaintiffs' Reply deadline 6/7/2016. There will be no further extensions of time on the class certification briefs and this motion shall proceed to hearing on June 14, 2016, as scheduled. Signed by District Judge Julie A. Robinson on 4/29/16. (mm) (Entered: 04/29/2016) |
| 05/01/2016 | 103 | | NOTICE by Defendants Nick Jordan, Kris W. Kobach of taking deposition of Hutchinson, Fish on May 10, 2016. (Cox, Joseph) (Entered: 05/01/2016) |
| 05/02/2016 | 104 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Protective Order *Regarding Scheduling of Depositions of Plaintiffs Bucci and Stricker* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibit Index, # 2 Exhibit 1 – Waldman Decl., # 3 Exhibit 1A – Waldman–Cox Emails, 4/28, # 4 Exhibit 1B – Waldman–Cox Emails, 4/29, # 5 Exhibit 1C – Waldman–Cox Emails, 4/29 – 5/1, # 6 Exhibit 2 – Ho Decl., # 7 Exhibit 2A – Cox–Ho Email, 4/18, # 8 Exhibit 2B – Ho–Cox Email, 4/18, # 9 Exhibit 2C – Roe–Ho Email, 4/21, # 10 Exhibit 2D – Ho–Roe Email, 4/26, # 11 Exhibit 2E – Ho–Roe Email, 4/27)(Bonney, Stephen) (Entered: 05/02/2016) |
| 05/02/2016 | 105 | | ORDER SETTING TELEPHONE CONFERENCE AND EXPEDITING BRIEFING DEADLINES regarding 104 Motion for Protective Order. The court will hold a telephone conference to address the motion at 10:30 a.m. on May 3, 2016. Counsel are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 8914911#. Any response to the motion shall be filed by 2:00 p.m. today, May 2, 2016. Any reply shall be filed by 5:00 p.m. today. Signed by Magistrate Judge James P. O'Hara on 5/2/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 05/02/2016) |
| 05/02/2016 | 106 | | RESPONSE by Defendant Nick Jordan re 104 MOTION for Protective Order *Regarding Scheduling of Depositions of Plaintiffs Bucci and Stricker* (Willoughby, M.) (Entered: 05/02/2016) |
| 05/02/2016 | 107 | | EXHIBIT(S) IN SUPPORT of 106 Response to Motion . (Willoughby, M.) (Entered: 05/02/2016) |
| 05/02/2016 | 108 | | REPLY to Response to Motion by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re: 104 MOTION for Protective Order *Regarding Scheduling of Depositions of Plaintiffs Bucci and Stricker* (Bonney, Stephen) (Entered: 05/02/2016) |
| 05/02/2016 | 109 | | MOTION for extension of time *to file an expert report and modify discovery deadlines* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 05/02/2016) |
| 05/03/2016 | 110 | | ORDER granting in part 109 unopposed motion for extension of deadlines set in the scheduling order (ECF doc. 49). The motion is granted to the extent that the deadline for defendants to file expert reports is extended to May 16, 2016. However, in order to keep the current pretrial conference date of July 1, 2016 (and related June 24, 2016 deadline for submission of a proposed pretrial order), extensions of other deadlines are shorter than requested. Specifically, the deadline for rebuttal expert reports is extended to June 10, 2016, and the deadline for the close of discovery is extended to June 20, 2016. Signed by Magistrate Judge James P. O'Hara on 5/3/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 05/03/2016) |
| 05/03/2016 | 111 | | ORDER denying 104 Motion for Protective Order. Signed by Magistrate Judge James P. O'Hara on 5/3/2016. (ah) (Entered: 05/03/2016) |
| 05/04/2016 | 112 | | |

| | | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker of Responses and Objections to Defendant Jordan's First Requests for Production (Bonney, Stephen) (Entered: 05/04/2016) |
|---|---|---|---|
| 05/05/2016 | 113 | | NOTICE OF VOLUNTARY DISMISSAL by All Plaintiffs *of Plaintiff Ralph Ortiz* (Bonney, Stephen) (Entered: 05/05/2016) |
| 05/05/2016 | 114 | | REPLY to Response to Motion by Defendant Nick Jordan re: 64 MOTION to Dismiss (Cox, Joseph) (Entered: 05/05/2016) |
| 05/06/2016 | 115 | | TRANSCRIPT of Motion for Preliminary Injunction Hearing (196 pgs) held 04/14/2016 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. J. Brian Cox. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 8/4/2016. (ks) (Entered: 05/06/2016) |
| 05/09/2016 | 116 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas of Answers and Objections to Defendant Jordan's First Interrogatories to Plaintiffs Fish, Bucci, Stricker, Boynton, and Hutchinson (Bonney, Stephen) (Entered: 05/09/2016) |
| 05/09/2016 | 117 | | ENTRY OF APPEARANCE by Christopher M. Ray on behalf of Nick Jordan. (Ray, Christopher) (Entered: 05/09/2016) |
| 05/09/2016 | 118 | | NOTICE OF SUPPLEMENTAL AUTHORITY by Kris W. Kobach re: MOTION for Preliminary Injunction 19 filed by Plaintiff Thomas J. Boynton, Plaintiff Charles Stricker, Plaintiff Douglas Hutchinson, Plaintiff Steven Wayne Fish, Plaintiff Ralph Ortiz, Plaintiff Donna Bucci (Attachments: # 1 Exhibit)(Kobach, Kris) (Entered: 05/09/2016) |
| 05/10/2016 | 119 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Responses and Objections to Defendant Nick Jordan's First Request for Admissions (Bonney, Stephen) (Entered: 05/10/2016) |
| 05/10/2016 | 120 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Third Request for Production of Documents to Defendant Kris Kobach (Bonney, Stephen) (Entered: 05/10/2016) |
| 05/11/2016 | 121 | | |

| | | |
|---|---|---|
| | | SUPPLEMENT to <u>20</u> Affidavit in Support of Motion,,, *Supplemental Declaration of Steven Wayne Fish* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 05/11/2016) |
| 05/11/2016 | <u>122</u> | NOTICE OF SERVICE by Parker Bednasek, Alder Cromwell, Cody Keener of Rule 26 Disclosures (Lawrence, William) (Entered: 05/11/2016) |
| 05/11/2016 | <u>123</u> | NOTICE OF SERVICE by Kris W. Kobach of 26(a) Supplemental Disclosures (Roe, Garrett) (Entered: 05/11/2016) |
| 05/12/2016 | <u>124</u> | NOTICE OF SERVICE by Nick Jordan of Supplemental disclosures (Cox, Joseph) (Entered: 05/12/2016) |
| 05/16/2016 | <u>125</u> | RETURN OF SERVICE of subpoena filed by Defendant Nick Jordan executed upon Doug Bonney on May 2, 2016 by Personal Service. (Willoughby, M.) (Entered: 05/16/2016) |
| 05/16/2016 | <u>126</u> | RESPONSE to <u>118</u> Notice of Supplemental Authority, by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 05/16/2016) |
| 05/16/2016 | <u>127</u> | NOTICE OF SERVICE by Nick Jordan of First Request for Admissions to Plaintiff The League of Women Voters of Kansas. (Cox, Joseph) (Entered: 05/16/2016) |
| 05/17/2016 | <u>128</u> | NOTICE OF SERVICE by Kris W. Kobach of Rule 26(b) Expert Report (Attachments: # <u>1</u> Hans von Spakovsky Expert Report)(Roe, Garrett) (Entered: 05/17/2016) |
| 05/17/2016 | <u>129</u> | MEMORANDUM AND ORDER: Plaintiffs' Motion for Preliminary Injunction (Doc. 19) is granted in part and denied in part. Plaintiff's motion to enjoin enforcement of K.A.R. § 7–23–15 is denied. (See this Memorandum and Order for further information and details.) Signed by District Judge Julie A. Robinson on 5/17/2016. (bw) (Additional attachment added on 5/17/2016: # <u>1</u> Incorrect Document – Redacted) (bw). (Attachment 1 replaced on 5/20/2016 with correct redacted version per chambers) (mm). : # <u>2</u> Main Document – Sealed) (kao). (Entered: 05/17/2016) |
| 05/17/2016 | <u>130</u> | RESPONSE by Defendant Nick Jordan re <u>77</u> Amended MOTION to Certify Class , <u>3</u> MOTION to Certify Class (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H)(Willoughby, M.) (Entered: 05/17/2016) |
| 05/17/2016 | <u>131</u> | MEMORANDUM IN OPPOSITION by Defendant Kris W. Kobach re <u>77</u> Amended MOTION to Certify Class , <u>3</u> MOTION to Certify Class , RESPONSE by Defendant Kris W. Kobach re <u>77</u> Amended MOTION to Certify Class , <u>3</u> MOTION to Certify Class (Attachments: # <u>1</u> Exhibit Index, # <u>2</u> Exhibit Ex F, # <u>3</u> Affidavit Ex G, # <u>4</u> Exhibit Ex H, # <u>5</u> Excerpts of Deposition Ex I)(Roe, Garrett) (Entered: 05/17/2016) |
| 05/18/2016 | <u>132</u> | NOTICE OF SERVICE by Nick Jordan of Second Interrogatories (Cox, Joseph) (Entered: 05/18/2016) |
| 05/18/2016 | <u>133</u> | |

| | | | |
|---|---|---|---|
| | | | EXHIBITS to Defendant Kobach's Response to Class Certification by Kris W. Kobach 131 Memorandum in Opposition re 77 Amended MOTION to Certify Class , 3 MOTION to Certify Class . (Attachments: # 1 Ex A to Resp to Class Cert, # 2 Ex B to Resp to Class Cert, # 3 Ex C to Resp to Class Cert, # 4 Ex D to Resp to Class Cert, # 5 Ex E to Resp to Class Cert)(Roe, Garrett) (Entered: 05/18/2016) |
| 05/18/2016 | 134 | | NOTICE of Interoffice policy change by Kris W. Kobach (Attachments: # 1 Exhibit Index Exhibit Index, # 2 Declaration Ex A–Caskey Declaration, # 3 Excerpts of Deposition Ex B–Stricker Deposition excerpts, # 4 Excerpts of Deposition Ex C–Hutchinson Deposition excerpts)(Roe, Garrett) (Entered: 05/18/2016) |
| 05/19/2016 | 135 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Discovery Requests (Bonney, Stephen) (Entered: 05/19/2016) |
| 05/19/2016 | 136 | | NOTICE of deposition of Hans von Spakovsky on May 26, 2016 by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 05/19/2016) |
| 05/20/2016 | 137 | | MOTION for Order *to Stay Preliminary Injunction Pending Appeal pursuant to FRAP 8.1(a)(1)* by Defendant Kris W. Kobach. (Attachments: # 1 Memorandum Supporting Motion, # 2 Exhibit Index, # 3 Ex A–Excerpts of PI Hearing, # 4 Ex B–Caskey Aff, # 5 Ex C–Caskey Aff (previous), # 6 Ex. D––Excerpts of 30(b)(6) Deposition of SOS, # 7 Ex. E––Lehman Affidavit, # 8 Order granting Stay in Kobach v EAC)(Roe, Garrett) (Entered: 05/20/2016) |
| 05/23/2016 | 138 | | AMENDED NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Hans von Spakovsky on June 1, 2016. (Bonney, Stephen) (Entered: 05/23/2016) |
| 05/23/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 137 MOTION for Order *to Stay Preliminary Injunction Pending Appeal pursuant to FRAP 8.1(a)(1)*. The motion will be resolved by the District Judge.(ah)** (Entered: 05/23/2016) |
| 05/23/2016 | 139 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Bryan Caskey on June 15, 2016 (Bonney, Stephen) (Entered: 05/23/2016) |
| 05/23/2016 | 140 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Responses to Defendant Jordan's First Request for Production to the Plaintiff League of Women Voters of Kansas (Bonney, Stephen) (Entered: 05/23/2016) |
| 05/23/2016 | 141 | | ANSWER to 39 Amended Complaint, by Kris W. Kobach.(Roe, Garrett) (Entered: 05/23/2016) |
| 05/23/2016 | 142 | | NOTICE OF INTERLOCUTORY APPEAL as to 129 Memorandum & Order, by Defendant Kris W. Kobach. Filing fee $ 505, Internet Payment Receipt |

| | | | Number AKSDC−3825305. (Roe, Garrett) (Entered: 05/23/2016) |
|---|---|---|---|
| 05/24/2016 | 143 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 142 Notice of Interlocutory Appeal. (Attachment: # 1 Preliminary Record)(kao) (Entered: 05/24/2016) |
| 05/24/2016 | 144 | | APPEAL DOCKETED in 10CCA on 5/24/16 and assigned Appeal No. 16−3147 re 142 Notice of Interlocutory Appeal filed by Kris W. Kobach. (kao) (Entered: 05/24/2016) |
| 05/25/2016 | 145 | | MEMORANDUM AND ORDER − IT IS THEREFORE ORDERED BY THE COURT that Defendant Kris Kobach's Motion for a Stay Pending Appeal Under Federal Rule of Appellate Procedure 8(a)(1)(A) (Doc. 137) is denied. The temporary stay granted in the Court's May 17, 2016 Memorandum and Order is extended for two additional weeks until June 14, 2016. Signed by District Judge Julie A. Robinson on 5/25/16. (kao) (Entered: 05/25/2016) |
| 05/26/2016 | 146 | | NOTICE by Defendant Kris W. Kobach of taking deposition of Lorraine C Minnite on June 2, 2016 (Roe, Garrett) (Entered: 05/26/2016) |
| 05/26/2016 | 147 | | NOTICE by Defendant Kris W. Kobach of taking deposition of Michael McDonald on June 3, 2016 (Roe, Garrett) (Entered: 05/26/2016) |
| 05/26/2016 | 148 | | NOTICE by Plaintiffs Cody Keener, Parker Bednasek, Alder Cromwell of taking deposition of Hans Von Spakovsky on 06/01/2016. (Johnson, Mark) Modified filer name on 5/27/2016. (kao) (Entered: 05/26/2016) |
| 05/26/2016 | 149 | | NOTICE by Plaintiffs Cody Keener, Parker Bednasek, Alder Cromwell of taking deposition of Bryan Caskey on 06/15/2016. (Johnson, Mark) Modified filer name on 5/27/2016 (kao). (Entered: 05/26/2016) |
| 05/27/2016 | 150 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Responses and Objections to Defendant Jordan's Request for Production of Documents (Bonney, Stephen) (Entered: 05/27/2016) |
| 05/31/2016 | 151 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker of Amended Responses and Objections to Defendant Jordan's First Request for Admissions. (Bonney, Stephen) Modified filer name on 5/31/2016. (kao) (Entered: 05/31/2016) |
| 05/31/2016 | 152 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Pat McFerron on June 7, 2016 (Bonney, Stephen) (Entered: 05/31/2016) |
| 06/01/2016 | 153 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Rule 30(b)(6) Designee of the Department of Vehicles on June 10, 2016 (Bonney, Stephen) (Entered: 06/01/2016) |
| 06/01/2016 | 154 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Defendant Nick Jordan on June 10, 2016 (Bonney, Stephen) (Entered: 06/01/2016) |

| 06/02/2016 | 155 | | NOTICE by Defendant Nick Jordan of taking deposition on June 8, 2016 of representative of the Plaintiff League of Women Voters of Kansas, and Marge Ahrens and Dolores Furtado. (Cox, Joseph) (Entered: 06/02/2016) |
|---|---|---|---|
| 06/02/2016 | 156 | | CERTIFICATE OF SERVICE re 155 NOTICE by Defendant Nick Jordan of taking deposition. (Cox, Joseph) (Entered: 06/02/2016) |
| 06/03/2016 | 157 | | NOTICE OF SERVICE by Parker Bednasek, Alder Cromwell, Cody Keener of first Interrogatories to Defendant Shew (Lawrence, William) (Entered: 06/03/2016) |
| 06/06/2016 | 158 | | NOTICE OF SERVICE by Nick Jordan of responses to 2nd request for production (Cox, Joseph) (Entered: 06/06/2016) |
| 06/07/2016 | 159 | | REPLY to Response to Motion by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 77 Amended MOTION to Certify Class (Bonney, Stephen) (Entered: 06/07/2016) |
| 06/07/2016 | 160 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Answers and Objections to Defendant Nick Jordan's First Interrogatories to the Plaintiff League of Women Voters of Kansas (Bonney, Stephen) (Entered: 06/07/2016) |
| 06/07/2016 | 161 | | TRANSCRIPT ORDER FORM: Transcript Already on File filed by Kris W. Kobach re 142 Notice of Interlocutory Appeal (Kobach, Kris) (Entered: 06/07/2016) |
| 06/08/2016 | 162 | | LETTER TO 10CCA stating record is complete re 142 Notice of Interlocutory Appeal. (Appeal No. 16−3147) (kao) (Entered: 06/08/2016) |
| 06/09/2016 | 163 | | AMENDED NOTICE of Amended Interoffice Policy by Kris W. Kobach re 134 Notice of Interoffice policy change. (Attachments: # 1 Affidavit)(Roe, Garrett) (Entered: 06/09/2016) |
| 06/12/2016 | 164 | | MOTION to Quash *of Donna Bucci and Suggestions in Support* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (Attachment: # 1 Declaration of Angela Lui, # 2 Unsigned Declaration of Donna Bucci)(Bonney, Stephen) (Entered: 06/12/2016) |
| 06/13/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 164 MOTION to Quash *of Donna Bucci and Suggestions in Support*. The motion will be resolved by the District Judge.(ah)** (Entered: 06/13/2016) |
| 06/13/2016 | 165 | | ORDER expediting the deadline for Defendant to respond re MOTION to Quash *of Donna Bucci and Suggestions in Support* 164 . Defendant Kobach shall respond today, 6/13/2016, by 3:00 p.m. CDT. The Court will set the motion for telephonic hearing at 4:00 p.m. Signed by District Judge Julie A. Robinson on 6/13/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(as) (Entered: 06/13/2016) |
| 06/13/2016 | 166 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Telephone Conference set for 6/13/2016 at 04:00 |

| | | | |
|---|---|---|---|
| | | | PM before District Judge Julie A. Robinson. All counsel who wish to participate in this telephone hearing are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#.(bw) (Entered: 06/13/2016) |
| 06/13/2016 | 167 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Rebuttal Expert Designation and Reports (Bonney, Stephen) (Entered: 06/13/2016) |
| 06/13/2016 | 168 | | ORDER of 10CCA denying motion for stay pending appeal and denying the request for an administrative stay as moot. (Appeal No. 16–3147) (kao) (Entered: 06/13/2016) |
| 06/13/2016 | 169 | | RESPONSE by Defendant Kris W. Kobach re 164 MOTION to Quash *of Donna Bucci and Suggestions in Support* (Roe, Garrett) (Entered: 06/13/2016) |
| 06/13/2016 | 170 | | OBJECTION(S) to *Defendant Kobach's Designation of Rebuttal Expert Witness (Joint)* by Parker Bednasek, Alder Cromwell, Cody Keener. (Johnson, Mark) (Entered: 06/13/2016) |
| 06/13/2016 | 171 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: granting 164 MOTION to Quash *of Donna Bucci and Suggestions in Support* filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Ralph Ortiz, Donna Bucci. (Court Reporter Kelli Stewart.) (bw) (Entered: 06/13/2016) |
| 06/14/2016 | 177 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: taking under advisement 3 Motion to Certify Class; taking under advisement 77 Motion to Certify Class; MOTION HEARING held on 6/16/2016 re 3 MOTION to Certify Class filed by Thomas J. Boynton, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Ralph Ortiz, Donna Bucci, 77 Amended MOTION to Certify Class filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Ralph Ortiz, Donna Bucci. (Court Reporter Kelli Stewart.) (bw) Modified on 7/5/2016 to correct file date of minute entry(bw). (Entered: 06/16/2016) |
| 06/15/2016 | 172 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiff League of Women Voters of Kansas's Responses to Defendant Nick Jordan's First Request for Admissions to Plaintiff League of Women Voters of Kansas (Bonney, Stephen) (Entered: 06/15/2016) |
| 06/15/2016 | 173 | | NOTICE OF INTERLOCUTORY APPEAL as to 129 Memorandum & Order, by Defendant Nick Jordan. Filing fee $ 505, Internet Payment Receipt Number AKSDC–3850523. (Willoughby, M.) Modified title on 6/16/2016. (kao) (Entered: 06/15/2016) |
| 06/16/2016 | 174 | | NOTICE OF SERVICE by Kris W. Kobach of Rebuttal Expert Report *of Dr. Steven Camarota* (Roe, Garrett) (Entered: 06/16/2016) |
| 06/16/2016 | 175 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 173 Notice of Appeal. (Attachment: # 1 Preliminary Record)(kao) (Entered: 06/16/2016) |

| 06/16/2016 | 176 | | APPEAL DOCKETED in 10CCA on 6/16/16 and assigned Appeal No. 16−3175 re 173 Notice of Appeal. (kao) (Entered: 06/16/2016) |
| 06/20/2016 | 178 | | TRANSCRIPT ORDER FORM: Transcript Already on File by Nick Jordan re 173 Notice of Appeal. (Recvd from 10CCA). (kao) (Entered: 06/20/2016) |
| 06/20/2016 | 179 | | LETTER TO 10CCA stating record is complete re 173 Notice of Appeal. (Appeal No. 16−3175) (kao) (Entered: 06/20/2016) |
| 06/20/2016 | 180 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiff League of Women Voters of Kansas's Answers and Objections to Defendant Jordan's Second Interrogatories to Plaintiff League of Women Voters of Kansas (Bonney, Stephen) (Entered: 06/20/2016) |
| 06/20/2016 | 181 | | NOTICE OF SERVICE by Nick Jordan of responses to Plaintiffs' First Request for Admissions (Cox, Joseph) (Entered: 06/20/2016) |
| 06/21/2016 | 182 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker of Amended Answers and Objections to Defendant Nick Jordan's First Interrogatories to Plaintiffs Fish, Bucci, Stricker, Boynton, and Hutchinson. (Bonney, Stephen) (Entered: 06/21/2016) |
| 06/21/2016 | 183 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of all Plaintiffs' Answers and Objections to Defendant Kobach's First Interrogatories, as well as Plaintiff League of Women Voters of Kansas's Amended Answers and Objections to Defendant Jordan's First Interrogatories (Bonney, Stephen) (Entered: 06/21/2016) |
| 06/21/2016 | 184 | | SUPPLEMENT by Defendant Nick Jordan. (Cox, Joseph) (Entered: 06/21/2016) |
| 06/21/2016 | 185 | | AMENDED SUPPLEMENTAL SUBMISSION by Nick Jordan. (Cox, Joseph) (Entered: 06/21/2016) |
| 06/22/2016 | 186 | | NOTICE OF SERVICE by Nick Jordan of responses and obj's to 3d Req for Production (Cox, Joseph) (Entered: 06/22/2016) |
| 06/22/2016 | 187 | | MOTION for extension of time by Defendant Nick Jordan (referred to Magistrate Judge James P. O'Hara) (Cox, Joseph) (Entered: 06/22/2016) |
| 06/23/2016 | 188 | | ORDER granting 187 motion for extension of time until July 1, 2016, for defendant Jordan to file a motion to compel. The court finds good cause for the short extension based on the stated difficulty accessing the produced documents. Defendant Jordan is cautioned, however, that his interpretation of the timing rules is incorrect. Both the Scheduling Order (ECF doc. 49 at 12) and D. Kan. Rule 37.1(b) require motions to compel to be filed within 30 days of the default or service of the response that is the subject of the motion −−− neither allows for the addition of "an extra three (3) days" to this deadline. Signed by Magistrate Judge James P. O'Hara on 6/23/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 06/23/2016) |
| 06/24/2016 | 189 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE to <u>170</u> Objection(s) *(i.e. Plaintiffs' Motion to Strike Defendant's rebuttal expert)* by Defendant Kris W. Kobach. (Roe, Garrett) (Entered: 06/24/2016) |
| 06/28/2016 | <u>190</u> | | RESPONSE to <u>185</u> Amended Supplemental Submission, <u>184</u> Supplement by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 06/28/2016) |
| 06/30/2016 | <u>191</u> | | TRANSCRIPT of Motion to Certify Class Hearing (117 pgs) held 06/14/2016 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Juan Diaz.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 9/28/2016. (ks) (Entered: 06/30/2016) |
| 07/01/2016 | <u>192</u> | | NOTICE of Filing of Exhibits 7–10 Introduced at the 4/14/2016 Preliminary Injunction Hearing by Kris W. Kobach (Attachments: # <u>1</u> Ex 7_Congressional Record, # <u>2</u> Ex 8_Lehman Declaration and Updated Sedgwick County Spreadsheet, # <u>3</u> Ex 9_ELVIS Screenshots, # <u>4</u> Rule 30(b)(6) Deposition of Secretary of State Representative Caskey)(Roe, Garrett) (Entered: 07/01/2016) |
| 07/08/2016 | <u>193</u> | | MOTION for extension of time *to File Discovery Related Rule 37 Motion* by Defendant Nick Jordan (referred to Magistrate Judge James P. O'Hara) (Willoughby, M.) (Entered: 07/08/2016) |
| 07/08/2016 | 194 | | ORDER granting <u>193</u> unopposed motion for extension of time up to July 18, 2016, in which to file discovery–related Rule 37 motion regarding the deposition of the League of Women Voters of Kansas. Signed by Magistrate Judge James P. O'Hara on 7/8/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ac) (Entered: 07/08/2016) |
| 07/15/2016 | <u>195</u> | | Unopposed MOTION for extension of time *to File Motion to Compel* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 07/15/2016) |
| 07/18/2016 | 196 | | ORDER granting <u>195</u> unopposed motion for extension of time until July 27, 2016, for plaintiff to bring a motion related to defendant Secretary Jordan's responses to plaintiffs' third request for production of documents. Signed by Magistrate Judge James P. O'Hara on 7/18/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ac) (Entered: 07/18/2016) |

| 07/18/2016 | 197 | | MOTION for extension of time by Defendant Nick Jordan (referred to Magistrate Judge James P. O'Hara) (Willoughby, M.) (Entered: 07/18/2016) |
|---|---|---|---|
| 07/18/2016 | 198 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 197 MOTION for extension of time (Bonney, Stephen) (Entered: 07/18/2016) |
| 07/19/2016 | 199 | | ORDER granting 197 motion for extension of time to file motions to compel discovery. Any motion by plaintiffs to compel Jordan's responses to plaintiffs' third request for production of documents, and any motion by Jordan to compel related to the Rule 30(b)(6) deposition of the League of Women Voters shall be filed by August 3, 2016. Signed by Magistrate Judge James P. O'Hara on 7/19/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 07/19/2016) |
| 07/29/2016 | 200 | | MEMORANDUM AND ORDER denying 3 Motion to Certify Class; denying 77 Motion to Certify Class. See Order for details. Signed by District Judge Julie A. Robinson on 7/29/16. (kao) (Entered: 07/29/2016) |
| 08/01/2016 | 201 | | MOTION to Compel *Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Declaration Rebecca Waldman, # 2 Exhibit Plaintiffs' Document Requests, # 3 Exhibit Defendants' Response to Document Request, # 4 Exhibit Index)(Bonney, Stephen) (Entered: 08/01/2016) |
| 08/03/2016 | 202 | | MOTION for Sanctions *Under Rule 37* by Defendant Nick Jordan (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibit Certification)(Willoughby, M.) (Entered: 08/03/2016) |
| 08/03/2016 | 203 | | MEMORANDUM IN SUPPORT of 202 MOTION for Sanctions *Under Rule 37* by Defendant Nick Jordan (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Willoughby, M.) (Entered: 08/03/2016) |
| 08/03/2016 | 204 | | EXHIBIT(S) IN SUPPORT of 202 MOTION for Sanctions *Under Rule 37* by Defendant Nick Jordan *Exhibit A Amended Certification of Conferring with Counsel* (Cox, Joseph) (Entered: 08/03/2016) |
| 08/11/2016 | 205 | | UNOPPOSED MOTION for Extension of Time to File Response as to 202 MOTION for Sanctions *Under Rule 37* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas. (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 08/11/2016) |
| 08/11/2016 | 206 | | ORDER granting 205 unopposed motion for extension of time until August 31, 2016, for plaintiffs to file a response to 202 motion for sanctions. Signed by Magistrate Judge James P. O'Hara on 8/11/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (srj) (Entered: 08/11/2016) |
| 08/12/2016 | 207 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document |

| | | | |
|---|---|---|---|
| | | | associated with this entry.) Telephone Scheduling Conference set for 9/14/2016 at 09:30 AM before District Judge Julie A. Robinson. All counsel who wish to participate in this telephone scheduling conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#(bw) (Entered: 08/12/2016) |
| 08/12/2016 | 208 | | Unopposed MOTION for Extension of Time to File Response as to 201 MOTION to Compel *Production of Documents* by Defendant Nick Jordan (referred to Magistrate Judge James P. O'Hara) (Willoughby, M.) (Entered: 08/12/2016) |
| 08/12/2016 | 209 | | ORDER granting 208 unopposed motion for extension of time until August 29, 2016, for Secretary Jordan to respond to the motion to compel (ECF doc. 201). Signed by Magistrate Judge James P. O'Hara on 8/12/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 08/12/2016) |
| 08/17/2016 | 210 | | NOTICE OF SERVICE by Nick Jordan of Supplemental Responses to Plaintiffs' Third Request for Production (Cox, Joseph) (Entered: 08/17/2016) |
| 08/29/2016 | 211 | | MEMORANDUM AND ORDER granting Defendant Jordan's 64 Motion to Dismiss. All claims against Defendant Jordan are hereby dismissed. Signed by District Judge Julie A. Robinson on 8/29/16. (kao) (Entered: 08/29/2016) |
| 08/29/2016 | 212 | | ORDER finding as moot 201 plaintiffs' motion to compel Secretary Jordan to produce documents, and 202 Secretary Jordan's motion for sanctions. The two motions are moot in light of Judge Robinson's order granting Secretary Jordan's motion to dismiss (ECF doc. 211). Signed by Magistrate Judge James P. O'Hara on 8/29/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 08/29/2016) |
| 09/09/2016 | 213 | | DISREGARD – FILED IN THIS CASE IN ERROR – NOTICE OF CANCELLED HEARING: Modified on 9/9/2016 (bw). (Entered: 09/09/2016) |
| 09/09/2016 | 214 | | DOCKET ANNOTATION: PLEASE DISREGARD 213 Notice of Cancelled Hearing – filed in this case in error. (bw) (Entered: 09/09/2016) |
| 09/12/2016 | 215 | | ORDER of 10CCA abating appeal as to 173 Notice of Appeal. (Appeal No. 16–3175) (kao) (Entered: 09/12/2016) |
| 09/14/2016 | 216 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: TELEPHONE SCHEDULING CONFERENCE held on 9/14/2016. (Court Reporter Kelli Stewart.) (bw) (Entered: 09/14/2016) |
| 09/14/2016 | 217 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Pretrial Conference (in person) set for 10/20/2016 at 01:00 PM in KC Courtroom 223 (JPO) before Magistrate Judge James P. O'Hara. (bw) (Entered: 09/14/2016) |
| 09/15/2016 | 218 | | ORDER: Although the related cases of Fish v. Kobach, 16–2105, and Bednasek v. Kobach, 15–9300, were consolidated for discovery and pretrial purposes (ECF doc. 29 in Case No. 16–2105), they will be tried separately. Accordingly, as set out in the original scheduling order (ECF doc. 49 at 13, in Case No. 16–2105 ), counsel must submit separate proposed pretrial orders for |

| | | | each case. Signed by Magistrate Judge James P. O'Hara on 9/15/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ah) (Entered: 09/15/2016) |
|---|---|---|---|
| 09/16/2016 | 219 | | Letter from John Ellis dated 8/18/2016 (Attachments: # 1 Court's Response) (bw) (Entered: 09/16/2016) |
| 09/23/2016 | 220 | | MOTION to Enforce Preliminary Injunction (Response deadline 10/7/2016), MOTION for Contempt (Response deadline 10/7/2016), MOTION to Expedite by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 09/23/2016) |
| 09/23/2016 | 221 | | MEMORANDUM IN SUPPORT of 220 MOTION to Enforce *Preliminary Injunction* MOTION for Contempt MOTION to Expedite by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit B−1, # 5 Exhibit B−2, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K)(Bonney, Stephen) (Entered: 09/23/2016) |
| 09/23/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 220 MOTION to Enforce *Preliminary Injunction* MOTION for Contempt MOTION to Expedite . The motion will be resolved by the District Judge.(ah)** (Entered: 09/23/2016) |
| 09/26/2016 | 222 | | ORDER TO SHOW CAUSE Show Cause Hearing set for 9/30/2016 at 09:00 AM in KC Courtroom 427 (JAR) before District Judge Julie A. Robinson. Signed by District Judge Julie A. Robinson on 9/26/2016. (bw) (Entered: 09/26/2016) |
| 09/28/2016 | 223 | | NOTICE of Hearing (COURTROOM CHANGE – ROOM #643):  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Show Cause Hearing set for 9/30/2016 at 09:00 AM in KC Room 643 before District Judge Julie A. Robinson. (bw) (Entered: 09/28/2016) |
| 09/28/2016 | 224 | | ORDER – Defendant Kobach is hereby ordered to produce to this Court a draft of the notice required by Judge Hendricks' Order when he appears this Friday for the Show Cause hearing. Signed by District Judge Julie A. Robinson on 9/28/16. (Attachment: # 1 Shawnee County Order)(kao) (Entered: 09/28/2016) |
| 09/29/2016 | 225 | | STATUS REPORT *Jointly submitted by the Parties Regarding Order to Show Cause* by Kris W. Kobach. (Roe, Garrett) (Entered: 09/29/2016) |
| 09/29/2016 | 226 | | ORDER finding as moot 220 Motion to Enforce, Motion for Contempt, Motion to Expedite. The Show Cause Hearing set for 9/30/2016 is CANCELLED. The Court further directs the parties to FILE A STATUS REPORT regarding compliance with these steps by 10/12/2016. Signed by District Judge Julie A. Robinson on 9/29/2016. (bw) (Entered: 09/29/2016) |
| 09/29/2016 | 227 | | NOTICE OF CANCELLED HEARING: Show Cause Heairng set for 9/30/2016 cancelled. (This is a TEXT ENTRY ONLY. There is no.pdf |

| | | | document associated with this entry.) (bw) (Entered: 09/29/2016) |
|---|---|---|---|
| 09/30/2016 | 228 | | MOTION for attorney Anne A. Gruner to appear pro hac vice (Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–3971152.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support, # 2 ECF Registration Form )(Bonney, Stephen) (Entered: 09/30/2016) |
| 09/30/2016 | 229 | | ORDER – The Court orders the parties to prepare and submit to the Court for review a draft joint notice by Monday, October 3, 2016, at noon CDT. The Court will conduct a telephonic status conference with the parties on Wednesday, October 5, 2016, at noon CDT, to discuss the notice and any revisions thereto. Signed by District Judge Julie A. Robinson on 9/30/16. (kao) (Entered: 09/30/2016) |
| 09/30/2016 | 230 | | NOTICE OF TELEPHONE STATUS CONFERENCE: A Telephone Status Conference is scheduled for Wednesday, October 5, 2016 at noon CDT before District Judge Julie A. Robinson. This telephone conference will be available to the public and any interested individual may dial into the conference to listen in. All counsel and any interested individual wishing to join in the conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748# (ses) (Entered: 09/30/2016) |
| 10/03/2016 | 231 | | ORDER granting 228 Motion to Appear Pro Hac Vice of Anne A. Gruner for Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 10/3/16. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kao) (Entered: 10/03/2016) |
| 10/05/2016 | 236 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: STATUS CONFERENCE held on 10/5/2016. (Court Reporter Kelli Stewart.) (bw) (Entered: 10/07/2016) |
| 10/07/2016 | 232 | | TRANSCRIPT of Telephone Status Conference (24 pgs) held 10/05/2016 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Orion Danjuma.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | | Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 1/5/2017. (ks) (Entered: 10/07/2016) |
|---|---|---|---|
| 10/07/2016 | 233 | | MOTION to Compel *Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 10/07/2016) |
| 10/07/2016 | 234 | | MEMORANDUM IN SUPPORT of 233 MOTION to Compel *Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Declaration of Mary H. Kim, # 2 Declaration of Angela M. Liu, # 3 Exhibit Ex. A Lehman Subpoena, # 4 Exhibit Ex. B Lehman Transcript Excerpts, # 5 Exhibit Ex. C North Email, # 6 Exhibit Ex. D Privilege Log, # 7 Exhibit Ex. E Caskey Transcript Excerpts)(Bonney, Stephen) (Entered: 10/07/2016) |
| 10/07/2016 | 235 | | EXHIBIT IN SUPPORT of 234 Memorandum in Support of Motion, *(Ex. F Status Conf. Transcript Excerpts)*. (Bonney, Stephen) (Entered: 10/07/2016) |
| 10/07/2016 | 237 | | ORDER EXPEDITING BRIEFING DEADLINES regarding 233 motion to compel production of documents. In light of the upcoming October 20, 2016 pretrial conference and the November 16, 2016 dispositive motions deadline, the response and reply deadlines are expedited to October 14, 2016, and October 18, 2016, respectively. The response shall be limited to twelve, double–spaced pages and should address the authorities in plaintiffs' opening brief, as well as the privilege and work–product principles that were included in the general discovery order entered on March 8, 2016 (ECF doc. 30). The reply shall be limited to four double–spaced pages. Signed by Magistrate Judge James P. O'Hara on 10/7/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 10/07/2016) |
| 10/10/2016 | 238 | | MOTION for extension of time *to file a Pretrial Order* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 10/10/2016) |
| 10/11/2016 | 239 | | ORDER granting, in part, 238 joint motion for extension of time to submit proposed pretrial order. The proposed pretrial order is now due by 4:00 p.m. on October 13, 2016. Signed by Magistrate Judge James P. O'Hara on 10/11/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 10/11/2016) |
| 10/13/2016 | 240 | | STATUS REPORT *Jointly Submitted Pursuant to Court Order* by Kris W. Kobach. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C – Plaintiffs revisions to original notices, # 4 Exhibit D – Defendants subsequent revisions to DMV, # 5 Exhibit E – Defendants subsequent revisions to website)(Roe, Garrett) (Entered: 10/13/2016) |
| 10/14/2016 | 241 | | MEMORANDUM AND ORDER: See Order for details. Signed by District Judge Julie A. Robinson on 10/14/16. (hw) (Entered: 10/14/2016) |
| 10/14/2016 | 242 | | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Bryan J. Brown as to Kris W. Kobach (Brown, Bryan) (Entered: 10/14/2016) |
| 10/14/2016 | 243 | | |

| | | | RESPONSE by Defendant Kris W. Kobach re 233 MOTION to Compel *Production of Documents* (Attachments: # 1 Exhibit Index, # 2 Ex. A––Excerpt of Telephone Status Conference, # 3 Ex. B–Excerpt of Lehman Deposition)(Roe, Garrett) (Entered: 10/14/2016) |
|---|---|---|---|
| 10/16/2016 | 244 | | ENTRY OF APPEARANCE by Bethany J. Lee on behalf of Kris W. Kobach. (Roe, Garrett) Modified attorney name on 10/17/2016. (kao) (Entered: 10/16/2016) |
| 10/18/2016 | 245 | | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING CHANGE.  The final pretrial conference set for 10/20/2016 at 1:00 PM will be conducted by telephone before Magistrate Judge James P. O'Hara. All counsel participating in this phone conference are directed to dial the conference center line 888–363–4749, using access code 8914911 to join the conference. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 10/18/2016) |
| 10/18/2016 | 246 | | REPLY to Response to Motion by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 233 MOTION to Compel *Production of Documents* (Bonney, Stephen) (Entered: 10/18/2016) |
| 10/20/2016 | 247 | | ORDER denying 233 Motion to Compel. Signed by Magistrate Judge James P. O'Hara on 10/20/2016. (ah) (Entered: 10/20/2016) |
| 10/20/2016 | 248 | | MOTION to Amend Scheduling Order by Defendant Kris W. Kobach. (Roe, Garrett) (Entered: 10/20/2016) |
| 10/20/2016 | 249 | | MEMORANDUM IN SUPPORT of 248 MOTION to Amend Scheduling Order by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 10/20/2016) |
| 10/20/2016 | 250 | | ORDER SETTING DEADLINES. Signed by Magistrate Judge James P. O'Hara on 10/20/2016. (ah) (Entered: 10/20/2016) |
| 10/20/2016 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 248 MOTION to Amend Scheduling Order . The motion will be resolved by the District Judge.(ah)** (Entered: 10/20/2016) |
| 10/20/2016 | 251 | | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: TELEPHONE STATUS CONFERENCE held on 10/20/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 10/20/2016) |
| 10/25/2016 | 252 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 248 MOTION to Amend Scheduling Order and to Reopen Discovery. (Attachments: # 1 Ex. A, Fish Pls.' First RFP to Def. Kobach, # 2 Ex. B, Fish Pls.' First Interrogs. to Def. Kobach, # 3 Ex. C, Fish Pls.' First RFA to Def. Kobach, # 4 Ex. D, Expert Report of Steven Camarota, # 5 Ex. E, Excerpts from LWV v. Newby Oct. 13, 2016 Mots. Hr'g Tr.)(Bonney, Stephen) (Entered: 10/25/2016) |
| 10/27/2016 | 253 | | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: 248 MOTION to Amend Scheduling Order (Roe, Garrett) (Entered: 10/27/2016) |
| 10/28/2016 | 254 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM AND ORDER granting <u>248</u> Motion to Amend Scheduling Order and Reopen Discovery. Signed by District Judge Julie A. Robinson on 10/28/16. (kao) (Entered: 10/28/2016) |
| 10/31/2016 | 255 | | ORDER SETTING SCHEDULING CONFERENCE: the pretrial conference scheduled for November 3, 2016, at 1:00 p.m. is hereby converted to a telephone status and scheduling conference in light of Judge Robinson's order (ECF doc. 254) granting defendant's request to reopen discovery. All counsel participating in this phone conference are directed to dial the conference center line 888–363–4749, using access code 8914911 to join the conference. Signed by Magistrate Judge James P. O'Hara on 10/31/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ah) (Entered: 10/31/2016) |
| 11/03/2016 | <u>256</u> | | ORDER: Because these cases are no longer on the same discovery or pretrial track, the benefits to case consolidation have ended. Accordingly, the Clerk is directed to unconsolidate the cases. All future filings shall be made in the individual cases to which they apply. Signed by Magistrate Judge James P. O'Hara on 11/3/16. (hw) (Entered: 11/03/2016) |
| 11/03/2016 | 257 | | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: TELEPHONE SCHEDULING CONFERENCE held on 11/3/2016. (Court Reporter Kelli Stewart) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 11/03/2016) |
| 11/03/2016 | <u>258</u> | | AMENDED SCHEDULING ORDER: Discovery deadline 4/26/2017. Dispositive motion deadline 7/7/2017. Proposed Pretrial Order due by 5/5/2017. Final Pretrial Conference set for <u>5/12/2017 at 10:30 AM</u> in KC Courtroom 223 before Magistrate Judge James P. O'Hara. Court Trial set for <u>3/6/2018 at 9:30 AM</u> in KC Courtroom 427 before District Judge Julie A. Robinson; estimated trial time 2–4 days. SEE ORDER FOR ANY ADDITIONAL SCHEDULED DEADLINES AND HEARINGS. Signed by Magistrate Judge James P. O'Hara on 11/3/2016. (kg) (Entered: 11/03/2016) |
| 11/10/2016 | <u>259</u> | | APPEAL MANDATE from 10CCA: AFFIRMING and REMANDING for further proceedings. (Appeal No. 16–3147) (Attachments: # <u>1</u> Order and Judgment of September 30, 2016, # <u>2</u> Transmittal Letter)(kao) (Entered: 11/10/2016) |
| 11/10/2016 | <u>260</u> | | TRANSCRIPT of Final Pretrial Conference (15–9300) and Scheduling and Status Conference (16–2105) (45 pgs) held 11/03/2016 before Judge James P. O'Hara, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale Ho. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | | |
|---|---|---|---|
| | | | Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 2/8/2017. (ks) (Entered: 11/10/2016) |
| 11/15/2016 | 261 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Fifth Request for Production of Documents from Defendant Kris Kobach (Bonney, Stephen) (Entered: 11/15/2016) |
| 11/22/2016 | 262 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Sixth Request for Production of Documents from Defendant Kris Kobach. (Bonney, Stephen) (Entered: 11/22/2016) |
| 12/15/2016 | 263 | | MOTION to Compel by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 12/15/2016) |
| 12/15/2016 | 264 | | MOTION for extension of time *to Respond or Object to Plaintiffs' Fifth Request for Documents* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 12/15/2016) |
| 12/15/2016 | 265 | | ORDER granting 264 unopposed motion for extension of time until December 30, 2016, for defendant to respond to plaintiffs' fifth set of requests for production of documents. Signed by Magistrate Judge James P. O'Hara on 12/15/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ah) (Entered: 12/15/2016) |
| 12/21/2016 | 266 | | ORDER granting 263 Motion to Compel. Signed by Magistrate Judge James P. O'Hara on 12/21/2016. (srj) (Entered: 12/21/2016) |
| 12/22/2016 | 267 | | MOTION for Partial Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 12/22/2016) |
| 12/22/2016 | 268 | | MEMORANDUM IN SUPPORT of 267 MOTION for Partial Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas(Bonney, Stephen) (Entered: 12/22/2016) |
| 12/22/2016 | 269 | | AFFIDAVIT of R. Orion Danjuma re 267 MOTION for Partial Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Exhibit A – Kansas Voter Reg Form, # 2 Exhibit B – SOS KDHE MOU, # 3 Exhibit C1 – Kobach Testimony Jan 2014, # 4 Exhibit C2 – Kobach Testimony Feb 2015, # 5 Exhibit D1 – Trans. Prelim Inj. Hearing, # 6 Exhibit D2 – Trans. Brown Perm Inj. Hearing, # 7 Exhibit E1– Caskey Aff. Mar 29 2016, # 8 Exhibit E2 – Caskey Aff. May 18 2016, # 9 Exhibit F1 – Caskey Dep. June 15 2016, # 10 Exhibit F2 – Caskey Dep. Apr. 6 2016, # 11 Exhibit F3 – Lehman Dep. Apr. 6 2016, # 12 Exhibit – Redacted G1 – Fish Decl., # 13 Exhibit G2 – Fish Supp. Decl, # 14 Exhibit – Redacted G3 – Bucci Decl, # 15 Exhibit – Redacted G4 – Stricker Decl., # 16 Exhibit – Redacted G5 – Boynton Decl., # 17 Exhibit – Redacted G6 – Hutchinson Decl., # 18 Exhibit – Redacted H1 – Fish DMV rec, # 19 Exhibit – Redacted H2 – Bucci DMV rec, # 20 Exhibit – Redacted H3 – Stricker DMV rec, # 21 Exhibit – Redacted H4 – Boynton DMV rec, # 22 Exhibit – Redacted H5 – Hutchinson DMV rec, # 23 Exhibit – Redacted I1 – Fish Dep., # 24 Exhibit I2 |

| | | | |
|---|---|---|---|
| | | | – Bucci Dep., # 25 Exhibit – Redacted I3 – Stricker Dep., # 26 Exhibit – Redacted I4 – Boynton Dep., # 27 Exhibit I5 – Hutchinson Dep., # 28 Exhibit J – Ahrens Dep., # 29 Exhibit K1 – CEO Instr., # 30 Exhibit K2 – Implementation Guide, # 31 Exhibit L1 – Kobach Resp. RFAs, # 32 Exhibit L2 – Kobach Resp RFPs, # 33 Exhibit M1, # 34 Exhibit M2 – Lehman Spreadsheet, # 35 Exhibit M3 – 2015 Voter reg, # 36 Exhibit M4 – 2013 Voter reg, # 37 Exhibit M5 – Miller Memo, # 38 Exhibit N – Ahrens index, # 39 Exhibit N1, # 40 Exhibit N2, # 41 Exhibit N3, # 42 Exhibit N4, # 43 Exhibit N5, # 44 Exhibit N6, # 45 Exhibit N7, # 46 Exhibit N8, # 47 Exhibit N9, # 48 Exhibit N10, # 49 Exhibit N11, # 50 Exhibit N12, # 51 Exhibit O – League Resp. to Jordan)(Bonney, Stephen) (Entered: 12/22/2016) |
| 01/09/2017 | 270 | | MOTION for extension of time to File Response re 267 MOTION for Partial Summary Judgment by Defendant Kris W. Kobach. (Roe, Garrett) (Entered: 01/09/2017) |
| 01/10/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 270 MOTION for extension of time . The motion will be resolved by the District Judge.(ah)** (Entered: 01/10/2017) |
| 01/10/2017 | 271 | | ORDER granting 270 Motion for Extension of Time to File Response to Plaintiff's Motion for Partial Summary Judgment. The response deadline is extended to 1/27/2017. Signed by District Judge Julie A. Robinson on 1/10/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 01/10/2017) |
| 01/23/2017 | 272 | | MOTION to Compel *Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 01/23/2017) |
| 01/23/2017 | 273 | | MEMORANDUM IN SUPPORT of 272 MOTION to Compel *Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Affidavit of Angela Liu, # 2 Ex. A – Pls.' 6th RFP, # 3 Ex. B – Def.'s Response, # 4 Ex. C – Privilege Log, # 5 Ex. D – CJOnline article, # 6 Ex. E – Danjuma email, # 7 Ex. F – Roe email, # 8 Ex. G – 3.34.16 Tr. Excerpts, # 9 Ex. H – 11.03.16 Tr. Excerpts)(Bonney, Stephen) (Entered: 01/23/2017) |
| 01/24/2017 | 274 | | MOTION for attorney Daphne T. Ha to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–4073340.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Affidavit in Support of Motion, # 2 ECF Registration Form)(Bonney, Stephen) (Entered: 01/24/2017) |
| 01/24/2017 | 275 | | ORDER granting 274 Motion to Appear Pro Hac Vice of Daphne T. Ha for Thomas J. Boynton,Daphne T. Ha for Donna Bucci,Daphne T. Ha for Steven Wayne Fish,Daphne T. Ha for Douglas Hutchinson,Daphne T. Ha for Charles Stricker,Daphne T. Ha for The League of Women Voters of Kansas pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF |

| | | |
|---|---|---|
| | | Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 1/24/17. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (hw) (Entered: 01/24/2017) |
| 01/25/2017 | 276 | Joint MOTION for Hearing re 267 MOTION for Partial Summary Judgment , Unopposed MOTION to Consolidate Cases *for Hearing on Summary Judgment Only* ( Response deadline 2/8/2017) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/25/2017) |
| 01/25/2017 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 276 Joint MOTION for Hearing re 267 MOTION for Partial Summary Judgment Unopposed MOTION to Consolidate Cases *for Hearing on Summary Judgment Only*. The motion will be resolved by the District Judge.(ah)** (Entered: 01/25/2017) |
| 01/26/2017 | 277 | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Seventh Request for Production of Documents from Defendant Kris Kobach (Bonney, Stephen) (Entered: 01/26/2017) |
| 01/26/2017 | 278 | Unopposed MOTION for extension of time *to file Motion to Compel Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 01/26/2017) |
| 01/26/2017 | 279 | ORDER granting 278 unopposed motion for extension of time until February 20, 2017, for plaintiffs to file a motion to compel related to plaintiffs' fifth request for production of documents. Signed by Magistrate Judge James P. O'Hara on 1/26/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (srj) (Entered: 01/26/2017) |
| 01/27/2017 | 280 | MEMORANDUM IN OPPOSITION by Defendant Kris W. Kobach re 267 MOTION for Partial Summary Judgment (Roe, Garrett) (Entered: 01/27/2017) |
| 01/27/2017 | 281 | INDEX OF EXHIBITS by Defendant Kris W. Kobach to 280 *Response Memorandum* re 267 MOTION for Partial Summary Judgment. (Attachments: # 1 Ex A–Fish Depo, # 2 Ex B, # 3 Ex B–1–Voter Reg Receipt, # 4 Ex C––Depo of Caskey (4/6/16), # 5 Ex D–Caskey Affidavit, # 6 Exhibit – Redacted D–1–Redacted Fish ELVIS, # 7 Exhibit – Redacted D–2 Redacted Bucci ELVIS, # 8 Exhibit – Redacted D–3 Redacted copy of Hutchinson ELVIS, # 9 Exhibit – Redacted D–4 Redacted copy of Stricker ELVIS, # 10 Exhibit – Redacted D–5 Redacted Boyton ELVIS, # 11 Ex E–Chart to KS Legislature, # 12 Ex F–Lehman Affidavit, # 13 Exhibit – Redacted F–1 Redacted Alkhalifa ELVIS, # 14 Exhibit – Redacted F–2 Redacted Wagner ELVIS, # 15 Exhibit – Redacted F–3 Redacted Bidzimou ELVIS, # 16 Ex F–4 Sedgwick County Chart, # 17 Ex G–Caskey Depo (12/1/2015), # 18 Ex H–KDHE/SOS MOU, # 19 Ex I–Caskey Depo (6/16/2016), # 20 Ex J–Lehman Depo, # 21 Ex K–Bucci Depo, # 22 Ex L–Hutchinson Depo, # 23 Ex M–Boynton Depo, # 24 Ex N–Stricker Depo, # 25 Ex O–Notice of Interagency Policy Changes, # 26 Ex P–KS Voter Registration Form, # 27 Ex |

| | | | |
|---|---|---|---|
| | | | Q–National Voter Registration Form, # 28 Ex R–Ahrens Depo, # 29 Ex S–Kobach Testimony, # 30 Exhibit – Redacted T–Parks Declaration Redacted, # 31 Ex U–Form RCD, # 32 Ex V–Notice of Interagency Policy Change, # 33 Ex W–Amended Notice of Interagency Policy Change, # 34 Ex X–SAVE Correspondence, # 35 Ex Y–Teaching Module for Voter Registration Printout, # 36 Ex Z–2010 General Election Turnout, # 37 Ex AA–2010 Primary Turnout, # 38 Ex BB–2008 General Turnout, # 39 Ex CC–2008 Primary Turnout, # 40 Ex DD–2006 General Turnout, # 41 Ex EE–2006 Primary Turnout)(Roe, Garrett) (Entered: 01/28/2017) |
| 01/30/2017 | 282 | | ORDER granting 276 Joint Motion for Consolidated Oral Argument Hearing. Oral argument set for 3/3/2017 at 01:30 PM in KC Courtroom 427 (JAR) before District Judge Julie A. Robinson. Signed by District Judge Julie A. Robinson on 1/30/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 01/30/2017) |
| 01/30/2017 | 283 | | NOTICE of Expert Report by Kris W. Kobach (Roe, Garrett) (Entered: 01/30/2017) |
| 02/06/2017 | 284 | | MOTION for extension of time to Respond to Plaintiffs' 272 Motion to Compel by Defendant Kris W. Kobach. (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 02/06/2017) |
| 02/07/2017 | 285 | | ORDER granting 284 unopposed motion for extension of time until February 7, 2017, for defendant to respond to plaintiffs' motion to compel (ECF No. 272). Signed by Magistrate Judge James P. O'Hara on 2/07/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (srj) (Entered: 02/07/2017) |
| 02/07/2017 | 286 | | UNOPPOSED MOTION for Extension of Time to File Reply as to 280 Memorandum in Opposition to Motion re 267 MOTION for Partial Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 02/07/2017) |
| 02/07/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 286 Unopposed MOTION for Extension of Time to File Reply as to 280 Memorandum in Opposition to Motion, 267 MOTION for Partial Summary Judgment . The motion will be resolved by the District Judge.(ss)** (Entered: 02/07/2017) |
| 02/07/2017 | 287 | | ORDER granting 286 Motion for Extension of Time to File Reply re 267 MOTION for Partial Summary Judgment. Plaintiffs' Reply deadline is extended to 2/15/2017. Signed by District Judge Julie A. Robinson on 2/7/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 02/07/2017) |
| 02/07/2017 | 288 | | MEMORANDUM IN OPPOSITION by Defendant Kris W. Kobach re 272 MOTION to Compel Production of Documents (Roe, Garrett) (Entered: 02/07/2017) |
| 02/07/2017 | 289 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re 288 MEMORANDUM IN OPPOSITION to 272 MOTION to Compel Production of Documents. (Attachments: # 1 Ex A–Plaintiffs' Sixth Request for Production, # 2 Ex B–Plaintiffs' Seventh Request for Production, # 3 Ex |

| | | |
|---|---|---|
| | | C–Plaintiffs' First Request for Production, # 4 Ex D–Plaintiffs' Third Request for Production, # 5 Ex E–Plaintiffs' Fifth Request for Production, # 6 Ex F–Plaintiffs' Sixth Request for Production, # 7 Ex G–Excerpts of this Court's, # 8 Affidavit H–Declaration of Garrett Roe)(Roe, Garrett) (Entered: 02/07/2017) |
| 02/15/2017 | 290 | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 267 MOTION for Partial Summary Judgment (Bonney, Stephen) (Entered: 02/15/2017) |
| 02/15/2017 | 291 | AFFIDAVIT of R. Orion Danjuma re 290 REPLY by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Ex. P – Fish Dep. p. 33, # 2 Ex. Q – Ahrens Dep. Excerpts, # 3 Ex. R – PI Hr'g Tr., # 4 Ex. S – Class Cert. Hr'g Tr., # 5 Ex. T – Jackson Cty, Free ID Guide, # 6 Ex. U – Wisc. Prop. Ord., # 7 Ex. V – Oregon Initiative, # 8 Ex. W – Oregon Webpage)(Bonney, Stephen) (Entered: 02/15/2017) |
| 02/17/2017 | 292 | Unopposed MOTION for extension of time *to File Motion to Compel Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 02/17/2017) |
| 02/21/2017 | 293 | ORDER granting 292 unopposed motion for extension of time until March 6, 2017, for plaintiffs to file a motion to compel related to plaintiffs' fifth request for production of documents. Signed by Magistrate Judge James P. O'Hara on 2/21/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (srj) (Entered: 02/21/2017) |
| 02/21/2017 | 294 | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 272 MOTION to Compel *Production of Documents* (Bonney, Stephen) (Entered: 02/21/2017) |
| 03/01/2017 | 295 | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Kelly Baker on April 4, 2017 (Bonney, Stephen) (Entered: 03/01/2017) |
| 03/01/2017 | 296 | Unopposed MOTION for extension of time *to file Motion to Compel Production of Documents* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Bonney, Stephen) (Entered: 03/01/2017) |
| 03/02/2017 | 297 | ORDER granting 296 unopposed motion for extension of time until March 22, 2017, for plaintiffs to file a motion to compel related to their fifth document requests. Signed by Magistrate Judge James P. O'Hara on 3/2/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (amh) (Entered: 03/02/2017) |
| 03/02/2017 | 298 | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of |

| | | | |
|---|---|---|---|
| | | | Kansas of taking deposition of Jameson Beckner on March 29, 2017 (Bonney, Stephen) (Entered: 03/02/2017) |
| 03/02/2017 | 299 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Brad Bryant on March 28, 2017 (Bonney, Stephen) (Entered: 03/02/2017) |
| 03/02/2017 | 300 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Bryan Caskey on March 29, 2017 (Bonney, Stephen) (Entered: 03/02/2017) |
| 03/02/2017 | 301 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Eric Rucker on March 28, 2017 (Bonney, Stephen) (Entered: 03/02/2017) |
| 03/03/2017 | 303 | | MINUTE ENTRY for proceedings held before District Judge Julie A. Robinson: Oral Arugment held on 3/3/2017 taking under advisement 267 MOTION for Partial Summary Judgment filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci. (Court Reporter Kelli Stewart.) (bw) (Entered: 03/07/2017) |
| 03/06/2017 | 302 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Third Set of Interrogatories to Defendant (Bonney, Stephen) (Entered: 03/06/2017) |
| 03/16/2017 | 304 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Rebuttal Expert Designation and Reports (Bonney, Stephen) (Entered: 03/16/2017) |
| 03/17/2017 | 305 | | TRANSCRIPT of Motions for Summary Judgment Hearing (134 pgs) held 03/03/2017 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Ms. Sophia Lakin.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/15/2017. (ks) (Entered: 03/17/2017) |
| 03/20/2017 | 306 | | NOTICE OF WITHDRAWAL OF APPEARANCE by Christopher Ray as counsel for Nick Jordan, terminated defendant. (daw) (Entered: 03/20/2017) |

| 03/20/2017 | 307 | | NOTICE of Hearing CHANGE:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) The Final Pretrial Conference HAS BEEN RESCHEDULED FOR 5/11/2017 at 09:00 AM in KC Courtroom 223 (JPO) before Magistrate Judge James P. O'Hara. The proposed pretrial order remains due May 5, 2017.(ss) (Entered: 03/20/2017) |
| 03/23/2017 | 308 | | NOTICE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of taking deposition of Jesse T. Richman on April 21, 2017 (Bonney, Stephen) (Entered: 03/23/2017) |
| 03/27/2017 | 309 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Amended Third Set of Interrogatories to Defendant (Bonney, Stephen) (Entered: 03/27/2017) |
| 03/27/2017 | 310 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Second Request for Admissions from Defendant Kris Kobach (Bonney, Stephen) (Entered: 03/27/2017) |
| 03/28/2017 | 311 | | NOTICE OF SERVICE by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas of Plaintiffs' Amended Second Request for Admissions from Defendant Kris Kobach (Bonney, Stephen) (Entered: 03/28/2017) |
| 03/28/2017 | 312 | | MOTION for extension of time *to File a rebuttal Expert Report* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Ex A––Excerpt of Transcript)(Roe, Garrett) (Entered: 03/28/2017) |
| 03/28/2017 | 313 | | ORDER granting 312 unopposed motion for extension of time until April 12, 2017, for defendant Kobach to serve rebuttal expert reports. Signed by Magistrate Judge James P. O'Hara on 3/28/2017. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (srj) (Entered: 03/28/2017) |
| 03/28/2017 | 314 | | NOTICE by Defendant Kris W. Kobach of taking deposition of Stephen Ansolabehere on April 3, 2017 (Roe, Garrett) (Entered: 03/28/2017) |
| 03/28/2017 | 315 | | NOTICE by Defendant Kris W. Kobach of taking deposition of Eitan Hersh on April 4, 2017 (Roe, Garrett) (Entered: 03/28/2017) |
| 03/28/2017 | 316 | | NOTICE by Defendant Kris W. Kobach of taking deposition of Lorraine Minnite on March 31, 2017 (Roe, Garrett) (Entered: 03/28/2017) |
| 03/30/2017 | 317 | | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Anne A. Gruner as to Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 03/30/2017) |
| 04/05/2017 | 318 | | ORDER regarding 272 plaintiffs' motion to compel production of documents. Defendant ordered to submit documents for in camera review by 5:00 PM on April 6, 2017. Signed by Magistrate Judge James P. O'Hara on 4/5/2017. (amh) (Entered: 04/05/2017) |

| 04/12/2017 | 319 | | NOTICE of Disclosure of Rebuttal Expert by Kris W. Kobach (Roe, Garrett) (Entered: 04/12/2017) |
|---|---|---|---|
| 04/17/2017 | 320 | | ORDER granting 272 Motion to Compel. Signed by Magistrate Judge James P. O'Hara on 4/17/2017. (amh) (Entered: 04/17/2017) |
| 04/19/2017 | 321 | | MOTION for Order *to Stay Magistrate O'Hara's Enforcement Pending Review to Judge Robinson* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 04/19/2017) |
| 04/19/2017 | 322 | | MEMORANDUM IN SUPPORT of 321 MOTION for Order *to Stay Magistrate O'Hara's Enforcement Pending Review to Judge Robinson* by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 04/19/2017) |
| 04/19/2017 | 323 | | ORDER EXPEDITING BRIEFING DEADLINES regarding 321 Motion to Stay Order. The response deadline is April 21, 2017. The reply deadline is April 24, 2017. Signed by Magistrate Judge James P. O'Hara on 4/19/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (amh) (Entered: 04/19/2017) |
| 04/21/2017 | 324 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 321 MOTION for Order *to Stay Magistrate O'Hara's Enforcement Pending Review to Judge Robinson* (Bonney, Stephen) (Entered: 04/21/2017) |
| 04/23/2017 | 325 | | ORDER granting 321 Motion to Stay, and expediting deadlines related to Fed. R. Civ. P. 72(a) objections. Signed by Magistrate Judge James P. O'Hara on 4/23/2017. (amh) (Entered: 04/23/2017) |
| 04/26/2017 | 326 | | MOTION for Review *under 72(a)* by Defendant Kris W. Kobach (Roe, Garrett) (Entered: 04/26/2017) |
| 04/26/2017 | 327 | | MEMORANDUM IN SUPPORT of 326 MOTION for Review *under 72(a)* by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 04/26/2017) |
| 04/28/2017 | 328 | | UNOPPOSED MOTION for Extension of Time to File Response as to 326 MOTION for Review *under 72(a)* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 04/28/2017) |
| 04/28/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 328 Unopposed MOTION for Extension of Time to File Response as to 326 MOTION for Review *under 72(a)* . The motion will be resolved by the District Judge.(amh)** (Entered: 04/28/2017) |
| 04/28/2017 | 329 | | ORDER granting 328 Motion for Extension of Time to File Response/Reply re 326 MOTION for Review *under 72(a).* The response deadline is extended to 5/1/2017; the reply deadline is extended to 5/4/2017. Signed by District Judge Julie A. Robinson on 4/28/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 04/28/2017) |
| 05/01/2017 | 331 | | NOTICE OF HEARING CHANGE: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. The Final Pretrial Conference scheduled for May 11, 2017, HAS BEEN RESCHEDULED FOR May 31, 2017, at 10:30 AM in KC Courtroom 223 (JPO) before Magistrate Judge James P. O'Hara. The proposed |

| | | | |
|---|---|---|---|
| | | | pretrial order shall now be due by May 22, 2017. Signed by Magistrate Judge James P. O'Hara on 4/28/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(amh) (Entered: 05/01/2017) |
| 05/01/2017 | 332 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 326 MOTION for Review *under 72(a)* (Bonney, Stephen) (Entered: 05/01/2017) |
| 05/02/2017 | 333 | | NOTICE of HEARING CHANGE:  <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING</span> at the informal request of the parties, the Final Pretrial Conference scheduled for May 31, 2017, has been rescheduled for June 5, 2017 at 02:00 PM in KC Courtroom 223 (JPO) before Magistrate Judge James P. O'Hara. The proposed pretrial order shall now be due by May 25, 2017.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (amh) (Entered: 05/02/2017) |
| 05/04/2017 | 334 | | MEMORANDUM AND ORDER denying 267 Motion for Partial Summary Judgment. See Order for details. Signed by Chief Judge Julie A. Robinson on 5/4/17. (kao) (Entered: 05/04/2017) |
| 05/04/2017 | 335 | | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: 326 MOTION for Review *under 72(a)* (Roe, Garrett) (Entered: 05/04/2017) |
| 05/05/2017 | 336 | | DISREGARD THIS ENTRY – THIS WAS A DUPLICATE ENTRY – See Document 337 (Entered: 05/05/2017) |
| 05/05/2017 | 337 | | NOTICE OF TELEPHONE CONFERENCE: Telephone Conference set for 5/10/2017 at 02:30 PM before Chief Judge Julie A. Robinson. All counsel who wish to participate in this telephone conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#.(bw) (Entered: 05/05/2017) |
| 05/10/2017 | 338 | | MEMORANDUM AND ORDER denying 326 Motion for Review. See Order for details. Signed by Chief District Judge Julie A Robinson on 5/10/17. (kao) (Entered: 05/10/2017) |
| 05/10/2017 | 339 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: TELEPHONE STATUS CONFERENCE held on 5/10/2017. (Court Reporter Kelli Stewart.) (bw) (Entered: 05/10/2017) |
| 05/15/2017 | 340 | | ORDER of 10CCA continuing abatement as to 173 Notice of Appeal. (Appeal No. 16–3175) (kao) (Entered: 05/15/2017) |
| 05/19/2017 | 341 | | MOTION for extension of time *to submit a proposed pretrial order* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 05/19/2017) |
| 05/21/2017 | 342 | | ORDER granting 341 unopposed Motion for Extension of Time. Despite the lack of good–cause showing, the court will extend the deadline for submission of the Proposed Pretrial Order to NOON on 5/31/2017. No further extensions of this deadline will be granted, even if unopposed, to preserve the court's time to review the proposed order before the pretrial conference. Signed by Magistrate Judge James P. O'Hara on 5/21/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (amh) (Entered: 05/21/2017) |

| 05/22/2017 | 343 | | MOTION for Sanctions *and Suggestions in Support* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibit A – Email Exchange, May 12, 2017, # 2 Exhibit B – Email Exchange, May 22, 2017)(Bonney, Stephen) (Entered: 05/22/2017) |
|---|---|---|---|
| 06/05/2017 | 344 | | ORDER regarding 343 plaintiffs' motion for sanctions. As discussed during today's pretrial conference, without objection by plaintiffs, the deadline for defendant to file his response to this motion is extended by one day, i.e., to 6/6/17. Signed by Magistrate Judge James P. O'Hara on 6/5/17. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (O'Hara, James) (Entered: 06/05/2017) |
| 06/05/2017 | 345 | | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: FINAL PRETRIAL CONFERENCE held on 6/5/2017. Dale E. Ho, Sophia Lin Lakin, and Stephen D. Bonney appear for plaintiff. Garrett R. Roe and Bethany J. Lee appear for defendant. (Court Reporter Jean Crawford.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 06/05/2017) |
| 06/06/2017 | 346 | | RESPONSE by Defendant Kris W. Kobach re 343 MOTION for Sanctions *and Suggestions in Support* (Roe, Garrett) (Entered: 06/06/2017) |
| 06/06/2017 | 347 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re 346 Response to Motion *for Sanctions*. (Attachments: # 1 Ex A. Ho twitter, # 2 Ex B. Danjuma email, # 3 Ex C. NY Times Article, # 4 Ex D. Newspaper article, # 5 Ex E. Ho Q&A, # 6 Ex. F. Groups fume, # 7 Ex G. Fraud squad, # 8 Ex H. Voter ID Hawk, # 9 Ex I. Salon article, # 10 Ex J. Bipartisan Report article, # 11 Ex K. Advocate for Tough Voting Rules)(Roe, Garrett) (Entered: 06/06/2017) |
| 06/08/2017 | 348 | | TRANSCRIPT of Pretrial Conference held June 5, 2017 before Judge James P. O'Hara, Court Reporter Jean Crawford. Transcript purchased by: Garrett Roe. |
| | | | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter, Jean Crawford, Jean_Crawford@mow.uscourts.gov, 816–512–5642 before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 9/6/2017. (kg) (Entered: 06/08/2017) |
| 06/13/2017 | 349 | | PRETRIAL ORDER ENTERED Dispositive motion deadline 7/7/2017. Court Trial set for 3/6/2018 at 09:00 AM in KC Courtroom 427 (JAR) before Chief District Judge Julie A Robinson. Estimated trial time 5 days. Signed by Magistrate Judge James P. O'Hara on 6/13/17. (ss) (Entered: 06/13/2017) |

| 06/16/2017 | 350 | | JOINT MOTION to Amend Scheduling Order *with Respect to Dispositive Motions and Related Filings* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 06/16/2017) |
|---|---|---|---|
| 06/19/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 350 Joint MOTION to Amend Scheduling Order *with Respect to Dispositive Motions and Related Filings*. The motion will be resolved by the District Judge.**(ss) (Entered: 06/19/2017) |
| 06/19/2017 | 351 | | UNOPPOSED MOTION to Amend/Correct 349 Pretrial Order, by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Ex A – Clean Proposed Pretrial Order, # 2 Ex. B – Redlined Proposed Pretrial Order)(Bonney, Stephen) (Entered: 06/19/2017) |
| 06/20/2017 | 352 | | ORDER granting 350 Motion to Amend Scheduling Order. The Court grants the parties' joint request to amend the deadlines and page limits for summary judgment and Daubert briefs as described in the proposed briefing schedule set forth in their motion. Signed by Chief District Judge Julie A Robinson on 6/20/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 06/20/2017) |
| 06/20/2017 | 353 | | ORDER granting 351 unopposed motion to amend pretrial order and AMENDED PRETRIAL ORDER. Signed by Magistrate Judge James P. O'Hara on 6/20/2017. (amh) (Entered: 06/20/2017) |
| 06/20/2017 | 354 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 343 MOTION for Sanctions *and Suggestions in Support* (Attachments: # 1 Ex. A. Excerpt from 3/23/16 Conf. Tr.)(Bonney, Stephen) (Entered: 06/20/2017) |
| 06/23/2017 | 355 | | ORDER granting in part and denying in part 343 Motion for Sanctions. Signed by Magistrate Judge James P. O'Hara on 6/23/2017. (amh) (Entered: 06/23/2017) |
| 06/28/2017 | 356 | | MOTION to Amend Scheduling Order *and Reschedule Deposition Date* by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 06/28/2017) |
| 06/29/2017 | 357 | | ORDER granting 356 unopposed motion to amend scheduling order and reschedule deposition date. The deposition of Secretary Kobach is rescheduled for August 3, 2017, at 10:00 a.m. With the consent of the presiding U.S. District Judge, Julie A. Robinson, the deadlines for summary judgment and Daubert briefs are amended as described in the proposed briefing schedule set forth in the motion. However, the parties are cautioned that no further extensions of the summary judgment and/or Daubert deadlines will be granted absent extraordinary circumstances. Finally, because defendant has advised the court that the anticipated motion for reconsideration and objections to the undersigned's June 23, 2017 order (ECF No. 355) will challenge the taking of Secretary Kobach's deposition, the briefing schedule surrounding any such challenge is expedited as follows: any motion for reconsideration is due today, June 29, 2017, and any response is due June 30, 2017. No reply shall be filed, |

| | | | |
|---|---|---|---|
| | | | and the briefs shall be limited to five pages. Any objections to the June 23, 2017 order (ECF No. 355) shall be filed by July 5, 2017, with any response due July 12, 2017, and any reply due July 14, 2017; all briefing of the objections shall be limited to three pages. Signed by Magistrate Judge James P. O'Hara on 6/29/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (srj) (Entered: 06/29/2017) |
| 06/29/2017 | 358 | | MOTION for Reconsideration re 355 Order on Motion for Sanctions by Defendant Kris W. Kobach (referred to Magistrate Judge James P. O'Hara) (Roe, Garrett) (Entered: 06/29/2017) |
| 06/29/2017 | 359 | | MEMORANDUM IN SUPPORT of 358 MOTION for Reconsideration re 355 Order on Motion for Sanctions by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 06/29/2017) |
| 06/30/2017 | 360 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 358 MOTION for Reconsideration re 355 Order on Motion for Sanctions (Bonney, Stephen) (Entered: 06/30/2017) |
| 07/05/2017 | 361 | | ORDER denying 358 defendant's motion for reconsideration of June 23, 2017 order (ECF No. 355). Signed by Magistrate Judge James P. O'Hara on 7/5/2017. (amh) (Entered: 07/05/2017) |
| 07/05/2017 | 362 | | Objection to Order of Magistrate Judge re 361 Order on Motion for Reconsideration, 355 Order on Motion for Sanctions by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 07/05/2017) |
| 07/05/2017 | 363 | | MEMORANDUM IN SUPPORT of 362 Objection to Order of Magistrate Judge re 361 Order on Motion for Reconsideration, 355 Order on Motion for Sanctions by Defendant Kris W. Kobach by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 07/05/2017) |
| 07/05/2017 | 364 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re 363 Memorandum in Support of Motion, 362 Objection to Order of Magistrate Judge re 361 Order on Motion for Reconsideration, 355 Order on Motion for Sanctions by Defendant Kris W. Kobach . (Attachments: # 1 Ex A. June 23 Order, # 2 Ex B. Def Resp to Mtn for Sanction, # 3 Ex C. Pretrial Transcript excertp, # 4 Ex D. Tweets by counsel, # 5 Ex E. Def's Mtn for Reconsideration, # 6 Ex F. Denial of Mtn for Reconsideration)(Roe, Garrett) (Entered: 07/05/2017) |
| 07/11/2017 | 365 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re 362 Objection to Order of Magistrate Judge re 361 Order on Motion for Reconsideration, 355 Order on Motion for Sanctions by Defendant Kris W. Kobach (Attachments: # 1 Exhibit Emails between counsel)(Bonney, Stephen) (Entered: 07/11/2017) |
| 07/14/2017 | 366 | | MOTION for Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 07/14/2017) |
| 07/14/2017 | 367 | | MEMORANDUM IN SUPPORT of 366 MOTION for Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas |

| | | |
|---|---|---|
| | | (Attachments: # 1 Affidavit of Dale Ho, # 2 Ex. A Amended PTO, # 3 Ex. B Caskey Decl. 3/24/17, # 4 Ex. C Earnest Transcript, # 5 Ex. D Caskey Transcript 6/15/16, # 6 Ex. E PI Hr'g Transcript, # 7 Ex. F Richman Report, # 8 Ex. G Richman Transcript, # 9 Ex. H Richman Rebuttal, # 10 Ex. I Richman Dep. Ex. 13, # 11 Ex. J Caskey Transcript 3/28/2017, # 12 Ex. K Bryant Transcript, # 13 Ex. L von Spakovsky Dep. Ex. 10, # 14 Ex. M Caskey Dep. Ex. 11, # 15 Ex. N Caskey Dep. Ex. 38, # 16 Ex. O Caskey Dep. Ex. 39, # 17 Ex. P von Spakovsky Transcript, # 18 Ex. Q von Spakovsky Dep. Ex. 6, # 19 Ex. R AZ Election Proc. Manual, # 20 Exhibit – Redacted S, # 21 Ex. T Kobach–Hamilton email, # 22 Exhibit – Redacted U, # 23 Ex. V Wichita Eagle Art., # 24 Ex. W 2016 Election Turnout, # 25 Ex. X EAC Miller Memo, # 26 Ex. Y Kansas DOR Webpage, # 27 Ex. Z Rucker Dep. Ex. 2, # 28 Ex. AA Lehman Transcript, # 29 Exhibit – Redacted BB Lehman Dep. Ex. 6, # 30 Ex. CC Washington Times Art.)(Bonney, Stephen) (Entered: 07/14/2017) |
| 07/14/2017 | 368 | Unopposed SEALED MOTION for Leave to File Under Seal by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Proposed Sealed Document Pls.' Br. in Supp. of SJ, # 2 Proposed Sealed Document Ho Affidavit, # 3 Proposed Sealed Document Ex. S NVRA Amendments, # 4 Proposed Sealed Document Ex. U Trump Memo Cover Page)(Bonney, Stephen) (Entered: 07/14/2017) |
| 07/14/2017 | 369 | MOTION to Unseal Document 368 Unopposed SEALED MOTION for Leave to File Under Seal filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 07/14/2017) |
| 07/14/2017 | 370 | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: 362 Objection to Order of Magistrate Judge re 361 Order on Motion for Reconsideration, 355 Order on Motion for Sanctions by Defendant Kris W. Kobach (Roe, Garrett) (Entered: 07/14/2017) |
| 07/17/2017 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 369 MOTION to Unseal Document and 368 Unopposed SEALED MOTION for Leave to File Under Seal. The motions will be resolved by the District Judge. (amh)** (Entered: 07/17/2017) |
| 07/24/2017 | 371 | FINANCIAL RECEIPT re: 355 Order on Motion for Sanctions received by Finance on July 21, 2017, paid on July 21, 2017. Receipt # T4631011024 in the amount of $1000.00. (hw) (Entered: 07/24/2017) |
| 07/24/2017 | 372 | ORDER granting 368 Motion for Leave to File Under Seal, in order for the Court to resolve the matter of public filing. Counsel directed to file forthwith requested document(s) with an event from the SEALED DOCUMENTS category. The clerk shall grant access to sealed document(s) to counsel of record. Pro hac vice attorneys must obtain sealed document(s) from local counsel. Signed by Chief District Judge Julie A Robinson on 7/24/2017. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (as) (Entered: 07/24/2017) |
| 07/24/2017 | 373 | |

| | | | SEALED MEMORANDUM IN SUPPORT of 366 MOTION for Summary Judgment by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Affidavit of Dale Ho, # 2 Ex. S, # 3 Ex. U)(Bonney, Stephen) Modified on 10/5/2017 to unseal 373–2, 373–3 per 405 MEMORANDUM AND ORDER. (kao) Modified on 10/26/2017 to unseal 373 main document per 416 Minute Entry. (kao) (Entered: 07/24/2017) |
|---|---|---|---|
| 07/25/2017 | 374 | | MEMORANDUM AND ORDER denying 362 Objection to Order of Magistrate Judge. See Order for details. Signed by Chief District Judge Julie A Robinson on 7/25/17. (kao) (Entered: 07/25/2017) |
| 07/25/2017 | 375 | | ENTRY OF APPEARANCE by Sue Becker on behalf of Kris W. Kobach (Becker, Sue) (Entered: 07/25/2017) |
| 07/28/2017 | 376 | | RESPONSE by Defendant Kris W. Kobach re 369 MOTION to Unseal Document 368 Unopposed SEALED MOTION for Leave to File Under Seal filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci (Roe, Garrett) (Entered: 07/28/2017) |
| 07/31/2017 | 377 | | NOTICE OF INTERLOCUTORY APPEAL as to 374 Order on Objection to Order of Magistrate Judge by Defendant Kris W. Kobach Filing fee $ 505, Internet Payment Receipt Number AKSDC–4235924. (Becker, Sue) (Entered: 07/31/2017) |
| 08/01/2017 | 378 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 377 Notice of Interlocutory Appeal ( Appeal No. 17–3161). (Attachments: # 1 Preliminary Record)(cv) (Entered: 08/01/2017) |
| 08/01/2017 | 379 | | APPEAL DOCKETED in 10CCA on 07/31/2017 and assigned Appeal No. 17–3161 re 377 Notice of Interlocutory Appeal filed by Kris W. Kobach. (cv) (Entered: 08/01/2017) |
| 08/02/2017 | 380 | | ORDER of 10CCA: The emergency motion for a stay pending appeal is denied (Appeal No. 17–3161). (cv) (Entered: 08/02/2017) |
| 08/03/2017 | 381 | | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: Partial In Court Hearing and Deposition held in courthouse conference room on 8/3/2017. (FTR 10:04.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 08/03/2017) |
| 08/04/2017 | 382 | | MOTION for Summary Judgment by Defendant Kris W. Kobach and RESPONSE re 366 MOTION for Summary Judgment. (Roe, Garrett) (Entered: 08/04/2017) |
| 08/04/2017 | 383 | | MEMORANDUM IN SUPPORT of 382 MOTION for Summary Judgment *and in Opposition to Plaintiffs' Motion for Summary Judgment* by Defendant Kris W. Kobach(Roe, Garrett) (Entered: 08/04/2017) |
| 08/04/2017 | 384 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re 382 MOTION for Summary Judgment (Attachments: # 1 Ex A Caskey Depo, # 2 Ex B Caskey Depo, # 3 Ex C Caskey Depo, # 4 Ex D Earnest Depo, # 5 Ex E Amended Notice of Intraagency policy, # 6 Ex F Bryant Deposition, # 7 Ex G Minnite Deposition, # 8 Ex H Barreto Deposition, # 9 Ex I Caskey Declaration, # 10 |

| | | |
|---|---|---|
| | | Ex J Caskey Declartion, # 11 Ex K Mayorkas Letter, # 12 Ex L Richman Depo, # 13 Ex M Richman Report, # 14 Ex N Richman Rebuttal, # 15 Ex O Caskey Declaration, # 16 Ex P Caskey Declaration, # 17 Ex Q Caskey Declartion, # 18 Ex R Lehman Declaration, # 19 Ex S Chart, # 20 Ex T Chart, # 21 Ex U Chart, # 22 Ex V Declaration, # 23 Ex W Declaration, # 24 Ex X Declaration, # 25 Ex Y Declaration, # 26 Ex Z Election Spreadsheet, # 27 Ex AA Letter from Napolitano, # 28 Ex BB Lehman Deposition, # 29 Ex CC PILF Amicus Brief, # 30 Ex DD Von Spakowsky Depo, # 31 Ex EE Von Spaowsky Report, # 32 Exhibit FF Amended Pretrial Order, # 33 Ex GG Registration Receipt, # 34 Ex HH Butterworth Deposition, # 35 Ex II Congressional Records Excerpts, # 36 Ex JJ Chart, # 37 Ex KK Arizona SAVE website, # 38 Ex. LL From RCD, # 39 Ex MM Testimony, # 40 Ex NN Seward County Letter, # 41 Ex. OO Intraagency Agreement, # 42 Ex PP Notice of Changes, # 43 Ex QQ Elections Crimes Spreadsheet, # 44 Ex TT Bucci Depo, # 45 Ex UU Caskey Declaration)(Roe, Garrett) (Entered: 08/05/2017) |
| 08/11/2017 | 385 | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 369 MOTION to Unseal Document 368 Unopposed SEALED MOTION for Leave to File Under Seal filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci (Attachments: # 1 Exhibit – Redacted)(Bonney, Stephen) (Entered: 08/11/2017) |
| 08/11/2017 | 386 | UNOPPOSED SEALED MOTION for Leave to File Under Seal *Plaintiffs' Reply in Support of Motion to Unseal and Exhibit* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Proposed Sealed Document Plaintiffs' Reply in Support of Motion to Unseal, # 2 Proposed Amended Complaint Exhibit A)(Bonney, Stephen) (Entered: 08/11/2017) |
| 08/14/2017 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 386 Unopposed SEALED MOTION for Leave to File Under Seal *Plaintiffs' Reply in Support of Motion to Unseal and Exhibit*. The motion will be resolved by the District Judge.**(ss) (Entered: 08/14/2017) |
| 08/14/2017 | 387 | ORDER granting 386 Motion for Leave to File Under Seal. Counsel directed to file forthwith requested document(s) with an event from the SEALED DOCUMENTS category. The clerk shall grant access to sealed document(s) to counsel of record. Pro hac vice attorneys must obtain sealed document(s) from local counsel. Signed by Chief District Judge Julie A Robinson on 8/14/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 08/14/2017) |
| 08/15/2017 | 388 | SEALED REPLY to Response to Motion by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 369 MOTION to Unseal Document 368 Unopposed SEALED MOTION for Leave to File Under Seal filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Ex. A)(Bonney, Stephen) (Entered: 08/15/2017) |
| 08/25/2017 | 389 | | MOTION to Exclude *the Testimony and Report of Jesse T. Richman* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 08/25/2017) |
| 08/25/2017 | 390 | | MEMORANDUM IN SUPPORT of 389 MOTION to Exclude *the Testimony and Report of Jesse T. Richman* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Affidavit of Daphne T. Ha, # 2 Ex. A Richman Report, # 3 Ex. B Richman Rebuttal Report, # 4 Ex. C Richman Dep. Tr., # 5 Ex. D Ansolabehere Election Studies Art., # 6 Ex. E WaPo Methodological Challenges, # 7 Ex. F WaPo What Can We Learn, # 8 Ex. G WaPo Non–citizens Following Laws, # 9 Ex. H Open Letter to Richman, # 10 Ex. I Ansolabehere and Hersh Article, # 11 Ex. J Ansolabehere Report, # 12 Ex. K Richman Electoral Studies Article, # 13 Ex. L Hersh Expert Report, # 14 Ex. M Hersh Second Suppl. Report, # 15 Ex. N Ex. 14 to Richman Depo., # 16 Ex. O Think Progress Article, # 17 Ex. P Ex. 18 to Richman Depo.)(Bonney, Stephen) (Entered: 08/25/2017) |
| 08/25/2017 | 391 | | MOTION to Exclude *the Testimony and Report of Hans von Spakovsky* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 08/25/2017) |
| 08/25/2017 | 392 | | MEMORANDUM IN SUPPORT of 391 MOTION to Exclude *the Testimony and Report of Hans von Spakovsky* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Affidavit of Daphne T. Ha, # 2 Ex. A Expert Report of von Spakovsky, # 3 Ex. B von Spakovsky Depo. Tr., # 4 Ex. C Ex. 23 Feinstein Letters, # 5 Ex. D Ex. 24 Feinstein Letter, # 6 Ex. E Barreto Rebuttal Rep., # 7 Ex. F GAO Report)(Bonney, Stephen) (Entered: 08/25/2017) |
| 08/25/2017 | 393 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 366 MOTION for Summary Judgment , 382 MOTION for Summary Judgment (Attachments: # 1 Affidavit of Dale Ho, # 2 Exhibit – Redacted DD, # 3 Exhibit – Redacted EE, # 4 Ex. FF Fish Depo, # 5 Ex. GG Rucker Depo, # 6 Ex. HH SAVE – Agency Search Tool, # 7 Ex. II Nov. 20 Notice Letter, # 8 Ex. JJ Dec. 17 Notice Letter, # 9 Ex. KK Partial Summ. J. Tr., # 10 Ex. LL Bucci Decl., # 11 Ex. MM Boynton Decl., # 12 Ex. NN Stricker Decl., # 13 Ex. OO Fish Decl., # 14 Ex. PP Close Elections Spreadsheet)(Bonney, Stephen) (Entered: 08/25/2017) |
| 08/25/2017 | 394 | | Unopposed SEALED MOTION for Leave to File Under Seal by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Proposed Sealed Document Pls. Consolidated SJ Resp. and Repl. Br., # 2 Proposed Sealed Document Declaration of Dale Ho, # 3 Proposed Sealed Document Ex. DD, # 4 Proposed Sealed Document Ex. EE)(Bonney, Stephen) (Entered: 08/25/2017) |

| 08/28/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 394 Unopposed SEALED MOTION for Leave to File Under Seal . The motion will be resolved by the District Judge.**(amh) (Entered: 08/28/2017) |
|---|---|---|---|
| 08/28/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 391 MOTION to Exclude *the Testimony and Report of Hans von Spakovsky*, 389 MOTION to Exclude *the Testimony and Report of Jesse T. Richman*. The motion will be resolved by the District Judge.**(amh) (Entered: 08/28/2017) |
| 08/28/2017 | 395 | | ORDER granting 394 Motion for Leave to File Under Seal. Counsel directed to file forthwith requested document(s) with an event from the SEALED DOCUMENTS category. The clerk shall grant access to sealed document(s) to counsel of record. Pro hac vice attorneys must obtain sealed document(s) from local counsel. Signed by Chief District Judge Julie A Robinson on 8/28/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 08/28/2017) |
| 08/30/2017 | 396 | | SEALED RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 366 MOTION for Summary Judgment , 382 MOTION for Summary Judgment (Attachments: # 1 Affidavit of Dale Ho, # 2 Ex. DD, # 3 Ex. EE)(Bonney, Stephen) Modified on 10/5/2017 to unseal 396-3 per 405 MEMORANDUM AND ORDER.(kao) Modified on 10/26/2017 to unseal main doc 396 per 416 Minute Entry. (kao) (Entered: 08/30/2017) |
| 08/31/2017 | 397 | | APPEAL MANDATE from 10CCA: DISMISSING appeal. (Appeal No. 17–3161) (Attachments: # 1 Transmittal Letter)(kao) (Entered: 08/31/2017) |
| 09/11/2017 | 398 | | TRANSCRIPT of Deposition Objections held August 3, 2017 before Judge James P. O'Hara, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: American Civil Liberties Union. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 12/11/2017. (kg) (Entered: 09/11/2017) |
| 09/14/2017 | 399 | | RESPONSE by Defendant Kris W. Kobach re 389 MOTION to Exclude *the Testimony and Report of Jesse T. Richman* (Attachments: # 1 Exhibit List Exhibit LIst, # 2 Exhibit Richman Expert Report, # 3 Exhibit Richman Rebuttal Report, # 4 Exhibit Deposition of Richman, # 5 Exhibit Do Noncitizens vote in US elections, # 6 Exhibit working paper, # 7 Exhibit ODU Research Center Brochure, # 8 Exhibit Richman CV, # 9 Exhibit Open Letter Blog Post, # 10 Exhibit Email bw Richman and Schaffner, # 11 Exhibit Call |

| | | | |
|---|---|---|---|
| | | | Log, # <u>12</u> Exhibit Response Rate Calculator, # <u>13</u> Exhibit AAPOR Standard Definitions, # <u>14</u> Exhibit Richman/Andrews Paper, # <u>15</u> Exhibit Expert Witness List – Lee, # <u>16</u> Exhibit Lee case – testimony scheduling, # <u>17</u> Exhibit weak statistical power quote, # <u>18</u> Exhibit Telephone survey questions, # <u>19</u> Exhibit Ansolabehere article)(Lee, Bethany) (Entered: 09/14/2017) |
| 09/14/2017 | <u>400</u> | | RESPONSE by Defendant Kris W. Kobach re <u>391</u> MOTION to Exclude *the Testimony and Report of Hans von Spakovsky* (Attachments: # <u>1</u> Exhibit LIst, # <u>2</u> CV, # <u>3</u> Deposition, # <u>4</u> Barreto biography, # <u>5</u> Docking Ins. Survey List, # <u>6</u> Testimony of ACLU, # <u>7</u> 2012 Kansas Speaks Survey, # <u>8</u> 2011 Kansas Speaks Survey, # <u>9</u> 2015 Kansas Speaks Survey, # <u>10</u> Latino Decisions Survey, # <u>11</u> Barreto Expert Report in Applewhite, # <u>12</u> Latino Decisions Pre–Election Survey Nov 2016, # <u>13</u> NBC News Report, # <u>14</u> Latino Decisions Survey for, # <u>15</u> Latino Decisions for NALEO, # <u>16</u> 2017 Kansas Speaks, # <u>17</u> Survey Practice Publishing Guide, # <u>18</u> Latino Decisions Blog)(Lee, Bethany) (Entered: 09/14/2017) |
| 09/15/2017 | <u>401</u> | | SEALED MOTION for Leave to File Under Seal *Defendant's Reply for MSJ* by Defendant Kris W. Kobach (Attachments: # <u>1</u> Unredacted Version of Brief for Court)(Roe, Garrett) (Entered: 09/15/2017) |
| 09/15/2017 | <u>402</u> | | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: <u>394</u> Unopposed SEALED MOTION for Leave to File Under Seal , <u>366</u> MOTION for Summary Judgment , <u>382</u> MOTION for Summary Judgment (Roe, Garrett) (Entered: 09/15/2017) |
| 09/15/2017 | <u>403</u> | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re <u>382</u> MOTION for Summary Judgment (Attachments: # <u>1</u> Ex SS Hersch Supplement)(Roe, Garrett) (Entered: 09/15/2017) |
| 09/18/2017 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: <u>401</u> SEALED MOTION for Leave to File Under Seal *Defendant's Reply for MSJ*. The motion will be resolved by the District Judge.(ss)** (Entered: 09/18/2017) |
| 09/18/2017 | 404 | | ORDER granting <u>401</u> Motion for Leave to File Under Seal. Counsel directed to file forthwith the requested unredacted document(s) with an event from the SEALED DOCUMENTS category, subject to review when the Court rules on Plaintiffs' motion to unseal. The clerk shall grant access to sealed document(s) to counsel of record. Pro hac vice attorneys must obtain sealed document(s) from local counsel. Signed by Chief District Judge Julie A Robinson on 9/18/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 09/18/2017) |
| 10/05/2017 | <u>405</u> | | MEMORANDUM AND ORDER granting <u>369</u> Motion to Unseal Document. See Order for additional deadlines. Signed by Chief District Judge Julie A Robinson on 10/5/17. (kao) (Entered: 10/05/2017) |
| 10/05/2017 | <u>406</u> | | SEALED MEMORANDUM AND ORDER as to <u>369</u> Motion to Unseal. **Note: This is a sealed/unredacted version of <u>405</u> Memorandum & Order. Signed by Chief District Judge Julie A Robinson on 10/5/17. (kao) Modified on 10/26/2017 to unseal per <u>416</u> Minute Entry. (kao) (Entered: 10/05/2017) |
| 10/06/2017 | <u>407</u> | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The |

| | | | |
|---|---|---|---|
| | | | League of Women Voters of Kansas re: <u>389</u> MOTION to Exclude *the Testimony and Report of Jesse T. Richman* (Bonney, Stephen) (Entered: 10/06/2017) |
| 10/06/2017 | <u>408</u> | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: <u>391</u> MOTION to Exclude *the Testimony and Report of Hans von Spakovsky* (Attachments: # <u>1</u> Affidavit of Dale Ho, # <u>2</u> Ex. G Latino Policy Coal. Survey Questions, # <u>3</u> Ex. H Latino Policy Coal. 2006 Midterm Survey, # <u>4</u> Ex. I NALEO Cross Tabulation)(Bonney, Stephen) (Entered: 10/06/2017) |
| 10/11/2017 | <u>409</u> | | NOTICE of Filing Regarding Unsealed Materials by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 10/11/2017) |
| 10/11/2017 | <u>410</u> | | SEALED REPLY to Response to Motion by Defendant Kris W. Kobach re: <u>382</u> MOTION for Summary Judgment (Roe, Garrett) (Entered: 10/11/2017) |
| 10/12/2017 | <u>411</u> | | NOTICE of Already Filed Redacted Brief by Kris W. Kobach re <u>406</u> Document Sealed, Memorandum & Order, <u>405</u> Order on Motion to Unseal Document, <u>402</u> Reply to Response to Motion (Roe, Garrett) (Entered: 10/12/2017) |
| 10/16/2017 | 412 | | NOTICE of Telephonic Hearing:  <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Notice of Telephonic Conference Re: redactions to summary judgment briefs per the Court's October 5, 2017 Memorandum and Order (Doc. 405). The parties shall be prepared to discuss whether they have resolved the issue of unsealing limited portions of Defendant Kobach's deposition testimony as referenced in Defendant's October 12 Notice (Doc. 411), and how any such agreement impacts redactions of the summary judgment briefs. To the extent the parties continue to disagree about this issue, they may submit briefs to the Court not to exceed 3 pages in length no later than Thursday, October 19, 2017 by 5:00 p.m. The telephone status conference is set for <u>10/25/2017 at 02:30 PM before Chief District Judge Julie A Robinson. All counsel who wish to participate in this telephone conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE 4697748#</u> (bw) (Entered: 10/16/2017) |
| 10/19/2017 | <u>413</u> | | RESPONSE by Defendant Kris W. Kobach, Consol Interested Dft Kris W. Kobach re <u>405</u> Order on Motion to Unseal Document *(Brief on Unsealing Limited Portions of Deposition)* (Becker, Susan) (Entered: 10/19/2017) |
| 10/19/2017 | <u>414</u> | | RESPONSE to 412 Notice of Hearing *(Brief in Support of Unsealing)* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # <u>1</u> Affidavit of R. Orion Danjuma, # <u>2</u> Ex. A Class Cert Tr. Excerpt, # <u>3</u> Ex. B Emails 9.13.17, # <u>4</u> Ex. C Emails 10.11.17, # <u>5</u> Ex. D Emails 10.13.17, # <u>6</u> Ex. E Emails 10.17.17)(Bonney, Stephen) (Entered: 10/19/2017) |
| 10/24/2017 | <u>415</u> | | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Bethany J. Lee as to Kris W. Kobach (Lee, Bethany) (Entered: 10/24/2017) |

| 10/25/2017 | 416 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: STATUS CONFERENCE held on 10/25/2017. The Court orders that: (1) the Clerk shall unseal Plaintiffs' unredacted summary judgment briefs (Docs. 373 and 396); (2) the Clerk shall unseal the Court's unredacted October 5, 2017 Memorandum and Order (Doc. 406); (3) Defendant shall file an amended redacted reply brief that omits all redactions except for footnote 2; (4) Ex. DD attached to Doc. 396 (the full deposition testimony) shall remain under seal; and (5) Plaintiffs shall file the excerpts from Ex. DD referenced in their brief, along with content that provides necessary context. The parties shall file these documents forthwith.(Court Reporter Kelli Stewart.) (bw) (Entered: 10/26/2017) |
| 10/26/2017 | 417 | | EXHIBIT DD EXCERPTS IN SUPPORT of 396 SEALED Response to Motion, *(Deposition of Kris Kobach)* by Plaintiffs. (Bonney, Stephen) (Additional attachment(s) added on 10/26/2017: # 1 Exhibit DD Redacted per the Court's Order 419 ) (bw). (Entered: 10/26/2017) |
| 10/26/2017 | 418 | | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: 382 MOTION for Summary Judgment (Roe, Garrett) (Entered: 10/26/2017) |
| 10/26/2017 | 419 | | ORDER: The Court has reviewed the deposition excerpts in Doc. 417, filed by Plaintiffs today in response to the Court's oral ruling at the October 25, 2017 telephonic conference. Most of the attached pages are allowable under the Court's ruling. However, the Court finds that several pages included in this filing go beyond the scope of the Court's ruling that Plaintiff could file deposition transcript excerpts that were specifically referenced in its summary judgment brief, and necessary context for those cited–to pages. The Clerk is therefore instructed to redact the following pages in Doc. 417: pages 37 through 40, and 62 through 71. Signed by Chief District Judge Julie A Robinson on 10/26/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ams) (Entered: 10/26/2017) |
| 12/15/2017 | 420 | | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney J. Brian Cox as to Nick Jordan. (Cox, Joseph) (Entered: 12/15/2017) |
| 01/03/2018 | 421 | | MEMORANDUM AND ORDER denying 366 Plaintiff's Motion for Summary Judgment; granting in part and denying in part 382 Defendant's Motion for Summary Judgment. The motion is granted as to Counts 4 and 6. It is otherwise denied. Granting in part and denying in part 389 and 391 Motion to Exclude the testimony and reports of Jesse T. Richman. Signed by Chief District Judge Julie A Robinson on 1/3/18. (hw) (Entered: 01/03/2018) |
| 01/08/2018 | 422 | | STATUS REPORT *regarding Trial Procedures* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/08/2018) |
| 01/08/2018 | 423 | | MOTION for Contempt by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/08/2018) |
| 01/08/2018 | 424 | | MEMORANDUM IN SUPPORT of 423 MOTION for Contempt by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Affidavit of Dale Ho, # 2 Ex. A – Excerpts from County Election Manual, # 3 |

| | | |
|---|---|---|
| | | Ex. B – 12.7.2017 Email from Dale Ho, # 4 Ex. C – 7.19.2017 Letter from Doug Bonney, # 5 Ex. D – 7.27.2017 Email from Sue Becker, # 6 Ex. E – 8.31.2017 Email from Doug Bonney, # 7 Ex. F – 11.10.2017 Letter from Dale Ho, # 8 Ex. G – Sample Cert. of Registration, # 9 Ex. H – 11.21.2017 Letter from Sue Becker, # 10 Ex. I – 11.30.2017 Letter from Dale Ho, # 11 Ex. J – 12.11.2017 Letter from Sue Becker)(Bonney, Stephen) (Entered: 01/08/2018) |
| 01/09/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 423 MOTION for Contempt . The motion will be resolved by the District Judge.(srj)** (Entered: 01/09/2018) |
| 01/10/2018 | 425 | ORDER SETTING PRETRIAL FILING DEADLINES: The parties shall file all motions in limine no later than February 13, 2018. Bench Trial set for 3/6/2018 at 09:00 AM in KC Courtroom 427 (JAR) before Chief District Judge Julie A Robinson. See Order for additional deadlines and details. Signed by Chief District Judge Julie A Robinson on 1/10/18. (kao) (Entered: 01/10/2018) |
| 01/18/2018 | 426 | NOTICE of Telephone Status Conference: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Telephone Status Conference set for 2/6/2018 at 01:00 PM – before Chief District Judge Julie A Robinson. All counsel who wish to participate in this telephone status conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#.(bw) (Entered: 01/18/2018) |
| 01/22/2018 | 427 | MOTION to Exclude *the Testimony and Report of Jesse T. Richman and Suggestions in Support* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/22/2018) |
| 01/22/2018 | 428 | MOTION to Exclude *the Testimony and Report of Hans von Spakovsky and Suggestions in Support* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/22/2018) |
| 01/22/2018 | 429 | MOTION to Exclude *the Testimony and Report of Steven A. Camarota* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/22/2018) |
| 01/22/2018 | 430 | MEMORANDUM IN SUPPORT of 429 MOTION to Exclude *the Testimony and Report of Steven A. Camarota* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Affidavit of Daphne Ha, # 2 Ex. A Camarota Expert Report, # 3 Ex. B Camarota 10.17.16 Dep. Tr., # 4 Ex. C SPLC Profile, # 5 Ex. D Keeping America Empty Article, # 6 Ex. E Why is CIS Publishing an Alt Right Article, # 7 Ex. F CIS Spokesman Lashes out Article, # 8 Ex. G 01.13.2017 Roe–Liu Email, # 9 Ex. H McDonald Supplemental Report, # 10 Ex. I 05.25.2016 Caskey–Camarota Email, # 11 Ex. J 05.26.2016 Camarota–Caskey Email)(Bonney, Stephen) (Entered: 01/22/2018) |
| 01/22/2018 | 431 | |

| | | | |
|---|---|---|---|
| | | | MOTION to Exclude *Testimony of Lorraine Minnite* by Defendant Kris W. Kobach. (Becker, Susan) (Entered: 01/22/2018) |
| 01/22/2018 | 432 | | MEMORANDUM IN SUPPORT of 431 MOTION to Exclude *Testimony of Lorraine Minnite* by Defendant Kris W. Kobach. (Becker, Susan) (Entered: 01/22/2018) |
| 01/22/2018 | 433 | | (DISREGARD ENTRY – INCORRECT/INCOMPLETE DOCUMENTS ATTACHED; TO BE RE–FILED CORRECTLY)EXHIBITS IN SUPPORT of 431 MOTION to Exclude *Testimony of Lorraine Minnite* by Defendant Kris W. Kobach. (Attachments: # 1 Exhibit, # 2 Exhibit)(Becker, Susan) Modified on 1/23/2018 (kao). (Entered: 01/22/2018) |
| 01/22/2018 | 434 | | (DISREGARD ENTRY – INCORRECT ECF EVENT SELECTED; TO BE RE–FILED CORRECTLY) MOTION to Disqualify *Minnite* by Defendant Kris W. Kobach (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Becker, Susan) Modified on 1/23/2018 (kao). (Entered: 01/22/2018) |
| 01/22/2018 | 435 | | RESPONSE by Defendant Kris W. Kobach re 423 MOTION for Contempt. (Becker, Susan) (Entered: 01/22/2018) |
| 01/23/2018 | | | DOCKET ANNOTATION:Per chambers, docket entries 434 MOTION and 433 Exhibits have been blocked from public view and are to be re–filed using the correct ECF event. See #436 for correct filing. (kao) (Entered: 01/23/2018) |
| 01/23/2018 | 436 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach re 431 MOTION to Exclude *Testimony of Lorraine Minnite*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Becker, Susan) (Entered: 01/23/2018) |
| 01/24/2018 | 437 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 423 MOTION for Contempt. (Attachments: # 1 Affidavit of Dale Ho, # 2 Ex. K 10.05.2016 Status Conference Transcript)(Bonney, Stephen) (Entered: 01/24/2018) |
| 01/30/2018 | 438 | | WITNESS LIST by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas.(Bonney, Stephen) (Entered: 01/30/2018) |
| 01/30/2018 | 439 | | DESIGNATION OF DEPOSITION (Eric Rucker) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/30/2018) |
| 01/30/2018 | 440 | | DESIGNATION OF DEPOSITION (Kris Kobach) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/30/2018) |
| 01/30/2018 | 441 | | DESIGNATION OF DEPOSITION (Bradley Bryant) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/30/2018) |

| 01/30/2018 | 442 | EXHIBIT LIST by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas.(Bonney, Stephen) (Entered: 01/30/2018) |
|---|---|---|
| 01/30/2018 | 443 | DESIGNATION OF DEPOSITIONS by Kris W. Kobach. (Becker, Susan) (Entered: 01/30/2018) |
| 01/30/2018 | 444 | WITNESS LIST by Kris W. Kobach. (Attachments: # 1 Exhibit)(Becker, Susan) (Entered: 01/30/2018) |
| 01/30/2018 | 445 | EXHIBIT LIST by Kris W. Kobach.(Becker, Susan) (Entered: 01/30/2018) |
| 01/31/2018 | 446 | AMENDED WITNESS LIST by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/31/2018) |
| 01/31/2018 | 447 | AMENDED EXHIBIT LIST by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 01/31/2018) |
| 02/02/2018 | 448 | MOTION to Exclude *and Strike Untimely "Additional" Expert Opinions from Dr. Jesse Richman* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 02/02/2018) |
| 02/05/2018 | 449 | NOTICE of Hearing:  <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Status Conference set for 2/8/2018 at 12:15 PM before Chief District Judge Julie A Robinson. All counsel who wish to participate in this telephone status conference are instructed to dial into the conference line. The CONFERENCE LINE is 1–888–363–4749 and the ACCESS CODE is 4697748#.(bw) (Entered: 02/05/2018) |
| 02/05/2018 | 450 | NOTICE OF CANCELLED HEARING: Telephone conference set for 2/6/2018 at 1:00 p.m. is cancelled. The Court reset telephone status conference to 2/8/2018 at 12:15 p.m. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) Modified on 2/5/2018 to correct date of cancelled hearing. (kao) (Entered: 02/05/2018) |
| 02/05/2018 | 451 | RESPONSE by Defendant Kris W. Kobach re 427 MOTION to Exclude *the Testimony and Report of Jesse T. Richman and Suggestions in Support*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Becker, Susan) (Entered: 02/05/2018) |
| 02/05/2018 | 452 | RESPONSE by Defendant Kris W. Kobach re 428 MOTION to Exclude *the Testimony and Report of Hans von Spakovsky and Suggestions in Support*. (Becker, Susan) (Entered: 02/05/2018) |
| 02/05/2018 | 453 | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 431 MOTION to Exclude *Testimony of Lorraine Minnite*. (Attachments: # 1 Affidavit of Sophia Lin Lakin, # 2 Ex. A Minnite CV (3/2017), # 3 Ex. B Minnite Dep. Excerpts (6/2/2016), # 4 Ex. C Minnite Affidavit (2/5/2018), # 5 Ex. C–1 McGrandy Letter, # 6 Ex. D Minnite Rebuttal Report, # 7 Ex. E Pls.' Rebuttal Expert Disclosures, # 8 Ex. F Minnite Dep. Excerpt (3/31/2017))(Bonney, Stephen) (Entered: 02/05/2018) |

| 02/05/2018 | 454 | | RESPONSE by Defendant Kris W. Kobach re 429 MOTION to Exclude *the Testimony and Report of Steven A. Camarota*. (Roe, Garrett) (Entered: 02/05/2018) |
|---|---|---|---|
| 02/05/2018 | 455 | | INDEX OF EXHIBITS by Defendant Kris W. Kobach to Response re 429 MOTION to Exclude *the Testimony and Report of Steven A. Camarota*. (Attachments: # 1 Ex A Camarota Report, # 2 Ex B Camarota Depo, # 3 Ex C McDonald Report, # 4 Ex D McDonald Depo, # 5 Ex E McArdle Article, # 6 Ex F insidious, # 7 Ex G National Review, # 8 Ex I Minnite Report, # 9 Ex J Kansas statistics)(Roe, Garrett) (Entered: 02/05/2018) |
| 02/07/2018 | 456 | | MOTION for attorney Emily Rong Zhang to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–4400120.) by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Affidavit of Emily Rong Zhang, # 2 ECF Registration Form)(Bonney, Stephen) (Entered: 02/07/2018) |
| 02/08/2018 | 457 | | ORDER granting 456 Motion to Appear Pro Hac Vice of Emily Rong Zhang for Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge James P. O'Hara on 2/8/18. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kao) (Entered: 02/08/2018) |
| 02/08/2018 | 458 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: FINAL PRETRIAL CONFERENCE held on 2/8/2018. The Court sets deadline of 2/19/2018 for parties to reach an agreement on stipulated exhibits and factual stipulations. Response to Plaintiffs' Motion to Exclude and Strike Untimely "Additional" Expert Opinions from Dr. Jesse Richman (Doc. 488) is due February 16, 2018. Proposed findings of fact and conclusions of law are not mandatory, but may be filed by February 20, 2018. The Court will set a deadline for post–trial proposed findings of fact and conclusions of law at the conclusion of trial. (Court Reporter Kelli Stewart.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 02/09/2018) |
| 02/09/2018 | | | **Set Additional Court Trial Days: Bench trial set for 3/7/2018 at 09:00 AM, 3/8/2018 at 09:00 AM, 3/9/2018 at 09:00 AM, 3/12/2018 at 09:00 AM, 3/13/2018 at 09:00 AM, 3/19/2018 at 09:00 AM, 3/20/2018 at 09:00 AM in KC Room 643 before Chief District Judge Julie A Robinson. This bench trial begins on 3/6/2018 at 9:00 a.m. and will be held in Courtroom 643.(bw)** (Entered: 02/09/2018) |
| 02/13/2018 | 459 | | MOTION in Limine *for Court to Take Judicial Notice of Adjudicative Facts* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 02/13/2018) |
| 02/13/2018 | 460 | | |

| | | | |
|---|---|---|---|
| | | | MOTION in Limine *to Exclude Testimony, Strike Deposition Designations, and Exclude Survey of Patrick McFerron* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # <u>1</u> Ex. A Pls.' Tentative Expert Disclosures Email, # <u>2</u> Ex. B Confirmation of Live Defense Experts Email)(Bonney, Stephen) (Entered: 02/13/2018) |
| 02/13/2018 | <u>461</u> | | OBJECTIONS to <u>443</u> Designation of Depositions *and Counter−Designations* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # <u>1</u> Ex. A Pls.' Objections & Counter−Designations)(Bonney, Stephen) (Entered: 02/13/2018) |
| 02/13/2018 | <u>462</u> | | OBJECTIONS to <u>445</u> Exhibit List *, as Revised by Defendant,* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # <u>1</u> Ex. A 2018.02.07 Revised Def. Exhibit List, # <u>2</u> Ex. B 2018.02.12 Revised Def. Exhibit List)(Bonney, Stephen) (Entered: 02/13/2018) |
| 02/13/2018 | <u>463</u> | | MOTION in Limine by Defendant Kris W. Kobach (Attachments: # <u>1</u> Exhibit)(Becker, Susan) (Entered: 02/13/2018) |
| 02/13/2018 | <u>464</u> | | OBJECTIONS to *Plaintiffs' Deposition Designations* by Kris W. Kobach. (Becker, Susan) (Entered: 02/13/2018) |
| 02/13/2018 | <u>465</u> | | OBJECTIONS to *Plaintiffs' Exhibit List* by Kris W. Kobach. (Roe, Garrett) (Entered: 02/13/2018) |
| 02/15/2018 | <u>466</u> | | TRANSCRIPT of Telephonic Status/Final Pretrial Conference (41 pgs) held 02/08/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913−735−2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 5/16/2018. (ks) (Entered: 02/15/2018) |
| 02/16/2018 | <u>467</u> | | RESPONSE by Defendant Kris W. Kobach re <u>448</u> MOTION to Exclude *and Strike Untimely "Additional" Expert Opinions from Dr. Jesse Richman* (Attachments: # <u>1</u> Exhibit)(Becker, Susan) (Entered: 02/16/2018) |
| 02/18/2018 | <u>468</u> | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Ralph Ortiz, Charles Stricker, The League of Women Voters of Kansas re: <u>448</u> MOTION to Exclude *and Strike Untimely "Additional" Expert Opinions from Dr. Jesse Richman* (Bonney, Stephen) (Entered: 02/18/2018) |

| 02/19/2018 | 469 | | NOTICE of Joint Pretrial Stipulations by Kris W. Kobach (Becker, Susan) (Modified on 2/20/2018 to correct title of document in docket text. (hl)) (Entered: 02/19/2018) |
| 02/20/2018 | 470 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 428 MOTION to Exclude *the Testimony and Report of Hans von Spakovsky and Suggestions in Support* (Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 471 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 427 MOTION to Exclude *the Testimony and Report of Jesse T. Richman and Suggestions in Support* (Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 472 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 429 MOTION to Exclude *the Testimony and Report of Steven A. Camarota* (Attachments: # 1 Affidavit of Daphne Ha, # 2 Ex. A Camarota Deposition Excerpt)(Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 473 | | OBJECTION(S) to 464 Objection(s) *and Counter Deposition Designations of Defendant* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 474 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 463 MOTION in Limine *and re Defendant's Objection to Designation of His Deposition* (Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 475 | | PROPOSED FINDINGS OF FACT by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas.(Bonney, Stephen) (Entered: 02/20/2018) |
| 02/20/2018 | 476 | | OBJECTION(S) to 461 Objection(s), *to Plaintiffs Counter Designations* by Kris W. Kobach. (Roe, Garrett) (Entered: 02/20/2018) |
| 02/20/2018 | 477 | | RESPONSE by Defendant Kris W. Kobach re 460 MOTION in Limine *to Exclude Testimony, Strike Deposition Designations, and Exclude Survey of Patrick McFerron* (Attachments: # 1 Exhibit)(Becker, Susan) (Entered: 02/20/2018) |
| 02/21/2018 | 478 | | RESPONSE by Defendant Kris W. Kobach re 459 MOTION in Limine *for Court to Take Judicial Notice of Adjudicative Facts* (Becker, Susan) (Entered: 02/21/2018) |
| 02/23/2018 | 479 | | EXHIBIT C IN SUPPORT of 460 MOTION in Limine *to Exclude Testimony, Strike Deposition Designations, and Exclude Survey of Patrick McFerron* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonney, Stephen) (Entered: 02/23/2018) |
| 02/27/2018 | 480 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM AND ORDER granting in part and denying in part <u>448</u> Motion to Strike and Exclude Untimely "Additional" Expert Opinions From Dr. Jesse Richman. The motion to exclude is granted and the motion to strike is denied. IT IS FURTHER ORDERED that Plaintiffs' <u>460</u> Motion to Exclude Testimony, Strike Deposition Designations, and Exclude Survey of Patrick McFerron is granted in part, denied in part, and taken under advisement in part. The Court denies Plaintiffs' motion to exclude, grants the motion to strike McFerron's deposition designation, and takes under advisement Plaintiffs' objection to the admissibility of the survey. Signed by Chief District Judge Julie A Robinson on 2/27/18. (kao) (Entered: 02/27/2018) |
| 02/27/2018 | <u>481</u> | | MOTION for Leave to file Reply *in Support of Defendant's Motion in Limine* by Defendant Kris W. Kobach (Attachments: # <u>1</u> Exhibit)(Becker, Susan) (Entered: 02/27/2018) |
| 02/28/2018 | 482 | | ORDER granting <u>481</u> Motion for Leave to File Reply. Defendant shall file the attached reply forthwith. Signed by Chief District Judge Julie A Robinson on 2/28/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 02/28/2018) |
| 02/28/2018 | <u>483</u> | | REPLY TO RESPONSE TO MOTION by Defendant Kris W. Kobach re: <u>463</u> MOTION in Limine *to Exclude References to Amending NVRA* (Becker, Susan) (Entered: 02/28/2018) |
| 03/06/2018 | 484 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/6/2018. Opening statements by the parties. Plaintiff begins presentation of evidence. Court adjourns at 5:38 p.m. and will resume on Wednesday, March 7, 2018 at 9:00 a.m. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/07/2018) |
| 03/07/2018 | 485 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/7/2018. Plaintiffs continue with presentation of evidence. Court adjourns at 5:16 p.m. and will resume on Thursday, March 8, 2018 at 9:00 a.m. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/08/2018) |
| 03/08/2018 | 487 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/8/2018. The plaintiffs continue with presentation of evidence. The Court adjourns at 5:15 p.m. and will resume on Friday, March 9, 2018 at 9:00 a.m. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/09/2018) |
| 03/09/2018 | <u>486</u> | | MOTION in Limine *for Court to take Judicial Notice of Adjudicative Facts* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # <u>1</u> Affidavit of Daphne Ha, # <u>2</u> Ex. 1 2004 General Turnout, # <u>3</u> Ex. 2 2006 Primary Turnout, # <u>4</u> Ex. 3 2006 General Turnout, # <u>5</u> Ex. 4 2008 Primary Turnout, # <u>6</u> Ex. 5 2008 General Turnout, # <u>7</u> Ex. 6 2010 Primary Turnout, # <u>8</u> Ex. 7 2010 General Turnout, # <u>9</u> Ex. 8 2012 Primary Turnout, # <u>10</u> Ex. 9 2012 General Turnout, # <u>11</u> Ex. 10 2014 Primary Turnout, # <u>12</u> Ex. 11 2014 General Turnout, # <u>13</u> Ex. 12 2016 General Turnout)(Bonney, |

| | | | |
|---|---|---|---|
| | | | Stephen) (Entered: 03/09/2018) |
| 03/09/2018 | 488 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/9/2018. The plaintiffs continue with presentation of evidence. The Court adjourns at 5:49 p.m. and will resume on Monday, March 12, 2018 at 9:00 a.m. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/12/2018) |
| 03/12/2018 | 489 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/12/2018. The plaintiffs rest. Defendant begins presentation of evidence. Court adjourns at 5:13 p.m. and will resume on Tuesday, March 13, 2018. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/13/2018) |
| 03/13/2018 | 497 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL held on 3/13/2018. Defendant continues with his presentation of evidence. Plaintiffs presented rebuttal witnesses. Court adjourns at 6:47 p.m. and will resume on Monday, 3/19/2018 at 9:30 a.m. (Court Reporter Kelli Stewart, Kim Greiner.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (bw) (Entered: 03/19/2018) |
| 03/14/2018 | 490 | | ORDER granting in part and denying in part 427 Motion to Exclude the Testimony and Report of Jesse T. Richman; granting in part and denying in part 428 Motion to Exclude the Testimony and Report of Hans von Spakovsky; denying 431 Motion to Exclude Testimony of Lorraine Minnite; granting 459 Motion in Limine for Court to Take Judicial Notice of Adjudicative Facts; denying 463 Motion in Limine to Exclude Evidence Regarding Alleged Efforts to Amend the NVRA. See Order for details. Signed by Chief District Judge Julie A Robinson on 3/14/18. (kao) (Entered: 03/14/2018) |
| 03/16/2018 | 491 | | DESIGNATION OF DEPOSITION (of Kris Kobach) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 03/16/2018) |
| 03/16/2018 | 492 | | DESIGNATION OF DEPOSITION (of Eric Rucker) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 03/16/2018) |
| 03/16/2018 | 493 | | DESIGNATION OF DEPOSITION (of Bradley Bryant) by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 03/16/2018) |
| 03/18/2018 | 494 | | STIPULATION *regarding DOV Facts* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 03/18/2018) |
| 03/18/2018 | 495 | | NOTICE of Joint Stipulations by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women |

| | | | |
|---|---|---|---|
| | | | Voters of Kansas. (Bonney, Stephen) (Entered: 03/18/2018) |
| 03/19/2018 | 496 | | NOTICE of Joint Stipulations by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # 1 Ex. A–C Census Tables)(Bonney, Stephen) (Entered: 03/19/2018) |
| 03/19/2018 | 498 | | ORDER finding as moot 486 Motion in Limine, asking the Court to take judicial notice of the official voter turnout in certain elections in Sedgwick County, Kansas. In light of the parties' stipulations filed on March 18, 2018 (Doc. 495 at 2), the Court need not take judicial notice of these facts. Signed by Chief District Judge Julie A Robinson on 3/19/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 03/19/2018) |
| 03/19/2018 | 500 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: BENCH TRIAL completed on 3/19/2018. The Court sets deadline of April 16, 2018 for parties to file simultaneous proposed findings of fact and conclusions of law. The Court considers the record closed on the trial and will take the matter under advisement on April 16. The Court will issue a written decision. Hearing is set for Tuesday, March 20 at 9:15 a.m. on plaintiffs' Motion for Contempt (Doc. 423). Court adjourns at 6:07 p.m.(Court Reporter Kelli Stewart, Kim Greiner.) (Attachments: # 1 Plaintiff Fish Exhibit List, # 2 Plaintiff Bednasek Exhibit List, # 3 Defendant Exhibit List, # 4 Witness List) (bw) (Entered: 03/23/2018) |
| 03/20/2018 | 501 | | MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: MOTION HEARING held on 3/20/2018 re 423 MOTION for Contempt filed by Thomas J. Boynton, The League of Women Voters of Kansas, Charles Stricker, Douglas Hutchinson, Steven Wayne Fish, Donna Bucci. Court takes matter under advisement and will issue an order. (Court Reporter Kim Greiner.) (Attachments: # 1 Witness List, # 2 Plaintiffs Exhibit List, # 3 Defendant's Exhibit List) (bw) Modified on 4/2/2018 to correct date of hearing (bw). (Entered: 03/23/2018) |
| 03/22/2018 | 499 | | RESPONSE by Defendant Kris W. Kobach re 423 MOTION for Contempt *(Supplemental Response)* (Attachments: # 1 Exhibit Exhibit)(Becker, Susan) (Entered: 03/22/2018) |
| 03/30/2018 | 502 | | TRANSCRIPT of Bench Trial, Volume 1, AM Session (Pgs 1–129) held 03/06/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | | |
|---|---|---|---|
| | | | Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 503 | | TRANSCRIPT of Bench Trial, Volume 1, PM Session (Pgs 130–307) held 03/06/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 504 | | TRANSCRIPT of Bench Trial, Volume 2, AM Session (Pgs 308–437) held 03/07/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 505 | | TRANSCRIPT of Bench Trial, Volume 2, PM Session (Pgs 438–617) held 03/07/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | | |
|---|---|---|---|
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 506 | | TRANSCRIPT of Bench Trial, Volume 3, AM Session (Pgs 618–722) held 03/08/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 507 | | TRANSCRIPT of Bench Trial, Volume 3, PM Session (Pgs 723–912) held 03/08/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 508 | | TRANSCRIPT of Bench Trial, Volume 4, AM Session (Pgs 913–1038) held 03/09/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
|---|---|---|---|
| 03/30/2018 | 509 | | TRANSCRIPT of Bench Trial, Volume 4, PM Session (Pgs 1039–1212) held 03/09/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 510 | | TRANSCRIPT of Bench Trial, Volume 5, AM Session (Pgs 1213–1348) held 03/12/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 511 | | TRANSCRIPT of Bench Trial, Volume 5, PM Session (Pgs 1349–1502) held 03/12/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale Ho.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | | |
|---|---|---|---|
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 512 | | TRANSCRIPT of Bench Trial, Volume 6, AM Session (Pgs 1503–1649) held 03/13/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 513 | | TRANSCRIPT of Bench Trial, Volume 6, PM Session held 03/13/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 514 | | TRANSCRIPT of Bench Trial, Volume 7, AM Session (Pgs 1879–1991) held 03/19/2018 before Judge Julie A. Robinson, Court Reporter Kelli Stewart, 913–735–2334, kelli_stewart@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | | |
|---|---|---|---|
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (ks) (Entered: 03/30/2018) |
| 03/30/2018 | 515 | | TRANSCRIPT of Bench Trial, Volume 7, PM Session (Pgs 1992–2197) held 03/19/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 03/30/2018 | 516 | | TRANSCRIPT of Motions Hearing held 03/20/2018 before Judge Julie A. Robinson, Court Reporter Kim Greiner, 913–735–2314, kim_greiner@ksd.uscourts.gov. Transcript purchased by: Mr. Dale E. Ho. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/28/2018. (kg) (Entered: 03/30/2018) |
| 04/03/2018 | 517 | | AFFIDAVIT of Bryan Caskey re 499 Response to Motion by Kris W. Kobach. (Attachments: # 1 Affidavit)(Becker, Susan) (Entered: 04/03/2018) |
| 04/11/2018 | 518 | | MOTION for extension of time *to file Proposed Findings of Fact and Conclusions of Law* by Defendant Kris W. Kobach. (Roe, Garrett) (Entered: 04/11/2018) |
| 04/12/2018 | 519 | | ORDER granting 518 Motion for Extension of Time to File. The parties' proposed findings of fact and conclusions of law are due April 23, 2018. Signed by Chief District Judge Julie A Robinson on 4/12/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 04/12/2018) |
| 04/18/2018 | 520 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM AND ORDER granting <u>423</u> Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt. See Order for additional deadlines and details. Signed by Chief District Judge Julie A Robinson on 4/18/18. (kao) (Entered: 04/18/2018) |
| 04/23/2018 | <u>521</u> | | PROPOSED FINDINGS OF FACT by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas.(Bonney, Stephen) (Entered: 04/23/2018) |
| 04/24/2018 | <u>522</u> | | PROPOSED FINDINGS OF FACT by Kris W. Kobach.(Roe, Garrett) (Entered: 04/24/2018) |
| 04/24/2018 | <u>523</u> | | AMENDED PROPOSED FINDINGS OF FACT by Kris W. Kobach.(Becker, Susan) Modified title on 4/24/2018. (kao) (Entered: 04/24/2018) |
| 04/27/2018 | <u>524</u> | | UNOPPOSED MOTION for extension of time *to File Application for Contempt–Related Attorney's Fees and Costs* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 04/27/2018) |
| 04/30/2018 | 525 | | ORDER granting <u>524</u> Motion for Extension of Time to File. The deadline for Plaintiffs' Application for Contempt–Related Attorney Fees and Costs is extended to May 7, 2018. Signed by Chief District Judge Julie A Robinson on 4/30/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 04/30/2018) |
| 05/02/2018 | <u>526</u> | | NOTICE OF APPEAL by Defendant Kris W. Kobach. Filing fee $ 505, Internet Payment Receipt Number AKSDC–4470668. (Becker, Susan) (Entered: 05/02/2018) |
| 05/03/2018 | <u>527</u> | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re <u>526</u> Notice of Appeal. (Attachment: # <u>1</u> Preliminary Record)(kao) (Entered: 05/03/2018) |
| 05/03/2018 | <u>528</u> | | APPEAL DOCKETED in 10CCA on 5/3/18 and assigned Appeal No. 18–3094 re <u>526</u> Notice of Appeal. (kao) (Entered: 05/03/2018) |
| 05/07/2018 | <u>529</u> | | MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Attachments: # <u>1</u> Ex. A, Ho Declaration, # <u>2</u> Ex. B, Hallquist Declaration, # <u>3</u> Ex. C, Bonney Declaration, # <u>4</u> Ex. D, Steiner Declaration, # <u>5</u> Ex. E, Saylor Declaration)(Bonney, Stephen) (Entered: 05/07/2018) |
| 05/16/2018 | <u>530</u> | | STATEMENT *of Compliance with Local Rule 54.2 Regarding Plaintiffs' Application for Attorneys' Fees* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 05/16/2018) |
| 05/17/2018 | <u>533</u> | | TRANSCRIPT ORDER FORM: Transcript Already on File re <u>526</u> Notice of Appeal – Final Judgment (Received from 10CCA). (tvn) (Entered: 05/21/2018) |
| 05/18/2018 | <u>531</u> | | LETTER TO 10CCA stating record is complete re <u>526</u> Notice of Appeal – Final Judgment ( Appeal No. 18–3094). (tvn) (Entered: 05/18/2018) |

| 05/20/2018 | 532 | | MOTION to Stay Deadlines re 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt* by Defendant Kris W. Kobach. (Becker, Susan) (Entered: 05/20/2018) |
|---|---|---|---|
| 05/21/2018 | 534 | | RESPONSE by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re 532 MOTION to Stay Deadlines re 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt* , 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt*. (Bonney, Stephen) (Entered: 05/21/2018) |
| 05/22/2018 | 535 | | ORDER of 10CCA DISMISSING APPEAL as to 526 Notice of Appeal filed by Kris W. Kobach. (Appeal No. 18–3094) (kao) (Entered: 05/22/2018) |
| 05/23/2018 | 536 | | ENTRY OF APPEARANCE by Lauren Bonds on behalf of All Plaintiffs. (Bonds, Lauren) (Entered: 05/23/2018) |
| 05/23/2018 | 537 | | ORDER granting in part and denying in part 532 Defendant's Motion for a Stay, or in the Alternative, an Extension of Time to File Response re 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt.* In light of the Tenth Circuit Court of Appeals' dismissal of the appeal, Defendant's motion for stay is denied. The Court grants in part his alternative request for an extension of time of 14 days as unopposed, and extends the response deadline to 6/4/2018. To the extent Defendant requires more time to respond, he shall file another motion on or before June 4, 2018, in compliance with D. Kan. Rule 6.1(a). The motion shall include a statement of prior, meaningful consultation with Plaintiffs, and a greater showing of cause for the extension. Signed by Chief District Judge Julie A Robinson on 5/23/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (as) (Entered: 05/23/2018) |
| 06/04/2018 | 538 | | RESPONSE by Defendant Kris W. Kobach re 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt*. (Attachments: # 1 Exhibit KBA Survey)(Becker, Susan) (Entered: 06/04/2018) |
| 06/12/2018 | 539 | | REPLY TO RESPONSE TO MOTION by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas re: 529 MOTION for Attorney Fees *and Litigation Expenses in Connection with Plaintiffs' Motion for Contempt* (Attachments: # 1 Ex. F Contempt Hr'g Tr. Excerpt, # 2 Ex. G Ho Declaration)(Bonney, Stephen) (Entered: 06/12/2018) |
| 06/13/2018 | 540 | | NOTICE of Supplemental Authority by Kris W. Kobach (Becker, Susan) (Entered: 06/13/2018) |
| 06/14/2018 | 541 | | RESPONSE to 540 Notice of Supplemental Authority by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Bonney, Stephen) (Entered: 06/14/2018) |
| 06/18/2018 | 542 | | FINDINGS OF FACT AND CONCLUSIONS OF LAW. Signed by Chief District Judge Julie A Robinson on 6/18/2018. (bw) (Main Document 542 replaced and regenerated on 6/19/2018 due to typographical error.) (hl). (Entered: 06/18/2018) |

| 06/19/2018 | 543 | | JUDGMENT. Signed by deputy clerk on 6/18/2018. (hl) (Entered: 06/19/2018) |
| 06/28/2018 | 544 | | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Stephen D. Bonney as to All Plaintiffs (Bonney, Stephen) (Entered: 06/28/2018) |
| 06/29/2018 | 545 | | Joint MOTION for Order *Holding in Abeyance Proceedings Regarding Attorneys' Fees & Expenses* by Plaintiffs Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas (Bonds, Lauren) (Entered: 06/29/2018) |
| 07/02/2018 | 546 | | ORDER granting 545 Joint Motion for an Order Holding in Abeyance Proceedings Regarding Attorneys' Fees and Expenses. Signed by Chief District Judge Julie A Robinson on 7/2/2018. (hl) (Entered: 07/02/2018) |
| 07/02/2018 | 547 | | ENTRY OF APPEARANCE by Toby Crouse on behalf of Kris W. Kobach. (Crouse, Toby) (Entered: 07/02/2018) |
| 07/02/2018 | 548 | | NOTICE OF APPEAL as to 543 Judgment, 542 Findings of Fact & Conclusions of Law by Defendant Kris W. Kobach. Filing fee $ 505, Internet Payment Receipt Number AKSDC–4522808. (Crouse, Toby) (Entered: 07/02/2018) |
| 07/03/2018 | 549 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 548 Notice of Appeal – Final Judgment. (Attachments: # 1 Preliminary Record)(tvn) (Entered: 07/03/2018) |
| 07/03/2018 | 550 | | APPEAL DOCKETED in 10CCA on 07/03/2018 and assigned Appeal No. 18–3133 re 548 Notice of Appeal – Final Judgment filed by Kris W. Kobach. (tvn) (Entered: 07/03/2018) |
| 07/06/2018 | 551 | | STATUS REPORT *Jointly Submitted Regarding Compliance* by Thomas J. Boynton, Donna Bucci, Steven Wayne Fish, Douglas Hutchinson, Charles Stricker, The League of Women Voters of Kansas. (Attachments: # 1 Exhibit A June 20 2018 Instructions, # 2 Exhibit B 2018.06.25 Compliance Letter)(Bonds, Lauren) (Entered: 07/06/2018) |
| 07/20/2018 | 552 | | TRANSCRIPT ORDER FORM: Transcript Already on File re 548 Notice of Appeal – Final Judgment. Received from 10CCA. (tvn) (Entered: 07/20/2018) |
| 07/20/2018 | 553 | | LETTER TO 10CCA stating record is complete re 548 Notice of Appeal – Final Judgment (Appeal No. 18–3133). (tvn) (Entered: 07/20/2018) |
| 08/01/2018 | 554 | | MEMORANDUM AND ORDER granting in part and denying in part 529 Motion for Attorney Fees. Plaintiffs are awarded $24,658 in attorneys' fees and $1,556.79 in expenses as a sanction for the contempt found by the Court in its April 2018 Order. Signed by Chief District Judge Julie A Robinson on 8/1/2018. (bw) (Entered: 08/01/2018) |
| 08/07/2018 | 555 | | APPEAL MANDATE from 10CCA: DISMISSING appeal (Appeal No. 16–3175). (Attachments: # 1 Transmittal Letter)(tvn) (Entered: 08/07/2018) |
| 08/31/2018 | 556 | | ENTRY OF APPEARANCE by Stanley R. Parker on behalf of Kris W. Kobach (Parker, Stanley) (Entered: 08/31/2018) |
| 08/31/2018 | 557 | | NOTICE OF APPEAL by Defendant Kris W. Kobach. Filing fee $ 505, Internet Payment Receipt Number AKSDC–4573427. (Parker, Stanley) |

| | | | (Entered: 08/31/2018) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, ET AL.,

        Plaintiffs,

        v.

KRIS KOBACH, KANSAS SECRETARY OF STATE,

        Defendant.

Case No. 16-2105-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt (Doc. 423). The motion is fully briefed, and the Court conducted an evidentiary show cause hearing on this motion after the conclusion of trial on March 20, 2018. In addition to the briefing and the evidence and argument presented at the hearing, the Court has considered Defendant's March 22, 2018 supplemental response, and Mr. Bryan Caskey's April 3, 2018 affidavit.[1] For the reasons explained below, the Court grants Plaintiffs' motion for contempt and awards them reasonable attorney fees expended litigating this motion. Any further remedies shall be deferred until after the Court issues its post-trial findings of fact and conclusions of law.

## I.    Background

On May 17, 2016, the Court issued an extensive Memorandum and Order granting in part Plaintiffs' motion for a preliminary injunction barring enforcement of the Kansas Documentary Proof of Citizenship ("DPOC") law until this case alleging a violation of § 5 of the National

---

[1] Doc. 499.

Voter Registration Act ("NVRA") could be decided on the merits.[2]  The preliminary injunction

order became effective June 14, 2016,[3] and provides in relevant part:

> Defendants are hereby enjoined from enforcing K.S.A. § 25-
> 2309(l) as to individuals who apply to register to vote in federal
> elections at the same time they apply for or renew a driver's
> license. The Secretary of State is directed to register for federal
> elections all otherwise eligible motor voter registration applicants
> that have been cancelled or are in suspense due solely to their
> failure to provide DPOC.[4]

Defendant sought and was denied a stay pending appeal.  On September 23, 2016, Shawnee

County District Court Judge Larry D. Hendricks ordered Defendant to provide notice to all

voters impacted by this Court's preliminary injunction ruling that they would be "deemed

registered and qualified to vote for the appropriate local, state, and federal elections for purposes

of the November 8, 2016 general election, subject only to further official notice."[5]

Also on September 23, 2016, while the appeal in this case was still pending, Plaintiffs

filed a Motion to Enforce Preliminary Injunction; for Order to Show Cause Why Defendant

Kobach Should not be Held in Contempt; and for Expedited Briefing and Hearing.[6]  The motion

set forth compelling evidence that Defendant was in violation of the Court's preliminary

injunction by: (1) failing to add covered voters to the official registration list and poll books; (2)

forcing covered voters to use provisional ballots; and (3) issuing confusing and misleading

notices to voters regarding their registration status.  Indeed, at the recent trial, Plaintiff Charles

---

[2]189 F. Supp. 3d 1107 (D. Kan. 2016).

[3]Doc. 145.

[4]189 F. Supp. 3d at 1152.  In addition to the Court's order in this case requiring Defendant to register all
motor voter registrants who had been deemed incomplete or cancelled for failure to provide DPOC, there is a
preliminary injunction in place prohibiting state-specific instructions on the Federal mail-in form that would require
an applicant to produce DPOC.  *League of Women Voters v. Newby*, 838 F.3d 1 (D.C. Cir. 2016), *rev'g* 195 F. Supp.
80 (D.D.C. 2016).

[5]*Brown v. Kobach*, No. 2016-CV-550, slip op. at 3–4 (Shawnee Cty. Dist. Ct. Sept. 23, 2016).

[6]Doc. 220.

Stricker testified that he took steps in September 2016 to make sure he was registered in time for the upcoming general election. He called the Sedgwick County, Kansas election office and the person with whom Mr. Stricker spoke stated that he was not sure whether Mr. Stricker would be allowed to vote. Mr. Stricker was told it was complicated because there were legal issues "up in the air." When Mr. Stricker checked online to see if he was registered, there was no record of his registration.[7]

The Court ordered Defendant to appear in person on Friday, September 30, 2016, to show cause why he should not be held in contempt given the allegations set forth in Plaintiffs' motion that he was not in compliance with the Court's preliminary injunction order. Among other things, Plaintiffs submitted evidence that the official notices received by registration applicants covered by the order, Defendant's websites, and the DMV receipt continued to suggest applicants must submit DPOC to vote in the general election, or that their status was unclear. On September 29, 2016, the parties filed a Joint Status Report setting forth an interim agreement on the matters raised in Plaintiffs' motion for contempt. Part of this agreement was that Defendant:

> will instruct the county election officials to send out a new notice that unequivocally advises covered voters that they "are deemed registered and qualified to vote for the appropriate local, state, and federal elections for purposes of the November 8, 2016 general election, subject only to further official notice." The parties will prepare a draft notice for this Court's review, revision, and approval. Upon approval by this Court, Defendant will direct county election officials to send the approved notice to covered voters on or before October 12, 2016.[8]

---

[7] Neither party established with Mr. Stricker during trial whether he in fact received the three separate and inconsistent notices in his ELVIS record from 2016: (1) a notice telling him that while the Court's preliminary injunction entitled him to vote for federal office in November, he could not vote for other offices until he submitted DPOC; (2) a notice stating that he was fully registered because the Sedgwick County election office had located a Kansas birth certificate, despite the fact that Mr. Stricker was born in Missouri; and (3) the Court-approved notice stating that he should disregard prior notices that may have been confusing and that he is deemed fully registered subject only to official notice. Ex. 838.

[8] Doc. 225 at 2 ¶ 1.

The Court cancelled the show cause hearing, but ordered the parties to submit to the Court a draft of the proposed notice referenced in the joint status report that would be sent to those Kansas voter registrants affected by the Court's preliminary injunction order and a related state court matter. On October 3, 2016, the parties submitted their proposed curative notices to the Court by e-mail. The following day, the Court sent the parties by e-mail its revised notice. The Court discussed this notice with the parties at an October 5, 2016 telephone conference, and reached agreement as to its language. Again, this notice was written to remedy prior notices sent by Defendant that incorrectly suggested to voters that their registration status was uncertain.

During the October 5 status conference, Plaintiffs also expressed concern about notice language on the Secretary of State's websites and at the DMV in advance of the November 2016 general election. The Court made clear that it held Secretary Kobach responsible for correcting the information on the State's website to provide guidance to Kansas citizens seeking registration information, and that the notices at the DMV given to new motor voter registrants also must be modified. The Court asked Defendant, who appeared on his own behalf, questions about his compliance with the preliminary injunction order. The Court specifically addressed whether voters covered by the preliminary injunction order would receive the official Kansas postcards confirming their registration, and providing their polling place:

> The Court: . . . here's . . . another question I have. Most of us receive these postcards through the mail that tells us where our precinct is and where to go vote. And I was wondering what— so the— 17,000 people, or however many it is, that are going to get the notice, are they going to also receive the postcard? I mean, how will they know where to go vote?
>
> Mr. Kobach: Your Honor, this is Kris Kobach. They will get the same notice that others— that other voters get, that it notifies you of your polling place.

> The Court: Okay. Great. And it doesn't matter that this is
> happening at this point in October, they should— they should still
> be on track for getting the postcards in the mail; is that correct?
>
> Mr. Kobach: Your Honor, you mentioned a moment ago to update
> county websites too. . . .[9]

Defendant never answered the Court's second, confirmatory question directly.[10]

The Court heard evidence at trial and at the show cause hearing that a certificate of registration, sometimes referred to as a notice of disposition, is a postcard mailed to those who successfully register to vote in Kansas, which contains the voter's voting precinct, party affiliation, polling location, and the voter's districts for various offices, including for the United States House of Representatives ("postcards"). The postcards are typically sent two to four weeks after a person's voter registration application becomes "active" in the Kansas voter registration database. Other than the initial postcard after registration, and when a voter's polling place changes, the frequency with which these postcards are sent to registered voters varies by county and is left to each county's discretion. Kansans traditionally consider these postcards as confirmation that they are successfully registered to vote.

The Court followed up the status conference with an Order on October 14, 2016,[11] addressing certain issues raised at the status conference, and addressing an October 13, 2016

---

[9] Doc. 232 at 15:4–21.

[10] At the end of the hearing, Plaintiffs' counsel asked for clarification about what notice "new DMV registrants will receive." Specifically, he wanted to know whether they would "receive the same notice that every other registered voter receives or that we'll see a copy of that notice before it's issued." Doc. 232 at 21:20–22:1. Defendant replied that Plaintiffs were seeking a DMV-issued notice and he would provide revised wording to counsel. This exchange referred to the notice provided to new registrants at the DMV, and adds no ambiguity to whether standard postcards should have been sent to covered registrants confirming their registration status just like all other registered voters. In its October 14, 2016 Order, this Court set forth approved language for the DMV receipt provided to voter registration applicants when they apply to register when obtaining a driver's license.

[11] Doc. 241.

Joint Status Report filed by the parties, which presented three more notices in dispute. The Court recounted the issues discussed at the October 5 status conference, and reiterated that "Secretary Kobach was responsible for correcting the information on the State's website to provide clear guidance to Kansas citizens seeking registration information."[12] Because the Court was satisfied by Defendant's assurance at the October 5 status conference that the standard postcards would be sent to all registrants covered by the Court's order, no specific mandate to send notice of disposition postcards was included in the October 14 order.

Since the election, Plaintiffs' counsel has continued to monitor Defendant's compliance with the Court's preliminary injunction, and has submitted evidence of its repeated efforts beginning in July 2017 to seek removal of language from the Kansas Secretary of State's website suggesting that covered applicants' registration status is unknown for elections that take place after November 2016. The parties were ultimately able to resolve most of these issues.

In late 2017, Plaintiffs' counsel learned that motor voter and federal form registrants covered by this Court's preliminary injunction and other courts' orders had not received notice of disposition postcards. Plaintiffs' counsel first notified Defendant on November 10, 2017, that they believed he was required to send these postcards under the preliminary injunction order.[13] The letter therefore asked Defendant to "instruct all local elections authorities to send certificates of registration to all voters registered pursuant to th[o]se court orders immediately."[14] On behalf of Defendant, counsel Sue Becker responded to this letter on November 21, 2017, stating that the postcards are unnecessary because "those who register to vote using the federal form or the

---

[12] *Id.* at 3.

[13] Doc. 424 Ex. F.

[14] *Id.*

motor-voter form but do not provide DPOC receive the court ordered notices" instead.[15]

Plaintiffs' counsel's November 10 letter also addressed concerns with the County Election Manual.  At the time counsel sent this letter, the County Election Manual was publicly available on the Kansas Secretary of State's website at https://www.kssos.org/forms/elections/County% 20Election%20Manual%20(Combined).pdf.  It is a reference guide for Kansas county election officials containing the policies and directives of the Secretary of State's office.  The November 10 letter explained to Defendant that the chapter on voter registration in the County Election Manual incorrectly states that "[a]ny person who registers to vote for the first time in Kansas must provide DPOC," and asked Defendant to revise the identified language immediately.  In Ms. Becker's November 21 response letter, she declined to correct the County Election Manual, claiming that it is only an internal document currently scheduled for revision in 2018, and that it is only revised to reflect "permanent" changes in the law.  She stated that any modifications to the manual are communicated to the counties in "real time email or telephonic communications."[16]

The parties met and conferred on December 7, 2017.  During the meet-and-confer, Defendant's counsel stated that Defendant would not instruct local elections authorities to send postcards to individuals who registered to vote at the DMV or who registered to vote using the Federal Form, but who failed to provide DPOC.  Defendant's counsel claimed that these postcards are unnecessary because covered voters receive the notices that this Court approved in October 2016.  Defendant's counsel also refused to make modifications to the County Election Manual, reiterating that it is scheduled to be revised by June 2018, but that even if this Court

---

[15] Doc. 424, Ex. H.

[16] Id.

were to issue final judgment against Defendant, he would not modify the language in the County Elections Manual to reflect such a judgment unless and until all appeals were exhausted. Ms. Becker reiterated these positions in a December 11, 2017 letter to Plaintiffs' counsel: Defendant will not send the postcards to "covered individuals," and will not change the County Election Manual until there is a change in the law.

Plaintiffs then filed the instant motion asking the Court to direct Defendant to show cause why he should not be held in contempt for failing to abide by this Court's preliminary injunction order, and its October 14, 2016 order on noticing. Defendant responded and took the same position he took in Ms. Becker's letters to Plaintiffs—that Defendant was not required to send postcards and instead was only required to send the Court-approved notices in October 2016, and that the County Election Manual is only periodically revised, with interim emails to the counties informing them of the correct procedure to comply with the Court's orders. Defendant submitted no evidence to the Court with his response. In reply, Plaintiffs pointed to the Court's colloquy with Defendant at the October 5, 2016 status conference where he represented that the postcards would be sent.

The Court scheduled the show cause hearing to immediately follow the bench trial in this case. During her opening statement at the March 20 hearing, Ms. Becker for the first time claimed that Defendant in fact sent postcards to covered individuals before the November 2016 election, a position not taken in any of the letters Ms. Becker sent at the end of 2017, nor in her response to the motion. It also quickly became apparent that Defendant had no intention of putting evidence of his compliance before the Court until prompted to do so. Defendant eventually produced Mr. Caskey, the Assistant Secretary of State, Elections and Legislative Matters for the State of Kansas. Mr. Caskey had testified several days earlier at trial about the

issue of the postcards.  His trial testimony was consistent with Ms. Becker's 2017 letters to Plaintiffs' counsel: that individuals covered by the Court's preliminary injunction order receive the notice approved by the Court at the October 5, 2016 status conference.[17]  After repeatedly refusing to directly answer Plaintiffs' counsel's yes or no questions on this subject at trial, the Court eventually intervened and reworded the question, "In other words, when you say that you have instructed them to provide all of the notices and information that this court has ordered, is that the same universe of information that other voters that were not on the suspense list received from the state of Kansas?"[18]  After what the Court recounts was a lengthy pause, the following exchange ensued:

> THE WITNESS: It is not the same information. We have complied with every court order that has been issued regarding this class of individuals, but we have said explicitly that we have to track this group of persons differently than we track every other registered voter for purposes of this litigation. And we have complied with every court order as relates to that and no one has told me we haven't.  I mean, we -- there have been lots of discussions about notices and -- notices on websites and notices to voters and notices provided to DMV.  And, to the best of my knowledge, everyone's in agreement on what's being sent and what hasn't so --
>
> THE COURT: All right. Let me get some clarification. When you say "court orders," you're including oral orders, are you not?
>
> THE WITNESS: Yes.
>
> THE COURT: So you are sending postcards to all of these people? Because I ordered Mr. Kobach to do that in a status hearing that I had with him probably well more than a year ago.
>
> THE WITNESS: All persons receive a notice, yes.

---

[17] *See* Doc. 508 at 29:14–15 ("He would receive the notice that's been required by the court in the course of this litigation); 942:8–9, 17–18 (indicating that he has complied with the court orders when asked if he has instructed county election officials to provide the same information to covered individuals as to other registrants).

[18] *Id.* at 943:5–10.

> THE COURT: Postcards, the same postcards that you and I
> receive, those -- the standard postcard notices that tell them where
> to go vote and what their precinct number is, et cetera, does
> everybody receive those, all the people involved in this case on this
> suspense list?
>
> THE WITNESS: I would have to verify that. Off the top of my
> head, I just don't want to say positively for all 105 counties. I just
> would need to check before I can say that definitively. And I can
> do so before the end of this litigation.
>
> THE COURT: Okay.
>
> THE WITNESS: Before the end of this trial, I can do that.[19]

The Court was not provided with a verification from Mr. Caskey before the end of trial,
but at the show cause hearing, he again testified on this subject. Mr. Caskey testified that he now
recalls giving an oral instruction to county election officials on October 5 or 6, 2016, the day
after the Court's status conference, to send out standard postcards to all individuals covered by
the Court's preliminary injunction order. He claimed that after his trial testimony, he consulted
his calendar and determined that he instructed the counties about notices on that date.
Nonetheless, when pressed, Mr. Caskey admitted:

> I am positive that a notice was required to be sent to the voters and
> that notice included the ability to find where your polling place is
> and an ability to know that you were considered registered to vote.
> And the court drafted the notice and so I am positive that that
> notice reflects the court's decision.
>
> I personally have been unsure at times if there was an additional
> notice required by the court based on my review of written orders.
> For the time period that you speak, during that entire time period, I
> have not always been sure exactly what the court's directive is as
> regarded two pieces of paper instead of one.[20]

Mr. Caskey testified that on October 12, 2016, he sent an e-mail to the counties

---

[19]*Id.* at 943:24–944:22.

[20]Doc. 516 at 72:25–73:12.

10

explaining the special notice language they were to send to covered applicants making clear they were fully registered to vote, and eliminating Defendant's proposed language suggesting their status was uncertain and temporary. Mr. Caskey pointed to language at the end of his email stating that "[t]his document replaces all documents previously issued by this office concerning this topic."[21] Defendant suggests that this language may have inadvertently communicated to the county election officials that Mr. Caskey's previous oral directive to send standard postcards to covered individuals was superseded by this directive to send the specific notices approved by the Court. Mr. Caskey testified that since the time of his trial testimony on March 8–9, he asked four county election officials whether they sent standard postcards when directed in October 2016, and received confirmation that three out of four had not. Sedgwick County was the only county that Mr. Caskey could confirm sent the standard postcards.

In addition to Mr. Caskey's testimony, Defendant addressed the Court and represented that he directed his staff to ensure that the counties sent standard postcards before the 2016 general election: "I'm telling you now that I directed the staff to make sure that that would happen. It appears that I had a greater deal of confidence in what the counties would do when instructed immediately over, the telephone than what they actually did."[22]

Defendant explained at the hearing that the County Election Manual has been taken offline. Mr. Caskey testified that this document was last revised in 2012 to reflect the DPOC law, and that it is not his office's practice to update the document as procedures change. Mr. Caskey testified that he instead sends regular emails to the counties providing guidance, with the same standard language in Exhibit 1 instructing them that his email directive supersedes prior

---

[21]Def. Ex. 1 & attach. at 2.

[22]Doc. 516 at 112:5–9.

written documents on a subject.

After the hearing, Defendant supplemented the record with two affidavits by Mr. Caskey.

In his March 22, 2018 Affidavit, Mr. Caskey attests that he sent the following written directive

by email to all county election officials in Kansas:

> Dear County Election Officers:
> In the event that your county is not already doing so, every person
> who applies to register to vote at a Division of Motor Vehicles
> office and does not provide proof of citizenship and every person
> who applies to register to vote using the federal voter registration
> application and does not provide proof of citizenship must be sent
> TWO notices. The first notice should be the attached notice that
> has been sent since October 2016 and was subsequently modified
> in December of 2017. The second notice is the standard postcard
> informing the voter of his or her polling place and district
> assignments. These two notices should be sent at the same time.
> In addition, every person who is currently in suspense with a
> reason of applying to register to vote at a Division of Motor
> Vehicles office or with the federal form and has not provided proof
> of citizenship, must be sent the standard postcard, even if one has
> already been sent. Thus, although each person should have already
> received notices, our office would like the postcard and the
> attached notice to be sent again. The deadline for this to be
> completed is Friday, April 6th, 2018. Once every person has been
> sent these notices, please inform me.[23]

On April 3, 2018, Mr. Caskey filed another affidavit explaining that he has received

confirmation from 49 counties that they have sent standard postcards to all covered residents. He

states that he will be reminding the counties during a weekly conference call the week of April 9,

and that he will call the individual counties that have not complied.[24]

## II.    Discussion

Plaintiffs' January 8, 2018 motion argues that Defendant violated the preliminary

---

[23] Doc. 499. The Court notes that Mr. Caskey's language in this notice suggests that the counties continue
to treat the voters affected by this Court's order as "in suspense," instead of registered per the Court's preliminary
injunction order, and in violation of the Court's preliminary injunction order.

[24] Doc. 517.

injunction order, and the October 14, 2016 order governing notices.  Plaintiffs ask the Court to impose sanctions, including an order directing Defendant to: (1) instruct local elections authorities to send certificates of registration, i.e. registration postcards, to individuals who registered to vote at the DMV or using the Federal Form, regardless of whether such registrants have submitted DPOC; and (2) correct the County Election Manual to make clear that individuals who apply to register to vote through the DMV or using the Federal Form need not submit DPOC.  Plaintiffs also seek attorney fees they incurred in preparing the motion.

Civil contempt sanctions are considered coercive and are "designed to compel future compliance with a court order," or to be compensatory.[25]  To prove civil contempt, Plaintiffs must show by clear and convincing evidence that (1) a valid court order existed; (2) Defendant had knowledge of the order; and (3) Defendant disobeyed the order.[26]

### A.     Valid Court Order and Defendant's Knowledge

The Court finds by clear and convincing evidence that a valid court order existed requiring Defendant to "register for federal elections all otherwise eligible motor voter registration applicants that have been cancelled or are in suspense due solely to their failure to provide DPOC" and that Defendant had knowledge of the order.  The term "register" is not ambiguous, nor should there have been any question that these voters were to be treated just like any other registered voter prior to the 2016 election, particularly after the state court decision requiring him to register them for state and local elections as well.

Defendant argues that the Court's orders were not clear that standard postcards must be sent, or that the County Election Manual must be updated.  The Court disagrees.  First,

---

[25]*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–29 (1994).

[26]*E.g.*, *Phone Directories Co. v. Clark*, 209 F. App'x 808, 813 (10th Cir. 2006); *FTC v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004).

Defendant's acknowledgments in open court belie this argument. He admitted several times during the hearing that he understood the Court's order meant he was to treat those covered by the preliminary injunction the same as all other registered voters, which included sending the standard postcard upon registration. Second, it would be impossible for Defendant to fully comply with this Court's orders unless he provided clear and unambiguous direction to the counties, and ensured their compliance. He is the chief election official for the State of Kansas, charged with enforcing the NVRA. The Court made clear to him at the October 5 conference that it expected him to ensure the counties' compliance:

> Well, I'm holding you responsible for directing them to and mandating them to, because you're the Secretary of State. And you are the-- you are the No. 1 authority and-- and it is your responsibility to manage elections in Kansas. So I know a lot of it is administered at the county level, but I think you have the authority to mandate that they do it. And then-- and then tell them to tell you that they've complied, so that you can share that with the Court. I know you can't physically go perhaps to the county election office and do it yourself, but you certainly can direct and mandate them to do it, just like you did tell them what to do when the, you know, DPOC law came into being. I mean, you directed them what to do in response to that. So I think you have to direct them what to do in response to this as well.
>
> . . . .
>
> They have-- they take their direction from you on this. And I think it's your responsibility to give them that direction. I understand some of them may be able to change it tomorrow and some it may take longer. But they've got to do it. And for sure when people are calling in, because people are confused-- I mean, we've had calls to this office. And I'm not in a position to take calls and answer questions. But if people are calling their county election offices, they need to get the right information. And the only way apparently that's going to happen in some counties is if you set them straight. So I expect you to do that, Mr. Kobach, that's your job obviously. All right.[27]

---

[27] Doc. 232 at 16:4–20.

If there was any confusion about Defendant's responsibilities after the Court issued its clearly worded preliminary injunction order in May 2016,[28] the Court's oral directives should have left Defendant without question about his duties after October 5, 2016.  Mr. Caskey was not on the entire call and is not an attorney; he certainly is not the chief election official for the State of Kansas.  The Court holds Defendant responsible for complying with the Court's Orders.

At the show cause hearing, Defendant disingenuously suggested that he had insufficient time in 2016 to make changes to comply with the Court's orders.  But the curative actions necessitated by the first motion for contempt and the Court's October 14, 2016 notice order were the result of confusing and inconsistent information published to the public by Defendant between May and October 2016.  Defendant also disingenuously argued at the show cause hearing that the Court's orders were ambiguous, dynamic or fluid, and represented continuing changes in rules.  On the contrary, the status conference and notice order were corrective and curative measures taken in response to Plaintiffs' seriatim discoveries that Defendant was not complying with the preliminary injunction in various publications meant to inform the county election officials, the registrants affected by the order, and the voting population at large. Defendant's confusing notices, and his patent failure to fully inform and monitor compliance with the preliminary injunction order caused confusion and misinformation.  Among the plethora of evidence demonstrating this confusion is the trial testimony of Mr. Stricker, who called the Sedgwick County Election office prior to the election, and was told they did not know whether he was registered because of the complicated legal issues involved.  Defendant should have been well aware of this concern, given Plaintiffs' report at the October 5, 2016 status conference that

---

[28]The Court incorporates by reference its admonishment to Defendant at the show cause hearing regarding his claims of confusion.  Doc. 516 at 125:15–128:23 (stating, in part, "The preliminary injunction says the same thing today as it said back then.  It's still operative. . . .  There has been no change of rules.  There's been no confusion and there's been no ambiguity.").

county election officials had been giving incorrect information to callers asking about their registration status, and this Court's report that it had received calls from confused citizens.

Defendant has a history of noncompliance with the preliminary injunction order.  He not only willfully failed to comply with the preliminary injunction for five months, but then only partially complied in October 2016 upon the threat of contempt.  After that, Defendant failed to ensure that registered voters received the standard notification of disposition postcards, despite his assurance to this Court at the October 5 status conference that they would be sent.  To the extent Defendant had any question about the scope of the Court's unambiguous directive to register covered applicants, there could be no confusion after the October 5, 2016 status conference when the Court made plain its expectation that those covered by the Court's preliminary injunction should be treated like all other registered voters, which included receiving those standard postcards.  Defendant himself admitted at the March 20 hearing that he understood that individuals covered by the preliminary injunction order should be treated no different from all other registered voters.  And he indicated he understood the Court's expectations when he represented to the Court that he personally directed his staff to ensure that the postcards would be sent, and that he would "continue to notify the counties of what their responsibilities are and what the rules are."[29]  The Court finds by clear and convincing evidence that Defendant had knowledge of this Court's valid court orders.

### B.     Violations of Court Order

#### 1.     Certificates of Registration

Up until March 20, 2018, Defendant took the position that the Court's orders directed him to send only the notices containing the Court-approved curative language about the change

---

[29] Doc. 232:18:17–19.

in covered registrants' status for purposes of the November 2016 election. He argued that by approving these notices, the Court implicitly excused him from sending the standard postcards that are otherwise sent to all registered voters to confirm their registration and provide their polling place. It was only on March 20, 2018, at the show cause hearing, that defense counsel for the first time informed the Court that Defendant instructed his staff to ensure that the standard postcards were sent to covered registrants, and that Mr. Caskey in fact orally instructed the counties to send standard postcards in October 2016. Also at the March 20 hearing, Defendant offered to direct the counties to resend the standard postcards.

While the Court recognizes Mr. Caskey's hearing testimony, and his recently-filed affidavits demonstrating that he has now directed the counties to send standard postcards, the Court finds that this effort is "too little, too late" to avoid a contempt finding. Plaintiffs first notified Defendant that they believed the postcards had not been and should be sent to covered registrants on November 10, 2017. Ms. Becker adamantly denied that this was required by the Court's preliminary injunction order, and repeatedly refused on Defendant's behalf to send out the postcards. The motion for contempt was filed on January 8, 2018. Again, in response to the motion, Ms. Becker insisted Defendant was not required to send these postcards. It was not until the hearing on the motion more than two months later that Defendant changed course and (1) claimed he had personally directed his staff to ensure that postcards be sent; (2) claimed that Mr. Caskey had in fact directed the counties to send standard postcards, but that the directive was inadvertently superseded by his later instruction about the Court-approved special notices; and (3) promised to send the standard postcards now.[30]

---

[30]Even at the show cause hearing, Ms. Becker began her opening statement by arguing that the Court's orders did not require that postcards be sent to affected voters.

Defendant's three new claims are insufficient to avoid contempt for several reasons.  First and foremost, the Court does not find Mr. Caskey's testimony to be credible.  It strains credulity to believe that Mr. Caskey, after months of denying that the Court's orders required him to send standard postcards to covered registrants, remembered a few days before the show cause hearing that he had in fact orally instructed the counties to send them.  At trial, Mr. Caskey had no recollection of sending those postcards and repeatedly avoided directly answering questions about whether they were sent.  He testified that he believed he had complied with the Court's orders, which he understood only required the notice language the Court had helped draft back in October 2016.  Mr. Caskey did not recall specifically whether he had directed that the standard postcards be sent.  And at the show cause hearing, despite his newfound recollection about his oral instruction in October 2016, Mr. Caskey contradicted himself on cross-examination and admitted that he had not been sure whether both the standard postcards and the Court-approved notices must be sent to covered registrants, that his written instructions to the counties never instructed them to send the standard postcards, and that in the "million conversations" he has had with Defendant over the last eighteen months, he cannot recall Defendant ever telling him that he had assured the Court that the standard postcards must be sent.

Moreover, even if Mr. Caskey's eleventh hour recollection is to be believed, he offered no further proof to corroborate it.  He claimed that his recollection was refreshed by reviewing his calendar, but that was not in evidence.  He claimed he informally spoke to four county officials about whether they sent the standard postcards in October 2016 after this oral instruction, but did not offer evidence from those counties about what they were instructed to send.  In fact, his testimony that three out of the four counties he informally polled told him that they *did not* send the standard postcards is persuasive evidence that Mr. Caskey did not ensure

that the counties understood they were to be sent.  Mr. Caskey's inconsistent and evasive testimony does not persuade the Court that he treated the registration applicants covered by this Court's preliminary injunction order the same as all other registrants by the Secretary of State's Office; they were not sent the documentary confirmation that all other Kansas registrants receive, and have come to expect, to be assured that they are registered and where they are to vote.

Finally, the Court is troubled by Defendant's failure to take responsibility for violating this Court's orders, and for failing to ensure compliance over an issue that he explicitly represented to the Court had been accomplished.  For the first time since this dispute arose, Defendant told the Court at the show cause hearing that he personally directed his staff to ensure that the counties sent the standard postcards to registrants covered by the preliminary injunction order.  Assuming this statement is true, as the Court must given Defendant's status as an officer of the Court, he apparently took no steps to personally ensure compliance with this directive, despite his status as chief election official for the State of Kansas.  Instead, Defendant deflected blame for his failure to comply onto county officials, and onto his own staff, some of whom are not licensed attorneys.[31]  The letters from Plaintiffs seeking compliance with these issues were directed to Defendant.  The motion for contempt was directed to Defendant.  It was Defendant's duty to ensure that the counties complied with the Court's Orders, a duty this Court made crystal clear to him back on October 5, 2016.  As such, Defendant and not his staff, should bear the burden of sanctions for the lengthy delay in compliance.

---

[31]During his redirect examination of Mr. Caskey, Defendant asked him if he received direction from Sue Becker, Garret Roe, another attorney in his office, or from his paralegal.  This line of questioning was meant to suggest that if Mr. Caskey did not learn from Defendant about the need to send out postcards, then the fault must lay with someone else in his office.  Doc. 516 at 104:8–105:17.

### 2.     County Election Manual

It appears plain to the Court that to comply with the Court's preliminary injunction, Defendant was required to work closely with county election officials to ensure they were properly trained and informed so that they could execute the law as modified by the Court in that order. It also required Defendant to take steps to ensure that the public understood the law as modified by the Court—that they may register to vote at the DMV without accompanying DPOC. It is undisputed that the online document maintained by Defendant's office and used to communicate policy and training to the counties was not updated to reflect the Court's ruling. Instead, the County Election Manual continued to advise the counties that DPOC was required of all voter registration applicants. According to Mr. Caskey, this document was last revised in 2012, but he communicated interim updates to the counties by e-mail, including updates based on the Court's orders. Mr. Caskey intends to revise the document again sometime this year. If this document was only available internally, the Court would be persuaded that Defendant did not disobey the Court's order. But it was publicly available; the e-mails updating the document were not.

For the first time at the show cause hearing, Defendant shared with the Court that the manual had been taken offline "several weeks ago" in response to Plaintiffs' complaints.[32] Yet, as with the postcard issue, Defendant waited until Plaintiffs exhausted informal channels to remedy the problem, and allowed Plaintiffs to fully brief a contempt motion and prepare for a show cause hearing before taking this step.

Moreover, Defendant's basis for failing to update an *online* document is nonsensical. He maintains that Mr. Caskey's policy is to revise the manual every six years, and that interim

---

[32] Doc. 516 at 48:7–8.

updates are made by e-mail to the 105 county election officials whose offices rely on it. Apparently, rather than update a centralized online training document for the counties' reference, each of the 105 counties are expected to archive and search for updates in the many emails they receive from the Secretary of State's Office over a six-year period until a revision is completed. Mr. Caskey, who is charged with this document's maintenance, testified that he was "too busy" to update the manual in 2016.

Defendant's rationale for this inefficient procedure is that the County Election Manual only includes "permanent" changes in the law, whereas the Court's order was merely a temporary injunction. This is part of the general theme of Defendant's compliance with the preliminary injunction order—that this Court's order is not "the law." Apparently, at the parties' meet and confer session, Defendant represented that an update to the manual was not warranted unless and until the Supreme Court either rules against Defendant on the merits, or denies a petition for certiorari from an unfavorable decision before the Tenth Circuit Court of Appeals, a process that could take years.[33] Likewise, Defendant argued at the hearing that he had no control over the county election officials, except to ensure that they complied with "the law," which he apparently interprets to only mean the DPOC law.

This publication is the policy and training Bible for the 105 county election officials. As a result, Defendant ensured that the manual was amended to reflect the SAFE Act and its new DPOC requirement for voting registrations in 2012. Given that the Court's preliminary injunction was issued almost two years ago in May 2016, four years after the last revision, the Court does not find credible Defendant's rationale for not amending the document. Moreover, taking the manual offline, almost two years later, means that the counties' only resource is the

---

[33] Doc. 424, Ex. B at 1.

written, unmodified manual; as well as verbal or written direction Mr. Caskey gave them on
regular statewide phone calls and/or e-mails. The result of Defendant's willful failure to direct
and ensure that Mr. Caskey modified the election manual was confusion. Registrants affected by
the preliminary injunction order were confused. And the county election officials, who should
have informed and assured these registrants that they were fully registered, were also confused,
as demonstrated by Mr. Stricker's phone call to the Sedgwick County election office in
September 2016.

 The Court finds by clear and convincing evidence that Defendant disobeyed this Court's
preliminary injunction order when he failed to ensure that voter registration applicants covered
by the preliminary injunction order became fully registered, a process that required accurate and
consistent information be provided to county election officials, individuals impacted by the
preliminary injunction, and the public. The Court heard evidence at trial that fully registered
voters in Kansas receive a standard postcard from their counties, confirming their registration
and instructing them of their polling place. Kansans have come to expect these postcards to
confirm their registration status, and Defendant ensured the Court on the record that they had
been sent prior to the 2016 general election. They were not, and the fact that he sent a different
notice to those voters does not wholly remove the contempt, nor does his attempt to resend
postcards eighteen months after the election and five months after Plaintiffs notified him of the
issue. The Court also heard evidence that Defendant willfully failed to make sure that the county
election officials were clearly and effectively trained to enforce this Court's orders. The official
training manual for the counties continued to instruct that all voter registration applicants were
required to submit DPOC, and his efforts to revise these instructions informally and in a

piecemeal way led to confusion and misinformation.  Plaintiffs have met their burden of demonstrating the requirements of civil contempt by clear and convincing evidence.

### C.    Sanctions

Sanctions for civil contempt may be used for two purposes: "(1) to compel or coerce obedience to a court order . . . ; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]"[34]  Where a fine is compensatory, "the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy."[35]  At this time, there appears to be no need for an order compelling compliance with the preliminary injunction order as to the postcard issue because Defendant is now in the process of sending the standard postcards to all registered voters.  Defendant has removed the election manual from public view and has submitted evidence it updated the election manual by email.  However, as the Court has explained, this potentially worsens the problem because the county election officials are reliant on a hard copy document that has not been updated to reflect the Court's orders.  Although the Court may not need to coerce compliance with its unambiguous preliminary injunction order, Defendant's history of noncompliance and disrespect for the Court's decisions in this case as set forth above signals that specific, verifiable directives will be necessary if a permanent injunction is warranted by the Court's ultimate decision in this case.  Any such relief is deferred until the Court issues its findings of fact and conclusions of law under Fed. R. Civ. P. 52.

Although the Court does not impose coercive sanctions at this time for Defendant's contempt, it finds that compensatory relief is in order to make Plaintiffs whole for their actual

---

[34] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983))

[35] *Id.* (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 810 (2d Cir. 1981)).

losses sustained during the lengthy period before Defendant purged the contempt. They are entitled to their reasonable attorneys' fees expended drafting their November and December letters to Defendant, participating in the meet-and-confer session in December, drafting their contempt motion and reply, and participating in the show cause hearing.[36] Had Defendant or Ms. Becker revealed to Plaintiffs in November that (1) Defendant and Mr. Caskey had directed the standard postcards be sent in October 2016, (2) they were willing to immediately resend the standard postcards, and (3) they would remove the County Election Manual from the public website, the Court is confident that Plaintiffs (and the Court) could have avoided significant time and expense in litigating this motion. This actual loss can be measured by assessing Defendant the reasonable attorney fees expended by Plaintiffs' counsel on those matters. Plaintiffs shall submit to the Court an application for attorney fees by no later than April 30, 2018, in compliance with D. Kan. Local Rule 54.2.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt (Doc. 423) is **granted**. Defendant Secretary of State Kobach is assessed the reasonable attorney fees expended by Plaintiffs' counsel on this motion. Plaintiffs shall submit to the Court an application for attorney fees by no later than April 30, 2018, in compliance with D. Kan. Local Rule 54.2. Any further remedial measures are deferred until the Court's decision on the merits of this case.

**IT IS SO ORDERED.**

Dated: April 18, 2018

---

[36]*Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("Of course, fees can also be awarded as part of a civil contempt penalty.").

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, ET AL., | |
| **Plaintiffs,** | |
| v. | Case No. 16-2105-JAR |
| KRIS KOBACH, KANSAS SECRETARY OF STATE, | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

On April 18, 2018, this Court issued a Memorandum and Order ("April Order"), granting Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Kobach Should Not be Held in Contempt.[1]  The Court assessed Defendant Secretary of State Kris Kobach sanctions in the amount of the reasonable attorneys' fees incurred by Plaintiffs' counsel on the following: drafting their November and December 2017 letters to Defendant that attempted to informally resolve the contempt issues ultimately presented to the Court, participating in a meet-and-confer session in December 2017, drafting their contempt motion and reply in early 2018, and participating in the show cause hearing on March 20, 2018.  Plaintiffs also properly seek the fees they incurred drafting the fee application and reply.  Before the Court is Plaintiffs' Application for Attorneys' Fees and Litigation Expenses in Connection with their Motion for Contempt (Doc. 529).  The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court awards Plaintiffs $26,214.79 in reasonable attorneys' fees and expenses as a sanction for the contempt found by the Court in its April Order.

---

[1] Doc. 520.

I.       **Background**

The Court's April Order found Defendant in contempt of the Court's May 17, 2016 preliminary injunction order in two ways.  First, Defendant failed to ensure local election authorities sent certificates of registration, otherwise known as registration postcards, to individuals who registered to vote when applying for a Kansas driver's license or using the Federal Form, regardless of whether such registrants submitted documentary proof of citizenship ("DPOC").  Second, until recently, the publicly available County Election Manual continued to advise county election officials that individuals who apply to register to vote through the Kansas Department of Motor Vehicles ("DOV") or using the Federal Form must submit DPOC.  The April Order documented the efforts Plaintiffs took to notify Defendant of these violations and resolve them informally.

Up until the show cause hearing on the contempt motion on March 20, 2018, defense counsel insisted that Defendant was not required to send certificates of registration to registrants covered by the Court's preliminary injunction order, and that it need not correct the County Election Manual until a more "permanent" change in the law occurred.  Yet, at the contempt hearing, Defendant changed course and (1) claimed he had personally directed his staff to ensure that postcards be sent; (2) claimed that Mr. Bryan Caskey, Director of Elections, had in fact directed the counties to send standard registration postcards, but that the directive was inadvertently superseded by his later instruction about the Court-approved special notices; and (3) promised to immediately send the standard postcards.  Also, at the hearing Defendant advised that the County Election Manual had been taken offline, and that he had provided compliant oral and written instructions to the counties that supplemented the manual.

As for sanctions, the Court found that there was no need for coercive sanctions because Defendant was now engaged in the process of ensuring that all registrants covered by the preliminary injunction receive registration postcards, and because the County Election Manual is no longer available online, and was updated by Mr. Caskey's subsequent emails and phone calls. However, the Court did impose compensatory sanctions to make Plaintiffs whole for their losses sustained during the lengthy period before Defendant acknowledged the need for compliance and purged the contempt. The Court found that Plaintiffs' actual loss during the almost-five months before Defendant changed his position can be measured by assessing Defendant the reasonable attorneys' fees incurred by Plaintiffs pursuing Defendant's compliance and moving for contempt. The Court directed Plaintiffs to submit an application for attorneys' fees, in compliance with D. Kan. Rule 54.2.

Under District of Kansas Local Rule 54.2(a), a party who moves for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) must initiate consultation with the other party. Where the parties cannot come to agreement, the moving party must file a statement of consultation, which includes the date of consultation, the names of those who participated, and the results achieved.[2] Plaintiffs complied with the consultation requirement as evidenced by their Statement of Compliance, filed in conjunction with the fee application.[3] Plaintiffs seek attorneys' fees for nine timekeepers: attorneys and paralegals with both the American Civil Liberties Union ("ACLU") and Dechert, LLP. They attached detailed affidavits and time records in support of their total fee request of $51,646.15.

---

[2] D. Kan. Rule 54.2(d).

[3] Doc. 530.

3

## II.    Discussion

### A.    Actual Loss

As an initial matter, the Court must address Defendant's argument that attorneys' fees are not an appropriate sanction in this case because there are no "actual losses sustained as a result of [his] contumacy,"[4] given that Plaintiffs' counsel represents Plaintiffs *pro bono*.  To be sure, "a direct causal relationship must exist between the amount of damages and the violation of an injunction."[5]  The causal connection required is a but-for test: "The complaining party . . . may recover 'only the portion of his fees that he would not have paid but for' the misconduct."[6]  The Supreme Court has explained that this

> standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment.  The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct.  The award is then the sum total of the fees that, except for the misbehavior, would not have accrued.[7]

Defendant interprets this but-for test literally to mean that the complaining party must be liable for the fees incurred due to the misconduct.  But that position is contrary to Supreme Court and Tenth Circuit precedent.  For example, in *Blum v. Stenson* the Supreme Court considered whether fee awards under 42 U.S.C. § 1988 should vary depending on whether the plaintiff is

---

[4]*O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 810 (2d Cir. 1981)).

[5]*Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1240 (10th Cir. 2018).

[6]*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).

[7]*Id.*

4

represented by private counsel or a nonprofit legal services organization.[8]  The Court rejected

such an approach, finding that Congress intended fee rates to be calculated "according to the

prevailing market rates in the relevant community, regardless of whether plaintiff is represented

by private or nonprofit counsel."[9]  Likewise, in the context of Fed. R. Civ. P. 37 sanctions, the

Tenth Circuit held that an

> "attorney fee" arises when a party uses an attorney, regardless of
> whether the attorney charges the party a fee; and the amount of the
> fee is the reasonable value of the attorney's services.  The payment
> arrangement for an attorney can vary widely—hourly rate, flat rate,
> salary, contingency fee, pro bono.  What the client pays or owes
> the attorney may not accurately reflect the reasonable value of the
> services.[10]

Under Rule 37, the purpose of "attorney-fee sanctions would be thwarted if a party could escape

the sanction whenever opposing counsel's compensation is unaffected by the abuse, as when the

fee arrangement is a contingency fee or, as here, a flat rate."[11]  In so holding, the court explained

that when interpreting a fee shifting provision, "courts should look to their statutory purposes

rather than focusing on the inclusion of a word (*incurred*) that, in ordinary usage, would be read

into the statute in any event."[12]

As stated in the Court's April Order, the civil contempt sanction in this case is

compensatory, just like the Rule 37 sanction considered by the Tenth Circuit in *Centennial

Archaeology*.[13]  That case involved a fixed-fee arrangement in which no attorneys' fees were

---

[8]465 U.S. 886, 893 (1984).

[9]*Id.* at 895 (footnote omitted).

[10]*Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012).

[11]*Id.* at 680.

[12]*Id.* at 682.

[13]*See id.* at 680–82 (explaining that the Rule 37 attorney fee sanctions are designed to deter abuse in forcing
a frivolous discovery dispute before the court).

5

technically incurred in the making of the discovery motion at issue, or caused by the failure of the opposing party's compliance with a discovery order. Nonetheless, the court explained, "we refuse to assume that Centennial believed that extra efforts by its attorney caused by AECOM's violations of rules and orders were worthless. . . . The fixed fee is irrelevant to the value of the services performed because of AECOM's misconduct."[14]

Under this line of authority, the Court finds that Plaintiffs' counsel's *pro bono* fee arrangement in this case does not reflect the value of the services provided by these attorneys to Plaintiffs in seeking to enforce the Court's preliminary injunction order. As documented in the Court's April Order, the services provided by Plaintiffs' attorneys were undoubtedly multiplied by Defendant's conduct giving rise to the contempt finding. Rather than respond to Plaintiffs' initial efforts to informally resolve the compliance issues raised in the motion, defense counsel insisted for months that he need not comply at all. Almost five months later, Defendant took the position that it had taken the very compliance measures it disclaimed in those letters. This needless gamesmanship led to another round of letters, a meet-and-confer session, briefing on the motion to compel, and ultimately a three-hour hearing on March 20, 2018. The Court will award the reasonable value of counsel's services directly caused by Defendant's contemptuous behavior. Such an award is in keeping with Supreme Court and Tenth Circuit precedent.

**B.    Lodestar Calculation**

The parties agree that in determining reasonable attorneys' fees, the starting point is the "lodestar" figure—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[15]    If a party seeks compensation for services of a non-lawyer, such as a

---

[14]*Id.* at 680–81.

[15]*Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

legal assistant, the court must scrutinize the reported hours and suggested rates in the same manner.[16]  The party seeking an award of fees has the burden of proving both the number of hours spent and reasonableness of the hourly rates.[17]  Once this burden is met, a claimant is entitled to a strong presumption that this lodestar amount reflects a "reasonable" fee.[18]

### 1.      Reasonable Hours

Plaintiffs submit declarations from Dale Ho of the ACLU and Neil Steiner of Dechert, LLP, in support of the time spent litigating the contempt motion.  Plaintiffs seek fees for the work of nine timekeepers as follows: [19]

| Timekeeper | Hours |
|---|---|
| Neil Steiner | 8.40 |
| Dale Ho | 38.60 |
| Doug Bonney | 8.50 |
| Angela Liu | 5.10 |
| R. Orion Danjuma | 8.90 |
| Sophia Lin Lakin | 14.00 |
| Tharuni Jayaraman | 55.80 |
| Lila Carpenter | 11.30 |
| Dalaney Berman | 8.10 |

---

[16]*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

[17]*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000).

[18]*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[19]The ACLU's time records include specific increments of time rounded to the thousandth decimal.  The Court urges the ACLU in the future to submit records rounded to the nearest tenth of an hour.  In the Court's experience, this is the standard format used by most billing software, and it allows for a much easier calculation when presented to the Court for reimbursement.  It is also the format used by Dechert.  The Court will round each of the ACLU timekeepers' requested hours to the nearest tenth of an hour.

| Total | 152.90 |
|---|---|

In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."[20] A district court is justified in reducing the reasonable number of hours if the attorney's time records are "sloppy and imprecise" and fail to document adequately how he or she utilized large blocks of time.[21]

Once the court has adequate time records before it, it must determine whether counsel has exercised billing judgment with respect to the number of hours worked and billed.[22] Billing judgment consists of winnowing hours actually expended down to hours reasonably expended.[23] Hours that an attorney would not bill to his or her client cannot reasonably be billed to the adverse party.[24]

After examining the specific tasks and whether they are properly chargeable, the Court should look at the hours expended on each task.[25] This determination requires the Court to consider such factors as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side, and potential duplication of

---

[20]*Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

[21]*Case v. Unified Sch. Dist. No. 233 Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)).

[22]*Id.* at 1250.

[23]*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

[24]*Case*, 157 F.3d at 1250.

[25]*Id.*

services.[26]  There is no requirement the court identify and justify each disallowed hour or announce what hours are permitted for each legal task.[27]  Rather, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."[28]

a.    **Descriptions of Time Expended**

When examining the adequacy of an attorney's billing entries, the court is primarily concerned with evaluating the propriety of the fee request based on the specific billing entries.[29]  Defendant challenges Plaintiffs' time records as vague, arguing that several entries are worded too generally to document how they spent large blocks of time.  Without getting into whether the amount of time spent on each task is reasonable, the Court agrees that several timekeepers' descriptions are too vague to determine how the time was spent, particularly since the same descriptions were used for multiple timekeepers.  For example, "draft," "review," "revise," and "edit" are used throughout the records to describe the following timekeepers' work on the contempt briefing without further specific description: Ho, Danjuma, Lakin, Carpenter, Jayaraman, and Liu.  There are also several references to "correspondence," without further explanation.  The Court finds that a general reduction of 10% of the hours claimed by counsel other than Bonney should be imposed to account for the lack of detail in the records.

b.    **Billing Judgment**

---

[26]*Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)).

[27]*Id.*

[28]*Id.* (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202–03 (10th Cir. 1986)).

[29]*See Crumpacker v. Kan. Dep't of Human Res.*, 474 F.3d 747, 757 (10th Cir. 2007) ("The law does not require the district court to reduce its fee award where it finds no difficulty in evaluating the propriety of an attorney's billing.").

Next, Defendant challenges whether Plaintiffs' counsel exercised billing judgment. As explained, exercising billing judgment requires counsel to winnow its hours from the amount actually expended to those reasonably expended. Ho and Steiner each attest to their use of billing judgment. Ho explains that the ACLU ensured that as much work as possible was performed by qualified attorneys with lower billing rates instead of partners, and by legal support staff and interns instead of attorneys. He further explains that he excluded hours spent by a legal fellow, a legal administrative assistant, and legal interns. He eliminated timekeepers who engaged in "entirely supportive or duplicative work."[30]

Mr. Steiner attests that he limited the Dechert reimbursement request to time spent by the "core team of Dechert attorneys," and does not request time for others who may have participated in tasks related to the contempt motion. And like the ACLU, he ensured that as much work as possible was performed by qualified attorneys with lower billing rates instead of partners. He also ensured that his firm did not bill for redundant or duplicative time.

Given this evidence, the Court finds that these attorneys exercised billing judgment in winnowing their requested hours. The issue of time spent on each task, will be addressed below.

**c.      Hours Expended on Each Task**

**i.      Scope of April Order**

As an initial matter, the Court's April Order provided the scope of attorneys' fees awarded as a sanction for Defendant's contempt: drafting their November and December 2017 letters to Defendant that attempted to informally resolve the contempt issues ultimately presented to the Court, participating in the meet-and-confer session in December 2017, drafting their contempt motion and reply in early 2018, and participating in the show cause hearing on March

---

[30]Doc. 529-1 ¶ 20.

20, 2018. But Plaintiffs' billing records appear to go beyond these items and include time spent investigating Defendant's compliance well before November 2017, and drafting correspondence beyond that awarded by the Court. The Court therefore deducts 10.2 hours from Jayaraman, .3 from Berman, and 1.8 hours from Liu spent on matters that preceded work on the November 2017 letter referenced by the Court in its April Order.

Defendant also challenges the scope of requested time on the basis that Plaintiffs addressed compliance issues in their November and December letters that were not ultimately included in their motion for contempt. The Court agrees. Ho's November 10, 2017 six-page letter to Defendant primarily addressed issues other than those for which Defendant was ultimately held in contempt. Indeed, the County Election Manual issue is addressed in a footnote of that letter.[31] The Court will not award fees for all of counsel's time spent preparing and revising this letter. Instead, the Court reduces the following timekeepers' requested hours spent preparing that letter as follows: 1.5 hours from Ho, 1.5 hour from Danjuma, and 1.4 hour from Lakin. Likewise, Plaintiffs' November 30, 2017 seven-page letter addressed issues beyond those for which the Court ordered compensatory fees. Fees were incurred for only two of the six issues addressed in that letter. The Court therefore reduces the following timekeepers' requested hours spent preparing that letter as follows: 1 hour by Ho, and 4.4 hours by Jayaraman. The Court considers all other time expended on these issues in November or earlier beyond the scope of its compensatory fee award.

### ii. Duplication of services

Defendant generally challenges the hours sought by Plaintiffs on the basis that they duplicated work. The Tenth Circuit has cautioned that in determining the reasonableness of

---

[31]Doc. 424-7 at 4 n.5.

hours, it should look for the potential duplication of services.[32] "For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for excess time."[33]

Defendant specifically contests tasks performed by both the ACLU and Dechert as unreasonable. Steiner and Ho each attest that they excluded time submitted by their organizations for any hours spent on entirely duplicative work. However, the vague descriptions on many of the billing entries makes it difficult to assess whether some of the timekeepers' work was duplicative.[34] For example, at least seven timekeepers reviewed and revised the brief in support of the motion to compel. All ACLU timekeepers and one Dechert timekeeper worked on the reply brief. Several attorneys appeared at the hearing, and several prepared the fee motion and reply. While the Court appreciates that most of the submitted hours were expended by attorneys with lower billing rates, the sheer number of attorneys working on these tasks is excessive. Given this finding, and the Court's careful review of the billing records, the Court imposes a reduction of 10% to the following timekeepers based on duplication of work: Ho, Jayaraman, and Berman.

### iii.    Hours Spent Drafting Briefs

Defendant challenges the total time spent by Plaintiffs' counsel on drafting, editing, revising, and reviewing the brief in support of Plaintiffs' motion to compel.[35] The Court agrees

---

[32]*Case v. Unified Sch. Dist. No. 233 Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)).

[33]*Id.*

[34]*Compare* Doc. 529-4 at 15 ("edited motion for contempt" by Jayaraman on 1/5/18 and 1/7/18), *with* Doc. 529-1 at 20 ("Reviewed plaintiffs' motion to enforce court orders & for contempt hearing for substance, for, & general compliance with D. Kan. rules" by Bonney on 1/8/18).

[35]The Court assumes that references to "motion to compel" in the billing records refer to the Motion for Contempt ultimately filed on January 8, 2018. Docs. 423–24.

that the hours spent on these tasks was excessive. The original brief on the motion for contempt was 19 pages. Over half of the brief recited the procedural history and a recitation of the correspondence between the parties. The motion did not address a particularly complicated issue of law; it sought to enforce the Court's May 17, 2016 preliminary injunction order and discussed the need to address these issues before judgment is entered in the case. Notwithstanding the relatively straightforward nature of the relief sought, Plaintiffs ask the Court to reimburse them for approximately 65 hours spent drafting, updating, editing, proofreading, revising, and filing the motion and accompanying documents. The Court reduces the following timekeepers' hours to reflect a more reasonable amount of time spent on these tasks: Jayaraman by 20 hours; Berman by 3 hours; and Ho by 10 hours.

### iv. Hours Spent on Other Tasks

The Court has reviewed the billing records and finds that the remaining hours were reasonably expended except as to one task—the show cause hearing on March 20, 2018. Plaintiffs seek reimbursement for six timekeepers' work during the hearing, including two attorneys charging the highest billing rates on Plaintiffs' legal team. The Court declines to award fees for all of this time, particularly since only two attorneys actually participated in that hearing. The Court excludes the time for this hearing sought by Danjuma, Lakin, and Liu. Because Ho and Steiner participated in this hearing, they may each recover fees for the three hours spent at the hearing.[36] Bonney's time is reimbursable because he is local counsel and was thus required to be present.[37] The Court also finds that Carpenter's time should be reimbursed during the court hearing for the necessary legal support work performed during the hearing.

---

[36]The Court thus reduces Steiner's request for five hours spent during the hearing to three, in line with the other timekeepers' requests.

[37]D. Kan. R. 5.4.2(c)(3) (requiring "meaningful participation" by local counsel).

13

2.      **Reasonable Rates**

In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skill of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits, calculated as of the time the court awards fees."[38]  A reasonable hourly rate comports with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[39]  "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'"[40]

The focus of the inquiry is on the rates of lawyers of comparable skill and experience.[41] A district court abuses its discretion when it ignores the parties' market evidence and sets an attorney hourly rate using the rate it consistently grants.[42]  The district court may consider counsel's customary rate, but it is not conclusive evidence.[43]  The district court may also consider the quality of representation.[44]  If the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[45]

---

[38]*Sussman v. Patterson*, 108 F.3d 1206, 1211 (10th Cir. 1997) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)).

[39]*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

[40]*Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos*, 713 F.2d at 555).

[41]*Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998).

[42]*Id.* at 1203.

[43]*Id.*; *see also Case v. Unified Sch. Dist. No. 233 Johnson Cty., Kan.*, 157 F.3d 1243, 1255 (10th Cir. 1998); *Ramos*, 713 F.2d at 555.

[44]*See Case*, 157 F.3d at 1257; *Ramos*, 713 F.2d at 555.

[45]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

Plaintiffs request the following hourly rates for the timekeepers involved with litigating the contempt motion: $450 for Steiner, Ho, and Bonney; $350 for Liu, Danjuma, and Lakin; $275 for Jayaraman; and $110 for paralegals Carpenter and Berman. They claim that these rates are in line with those of attorneys in the Kansas City area with similar skill and experience. They further argue that given their specialized skill in this area of the law, they are entitled to higher rates than those of Kansas attorneys. Defendant challenges the rates suggested by Plaintiffs, which are lower than the Dechert attorneys' customary rates.[46] He argues that these rates are not comparable to attorneys in Kansas with similar skill, experience, and reputation. Defendant offers a Kansas Bar Association ("K.B.A.") survey as evidence that the market rates for similarly skilled attorneys in Kansas City are lower than the requested amounts.[47]

Plaintiffs have submitted compelling evidence that voting rights litigation is highly specialized, and there are few if any attorneys in Kansas and Missouri who have previously litigated NVRA claims in federal court.[48] Given the complexity of such cases, and the risk associated with them, Kansas City area attorneys "are reluctant to accept civil rights and voting rights cases on a contingent-fee basis."[49] For these reasons, Plaintiffs relied on out-of-state counsel with substantial voting rights litigation experience. Specifically, they sought out attorneys with substantial experience litigating cases under the NVRA. Therefore, the Court finds that although this specialized knowledge does not justify awarding out of state rates, it does justify rates on the high end of the Kansas City market with respect to the partners litigating this matter.

---

[46] *See* Doc. 529-4 ¶ 18.

[47] Doc. 538-1.

[48] *See* Doc. 529-3 ¶ 3.

[49] Doc. 529-2 ¶ 6.

The Court has extensively reviewed the evidence submitted by Plaintiffs in support of their rates, and finds as follows. A rate of $450 per hour is reasonable for Steiner, Ho, and Bonney, given their experience and skill working on complex voting rights litigation throughout the country. Steiner is a partner at Dechert law firm; Ho is the Director of the ACLU Voting Rights Project, a position akin to partner at a private law firm; and Bonney is the former Legal Director of the Kansas ACLU, also a position akin to a law firm partner. Each of them has more than ten years' experience as an attorney. Steiner and Ho have substantial experience litigating voting rights matters and cases under the NVRA in particular, and Bonney has substantial general civil rights experience. Further, although at the uppermost end, these fees are within the KBA survey range of billing rates for general civil trial practice in Kansas, firms with more than 15 attorneys, and equity partners.[50] The Court finds that a billing rate of $450 for these three attorneys is reasonable under the circumstances of this case given the evidence presented by both parties.

The Court finds that the hourly rate of $350 for Danjuma, Lakin, and Liu, and $275 for Jayaraman must be reduced to more closely reflect the hourly rates of attorneys in the Kansas City market with similar skill and experience. Liu has approximately nine years' experience, Danjuma has approximately seven years' experience, and Lakin has approximately five years' experience, respectively, as attorneys. While their credentials are all impressive, they do not have the same specialized experience as the previously-discussed attorneys to justify a rate that exceeds the high end for associates and attorneys with 6-9 years' experience in Kansas.[51] Instead, the Court finds reasonable an hourly rate of $250 for Liu and Danjuma, and $240 for Lakin. Jayaraman graduated from law school in 2016, and thus had been in practice a little over one year before working on the

---

[50] Doc. 538-1 at 18.

[51] *Id.* at 17.

motion for contempt, and related tasks.  The Court finds reasonable a rate of $195 given her experience and skill in the Kansas City market.[52]

Finally, Plaintiffs seek an hourly rate of $110 for paralegals Carpenter and Berman.  The Court has reviewed the affidavits submitted with the briefs and the KBA survey and finds this hourly rate to be reasonable.

### 3.     Total Lodestar

Based on the findings set forth above, the Court calculates the lodestar as follows:

| Timekeeper | Reasonable Hours | Rate | Total |
|---|---|---|---|
| Neil Steiner | 5.8 | 450 | $2,610 |
| Dale Ho | 20.9 | 450 | $9,405 |
| Doug Bonney | 8.5 | 450 | $3,825 |
| Angela Liu | .3 | 250 | $75 |
| R. Orion Danjuma | 4.0 | 250 | $1,000 |
| Sophia Lin Lakin | 11.3 | 240 | $2,712 |
| Tharuni Jayaraman | 17 | 195 | $3,315 |
| Lila Carpenter | 11.3 | 110 | $1,243 |
| Dalaney Berman | 4.3 | 110 | $473 |
| **Total** | 83.4 | | **$24,658.00** |

---

[52] *Cf. Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1263–69 (D. Kan. 2017) (the undersigned finding rates of $350–400 reasonable for trial attorneys with fifteen and seventeen years of experience in employment case); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1280–81 (D. Kan. 2016) (Judge Lungstrum awarding $325 for lead counsel, $350 for a firm partner, $200 for an associate, and $125 for a paralegal in a disability discrimination case); *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (Judge Vratil finding hourly rates of $325 to $425 for experienced attorneys, $180 for attorneys with little to no experience, and $75 for paralegals reasonable in 2015 Kansas City FLSA case); *Moore v. Amsted Rail Co.*, No. 14-2409, 2015 WL 866958, at *4 (D. Kan. Mar. 2, 2015) (Judge Melgren approving an hourly rate of $295 in a FMLA retaliation and interference case for a senior associate and partner in Kansas City).

## C.    Adjustment to the Lodestar

Once the court determines the lodestar, it must then determine whether any upward or downward adjustments should be made to the lodestar "to account for the particularities of the suit and its outcome."[53]  In assessing whether adjustments should be made, courts often consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.[54]

Although these factors may be considered, the court does not need to consider "the factors [] subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[55]  The lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors.[56]  The Court finds no adjustment to the lodestar is warranted because the factors are either subsumed by the lodestar calculation or neutral.

## D.    Expenses

Plaintiffs seek expenses of $2,009.12 for travel and trial support services.  For the same reasons described above, the Court finds reasonable the travel expenses associated with Steiner,

---

[53]*Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (citation omitted).

[54]488 F.2d 714, 717–19 (5th Cir. 1974).

[55]*Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) ("there are a few such circumstances but that these circumstances are indeed 'rare' and 'exceptional,' and require specific evidence that the lodestar fee would not have been "adequate to attract competent counsel" (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

[56]*Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010) (citing *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010)).

Ho, Bonney, and Carpenter for the March 20, 2018 hearing. The travel expenses associated with other attorneys on the trial team are not reasonable. Defendant does not otherwise challenge the expenses in this matter, and the Court finds them to be reasonable. Therefore, the Court awards travel expenses in the amount of $436.79, and trial support services in the amount of $1,220, for a total award of $1,556.79 in expenses.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Application for Attorneys' Fees and Litigation Expenses in Connection with their Motion for Contempt (Doc. 529) is **granted in part and denied in part**. Plaintiffs are awarded $24,658 in attorneys' fees and $1,556.79 in expenses as a sanction for the contempt found by the Court in its April 2018 Order.

**IT IS SO ORDERED.**

Dated: August 1, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al.     )
     )
     Plaintiffs,     )
     )
vs.     )     Case No. 16-cv-02105-JAR-JPO
     )
KRIS KOBACH, in his official capacity     )
as Secretary of State for the State of     )
Kansas,     )
     )
     Defendant.     )
_____)

## NOTICE OF APPEAL

COMES NOW Defendant Secretary of State Kris Kobach, and hereby gives notice that he appeals to the United States Court of Appeals for the Tenth Circuit from the order granting Plaintiffs' Motion to Enforce Court Orders and for Order to Show Cause Why Defendant Should Not Be Held in Contempt, entered April 18, 2018 (Doc. 520), and from the order granting in part and denying in part Plaintiffs' Application for Attorneys' Fees and Litigation Expenses in Connection with their Motion for Contempt, entered August 1, 2018 (Doc. 554).

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 368-8423
Fax: (785) 291-3767
Email: stanley.parker@ag.ks.gov
*Attorney for Defendant*

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2018, I electronically filed the above and foregoing NOTICE OF APPEAL with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


                                         */s/ Stanley R. Parker*
                                         Stanley R. Parker