# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEVEN WAYNE FISH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-2105-JAR-JPO |
| | ) | |
| KRIS KOBACH, in his official capacity as | ) | |
| Secretary of State for the State of Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE PROTECTIVE ORDER AND ENJOIN PLAINTIFFS' COUNSEL FROM DISSEMINATING CONFIDENTIAL VIDEOTAPE TO THE MASS MEDIA

On Monday September 10, 2018, ACLU and Dechert counsel announced to defense trial counsel their intention to publicly disseminate to the national media the sealed, confidential videotape of the discovery deposition of Secretary of State Kobach.  Unfortunately, ACLU counsel has ignored our request to abide by the Protective Order entered in this case on March 29, 2016 and has shown blatant disregard for this Court's rulings at trial on March 9, 2018.  For reasons explained below, Defendant seeks enforcement of the Protective Order and of this Court's oral orders at trial on March 9, 2018 and requests a court order enjoining plaintiffs' counsel from publicly disseminating the videotape to the media and public.

I.   The Court Clearly Ruled Against Public Dissemination of the Videotape Itself

This very scenario was anticipated and discussed at the trial of this matter on March 9, 2018 when defense counsel stated "we request that the video itself not be made publicly available" after which followed argument from both sides.  Exhibit 1, Afternoon Trial Transcript, 3/09/18 pp.

1193-1197. The Court ruled that the videotape would not be part of the judicial record and therefore not publicly available:

> The Court:  I tend to agree because—I tend to agree because, as you know, there's a rule against broadcasting and outside of the courthouse testimony.  So I agree that the particular testimony that's being presented by video is – while it should be marked as an exhibit, it's not actually made a part of the record.
> ***
> Ms. Becker:  All right. Well, so to clarify, Your Honor, so the videotape itself is not available to be publicly disseminated, whereas the trial transcript that may contain the testimony is the judicial record.  Is that my [sic] understanding as well?
>
> The Court:  That's correct.

Exhibit 1, p. 1194.

Despite this, during a meet and confer conference today, Plaintiffs' counsel took the position that, although the Court ruled that the videotape would not be publicly available, the Court essentially violated its own order by allowing the videotape to be played at trial which then "unsealed" it.  Indeed, their letter states that "[b]ecause the Tape was unsealed by the Court, Plaintiffs have a constitutionally protected right to disseminate it."  Exhibit 2, ACLU letter to defense counsel.  That, of course, is nonsense because the videotape itself was not unsealed by the Court; rather, it was the transcript of the testimony played at trial was unsealed by the Court.

Put another way, the Court would have no reason to rule in accordance with the Eighth Circuit's holding in *U.S. v. McDougal*, 103 F.3d 651 (8th Cir. 1996) and rule that the videotape would not be publicly available, then gut her own ruling by allowing it to be played and thus publicly available as an unsealed public record.  Reading the transcript confirms that arguments before the Court referenced the fact that certain transcript pages had been sealed by the Court on October 26, 2017 after plaintiffs' counsel filed the entire deposition transcript with the court clerk.  Exhibit 3, Minute Orders Doc. 416 and 419.  While the Court unsealed those pages, over objection, the Court was clear that it was not unsealing the actual videotape itself.  Exhibit 1, p. 1194.

In sum, the Court held that the videotape itself was not to be part of the judicial record and that it was unsealing portions of the deposition transcript in order for the videotape to be played. Exhibit 1, pp. 1193-1197. The mere playing of the videotape did not eradicate the Court's ruling and "unseal" the videotape. Assertions that the Court "unsealed" the video itself by allowing it to be played minutes after her ruling are without merit.

II.   Plaintiffs' Counsel Entered Into a Protective Order that Governs the Tape

This Court held that the videotape was not a judicial record and could not be publicly disseminated. Exhibit 1, pp. 1194. Months later, plaintiffs now suggest in their letter (Exhibit 2) that "whether the [videotape] is a judicial record has no bearing" on their "right to disseminate unsealed discovery materials in their own [sic] possession. . . . The [videotape]'s status as a 'judicial record' would only be relevant if a third party asked *the Court* rather than a party to produce the tape." They further claim that nothing "prohibits disclosure of non-confidential or unsealed discovery materials *by a party*."

This is a distinction without a difference. While it is generally well-established that discovery materials that are deemed non-confidential or that are later unsealed can be disclosed by a party or obtained from a court file, here the videotape at issue is discovery material that was and remains both sealed and confidential under the March 29, 2016 protective order entered in this case by Magistrate O'Hara and signed by the parties. Exhibit 4, Doc. 55; *see also Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 385 (D. Colo. 2000) (a party is not prohibited from voluntarily disclosing any information received during discovery unless the party has agreed otherwise or unless the court, upon a showing of good cause, enters a protective order). Just because it's the ACLU attorneys that have the videotape, and not the Court, does not mean that the videotape's protected status changes. All counsel of record was and remains bound by the

order which holds that the "provisions of this Order <u>will remain in effect and continue to be binding</u> <u>after conclusion of the litigation</u>."   Exhibit 4, Doc. 55, p. 8.   Here, the litigation is not even concluded as it is on appeal by the Kansas Attorney General's Office.   Moreover, Magistrate O'Hara expressly confirmed the understanding of the parties, as well as his ruling: "As agreed to by plaintiffs, all testimony at the deposition will be subject to the confidentiality provisions of the protective order (i.e., the deposition will not be open to the public.)" Exhibit 5, Doc. 355, pp. 23-24.

III.   <u>First Amendment Right to Freedom of Speech is Not Violated by Protective Order</u>

To the extent plaintiffs' counsel believes they are victims of a restraint on their freedom of expression, which they also raised today, this argument carries no weight since they voluntarily signed a protective order that expressly prohibits what they are threatening to do.   There is no surprise here because this is exactly what protective orders do—limit a party's ability to broadcast confidential information to the public, otherwise they would serve no purpose.

A recent opinion from the District of Colorado addressed this very scenario where a protective order was being attacked as a violation of a party's right to distribute confidential case materials.   The court rejected that argument, relying on Supreme Court precedent:

> The United States Supreme Court has held that "[a] litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984). A court in this District has previously observed that a party has no right to make unrestricted disclosure of information obtained through discovery. *See Gillard*, 196 F.R.D. at 387. And this court has previous held that a party's desire to unilaterally share discovery documents with third parties is insufficient, without more, to defeat an otherwise appropriate protective order. *Blatchley v. Cunningham*, No. 15–CV–00460–WYD–NYW, 2015 WL 9434459, at *3 (D. Colo. Dec. 24, 2015).

*Miller v. Inst. for Def. Analyses*, No. 17-CV-02411-NYW, 2018 WL 3216547, at *3 (D. Colo. July 2, 2018).

In addition, it is well-established that it is the Court's duty to "be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role." *Drake v. Benedek Broadcasting Corp.,* 2000 WL156825 (D. Kan. Feb. 9, 2000). In *Drake*, the plaintiffs argued that because the defendant was a public figure, "the court should not formulate any special orders to hide [defendant's] deposition from public view." *Id.* at *2. However, the court determined that plaintiffs intended to release the videotaped deposition for commercial or personal financial gain, and such a release would be an improper use of the deposition. *Id.* Instead, the court "fashion[ed] safeguards to ensure that the videotape will be used solely for the purposes of the lawsuit" including prohibiting the tape from being copied and disseminated to the public. *Id.* Kansas District Judge Waxse relied, in part, on a case from the District of New York in which the court refused to release a videotaped deposition for media broadcast, when he held that "[a]s recognized in *Paisley Park Enterprises, supra,* the Rule's provision for videotaped depositions was not intended to further a party's commercial goals or private pursuits or 'to be a vehicle for generating content for broadcast and other media.'" *Drake,* 2000 WL156825 at *2 (D. Kan. Feb. 9, 2000).

The *Paisley Park* court had considered whether a popular rock star's videotaped deposition could be disseminated and held that it could not:

> To begin with, it is readily apparent that the defendants intend to use any videotape for purposes entirely unrelated to the litigation as well as for the lawsuit itself. Rule 30(b)(2) was amended to permit videotaped depositions as a matter of routine in recognition of the fact that videotapes are a means of presenting deposition testimony to juries that is superior to readings from cold, printed records. It was not intended to be a vehicle for generating content for broadcast and other media.

*Paisley Park Enterprises, Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) (emphasis added).

Elsewhere within the Tenth Circuit, the Colorado District Court issued an even harsher ruling in a case that, as here, involves a <u>pending</u> case.  In *American Family Mutual Insurance v. Minor*, the court ruled that a videotaped deposition could not be disseminated, stating as follows:

> In this case, Defendant and Defendant's counsel will not be permitted to use these videotaped depositions any further to promote their own personal commercial gain and to attempt to obtain an advantage in this case through the mass media. Lawsuits are to be tried in the courts based upon competent admissible evidence and not in the media.

*Am. Family Mut. Ins. Co. v. Minor*, No. CIVA06CV02288LTBMJW, 2007 WL 4365694, at *1 (D. Colo. Dec. 10, 2007).

That same court later specified in *Howards v. Reichle* that because written transcripts of a videotaped deposition were available, it would not allow a public dissemination of the videotape:

> This case certainly has a public component and perhaps, by prohibiting disclosure of the videos, the Court is depriving YouTube and the public of the next big internet video craze, but because written transcripts of the depositions are available, the Court is satisfied that the public is not being deprived of the core nuggets of information provided by the deponents. As such, the public interest in disclosure of the videos bears less weight in the balancing test against the deponents' interest in non-disclosure.

*Howards v. Reichle*, No. 06-CV-01964-CMA-CBS, 2008 WL 11363652, at *3 (D. Colo. Nov. 25, 2008).

It is clear that Plaintiffs' counsel will be in direct violation of the protective order if they choose to release the videotape to the media and to the public.

IV.    <u>First Amendment Right of Access to Public Information is Not Violated</u>

In the event plaintiffs' counsel asserts that their constitutional right of access or the right of the media who are asking them for copies of the videotape, will be violated by enforcing the Court's orders, there is no legal authority that abrogates the controlling precedent from the United States Supreme Court on this issue found in *Nixon v. Warner Communications, Inc.*. 435 U.S. 589 (1978).  In *Nixon,* as in the instant case, the press had been allowed to listen to all of the tapes and

had access to written transcripts of the tapes, yet argued that they should be given copies of the

audiotapes themselves.  The Supreme Court held otherwise, reasoning as follows:

> There simply were no restrictions upon press access to, or publication of any
> information in the public domain. Indeed, the press—including reporters of the
> electronic media—was permitted to listen to the tapes and report on what was
> heard. Reporters were also given transcripts of the tapes, which they were free to
> comment upon and publish. The contents of the tapes were given wide publicity
> by all elements of the media. There is no question of a truncated flow of
> information to the public. Thus, the issue presented in this case is not whether the
> press must be permitted access to public information to which the public generally
> is guaranteed access, but whether these copies of the White House tapes—to
> which the public has never had physical access—must be made available for
> copying....
>
> The First Amendment generally grants the press no right to information superior
> to that of the general public. "Once beyond the confines of the courthouse, a
> news-gathering agency may publicize, within wide limits, what its representatives
> have heard and seen in the courtroom. But the line is drawn at the courthouse
> door; and within, a reporter's constitutional rights are no greater than those of any
> other member of the public."

435 U.S. at 609.

The Supreme Court's reasoning in *Nixon* was later relied on by the Eighth Circuit in

*McDougal* when it held that videotapes were likewise not to be publicly disseminated:

> The Supreme Court held that, where access to audiotapes was sought by the press
> on grounds that they were public information, the press's First Amendment right
> was adequately protected because members of the public, including the press,
> were (1) permitted to listen to the audiotapes as they were played to the jury in the
> courtroom and (2) furnished with copies of the written transcript. Under these
> circumstances, the First Amendment right of public access did not extend to the
> audiotapes themselves. Similarly, in the present case, the First Amendment right
> does not extend to the videotape in dispute.

*McDougal*, 103 F.3d 651, 659 (8th Cir. 1996) (citing *Nixon*, 435 U.S. at 609).

Here, the Court took careful steps to ensure that the press had access to the trial, including

the contents of the videotaped deposition, by anticipating interest and arranging for a designated

press room at the courthouse from which the press and public could watch the trial.

CONCLUSION

It is abundantly clear that the videotape is not a judicial record and that the videotape itself is still under the Court's protective order.  It is also apparent that the existence of a protective order does not constitute a restraint on plaintiffs' counsel's free speech.  *Miller v. Inst. for Def. Analyses*, 2018 WL 3216547, at \*3 (D. Colo. July 2, 2018).  Further, a denial of access does not violate the First Amendment where public and press were given ample access to information contained in the videotape.  *Nixon v. Warner Communications, Inc.*. 435 U.S. 589 (1978); *McDougal*, 103 F.3d at 6590.

For all of the above reasons, Defendant requests the Court issue an order to enforce its order and prohibit plaintiffs' counsel from publicly disseminating the video to the national media. Plaintiffs' counsel has indicated that they intend to release the videotape to the media at any time.

Date: September 14, 2018                            Respectfully submitted,

/s/ *Sue Becker*
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
KANSAS SECRETARY OF STATE'S OFFICE
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: sue.becker@ks.gov
         garrett.roe@ks.gov

*Trial Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 14th day of September, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Sue Becker
Sue Becker
*Attorney for Defendant Kobach*

# EXHIBIT 1

1              THE COURT:  Okay.

2              MR. KOBACH:  And I'm going to let my

3       colleague.

4              MS. BECKER:  Your Honor, Sue Becker for the

5       defendant.  With regard to the playing of the videotaped

6       deposition portion, we request that the video itself not

7       be made publicly available.  Rule 83.2.1 prohibits the

8       videotaping of witness testimony at trial.  This

9       evidence is offered in lieu of live testimony and it is

10      not an exhibit, therefore it is not a judicial record

11      that can be publicly available after the trial.  To

12      allow public access to the video would circumvent

13      Rule 83.2.1.

14             The Eighth Circuit has squarely addressed

15      this question, it held, quote, "As a matter of law, the

16      deposition videotape itself is not a judicial record to

17      which the common-law right of public access attaches.

18      And even if the defendant had moved for the admission of

19      the videotape into evidence, the videotape itself would

20      not necessarily have become a judicial record subject to

21      public review."

22             THE COURT:  I tend to agree because-- I tend

23      to agree because, as you know, there's a rule against

24      broadcasting and-- outside of the courthouse testimony.

25      So I agree that this particular testimony that's being

1   presented by video is-- while it should be marked as an

2   exhibit, it's not actually made a part of the-- the

3   record.

4          And it-- well, in fact, exhibits in general

5   are returned to the parties at the close of the trial,

6   so I don't know that it's an issue anyway.  But I agree

7   with you, it shouldn't be a public record for purposes

8   of our docket.

9          MS. BECKER:  Thank you, Your Honor.  So I

10  just want to clarify, that was *U.S. versus McDougal*, 103

11  F.3d. 651.

12         THE COURT:  Okay.  You won, you don't need

13  to give me more argument.

14         MS. BECKER:  All right.  Well, so to

15  clarify, Your Honor, so the videotape itself is not

16  available to be publicly disseminated, whereas the trial

17  transcript that may contain the testimony is the

18  judicial record.  Is that my understanding as well?

19         THE COURT:  That's correct.  And I-- well,

20  the transcript of the video-- oftentimes the court

21  reporter doesn't take down the transcript of the

22  deposition that's played, but the transcript suffices.

23  All right?  So-- isn't that right, Kelli, the transcript

24  of the deposition will be incorporated into the trial

25  transcript.  And if that trial transcript is ever made

1   public, then this transcript would be but not the video

2   itself.

3          Okay.   Okay.   So Local Rule 32.1 says that

4   if depositions, et cetera, are to be used at trial, the

5   parties seeking to use them must file the portions to be

6   used at the beginning of trial insofar as their use

7   reasonably can be anticipated, which I think has

8   happened.  But the question here now is, does it

9   become-- unlike any other exhibit, does it become part

10  of the public docket?  It does not.

11         MS. BECKER:  Okay.  Thank you, Your Honor.

12  The second issue I'd like to make a record on with--

13  still with regard to the videotaped deposition is that

14  the-- the designations provided by the plaintiff

15  contains all of the pages that are under seal currently

16  from Your Honor's order of 10-27-17 when we argued all

17  of the unsealing of the judicial record when the

18  plaintiffs attached Mr. Kobach's entire deposition to a

19  motion.

20         And then we went through-- we had a hearing

21  and we discussed the exhibits that they wanted to unseal

22  and then Your Honor agreed to unseal portions of the

23  deposition that was, you know, contextual and so forth.

24  And we've gone through and compared, and all the pages

25  that are completely under seal are in the videotape.

1          THE COURT:  But they're no longer under

2   seal.  I mean, that's-- my order *in limine* resolved

3   that.  They're no longer under seal with respect to--

4          MS. BECKER:  So, Your Honor, so you

5   released--

6          THE COURT:  -- with respect to those

7   portions that plaintiff has designated and you have

8   counter-designated.  I understand you have a continuing

9   objection.  You object to the video at all, but you also

10  counter-designated.  So those portions which I think is

11  what's going to be played are no longer under seal.

12          MS. BECKER:  Well, and with regard to the

13  counter-designations, those were only if Your Honor

14  overruled our objections.  And as Mr. Ho stated, I did

15  watch the video, it's-- you know, it was-- it was a

16  limited one-hour discovery deposition.  And the

17  videotape is 49 minutes and defendant's designations,

18  our counter-designations, consist of about 60 lines.  I

19  mean, a few-- like ten pages.

20          So the majority-- I just want to make sure

21  you know the majority are the redacted things, and it's

22  my understanding that you're now unsealing most of them?

23          THE COURT:  I'm unsealing those parts that

24  I've ruled upon as designations and

25  counter-designations.  And you are not waiving your

1   objection to this being played by countering-- by

2   counter-designating.  I mean, you're not waiving.  Your

3   objection is preserved for the record.

4        MS. BECKER:  Okay.  And then I would also

5   like to preserve and re-assert our motion *in limine*

6   which-- on the basis of relevance, which I would also

7   argue that nothing has changed other than we're in a

8   trial setting because earlier the redactions, the

9   redacted portions were based on relevance.  So now

10  they're being unredacted and unsealed apparently.

11       The argument with regard to the motion *in*

12  *limine* is that the--

13       THE COURT:  I'm not going to-- I'm not going

14  to revisit.  You can make your-- I mean, you don't need

15  to make a record.  Your objection, your-- your position

16  on the *limine* motion is preserved for the record.  I'm

17  not going to change my ruling, so we don't need to hear

18  argument and go through that anymore.

19       So your objections to the video, your *limine*

20  positions are-- are preserved for the record.  Your

21  objections to the extent you've objected in the-- at the

22  earlier stage of the litigation to the unsealing of this

23  document, those objections are preserved for the record

24  as well.

25       MS. BECKER:  All right.  And I have one

# EXHIBIT 2

September 10, 2018

**VIA E-MAIL**

Kris Kobach
Secretary of State of the State of Kansas
Memorial Hall, 1st Floor
120 SW 10th Avenue
Topeka, KS 6612-1594

Counsel,



**ACLU**

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

National Office
125 Broad Street, 18th floor
New York NY 10004
(212) 549-2500
aclu.org

Plaintiffs in *Fish v. Kobach*, 16-2105-JAR-JPO (D. Kan.) have received requests from third parties, including members of the media, for copies of the video of the August 3, 2017 deposition of Defendant Kobach. We write to advise you that we intend to provide these third parties with copies of the designated portions of the deposition video (the "Tape") that were played at trial and unsealed by the Court on March 6, 2018, Doc 503 at 286:22–287:1; Doc. 509 at 1196:10–11.

Because the Tape was unsealed by the Court, Plaintiffs "have a constitutionally protected right to disseminate" it. *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984).

At trial, counsel for Defendant noted that the Tape itself is not a judicial record—that is, a document or file maintained in the Court's possession. *See* Doc. 509 at 1193:4–21. Plaintiffs do not dispute that characterization but note that whether the Tape is a "judicial record" has no bearing on *Plaintiffs'* right to disseminate unsealed discovery materials in their own possession. The Tape's status as a "judicial record" would only be relevant if a third party asked the *Court* rather than a party to produce the Tape.

The cases cited by Defendant during trial, *see* Doc. 509 at 1193:4–21, and in his Brief on Unsealing Limited Portions of Deposition, Doc. 413, are not to the contrary. In *United States v. McDougal*, 103 F.3d 651, 652 (8th Cir. 1996) and *Apple iPod iTunes Antitrust Litig.*, 75 F. Supp. 3d 1271, 1272 (N.D. Cal. 2014), the relevant court considered whether the material sought to be released was a "judicial record" because third party media companies sought to copy materials in the court's possession rather than seeking them from a party. Nothing in these cases prohibits disclosure of non-confidential or unsealed discovery materials *by a party*.

If you have questions, objections, or would like to discuss this matter further, please contact us by **Friday, September 14, 2018**.

Sincerely,

*Dale E. Ho*

Dale E. Ho, Counsel for *Fish* Plaintiffs

# EXHIBIT 3

**Becker, Sue [KSOS]**

| | |
|---|---|
| **From:** | KSD_CMECF@ksd.uscourts.gov |
| **Sent:** | Thursday, October 26, 2017 9:07 AM |
| **To:** | ksd_nef@ksd.uscourts.gov |
| **Subject:** | Activity in Case 2:16-cv-02105-JAR-JPO Fish et al v. Kobach et al Status Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered on 10/26/2017 at 9:06 AM CDT and filed on 10/25/2017

| | |
|---|---|
| **Case Name:** | Fish et al v. Kobach et al |
| **Case Number:** | 2:16-cv-02105-JAR-JPO |
| **Filer:** | |
| **Document Number:** | 416 |

**Docket Text:**
**MINUTE ENTRY for proceedings held before Chief District Judge Julie A Robinson: STATUS CONFERENCE held on 10/25/2017. The Court orders that: (1) the Clerk shall unseal Plaintiffs' unredacted summary judgment briefs (Docs. 373 and 396); (2) the Clerk shall unseal the Court's unredacted October 5, 2017 Memorandum and Order (Doc. 406); (3) Defendant shall file an amended redacted reply brief that omits all redactions except for footnote 2; (4) Ex. DD attached to Doc. 396 (the full deposition testimony) shall remain under seal; and (5) Plaintiffs shall file the excerpts from Ex. DD referenced in their brief, along with content that provides necessary context. The parties shall file these documents forthwith.(Court Reporter Kelli Stewart.) (bw)**

**2:16-cv-02105-JAR-JPO Notice has been electronically mailed to:**

Stephen D. Bonney     dbonney@aclukansas.org, dale.ho@aclu.org, jdiaz@aclu.org, lcarpenter@aclu.org, odanjuma@aclu.org, slakin@aclu.org

Joseph Brian Cox     brian.cox@ks.gov

M. J. Willoughby     MJ.Willoughby@ag.ks.gov, barry.garrison@ag.ks.gov, donna.wells@ag.ks.gov

**Becker, Sue [KSOS]**

| | |
|---|---|
| **From:** | KSD_CMECF@ksd.uscourts.gov |
| **Sent:** | Thursday, October 26, 2017 4:35 PM |
| **To:** | ksd_nef@ksd.uscourts.gov |
| **Subject:** | Activity in Case 2:16-cv-02105-JAR-JPO Fish et al v. Kobach et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**DISTRICT OF KANSAS**

**Notice of Electronic Filing**

The following transaction was entered on 10/26/2017 at 4:35 PM CDT and filed on 10/26/2017
**Case Name:**      Fish et al v. Kobach et al
**Case Number:**    2:16-cv-02105-JAR-JPO
**Filer:**
**Document Number:** 419(No document attached)

**Docket Text:**
ORDER: The Court has reviewed the deposition excerpts in Doc. 417, filed by Plaintiffs today in response to the Court's oral ruling at the October 25, 2017 telephonic conference. Most of the attached pages are allowable under the Court's ruling. However, the Court finds that several pages included in this filing go beyond the scope of the Court's ruling that Plaintiff could file deposition transcript excerpts that were specifically referenced in its summary judgment brief, and necessary context for those cited-to pages. The Clerk is therefore instructed to redact the following pages in Doc. 417: pages 37 through 40, and 62 through 71. Signed by Chief District Judge Julie A Robinson on 10/26/2017. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ams)

2:16-cv-02105-JAR-JPO Notice has been electronically mailed to:

Stephen D. Bonney     dbonney@aclukansas.org, dale.ho@aclu.org, jdiaz@aclu.org, lcarpenter@aclu.org, odanjuma@aclu.org, slakin@aclu.org

Joseph Brian Cox      brian.cox@ks.gov

M. J. Willoughby      MJ.Willoughby@ag.ks.gov, barry.garrison@ag.ks.gov, donna.wells@ag.ks.gov

1

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al., on     )
behalf of themselves and all others   )
similarly situated,              )
                            )
      Plaintiffs,            )
                            )       Case No. 16-2105-JAR
v.                            )
                            )
KRIS KOBACH, in his official capacity )
as Secretary of State for the State of )
Kansas, et al.,                )
                            )
      Defendants.          )
_____ )
                            )
CODY KEENER, et al.,         )
                            )
      Plaintiffs,            )
                            )       Case No. 15-9300-JAR
v.                            )
                            )
KRIS KOBACH, in his official capacity )
as Secretary of State for the State of )
Kansas, et al.,                )
                            )      CASES CONSOLIDATED FOR
      Defendants.          )            DISCOVERY
_____ )

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of

1

prosecuting or defending this action and any appeals.  The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to protect the personal and confidential information of non-parties and to comply with restrictions imposed by state and/or federal law on dissemination of driver's license and/or voter record information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request (ECF doc. 52) and hereby enters the following Protective Order:

1.     **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.     **Definition of Confidential Information.**   As used in this Order, "Confidential Information" is defined as information that the producing party designated in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party

or nonparties.  For purposes of this Order, as the Parties will limit their designation of

"Confidential Information" to the following categories of information or documents

      (a)     Information that is precluded from being disclosed by defendants under state or federal law, including but not limited to: personal identification numbers such as social security numbers, driver's license numbers, naturalization numbers or military identification numbers, the office at which the applicant submits a voter registration, or reason for being in suspense when such records are being provided in large numbers (because in such cases the list could identify the identity of an individual who failed to sign a voter registration application);

      (b)     Information the disclosure of which would violate a person's constitutional right to cast a secret ballot;

      (c)     Information that is exempt from disclosure under the Kansas Open Records Act; and

      (d)     Information that is part of the ELVIS (Kansas voter registration) system, including but not limited to access to the data management software and proprietary hardware expressly limited to authorized users of the ELVIS system.

With respect to 2(d), concerning ELVIS, authorized users will create electronic files as

directed during the litigation process including, but not limited to, current voting and

registration lists. However, no unauthorized user shall have access to the ELVIS system

at any time.

      (e)     Records maintained by the Kansas Department of Revenue Division of Motor Vehicles that are subject to restriction from dissemination under state or federal law;

      (f)     Information that is proprietary or restricted pursuant to agreement with a non-party, third party;

      (g)     Information in driver's license records including names, addresses, dates of birth, driver's license numbers/social security numbers, party affiliations, gender, email addresses, phone numbers, citizenship/lawful presence

documents and information contained therein, and anything else subsequently determined by Defendant Jordan to be confidential.

(h)     Materials relating to any criminal or law enforcement-related investigation by KDR of driver's license applicants for driver's license fraud, or others falsely claiming lawful presence.

Information or documents that are available to the public may not be designated as Confidential Information.

3.     **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  Information produced in a media (such as disc or flash driver) may be designated as confidential thereon.  The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a

designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

      4.    **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time period after discovery of the inadvertent failure.

      5.    **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

      6.    **Protection of Confidential Material.**

      (a)    **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      (b)    **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons, subject to the confidentiality requirements set forth in this Agreement:

      (1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

      (2)    Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c)     **Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

6

7.     **Filing of Confidential Information.**  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

8.     **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation

remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9.    **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.    **Obligations on Conclusion of Litigation.**

(a)    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return of Confidential Documents.**  Within **30 calendar days** after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations,

8

summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in other litigation provided that its use does not disclose Confidential Information.

11. **Order Subject to Modification.** This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13.     **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14.     **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15.     **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

16.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than 3 business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material

covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**18.     Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents,

the receiving party must return the information or documents to the producing party as soon as possible but no later than 3 business days , regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: March 29, 2016

s/ James P. O'Hara_____
U.S. Magistrate Judge

**WE SO MOVE.**

/s/ Stephen Douglas Bonney
STEPHEN DOUGLAS BONNEY
(#12322)
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, Kansas 66202
(913) 490-4102
dbonney@aclukansas.org

DALE E. HO*
R. ORION DANJUMA*
SOPHIA LIN LAKIN*
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
odanjuma@aclu.org
slakin@aclu.org

NEIL A. STEINER*
REBECCA KAHAN WALDMAN*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
Fax: (212) 698-3599
neil.steiner@dechert.com
rebecca.waldman@dechert.com

ANGELA M. LIU*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, IL 60601-1608
Phone: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com

*Attorneys for the* Fish *Plaintiffs*

12

/s/ William R. Lawrence IV
William R. Lawrence IV
Paul T. Davis
Fagan Emert & Davis, L.L.C.
730 New Hampshire, Suite 210
Lawrence, KS 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
wlawrence@fed-firm.com
pdavis@fed-firm.com

Mark P. Johnson
Curtis E. Woods
Samantha Wenger
Dentons US, LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
(816) 460-2424 – Business
(816) 531-7545 – Facsimile
mark.johnson@dentons.com
curtis.woods@dentons.com
samantha.wenger@dentons.com

*Attorneys for the* Keener *Plaintiffs*

/s/ Garrett Roe
GARRETT ROE**
Kansas Secretary of State's Office
Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Overland Park, Kansas 66612
Phone: (785) 296-4575
Fax: (785) 368-8032
garrett.roe@sos.ks.gov

KRIS W. KOBACH
Kansas Secretary of State's Office
Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Overland Park, Kansas 66612
Phone: (785) 296-2034
Fax: (785) 368-8032
kris.kobach@sos.ks.gov

*Attorneys for Defendant, Secretary of State Kris Kobach*

13

/s/ J. Brian Cox
J. Brian Cox
Deputy General Counsel***
Special Assistant Attorney General
Kansas Department of Revenue
Legal Services Bureau
915 SW Harrison
2nd Floor, Docking State Office Bldg.
Topeka KS 66612
Work (785) 296-2381
FAX (785) 296-5213
brian.cox@kdor.ks.gov

M.J. Willoughby
Assistant Attorney General
120 SW 10th Street
Topeka KS
(785) 296-2215
MJ.Willoughby@ag.ks.gov

*Attorneys for Defendant, Secretary of
Revenue Nick Jordan*

/s/ John T. Bullock
John T. Bullock
Stevens & Brand, LLP
900 Massachusetts, Suite 500
P.O. Box 189
Lawrence, KS 66044
(785) 843-0811 – Business
(785) 843-0341 – Facsimile
JBullock@StevensBrand.com

Bradley R. Finkeldei
Stevens & Brand, LLP
900 Massachusetts, Suite 500
P.O. Box 189
Lawrence, KS 66044
(785) 843-0811 – Business
(785) 843-0341 – Facsimile
BFinkeldei@stevensbrand.com

*Attorneys for Defendant, Douglas County
    Clerk Jamie Shew*

\* admitted *pro hac vice*

\*\*issued a temporary license by the Kansas Supreme Court, admitted to practice in the Kansas District Court

\*\*\* submitted expressly preserving and not waiving any objections to this Court's jurisdiction or to discovery pending resolution of Defendant's dispositive motion and related objections

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order

dated _____ in the cases captioned, *Fish v. Kobach* and *Keener v. Kobach*,

and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the

District of Kansas in matters relating to this Protective Order and understands that the

terms of the Protective Order obligate him/her to use materials  designated as

Confidential Information in accordance with the order solely for the purposes of the

above-captioned action, and not to disclose any such Confidential Information to any

other person, firm, or concern, except in accordance with the provisions of the Protective

Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____        _____
                                                    Signature

15

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN WAYNE FISH, et al.,

Plaintiffs,

v.                                                                Case No. 16-2105-JAR

KRIS KOBACH, in his official capacity
as Secretary of State for the State of Kansas,

Defendant.

## **ORDER**

In this voting-rights case challenging the Kansas documentary proof of citizenship ("DPOC") law,[1] plaintiffs have moved for the entry of sanctions against defendant, Kansas Secretary of State Kris Kobach, for his conduct surrounding a dispute over the production of two documents (ECF No. 343). Plaintiffs seek three specific forms of relief: (1) their attorneys' fees incurred in connection with filing a motion to compel the documents, (2) removal of defendant's "confidential" designation on the documents, and (3) the re-opening of discovery for the limited purpose of deposing defendant about the documents. For the reasons discussed herein, the court grants plaintiffs' request for sanctions, albeit not in the form plaintiffs seek, grants the request for a limited deposition of defendant, and denies the request to remove the confidentiality designations.

---

[1]Kan. Stat. Ann. § 25-2309(l) (requiring voter applicants to provide proof of United States citizenship when they simultaneously apply for or renew a driver's license).

the two documents is the most appropriate course of action.  Given the posture[79] and history of this litigation, the undersigned concludes that a deposition is the most effective and efficient means of allowing plaintiffs to get the answers they seek.  As opposed to the time that would be required for the parties to draft and respond to interrogatories, and the potential motion practice that could arise from the parsing of language and over the validity of objections, the court believes proceeding with a short deposition of Secretary Kobach is most consistent with the mandate of Fed. R. Civ. P. 1 that the rules of procedure be construed in a way that leads to the "just, speedy, and inexpensive determination of every action."  A deposition also has the advantage of allowing for immediate follow-up questions by plaintiffs' counsel.

Accordingly, plaintiffs are permitted to take the deposition of Secretary Kobach with respect to non-privileged information and evidence pertaining to the draft amendment and the photographed document.  The deposition will be held on **July 5, 2017, at 10:00 a.m.** in Room 211 of the United States Court House, 500 State Avenue, Kansas City, Kansas.[80]  The undersigned will preside over the deposition and contemporaneously resolve any disputes that arise.  The deposition is limited to sixty minutes of testimony on direct examination.  As agreed to by plaintiffs,[81] all testimony at the deposition will be subject to the confidentiality

---

[79]Plaintiffs' deadline to file a motion for summary judgment is July 7, 2017.  ECF Nos. 350 & 352.

[80]A court reporter will not be provided by the court.  The responsibility for ensuring the recording of the deposition remains with plaintiffs.

[81]ECF No. 354 at 22.

provisions of the protective order (i.e., the deposition will not be open to the public).[82]

IT IS THEREFORE ORDERED that plaintiffs' motion for sanctions and other forms of relief is granted in part and denied in part.

Dated June 23, 2017, at Kansas City, Kansas.

_s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge

---

[82]As discussed above, this protection doesn't indicate that the testimony is likely to be sealed if any party later seeks to file it in support of a dispositive motion.