IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, *et al.*,<br><br>    Defendants. | Case No. 16-2105-JAR-JPO |

**PLAINTIFFS' MOTION FOR CLARIFICATION,
OR IN THE ALTERNATIVE, MODIFICATION OF TRIAL ORDER**

Plaintiffs' counsel have received requests from media organizations for copies of the excerpted videotaped deposition of Secretary Kobach played at trial (the "Tape") in the above captioned matter. Plaintiffs "have a constitutionally protected right to disseminate" the Tape because it was admitted publicly and played in open court. *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984). Defendant has filed a motion, ECF No. 560, asserting that the Protective Order in this case prohibits Plaintiffs from producing the Tape to the media, and citing portions of the trial transcript where the Court stated that the Tape would not be retained as a judicial record. However, the Protective Order explicitly does not apply to trial evidence and the Tape's status as a judicial record does not affect a party's right to disclose it once admitted publicly at trial. Given the parties disagreement over statements made by the Court, Plaintiffs respectfully seek clarification from the court as to the status of the Tape and whether Plaintiffs may produce it in response to media requests. If Plaintiffs have misinterpreted

1

the Court's trial ruling as to the status of the Tape, Plaintiffs respectfully request that the Court consider altering its initial ruling in light of case precedent upholding the right of a party to disclose evidence admitted in open court at trial.

Plaintiffs concurrently submit a Memorandum with arguments of authorities in response to Defendant's Motion to Enforce Protective Order and in support of Plaintiffs' Motion for Clarification, or in the Alternative, Modification, which are hereby incorporated within this Motion by reference.

WHEREFORE, Plaintiffs request that this Court find that Plaintiffs are permitted to disclose the Tape in response to media requests.

Dated September 28, 2018.

Respectfully submitted,

/s/ Lauren Bonds
LAUREN BONDS (#27807)
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, Kansas 66202
(913) 490-4114
lbonds@aclukansas.org

/s/ R. Orion Danjuma
R. ORION DANJUMA*
DALE E. HO*
SOPHIA LIN LAKIN*
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2693
odanjuma@aclu.org
dale.ho@aclu.org
slakin@aclu.org

NEIL A. STEINER*
REBECCA KAHAN WALDMAN*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
Fax: (212) 698-3599
neil.steiner@dechert.com
rebecca.waldman@dechert.com
*Attorneys for Plaintiffs*

ANGELA M. LIU*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, IL 60601-1608
Phone: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com

*admitted *pro hac vice*

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on September 28, 2018, I electronically filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Lauren Bonds
LAUREN BONDS (#27807)

*Attorney for Plaintiffs*