**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STEVEN WAYNE FISH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-2105-JAR-JPO |
| ) | |
| KRIS KOBACH, in his official capacity as ) | |
| Secretary of State for the State of Kansas, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CLARIFY OR MODIFY THE TRIAL ORDER**

Plaintiffs' Motion to Clarify contains no legal support that would allow them to ask for a modification of an order made seven months ago during trial, nor does their Memorandum. Although some courts would deny their motion on this basis alone, Defendant will address the merits of the motion despite its uncertain validity.

Defendant opposes Plaintiffs' motion because the record is clear that the videotape is not a public record and that it remains under the protective order entered in this case. Defendant incorporates by reference herein its Reply brief filed this date, and will also address each of the brief assertions found in Plaintiffs' motion.

**I.    No Valid Basis Exists to Modify the Court's Order**

There is no grounds for modifying the court's order on the "status" of the videotape. It was made very clear at trial. Further, relief from a court order can be granted by a court only for one of the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect;

1

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under subsection (b) of K.S.A. 60-259, and amendments thereto;
>
> (3) fraud, whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Kan. Stat. Ann. § 60-260 (West).

Here, the Plaintiff has not identified nor argued that even one of these reasons applies. All Plaintiffs rely on for seeking a modification is its current desire to disseminate the videotape to the media. That does not fall into any of the very weighty reasons listed to overhaul a valid court order that has been in place for seven months without objection.

## II.   The Solitary Case Plaintiffs Rely On Does Not Support Their Position

In their motion, Plaintiffs cite *Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co.*, 748 F.2d 1421 (10th Cir. 1984) for the proposition that they have a constitutionally protected right to disseminate materials that were "admitted publicly and played in open court." However, Plaintiffs omit key modifying language from their citation which is: "<u>absent a valid protective order</u>." *Id.* at 1424. In other words, the case does <u>not</u> hold that they can disseminate anything "admitted publicly and played in open court," which is a very vague and ambiguous statement in its own right. Admitted publicly could refer to something admitted by a witness, nor can something be admitted privately so their word choice begs for clarity. Regardless, the holding in this case clearly exempts it from applying where, as here, a valid protective order is in force. *Id.* This modifying phrase completely changes the holding and does not support the argument Plaintiff attempts to make.

### III.   Protective Order Applies

In addition, as explained in Defendant's Reply at pages 9-10 and incorporated herein by reference, the protective order filed in this case on March 29, 2016, remains in force by its express language. See Doc. 55, Point 10(a). Further, the assertion that "the Protective Order explicitly does not apply to trial evidence" is simply wrong. As explained in Defendant's Reply, the language of the order confirms that it continues to protect confidential documents up to the trial court orders otherwise. Doc. 55, Point 9.

### IV.   No Case Precedent Argument Because Videotape Was Not Admitted Into Evidence

Last, Plaintiffs refer to case precedent as a reason to go back and rewrite the Court's ruling during trial, however, none of the cases identified in their Response are new, or controlling. Further, they all rest on the faulty premise that because the videotape itself was "played publicly" and admitted into evidence for three days before it was withdrawn, this somehow negates all of the Court's rulings that restricted access to the videotape and kept it out of the public record and public domain. Put another way, the basis of Plaintiffs' entire argument depends on accepting their juxtaposition that the videotape can be simultaneously not a judicial record so it is not available to the public, yet be public because it was "played publicly" and thus available for them to disseminate. It cannot be both.

The reality is that the Plaintiffs lost this argument at trial when the Court held that the videotape was <u>not</u> a judicial record, which would have instantly made it available to the public. As a result, Plaintiffs have to argue out of both sides of their mouth that the videotape is somehow public, even though the Court held that it was not.

### CONCLUSION

The videotape was not made public and Plaintiffs are bound by the protective order to refrain from disseminating it to the media.  Additionally, Plaintiffs have failed to offer one reason recognized by the rules to modify a court order seven months after it was made.  For these reasons, Defendant respectfully requests the Court to deny Plaintiffs' Motion.

Date: October 12, 2018                              Respectfully submitted,

/s/ *Sue Becker*
Sue Becker, Kansas Bar No. 27806
Garrett Roe, Kansas Bar No. 26867
KANSAS SECRETARY OF STATE'S OFFICE
120 S.W. 10th Ave.
Topeka, KS 66612
Telephone: (785) 296-4575
Facsimile: (785) 368-8033
Email: sue.becker@ks.gov
            garrett.roe@ks.gov

*Trial Attorneys for Defendant Kobach*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on the 12th day of October, 2018, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/*s/ Sue Becker*
Sue Becker
*Attorney for Defendant Kobach*