**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN WAYNE FISH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Case No. 16-2105-JAR-JPO** |
| v. | ) | |
| | ) | |
| SCOTT SCHWAB, in his official capacity | ) | |
| as Secretary of State for the State of | ) | |
| Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| PARKER BEDNASEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 15-9300-JAR-JPO** |
| v. | ) | |
| | ) | |
| SCOTT SCHWAB, in his official capacity | ) | |
| as Secretary of State for the State of | ) | |
| Kansas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' JOINT RESPONSE TO THE
DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**

Plaintiffs in the above-captioned matters respectfully submit this joint response to the Defendant's motion for an extension of time within which to file responses to Plaintiffs' respective motions for attorneys' fees and costs.  Doc. 236 in *Bednasek*, case No. 15-cv-9300; and Doc. 581 in *Fish*, case No. 16-cv-2105.

Defendant asks this Court to extend his deadline to respond to Plaintiffs' motions from February 11 to March 29, an extension of 46 days—or a total of 61 days to oppose Plaintiffs' motions.  Although Defendant asserts that Plaintiffs' counsel object to his request, Plaintiffs'

counsel have made clear in correspondence that they do not object to a reasonable extension for Defendant of up to two weeks. *See* Ex. E, Email from Johnson to Parker, Feb. 10, 2021. But, for several reasons, Plaintiffs respectfully oppose Defendant's request for a 46-day extension.

First, a period of 61 days is unnecessary to respond to what are straightforward fee motions. Plaintiffs' entitlement to fees is indisputably clear given their total victory. There are no complex legal issues presented. And Plaintiffs' requests for fees are consistent with what courts have awarded or approved in similar voting rights litigation. *See* Doc. 582 in *Fish* and Doc. 237 in *Bednasek*.

Second, Defendant's conduct has been dilatory. Over the last six weeks, Plaintiffs' counsel have engaged in repeated good-faith efforts to initiate the process of consultation regarding their fee motions. But Defendant's counsel have been wholly uncooperative. After weeks of evasion, Defendant's counsel finally agreed to confer on February 8; but on that date, they attempted to cancel the conference; and even now, they refuse to agree on a firm date by which they will confer with Plaintiffs' counsel regarding Plaintiffs' fee motions.

- On December 29, 2020, counsel for Plaintiff Bednasek contacted Defendant's counsel to initiate the process of consultation, in hopes of resolving this issue without further litigation. *See* Ex. A, Email from Johnson to Laue, Dec. 29, 2020. Over the next sixteen days, Plaintiffs' counsel repeatedly attempted to schedule a time to confer with Defendant's counsel, who repeatedly evaded committing to a specific time and date for a conference.[1]

---

[1] *See* Ex. A, Email from Laue to Johnson, Dec. 31, 2020 (stating that Defendant's counsel "will be in touch next week"); Emails from Johnson to Laue, Jan. 5 and Jan. 7, 2021 (repeatedly offering several times over the next week); Email from Laue to Johnson, Jan. 8, 2021 (stating "[s]omeone should be in touch with you soon on these matters," without accepting any of times to confer offered by Plaintiffs' counsel); Emails between Johnson and Laue, Jan. 14, 2021 (Defendant's counsel identifying Stanley Parker as the appropriate contact person for this matter; Plaintiff Bednasek's counsel requesting that Mr. Parker agree to a time to meet, and noting that Plaintiffs' fee motions were due in about two weeks).

- On January 15 (more than two weeks later), Defendant's counsel finally stated that they would not meet-and-confer with Plaintiffs until receiving Plaintiffs' "request and all supporting documentation."  *See* Ex. B, Email from Parker to Johnson, Jan. 15, 2021.

- The parties then agreed that Plaintiffs would file their motions by the requisite deadline of January 28, thereby providing Defendant's counsel with the requested documentation, followed by a consultation between the parties on February 8.  *See* Ex. C, Parker and Johnson Emails, Jan. 20, 2021.  Plaintiffs relied on that agreement in filing their motions.

- On the morning of February 8, however, Defendant's counsel attempted to cancel the conference, and to extend Defendant's time to oppose Plaintiffs' fee motions to March 30.  *See* Ex. D, Email from Parker to Johnson, Feb. 8, 2021. Counsel eventually met on that day, but Defendant's counsel was unable to meaningfully confer regarding the substance of Plaintiffs' fee motions, or even to offer a date certain by which Defendant's counsel would be able to do so.

- On February 9, Defendant's counsel subsequently represented that they "do not expect to be [able to review Plaintiffs' motions] before the end of the month," and, once again, did not offer a date certain by which they would be able to confer meaningfully regarding Plaintiffs' motions.  *See* Ex. E, Email from Parker to Johnson, Feb. 9, 2021.

- Plaintiff Bednasek's counsel responded by offering a two-week extension for Defendant's oppositions; requesting that Defendant's counsel agree to a conference by no later than February 19; and indicating a willingness to consider a further extension if the parties make progress towards amicable resolution of this dispute.  *See* Ex. E, Email from Johnson to Parker, Feb. 10, 2021.

Defendant's counsel declined.  Instead, on the day that Defendant's oppositions to Plaintiffs' fee motions were due, they filed this belated request to extend their time to respond by 46 days.  It is clear that Defendant's counsel have not made a good-faith effort to review Plaintiffs' motions to facilitate a meaningful conference between the parties in a timely manner.  Defendant's motion should be denied for that reason alone.

In sum, these cases were filed in 2015 and 2016, respectively.  They have dragged on for long enough.  Plaintiffs therefore request that Defendant's motion be denied in part and that any extension granted to Defendant not exceed fourteen days, such that Defendant's oppositions would be due by February 25.

DATED this 12th day of February, 2021.

Respectfully submitted,


/s/ Mark P. Johnson_____
Mark P. Johnson #22289
Curtis E. Woods # 27065
Samantha J. Wenger #25322
Dentons US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
816/460-2400
816/531-7545 (fax)
mark.johnson@dentons.com
curtis.woods@dentons.com
samantha.wenger@dentons.com

*Counsel for Plaintiff Parker Bednasek*

Mark Emert #22186
FAGAN EMERT L.L.C.
730 New Hampshire Street, Suite 210
Lawrence, KS 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
memert@fed-firm.com


/s/ Sharon Brett
SHARON BRETT (#28696)
American Civil Liberties Union of Kansas
6701 W 64th St., Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
Fax: (913) 490-4119
dbonney@aclukansas.org

/s/ Dale E. Ho
DALE HO*
R. ORION DANJUMA*
SOPHIA LIN LAKIN*
American Civil Liberties Union Foundation,
125 Broad St.
New York, NY 10004
Phone: (212) 549-2693
dale.ho@aclu.org
odanjuma@aclu.org
slakin@aclu.org


NEIL A. STEINER*
REBECCA KAHAN WALDMAN*
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
T: (212) 698-3822
F: (212) 698-3599
neil.steiner@dechert.com
rebecca.waldman@dechert.com

*Counsel for Fish Plaintiffs*

ANGELA M. LIU*
Dechert LLP
35 West Wacker Drive
Suite 3400
Chicago, Illinois 60601-1608
Phone: (312) 646 5816
Fax: (312) 646 5858
angela.liu@dechert.com

* admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2021, I electronically filed the above and foregoing document using the CM/ECF system, which automatically causes notice and a copy of this filing to be sent to all counsel of record.

/s/Sharon Brett
Sharon Brett
Attorney for *Fish* Plaintiffs