IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SCOTT SCHWAB, in his official capacity )<br>as Secretary of State for the State of )<br>Kansas, )<br>)<br>Defendant. )<br>_____)<br>)<br>PARKER BEDNASEK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT SCHWAB, in his official capacity )<br>as Secretary of State for the State of )<br>Kansas, )<br>)<br>Defendant. ) | Case No. 16-2105-JAR-JPO<br><br><br><br><br><br><br><br><br><br><br><br>Case No. 15-9300-JAR-JPO |

**DEFENDANTS RESPONSE TO
PLAINTIFFS' JOINT REPORT CONCERNING CONSULTATION ON
ATTORNEYS FEES REQUEST REQUIRED BY LOCAL RULE 54.2**

Comes now the Defendant and submits the following response to Plaintiffs' joint report regarding consultation on Plaintiffs' motions for attorneys fees and the declaration of Mark Johnson submitted in support thereof (Doc. 282, 586). Plaintiffs have not discharged their duty to engage in meaningful consultation as required by D. Kan. 54.2.  Prior to their recent filing, Defendant's counsel offered to consult with Plaintiffs' counsel on March 5, 2021. Instead of

1

filing an unopposed motion for a four day extension their deadline, Plaintiffs' counsel filed their report, stating that they have discharged their duty to consult.

Plaintiffs have continually pushed for "meetings" where the meetings would not have served the Rule's purpose as the review was not complete. Defendant's position has been consistent:  sufficient time was needed to review Plaintiffs' $4.1 million fee request in order to have the meaningful consultation contemplated by local rule.  Plaintiffs' attitude seems to be that consultation is an obstacle to be leaped over on their way to the Court. This is not what the local rule intends.

Paragraph 2 of the Johnson declaration states in part: "The parties have been unable to reach agreement with regard to the fee awards, because counsel for Defendant Schwab has failed to respond to repeated requests for such consultation …".  The exhibits to the Johnson declaration show this is incorrect.  Defense counsel responded to all requests, repeatedly stating that meaningful consultation could not occur until defense counsel had reviewed, analyzed and evaluated the fees and expenses sought and supporting documents.

Paragraph 2 of the Johnson declaration also states that defense counsel "has even canceled scheduled meetings for such consultation on less than a day's notice".  Again, the exhibits to the Johnson declaration show this is incorrect.  When it became obvious that plaintiff documents could not be reviewed, analyzed and evaluated prior to the first date set by plaintiff's counsel for consultation, defense counsel asked to postpone that meeting.  Plaintiff's counsel declined, and the meeting occurred as scheduled.

Paragraph 5 of the Johnson declaration states in part that the undersigned defense counsel's response to a January 14 email stated that he could not meaningfully discuss the fees and expenses sought by plaintiffs' counsel until he had reviewed them. This is true. One cannot

discuss something not yet disclosed. The declaration fails to mention that absolutely no information had been provided to defense counsel. Thus, defense counsel did not even know the amount of fees and expenses being sought.

Declaration paragraph 5 states: "To accommodate his request, the Plaintiffs' counsel in both cases agreed to file their requests…". Exhibit C to the declaration shows that defense counsel simply stated that he could not respond until he knew the amounts being sought and supporting documents. Thus, defense counsel requested information, which could have and should have been provided prior to filing with the court. Likewise, because there had been no request to file anything with the court, plaintiffs' counsel could not have "agreed" to do so. Because defendant's response is due 14 days after plaintiffs file their memorandum in support of their motion for attorneys fees and costs, plaintiffs premature filing effectively eliminated any possibility of an informed consultation prior to the response date. Plaintiffs subsequently opposed Defendant's motion for an extension of that deadline.

Paragraph 6 of the Johnson declaration and exhibit D thereto reveal that plaintiffs insisted on scheduling a consultation date before providing any information to defense counsel and that 10 days before the scheduled consultation date plaintiffs filed their memoranda and supporting documents. Thus, defense counsel received motions for fees and expenses in excess of $4 million and some 435 pages of billing and expense records for 16 attorneys and 4 paralegals over 5 year period only 10 days prior to the scheduled consultation. If plaintiffs' counsel had disclosed the approximate amount being sought and the volume of supporting documentation, defense counsel would not have agreed to schedule a consultation within 10 days after receipt of that information.

Paragraph 7 of the Johnson declaration states that at 8:01 AM on Monday, February 8, four hours prior to the scheduled meeting, the undersigned defense counsel sent an email canceling that meeting.  However, as shown by Johnson Declaration Exhibit E, and admitted in paragraph 7, defense counsel did not cancel the meeting, but requested that it be postponed.  Furthermore, paragraph 8 of that same declaration admits that plaintiffs' counsel refused to postpone and the parties met telephonically as scheduled on February 8.

Paragraph 7 also states in part: "In his email, he did not state that he had started to review the requests,…".  This statement is misleading.  The email also did not state that counsel had not started to review the requests.  More to the point, the declaration omits the fact that the email identified some items already found to which defendant intended to object, which necessarily required defense counsel to have started reviewing plaintiff's submissions.  Included were several billing entries for which plaintiffs' counsel has already been paid.  See Johnson Declaration Exhibit E.

Paragraphs 9 and 12 refer to emails sent by plaintiffs' counsel on February 20 and 23 asking to schedule a consultation for February 26.  The declaration omits the fact that on February 8 defense counsel asked to postpone the meeting scheduled for that date to February 26; that plaintiffs' counsel refused to reschedule; and that as a result defense counsel filed a motion to extend time, which plaintiffs' counsel opposed.  See Johnson Declaration Exhibit H.

Plaintiffs omit the fact that defense counsel proposed that the parties attempt to resolve this issue through mediation, which plaintiffs' counsel declined. Defense counsel believes that mediation is appropriate in this matter to allow the parties the opportunity to confidentially discuss the fee issue and work with a mediator towards an agreement, removing the considerable burden Plaintiffs' motion for fees poses to the Court.

In sum, Plaintiffs' filing is misleading in that it attempts to portray defense counsel as being unwilling to engage in a meaningful discussion of the fee issue. In reality, plaintiffs early offers to confer were meaningless because plaintiffs' counsel had not provided defense counsel any information regarding the fee requests. The first time defense counsel had any information regarding plaintiffs' fee requests was when defense counsel downloaded copies of plaintiffs motions and supporting documents, totaling some 450 pages, after receiving notice that they had been filed with the court, which required defendant to file responses within fourteen days thereafter. Defense counsel made repeated requests for sufficient time to review and formulate its position on the fee requests, which plaintiffs' counsel refused.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
Fax:    (785) 291-3767
Email:  stanley.parker@ag.ks.gov
*Attorney for Secretary of State Scott Schwab*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2021, a copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971