## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEVEN WAYNE FISH, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 16-2105-JAR** |
| **SCOTT SCHWAB, in his official capacity as Secretary of State for the State of Kansas,** | |
| **Defendant.** | |

## <u>ORDER</u>

On January 28, 2021, Plaintiffs filed their Motion for Attorney Fees, as well as a memorandum in support and supporting documentation.[1]  The Court previously granted Defendant Secretary of State Scott Schwab's request for an extension of time to respond to the fee motion; Defendant responded on March 15, 2021.[2]  Plaintiffs filed a "Statement of Compliance" on March 1, 2021, the deadline by which they were required to file the statement of consultation under the local rule, stating that despite counsel's good faith efforts to initiate consultation, Defendant has been unwilling to consult.[3]  Before the Court is Defendant's Motion for an Order of Referral to Mediation (Doc. 591), filed on March 17, 2021.  The motion is fully briefed and the Court is prepared to rule.  As described below, Defendant's motion is denied. Defendant is directed to meet and confer with Plaintiffs' counsel by no later than June 4, 2021.

---

[1] Docs. 581, 582.

[2] Doc. 585.

[3] Doc. 586.  This document incorporates by reference the Declaration of Mark Johnson filed in the related case of *Bednasek v. Schwab*, Case No. 15-9300-JAR, Doc. 241-1.  While Plaintiffs claim in their filing that "the parties have been unable to reach an agreement with regard to Plaintiffs' fee applications," there are no details about any meeting between the parties, and Mr. Johnson's declaration and attached emails suggest that no meeting ever took place.

Under Local Rule 54.2(a), Plaintiffs were required to "promptly initiate consultation with the other party," upon filing his motion for attorney fees. The rule requires consultation, not alternative dispute resolution. If the parties disagree on the matter after consulting, a statement of consultation and memorandum in support of fees, along with documentation, must be filed within 30 days of the fee motion.[4] That statement of consultation "must set forth the date of the consultation, the names of those who participated, and the specific results achieved."[5] The rule states that the Court will not consider the fee motion until this statement of consultation is filed.[6]

Plaintiffs initiated consultation with the Kansas Attorney General's ("AG") office, as required by the local rule, on December 29, 2020, offering to meet on January 7 or 8, 2021. Mr. Johnson's Declaration and attached correspondence document the many subsequent attempts Plaintiffs have made to meet and confer with Defendant since that time. The most recent email attached to the Declaration indicates that the parties set up a meeting on March 5, 2021.[7] There is no record as to whether this meeting occurred, and if so, the results.

The AG's office delayed consultation for months based on its position that it needed more time review the exhibits attached to Plaintiffs' fee request in order to meaningfully confer. Rather than simply meet with Plaintiffs' counsel to determine if there is a way to informally resolve this dispute, Defendant appears to take the position that he will only consult in the context of a court-ordered mediation. Plaintiffs do not oppose mediation, but they have strict terms upon which they will agree to such mediation, one of which was that the parties complete

---

[4] D. Kan. R. 54.2(d).

[5] *Id.*

[6] *Id.*

[7] Case No. 15-9300-JAR, Doc. 241-1, Ex. I.

mediation by late April.  The parties suggest that the Court resolve their dispute over the scope and terms of mediation.

Despite the caption of their document filed on March 1, 2021, Plaintiffs have been unable to file a statement of consultation containing the information required by the local rule because Defendant refuses to consult.  The Court finds this particularly troubling given that Defendant proceeded to respond to the fee motion, opposing the motion on substantive grounds, before filing the instant motion.  Although the parties are certainly encouraged to resolve this dispute through alternative dispute resolution, the local rule does not require formal mediation, and this Court has no authority to require mediation.  Defendant's citation to D. Kan. Rule 16.3(c) pertains to court-directed mediation during the scheduling conference.  This case is well beyond the stage of litigation where Rule 16.3(c) has any applicability.  Moreover, given that Plaintiff has responded to the fee motion, and given the positions taken by the parties in their filings and in the countless emails put before the Court so far in this fee matter, the Court is not hopeful that court-ordered mediation would be productive.

Defendant is ordered to consult, i.e., schedule a meeting remotely or in person, with Plaintiffs to informally discuss the fee request.  This meeting shall occur by no later than June 4, 2021.  Plaintiffs shall then immediately file the statement of consultation required by the local rule, which will in turn enable the Court to take the fee motion under advisement.  If the parties did in fact meet on March 5, a statement of consultation referencing such meeting will suffice. Nothing in this Order prevents the parties from agreeing between themselves to seek mediation, and the Court would be amenable to a stay of this fee dispute in order to facilitate such mediation.  However, the Court will not require mediation, nor dictate the terms of any mediation that does occur between these parties.

**IT IS THEREFORE ORDERED BY THE COURT** that Secretary of State Scott Schwab's Motion for an Order of Referral to Mediation (Doc. 591) is **denied**.  The parties shall meet and confer by no later than **June 4, 2021**, as described in this Order.  Following the parties' consultation, Plaintiffs shall immediately file a statement of consultation containing all of the information required by D. Kan. R. 54.2(d).

**IT IS SO ORDERED.**

Dated: May 25, 2021

<div style="margin-left: 40%;">

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

</div>